# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

ROBERT BOSCH LLC, )
        Plaintiff, )
v. ) Case No. 12-574-LPS
ALBEREE PRODUCTS, INC. d/b/a SAVER )
AUTOMOTIVE PRODUCTS, INC. and )
API KOREA CO., LTD., )
        Defendants. )

## ALBEREE/API KOREA'S REPLY TO BOSCH'S OPPOSITION TO STAY PROCEEDINGS

*Of Counsel:*
Robert J. Kenney
Michael B. Marion
BIRCH, STEWART, KOLASCH & BIRCH, LLP
8110 Gatehouse Road, Suite 100 East
P.O. Box 747
Falls Church, VA 22040-0747
(703) 205-8000
(703) 205-8050 (facsimile)
rjk@bskb.com
mbm@bskb.com
mailroom@bskb.com

O'KELLY ERNST BIELLI & WALLEN, LLC
Sean T. O'Kelly (#4349)
1000 N. West St., Suite 1200
Wilmington, Delaware 19801
(302) 295-4905
(302) 295-2873 (facsimile)
sokelly@oebwlegal.com

*Attorneys for Defendants*

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENT.................................................................................................................. 1

A. The ITC Motions to Terminate Bear Upon When the Stay Should be Lifted, Not Whether to Grant the Stay. ................................................................................................................. 1

B. A Stay of The Entire Delaware Action is Warranted Because of the Significant Overlap of Issues between the ITC Patents and the Additional Patents, and the Need to Avoid Duplication of Efforts by the Parties and the Tribunals. ........................................................... 2

C. Denial of the Stay will Cause Alberee/API Korea to Litigate in Two Separate Forums Simultaneously, thereby Defeating the Intent of 28 U.S.C. § 1659 to Protect Litigants from Having to Litigate the Same Issues in the ITC and District Court............................................ 3

III. CONCLUSION ............................................................................................................ 3

# TABLE OF AUTHORITIES

**Cases**

*Landis v. N. Am. Co.*, 299 U.S. 248 (1936) ............................................................................... 2, 3

*Sandisk Corp. v. PhisonElecs.Corp.,* 538 F. Supp. 2d 1060 (W.D. Wis. 2008) ............................. 2

**Statutes**

28 U.S.C. § 1659 ................................................................................................................. 1, 3, 4

Defendants, Alberee Products, Inc. ("Alberee") and API Korea Co., Ltd. ("API Korea," collectively "Alberee/API Korea" or "Defendants"), respectfully submit this Reply to Robert Bosch LLC's ("Bosch" or "Plaintiff") Opposition to Stay Proceedings.

This Response shall in no way constitute a waiver of any defenses available to Defendants, including lack of personal jurisdiction.

## I. INTRODUCTION

In view of Bosch's Response to Alberee/API Korea's motion to stay, the parties are in agreement that this case must be stayed concerning the nine ITC patents pursuant to 28 U.S.C. § 1659. The only dispute is whether the case concerning the three remaining additional related patents should proceed despite the stay of the bulk (nine) of the patents. Bosch's position would have the Court needlessly bifurcate this case into two sets of closely-related patents that involve the same accused product, the same discovery, and have intertwined claim construction, invalidity, enforceability, and non-infringement issues. Instead, the most judicious use of litigant and Court resources is to grant the stay of the three non-ITC patents thereby avoiding duplicative work and keeping the entire case together procedurally.

## II. ARGUMENT

### A. The ITC Motions to Terminate Bear Upon When the Stay Should be Lifted, Not Whether to Grant the Stay.

Bosch spills a fair amount of ink in its opposition informing the Court that the parties have filed motions to terminate the ITC investigation. Although implicit by its omission, Bosch fails to mention that the ITC Administrative Law Judge has not yet ruled on either party's motion to terminate. However, as it relates to the instant motion, the procedural posture of the ITC investigation (short of its conclusion) is irrelevant to whether a mandatory stay pursuant to 28 U.S.C. § 1659 should be granted. The motions to terminate may have tangential bearing on the

amount of expected delay for the permissive stay, but a shorter delay would weigh in favor of granting the stay, not against. Thus, the motions to terminate bear on when the stay should be lifted, not whether to grant the stay.

**B. A Stay of The Entire Delaware Action is Warranted Because of the Significant Overlap of Issues between the ITC Patents and the Additional Patents, and the Need to Avoid Duplication of Efforts by the Parties and the Tribunals.**

Bosch's principal arguments against a stay for the three additional closely-related patents are: (1) the stay would cause a delay without benefit; and (2) Alberee/API Korea would not be subject to duplicative work should the stay be denied. Bosch does not challenge any of the remaining points in weighing the grant of a stay; namely, that Bosch would not face any hardship should a stay be granted, and that a stay would reduce the number of issues requiring adjudication, reduce case complexity, and promote judicial economy. Ultimately, the two arguments Bosch does present in its Opposition are factually incorrect and fail to dissuade the need for a stay of the three additional patents.

