IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT BOSCH LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 12-574-LPS-~~CJB~~ |
| v. | ) C.A. No. 14-142-LPS-~~CJB~~ |
| | ) |
| ALBEREE PRODUCTS, INC., | ) **JURY TRIAL DEMANDED** |
| API KOREA CO., LTD., and | ) |
| SAVER AUTOMOTIVE PRODUCTS, INC., | ) |
| | ) |
| Defendants. | ) |

## SCHEDULING ORDER

This __9th__ day of ~~August~~ September, 2014, the Court having conducted a Case Management Conference/ Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) and Judge Stark's Revised Procedures for Managing Patent Cases (which is posted at http://www.ded.uscourts.gov; see Chambers, Judge Leonard P. Stark, Patent Cases) on August 4, 2014, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS HEREBY ORDERED that:

    1.    Consolidation. This civil action is consolidated with the original filed action, Case No. 1:12-cv-574-LPS-~~CJB~~, which is the Lead Case. All filings subsequent to the initial pleadings shall be made in the Lead Case.

    2.    Defendants' Answers to Complaints. Notwithstanding the pending motions to dismiss for lack of personal jurisdiction (12-cv-574, D.I. 45–50; 14-cv-142, D.I. 6, 7, 14–19), Defendants shall file their answers to Plaintiff's complaints (12-cv-574, D.I. 38; 14-cv-142, D.I. 1) on or before **August 31, 2014**. The parties stipulate and agree that by answering the

complaints, Defendants' objections to jurisdiction as presented in their motions to dismiss are not waived.

3. <u>Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard</u>.

The parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on or before **August 29, 2014**. If they have not already done so, the parties are to review the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI") (which is posted at http://www.ded.uscourts.gov; *see* Other Resources, Default Standards for Discovery, and is incorporated herein by reference).

4. <u>Start of Discovery</u>. A party may seek discovery from any source in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules.

5. <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before **March 20, 2015**.

6. <u>Application to Court for Protective Order</u>. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court by **September 5, 2014**. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 11(i) below.

Any proposed protective order must include the following paragraph:

> <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential,"

> which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

7. <u>Papers Filed Under Seal</u>. In accordance with section G of the Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

Should any party intend to request to seal or redact all or any portion of a transcript of a court proceeding (including a teleconference), such party should expressly note that intent at the start of the court proceeding. Should the party subsequently choose to make a request for sealing or redaction, it must, promptly after the completion of the transcript, file with the Court a motion for sealing/redaction, and include as attachments (1) a copy of the complete transcript highlighted so the Court can easily identify and read the text proposed to be sealed/redacted, and (2) a copy of the proposed redacted/sealed transcript. With their request, the party seeking redactions must demonstrate why there is good cause for the redactions and why disclosure of the redacted material would work a clearly defined and serious injury to the party seeking redaction.

8. <u>Service</u>. The parties consent to service by email, pursuant to Fed. R. Civ. P. 5(b)(2)(E). When the document(s) for service exceeds 20 MB, the serving party shall either divide the documents into a series of e-mails each of a size less than 20 MB, or serve the documents by password-protected file transfer protocol ("FTP"). Microsoft Word files of discovery requests shall be provided to the opposing party.

9. <u>Courtesy Copies</u>. Other than with respect to "discovery matters," which are governed by Paragraph 12(i), and the final pretrial order, which is governed by paragraph 24, the parties shall provide to the Court two (2) courtesy copies of all briefs and one (1) courtesy copy of

any other document filed in support of any briefs (*i.e.*, appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

    10.    <u>ADR Process</u>. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

    11.    <u>Disclosures</u>. Absent agreement among the parties, and approval of the Court:

    a.    By **September 19, 2014**, Plaintiff shall identify the accused product(s), including accused methods and systems, and its damages model, as well as the asserted patent(s) that the accused product(s) allegedly infringe(s). Plaintiff shall also produce the file history for each asserted patent.

    b.    By **October 17, 2014**, Defendants shall produce core technical documents related to the accused product(s), sufficient to show how the accused product(s) work(s), including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications. Defendants shall also produce sales figures for the accused product(s).

    c.    By **October 31, 2014**, Plaintiff shall produce an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes.

    d.    By **November 14, 2014**, Defendants shall produce their initial invalidity contentions for each asserted claim, as well as the known related invalidating references.

    e.    By **June 12, 2015**, Plaintiff shall provide final infringement contentions.

    f.    By **June 26, 2015**, Defendants shall provide final invalidity contentions.

