# O'KELLY ERNST & BIELLI, LLC

Sean T. O'Kelly, Esquire
SOKelly@oeblegal.com
Direct: (302) 778-4001

901 N. Market Street
Suite 1000
Wilmington, DE 19801
Phone: (302) 778-4000
Fax: (302) 295-2873

October 2, 2014

**VIA ELECTRONIC FILING**
**AND HAND DELIVERY**
The Honorable Leonard P. Stark
United States District Court for the District of Delaware
844 N. King Street
Unit 26
Room 6124
Wilmington, DE 19801-3555

      Re:    Robert Bosch LLC v. Alberee Products, Inc., et al.
              C.A. No. 12-574-LPS-CJB; and
              Robert Bosch LLC v. Alberee Products, Inc., et al.
              C.A. No. 14-142-LPS

Dear Chief Judge Stark:

      We represent Defendants Alberee Products, Inc. d/b/a Alberee Automotive Products, Inc. ("Alberee"), API Korea Co., Ltd. ("API"), and Saver Automotive Products ("Saver," and collectively "the Defendants") in the above-captioned matter and write to oppose Plaintiff Robert Bosch, LLC's ("Bosch") Request for Leave to File an Amended Complaint [D.I. 74].

      In its proposed Amended Complaint, Bosch seeks to assert three more patents in this matter, one of which issued over ten years ago to Bosch's related company Bosch GmbH, and to add Costco as a party.

      Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, a party may amend its pleading "only with the opposing party's written consent or the court's leave," and "[t]he court should freely grant leave when justice so requires." The decision to grant or deny leave to amend lies within the discretion of the court. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). The Third Circuit has adopted a liberal approach to pleading amendments. *See Dole v. Arco*, 921 F.2d 484, 486-87 (3d Cir. 1990).

      In the absence of undue delay, bad faith, or dilatory motives on the part of the moving party, amendment should be freely granted, unless it would be futile or unfairly prejudicial to the non-moving party. *See Foman*, 371 U.S. at 182; *In re Burlington*, 114 F.3d at 1434.

      Here, Bosch has inexplicably delayed in seeking leave to amend, and adding three more patents to the case would further increase its complexity and be an unfairly prejudicial burden on

the Defendants, each of which is a small business with relatively limited financial resources. The proposed amendment also is contrary to Bosch's earlier position presented to the Court that this is a relatively simple case. Because of Bosch's delay in seeking to assert the three additional patents and the resulting prejudice to Defendants, Bosch's request for leave to amend the Complaint should be denied.

### A. Bosch's request for leave to amend should be denied because Bosch unreasonably delayed in asserting the additional patents.

The present dispute between the parties began at least as early as 2011. Bosch asserted nine of the patents in-suit against Defendants before the International Trade Commission (ITC) in an investigation initiated October 26, 2011. As it became clear that Defendants would be dismissed from the ITC matter, Bosch filed suit in this Court on May 4, 2012 ("the first Complaint"), asserting the same nine patents it asserted before the ITC plus three more. Defendants were subsequently dismissed from the ITC case on July 6, 2012. Recently, Bosch amended the first Complaint to add a thirteenth patent, and then filed another Complaint in this Court alleging infringement of a fourteenth patent ("the second Complaint").

Bosch now seeks to add three more patents to these consolidated cases for a total of seventeen asserted patents. All three of the patents Bosch requests to add issued prior to the filing of the second Complaint.[1] Two issued prior to the filing of the first Complaint, and one issued in 2003. Bosch acknowledges in its letter to the Court that "the accused products are the same as in the existing [c]omplaint." [D.I. 74 at 2]. The accused products have remained the same since the ITC case.

On August 4, 2014, counsel for the parties appeared before the Court for a Case Management Conference. There was considerable discussion during the Conference about the complexity of the case and whether the Court should proceed with a Scheduling Order in view of Defendants' pending motions to dismiss for lack of personal jurisdiction. In support of its argument that this consolidated case should move forward, Bosch pointed to the long pendency of the first Complaint and the parties' familiarity of the operative facts due, in part, to discovery that had occurred in the ITC case.[2]

---

[1] The second Complaint was filed **February 5, 2014**. US Patent No. 6668419 issued **December 30, 2003**. US Patent No. 7941891 issued **May 17, 2011**. US Patent No. 8544136 issued **October 1, 2013**.

[2] MR. HORWITZ: "So if that would be useful, whenever you want it, we're happy to do it. We want to move forward. I think that the most interesting response from the other side was if we were just here on this case, we should go forward. <u>There is nothing new about this case. The issues are the same. The accused products are the same. The accused products are the accused products that were part of the ITC action, so there has already been some discovery</u>. Most of the patents are the same. We just really want to get started. I think it's just the passage of time." Hearing Transcript, pp. 12-13 (emphasis added).