As to the first point, Bosch is incorrect that the stay would merely cause delay without benefit. As explained in Alberee/API Korea's initial brief, because of "the significant overlap of issues between the ITC patents and the additional patents, resulting in the duplication of efforts by the parties and the tribunals, a stay of the entire action is warranted." Alberee/API Korea Br. at 3. Moreover, the mere fact that a stay will cause a delay (as all stays inherently do) is insufficient grounds for denying a motion for a stay. Rather, the delay is balanced against the other three factors recited in *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). As other courts have found, a delay until the end of the ITC investigation is a reasonable and proper delay. *See, e.g., Sandisk Corp. v. PhisonElecs.Corp.*, 538 F. Supp. 2d 1060, 1068 (W.D. Wis. 2008). Furthermore, despite Bosch's representation that "[t]he ITC action will soon be formally

terminated," Bosch cannot know when the Administrative Law Judge will rule on these motions, let alone how the Administrative Law Judge will rule on these motions. Again, the termination of the ITC action informs when the stay should be lifted, not whether to grant the stay.

### C. Denial of the Stay will Cause Alberee/API Korea to Litigate in Two Separate Forums Simultaneously, thereby Defeating the Intent of 28 U.S.C. § 1659 to Protect Litigants from Having to Litigate the Same Issues in the ITC and District Court.

As to the second point, Bosch is rather disingenuous in claiming Alberee/API Korea will not suffer from duplicative work in both forums should the three additional patents not be stayed. In its opposition, Bosch does not dispute (nor can Bosch dispute) that the three additional patents concern the same subject matter (e.g. technology, accused products, legal issues) as the nine ITC patents. The fact discovery that Alberee/API Korea would have to produce for the three additional patents is largely coincident with the discovery required for all twelve patents. Moreover, fact discovery in the ITC investigation continues until mid-August, and Alberee/API Korea has continued with its discovery obligations in the ITC investigation, having just filed its preliminary witness list last Friday pursuant to the procedural schedule. Bosch also served a new set of interrogatories and document requests on Alberee and API Korea on June 19, 2012. Quite simply, Bosch would require Alberee/API Korea to litigate in two separate forums simultaneously, thereby defeating the intent of 28 U.S.C. § 1659 to protect litigants from having to litigate the same issues in the ITC and district court at the same time. Further, absent a stay with regards to all of the patents, the Court will be denied the knowledge and benefit potentially derived from that Investigation's outcome.

### III. CONCLUSION

In summary, upon application of the *Landis* factors for a stay (or the "relatedness" test of non-overlapping patents as outlined in Alberee/API Korea's opening brief), a stay is warranted in

this case. There is no benefit to the parties or the Court to bifurcate the patents in this action. Instead, it is highly beneficial to the parties and the Court that all twelve patents are litigated together, avoiding unnecessary duplicative effort from all involved. Indeed, Bosch should not be allowed to circumvent the benefits afforded the Court and the parties under 28 U.S.C. § 1659 by adding a few additional closely-related patents to the instant District Court case.

For all of the reasons stated above and in its opening brief, Alberee/API Korea's motion for a stay with respect to the ITC Investigation in its entirety should be granted.

|  |  |
|---|---|
|  | Respectfully Submitted, |
| DATED: June 20, 2012 | */s/ Sean T. O'Kelly* |
|  | Sean T. O'Kelly (# 4349) |
|  | O'KELLY ERNST BIELLI & WALLEN, LLC |
|  | 1000 N. West St., Suite 1200 |
|  | Wilmington, Delaware 19801 |
|  | (302) 295-4905 |
|  | (302) 295-2873 (facsimile) |
|  | sokelly@oebwlegal.com |
|  |  |
|  | Robert J. Kenney |
|  | Michael B. Marion |
|  | BIRCH, STEWART, KOLASCH & BIRCH, LLP |
|  | 8110 Gatehouse Road, Suite 100 East |
|  | P.O. Box 747 |
|  | Falls Church, VA 22040-0747 |
|  | (703) 205-8000 |
|  | (703) 205-8050 (facsimile) |
|  | rjk@bskb.com |
|  | mbm@bskb.com |
|  | mailroom@bskb.com |
|  |  |
|  | *Attorneys for Defendants* |