12. <u>Discovery</u>. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

    a. <u>Discovery Deadline</u>. All fact discovery in this case shall be initiated so that it will be completed on or before **July 31, 2015**.

    b. <u>Document Production</u>. Document production shall be substantially complete by **April 17, 2015**. Documents previously produced by the parties in the Investigation 337-TA-816 ("the ITC Investigation") shall be deemed to have been produced here, subject to the applicable Protective Order to be entered in this action. If any party intends to rely on foreign-language documents in support of any claim or defense, English translations of those documents shall be produced in addition to the original.

    c. <u>Privilege Logs</u>. The parties must exchange privilege logs by **May 15, 2015**. Privileged documents created after October 26, 2011 (the date of filing of the Complaint in the ITC Investigation) may be withheld without being identified to a requesting party, unless the requesting party makes a particular request for post-complaint privileged documents, which request may be complied with or objected to, subject to review by the Court if necessary.

    d. <u>Requests for Admission</u>. A maximum of two hundred (200) requests for admission are permitted for each side.

    e. <u>Interrogatories</u>.

        i. A maximum of twenty-five (25) interrogatories, including contention interrogatories, are permitted for each side.

        ii.      The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides; *i.e.*, the more detail a party provides, the more detail a party shall receive.

f.    Depositions.

    i.    Limitation on Hours for Deposition Discovery.

Each side is limited to a total of 70 hours of taking testimony by deposition upon oral examination. If the testimony is taken in a foreign language, two hours of deposition testimony shall count as one hour for the purposes of calculating the total deposition time under Fed. R. Civ. P. 30(d). If the witness requires the use of a translator while testimony is taken in English, the time spent in discussions with the translator should not count for the purposes of calculating the total deposition time under Fed. R. Civ. P. 30(d).

    ii.    Location of Depositions. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

                Parties, party representatives, and party employees who reside outside of the United States must be made available for deposition in the United States unless otherwise agreed by the parties.

        iii.    Deposition testimony provided by the witnesses in the ITC Investigation shall be available for use in this action, subject to the applicable Protective Order to be entered in this action.

g.    <u>Witness Lists</u>. No later than **October 16, 2015**, each party shall serve a list of the witnesses that it intends to call or may call at trial. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case, without regard to the presumptive ten-deposition limit.

h.    <u>Disclosure of Expert Testimony</u>.

    i.    <u>Expert Reports</u>. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **September 25, 2015**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **October 23, 2015**. Reply expert reports from the party with the burden of proof are due on or before **November 6, 2015**. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

  ii. <u>Expert Report Supplementation</u>. The parties agree they will permit expert declarations to be filed in connection with motions briefing (including case-dispositive motions).

  iii. <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court. Briefing on such motions is subject to the page limits set out in connection with briefing of case-dispositive motions.

  iv. <u>Expert Discovery Deadline</u>. All expert discovery in this case shall be completed by **December 11, 2015**.

i. <u>Discovery Matters and Disputes Relating to Protective Orders</u>.

  i. Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

  ii. Should counsel find, after good faith efforts—including *verbal* communication among Delaware and Lead Counsel for all parties to the dispute—that they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall submit a joint letter in substantially the following form:

Dear Judge Stark:

The parties in the above-referenced matter write to request the scheduling of a discovery teleconference.

The following attorneys, including at least one Delaware Counsel and at least one Lead Counsel per party, participated in a verbal meet-and-confer (in person and/or by telephone) on the following date(s):

_____

Delaware Counsel: _____

Lead Counsel: _____

The disputes requiring judicial attention are listed below:

[provide here a non-argumentative list of disputes requiring judicial attention]

iii.    On a date to be set by separate order, but not less than forty-eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. On a date to be set by separate order, but not less than twenty-four (24) hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition.

iv.    Each party shall submit two (2) courtesy copies of its discovery letter and any attachments.

v.    Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Alternatively, the Court

        may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

    j.    <u>E-Discovery and Electronically Stored Information ("ESI")</u>. The parties agree to meet and confer regarding the scope and schedule of production of ESI and submit a joint proposal for any agreed amendments or supplements to the Court's Default Standard for Discovery of Electronic Documents within fifteen (15) days of the start of discovery.