In considering the case schedule, the Court understandably expressed concern over the unwieldiness of a 14-patent case and the effect on matters such as the number of claim terms to be construed and the number of patent claims being asserted. Bosch attempted to allay the Court's concerns by pointing to the relatively straightforward technology at issue.[3] At no point did Bosch alert the Court or Defendants that Bosch may be seeking to assert additional patents against Defendants.

In its request for leave to amend its Complaint, Bosch provides no explanation for its delay in asserting the three additional patents. Bosch merely states the proposed amendment is timely because it is within the time period for amendments to pleadings. The cases on which Bosch relied do not support Bosch's position.

In *Greatbatch*, the plaintiff alleged infringement of a single patent in a suit filed April 25, 2013. *Greatbatch Ltd. v. AVC Corp.*, C.A. No. 13-723-LPS, 2014 U.S. Dist. LEXIS 13473, *1 (D. Del. February 4, 2014). The technology involved feedthrough filters used in implantable cardiac pacemaker/cardio-defibrillator devices. *Id*., at *2. On December 13, 2013, the plaintiff moved to amend the Complaint to add claims for infringement of five additional patents "based upon a review of what little discovery AVX has produced to date . . . ." *Id.* In contrast, here Bosch has not learned any new information in this case to explain or justify the delay in asserting the patents it now seeks to add.

*Softview* involved only an amendment to add new defendants and therefore does not lend support to Bosch's proposed amendment to add more patents. *Softview LLC v. Apple Inc*., CA No. 10-389-LPS, 2011 U.S. Dist. LEXIS 112476, *2 (D. Del. Sept. 30, 2011).

In view of Bosch's experience litigating its patents against these same Defendants and the same accused products, the delay in asserting the three additional patents is inexcusable. There are no newly discovered facts or changed circumstances to warrant the delay in asserting the patents Bosch now seeks to add to this already complex 14-patent case. Its request should be denied based on undue delay alone.

**B. Bosch's proposed amendment, which will further complicate an already complex case, will be unfairly prejudicial to Defendants and should be denied.**

Bosch's request further should be denied because of the resulting prejudice to Defendants. Unlike Bosch, Defendants are not large multi-national corporations with legal defense budgets, but rather they are small family-owned businesses that operate on tight budgets and even tighter margins. Litigating a single patent is burdensome for Defendants. Litigating 14

---

[3] MR. HORWITZ: "Your Honor, just one point going back to claim construction. Maybe it will give the Court some comfort, maybe not. I have some familiarity with these patents and similar products. It's not very complex. Speaking as someone without a technical background, this isn't like all the cases we have with source code or complex chemical formulations. So it may be one that leads to more agreement just because of the nature of the technology involved." Hearing Transcript, p. 21.

patents is overwhelming. The addition of three more patents and 42 more patent claims to an already complex 14-patent case would serve no discernible purpose other than to add further burdens to Defendants.

Defendants would be further prejudiced due to the streamlined procedure necessitated by the multitude of patents and claims. The Court has expressed its intent to limit the claim terms to be construed to not more than ten. Bosch is unable and/or unwilling to limit the number of claims being asserted from the fourteen patents in suit. The addition of three more patents exposes Defendants to additional potential liability for infringing claims with terms the Court may not be able to construe and is prejudicial to Defendant's ability to argue the merits of its case.

The proposed amendment certainly goes against this Court's policy of trying to narrow cases by reducing, *inter alia*, the number of patents-in-suit and asserted claims.[4] At a broader level, it raises concerns analogous to those over "patent trolls," and, to a lesser but growing extent, "trademark bullies." This case is beginning to take on the feel of patent bullying. Bosch is employing a strategy of ratcheting up the pressure, first from 9 patents, then to 12, then further to 14 and now possibly to 17, against much smaller opponents. The assertion of 14, and now possibly 17, patents, combined with an unreasonable royalty demand for a license, begins to raise the specter of anti-competition rather than a desire to protect one's property.

In conclusion, there is no justification for the delay in seeking to assert the additional patents, and the only conceivable explanation is that it is a tactic to increase the pressure on Defendants, which would be further accomplished by adding Defendants' primary customer, Costco, as a party to the litigation. Defendants would be prejudiced by the added complexity of the case and the reduced ability to litigate the merits in view of the streamlined process outlined in the Court's Scheduling Order. For all of these reasons, Bosch's request for leave to amend should be denied.

Counsel is available should Your Honor have any questions.

Respectfully submitted,

*/s/ Sean T. O'Kelly*

Sean T. O'Kelly (#4349)

Cc: Counsel of Record (via electronic filing only)

---

[4] See LPS-Patent_Procedures.pdf at 6 (available at http://www.ded.uscourts.gov/judge/chief-judge-leonard-p-stark).