13.    <u>Motions to Amend</u>.

    a.    Any motion to amend (including a motion for leave to amend) a pleading shall ***NOT*** be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) pages, describing the basis for the requested relief, and shall attach the proposed amended pleading as well as a "blackline" comparison to the prior pleading.

    b.    Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages.

    c.    Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to amend.

14.    <u>Motions to Strike</u>.

    a.    Any motion to strike any pleading or other document shall ***NOT*** be accompanied by an opening brief but shall, instead, be accompanied by a letter, not

to exceed three (3) pages, describing the basis for the requested relief, and shall attach the document to be stricken.

b. Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages.

c. Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to strike.

15. <u>Tutorial Describing the Technology and Matters in Issue</u>. Unless otherwise ordered by the Court, the parties shall provide the Court, no later than the date on which their opening claim construction briefs are due, a tutorial on the technology at issue. In that regard, the parties may separately or jointly submit a DVD of not more than thirty (30) minutes. The tutorial should focus on the technology in issue and should not be used for argument. The parties may choose to file their tutorial(s) under seal, subject to any protective order in effect. Each party may comment, in writing (in no more than 5 pages) on the opposing party's tutorial. Any such comment shall be filed no later than the date on which the answering claim construction briefs are due. As to the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial (currently best are "mpeg" or "quicktime").

16. <u>Claim Construction Issue Identification</u>. On **March 18, 2015**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart. The Joint Claim Construction Chart is to be submitted on **April 1,**

**2015**. The Joint Claim Construction Chart should identify the **ten (10)** most important disputed terms/phrases for the purpose of the *Markman* briefing and hearing in Paragraphs 17 and 18 below. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

17. <u>Claim Construction Briefing</u>. The parties shall contemporaneously submit initial briefs on claim construction issues on **April 17, 2015**. The parties' answering/responsive briefs shall be contemporaneously submitted on **May 15, 2015**. No reply briefs or supplemental papers on claim construction shall be submitted without leave of the Court. Local Rule 7.1.3(4) shall control the page limitation for initial (opening) and responsive (answering) briefs.

18. <u>Hearing on Claim Construction</u>. Beginning at **1 p.m. on June 8, 2015**, the Court will hear argument on claim construction. The parties shall notify the Court, by joint letter submission, no later than the date on which their answering claim construction briefs are due: (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing.

Provided that the parties comply with all portions of this Scheduling Order, and any other orders of the Court, the parties should anticipate that the Court will issue its claim construction order within sixty (60) days of the conclusion of the claim construction hearing. If the Court is unable to meet this goal, it will advise the parties no later than sixty (60) days after the conclusion of the claim construction hearing.

19. <u>Interim Status Report</u>. On **May 1, 2015**, counsel shall submit a joint letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date. Thereafter, if the Court deems it necessary, it will schedule a status conference.

20. <u>Supplementation</u>. Absent agreement among the parties, and approval of the Court, no later than **March 20, 2015**, the parties must finally supplement, inter alia, the identification of all accused products and of all invalidity references.

21. <u>Focusing Patent Claims and Prior Art</u>.

   a. No later than **March 6, 2015**, Plaintiff shall serve a preliminary election of asserted claims, which shall include no more than **eight (8)** claims from each patent and not more than a total of **56** claims. No later than **March 20, 2015**, Defendants shall serve a preliminary election of asserted prior art, which shall include no more than **ten (10)** prior art references against each patent family, and not more than a total of **70** references.

   b. No later than **August 28, 2015**, Plaintiff shall serve a final election of asserted claims, which shall identify no more than **five (5)** asserted claims per patent from among the eight previously identified claims, and not more than a total of **42** claims. No later than **September 25, 2015**, Defendants shall serve a final election of asserted prior art, which shall identify no more than **six (6)** asserted prior art references per patent family from among the ten prior art references previously identified for that patent/ family, and not more than a total of **56** references. For purposes of this final election of asserted prior art, each obviousness combination counts as a separate prior art reference.

22. <u>Case Dispositive Motions</u>. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **February 5, 2016**. Briefing will be presented pursuant to the Court's Local Rules, as modified by this Order.

    a. <u>No early motions without leave</u>. No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court.

    b. <u>Page limits combined with Daubert motion page limits</u>. Each party is permitted to file as many case dispositive motions as desired; provided, however, that each ***SIDE*** will be limited to a combined total of 40 pages for all opening briefs, a combined total of 40 pages for all answering briefs, and a combined total of 20 pages for all reply briefs regardless of the number of case dispositive motions that are filed. In the event that a party files, in addition to a case dispositive motion, a Daubert motion to exclude or preclude all or any portion of an expert's testimony, the total amount of pages permitted for all case dispositive and Daubert motions shall be increased to 50 pages for all opening briefs, 50 pages for all answering briefs, and 25 pages for all reply briefs for each ***SIDE***.[1]

    c. <u>Hearing</u>. The Court will hear argument on all pending case dispositive and Daubert motions on **April 5, 2016**, beginning at **9:00 a.m.** Subject to further order of the Court, each side will be allocated a total of forty-five (45) minutes to present its argument on all pending motions.

---

[1] The parties must work together to ensure that the Court receives no more than a ***total*** of ***250 pages*** (i.e., 50+ 50+ 25 regarding one side's motions, and 50+ 50+ 25 regarding the other side's motions) of briefing on all case dispositive motions and Daubert motions that are covered by this scheduling order and any other scheduling order entered in any related case that is proceeding on a consolidated or coordinated pretrial schedule.

23. <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

24. <u>Pretrial Conference</u>. On **June 10, 2016**, the Court will hold a pretrial conference in Court with counsel beginning at **11:30 a.m.** Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Revised Final Pretrial Order—Patent, which can be found on the Court's website (<u>www.ded.uscourts.gov</u>), **10 days** before the pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order.

The parties shall provide the Court two (2) courtesy copies of the joint proposed final pretrial order and all attachments.

As noted in the Revised Final Pretrial Order—Patent, the parties shall include in their joint proposed final pretrial order, among other things:

    a. <u>a request for a specific number of *hours* for their trial presentations</u>, as well as a requested number of days, based on the assumption that in a typical jury trial day (in which there is not jury selection, jury instruction, or deliberations), there will be 5 1/2 to 6 1/2 hours of trial time, and in a typical bench trial day there will be 6 to 7 hours of trial time;

    b. <u>their position as to whether the Court should allow objections to efforts to impeach a witness with prior testimony</u>, including objections based on lack of completeness and/or lack of inconsistency;

        c.      <u>their position as to whether the Court should rule at trial on objections to expert testimony</u> as beyond the scope of prior expert disclosures, taking time from the parties' trial presentation to argue and decide such objections, or defer ruling on all such objections unless renewed in writing following trial, subject to the proviso that a party prevailing on such a post-trial objection will be entitled to have all of its costs associated with a new trial paid for by the party that elicited the improper expert testimony at the earlier trial; and

        d.      <u>their position as to how to make motions for judgment as a matter of law</u>, whether it be immediately at the appropriate point during trial or at a subsequent break, whether the jury should be in or out of the courtroom, and whether such motions may be supplemented in writing.

25.    <u>Motions *in Limine*</u>. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each ***SIDE*** shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument and may be opposed by a maximum of three (3) pages of argument, and the side making the *in limine* request may add a maximum of one (1) additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

26. <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>. Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms three (3) business days before the final pretrial conference. This submission shall be accompanied by a courtesy copy containing electronic files of these documents, in WordPerfect or Microsoft Word format, which may be submitted by e-mail to Judge Stark's staff.

27. <u>Trial</u>. This matter is scheduled for a 10-day jury trial beginning at 9:00 a.m. on **July 11, 2016**, with the subsequent trial days beginning at 9:00 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

28. <u>Judgment on Verdict and Post-Trial Status Report</u>. Within seven (7) days after a jury returns a verdict in any portion of a jury trial, the parties shall jointly submit a form of order to enter judgment on the verdict. At the same time, the parties shall submit a joint status report, indicating among other things how the case should proceed and listing any post-trial motions each party intends to file.

29. <u>Post-Trial Motions</u>. Unless otherwise ordered by the Court, all ***SIDES*** are limited to a maximum of 20 pages of opening briefs, 20 pages of answering briefs, and 10 pages of reply briefs relating to any post-trial motions filed by that side, no matter how many such motions are filed.

_____
UNITED STATES DISTRICT JUDGE