# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT BOSCH LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 12-574-LPS-CJB |
| | ) |
| ALBEREE PRODUCTS, INC., | ) **JURY TRIAL DEMANDED** |
| API KOREA CO., LTD., and | ) |
| SAVER AUTOMOTIVE PRODUCTS, INC., | ) |
| | ) |
| Defendants. | ) |

## JOINT STATUS REPORT

Plaintiff Robert Bosch LLC ("Bosch") and Defendants Alberee Products, Inc. ("Alberee"), API Korea's ("API") and Saver Automotive Products, Inc.'s ("Saver") jointly submit this status report, pursuant to Court order (D.I. 77).

**Motion to dismiss**

Bosch's position is that defendants' motion to dismiss docketed in C.A. No. 14-142-LPS D.I. 6 raises the same issues as their motions to dismiss in C.A. No. 12-574-LPS (D.I. 45, 46, 49). The Court's opinion in this case, D.I. 76, is therefore fully applicable to defendants' motion in the other case, and a corresponding order should issue.

Defendants' position: Without waiving any argument or conceding any issue presented in the two motions, and with the understanding that all of their rights are preserved for appeal, Saver and Alberee's position with respect to the motion to dismiss is that as the Court has already consolidated the two cases, C.A. No. 14-142-LPS and C.A. No. 12-574-LPS respectively, the motion to dismiss with respect to C.A. No. 12-574-LPS is rendered moot. Without waiving any argument or conceding any issue presented in the two motions, and with the understanding that all of its rights are preserved, API Korea submits that the motion to dismiss in C.A. No. 12-574-LPS

as it relates to API Korea remains undecided, but does not object to streamlined adjudication of the pending motion to dismiss as the Court deems just and proper, taking into consideration its prior ruling on the same issue.

**Jurisdictional discovery with API**

The parties agree that jurisdictional discovery should be completed by no later than November 28, 2014. The parties disagree as to the permissible scope of jurisdictional discovery and whether discovery served and answered previously in the ITC matter may be repeated in this matter.

<u>Plaintiff's position</u>: Jurisdictional discovery with API has commenced. On September 17, 2014, Bosch served document requests on API seeking information regarding the relationship among the defendants, and the distribution and sale of the accused products in Delaware and throughout the United States. By October 10, 2014, Bosch will serve additional jurisdictional discovery requests on API in accordance with the Court's order.

Defendants argue that Bosch should not be permitted to repeat inquiries, requests for information, or requests for documents to which Defendants responded in the ITC proceedings. (*See infra* pp. 3-4.) Bosch maintains that such restriction is not appropriate, and the full scope of jurisdictional discovery must be allowed per the Court's Order (D.I. 77). First, discovery in the prior ITC proceeding had no relation to whether a U.S. District Court for the District of Delaware has jurisdiction over API.[1] Second, API responded to the interrogatory referenced by defendants on February 22, 2012. Bosch is entitled to inquire about API's actions and activities in Delaware since then. Third, the deposition of API principal, C.B. Lee, was limited to his interactions with

---

[1] The ITC has *in rem* jurisdiction over articles imported into the United States, and does not perform any "minimum contacts" analysis.

Albert Lee (Alberee's and Saver's principal) and his visits to the United States in 1994 and 1995, and did not cover any topics relevant to the existence of jurisdiction over API in this Court.

Defendants' position: While Saver and Alberee take no position on jurisdictional discovery relating to API Korea, API Korea respectfully maintains that this Court lacks jurisdiction over it with respect to this proceeding. API Korea further objects to any unreasonable scope of discovery propounded by Plaintiff and objects to any obligation to complete production of documents relating to jurisdictional discovery in less time than provided by the applicable Rules of Civil Procedure.

Plaintiff has already taken discovery in the ITC proceedings relating to the jurisdictional issue. For example, in the ITC proceedings Plaintiff propounded an interrogatory to API Korea that asked API Korea to "[d]escribe the ownership, organizational structure of, and relationship between Saver and API, including the locations of any warehouses, subsidiaries and affiliated companies in the United States and identify the persons most knowledgeable about these matters." API Korea responded to that interrogatory. Furthermore, in the ITC proceedings Plaintiff took the deposition of API Korea's principal, C.B. Lee, and questioned him at length about his visits and interactions with Saver's principal, Albert Lee (no relation). Given this, API Korea objects to Plaintiff propounding any discovery or seeking to take any deposition whereby it attempts to repeat its prior inquiries Defendants submit that Plaintiff should not be permitted to repeat inquiries, requests for information, or requests for production of documents to which Defendants responded in the ITC proceedings.

**Motion to amend**

Bosch seeks to amend its complaint in this action to add three related patents and a party, Costco Wholesale Corporation, a retailer of the accused products. (D.I. 74.) Bosch's proposed

3

amendment is within the schedule limits, and has been made at the early stages of discovery. Bosch respectfully requests that a decision on its motion be made expeditiously to allow Bosch to conduct discovery related to the new patents and Costco, and to afford Costco an opportunity to fully participate in this case. Bosch disagrees that the agreement between Costco Wholesale and an unrelated Bosch entity has any relevance to this case, and will address the purported arbitration defense if and when Costco Wholesale asserts such defense.

<u>Defendants' opposition</u> to Plaintiff's request to amend is fully set forth in their briefing letter dated October 2, 2014. Defendants oppose amending the Complaint with respect to the new patents for the reasons set forth in that correspondence. With regards to Costco Wholesale, Defendants take no position at this time except to alert the Court that Defendants' counsel has been made aware of a potentially relevant agreement between Costco Wholesale and a Bosch entity that may require the claims asserted by Plaintiff against Costco Wholesale to be arbitrated. Counsel for Plaintiff has been informed of this potentiality.

|  |  |
|---|---|
| OF COUNSEL: | Respectfully submitted,<br><br>POTTER ANDERSON & CORROON LLP |
| Jeffrey S. Ginsberg<br>Mark A. Hannemann<br>Rose Cordero Prey<br>Ksenia Takhistova<br>KENYON & KENYON LLP<br>One Broadway<br>New York, NY 10004<br>Tel.: (212) 425-7200<br>jginsberg@kenyon.com<br>mhannemann@kenyon.com<br>rprey@kenyon.com<br>ktakhistova@kenyon.com | By: */s/ David E. Moore*<br>    Richard L. Horwitz (#2246)<br>    David E. Moore (#3983)<br>    Bindu A. Palapura (#5370)<br>    Hercules Plaza, 6th Floor<br>    1313 N. Market Street<br>    Wilmington, DE 19801<br>    Tel: (302) 984-6000<br>    rhorwitz@potteranderson.com<br>    dmoore@potteranderson.com<br>    bpalapura@potteranderson.com<br><br>*Attorneys for Plaintiff* |
| OF COUNSEL: | O'KELLY, ERNST & BIELLI, LLC |
| Robert J. Kenney<br>BIRCH, STEWART, KOLASCH & BIRCH, LLP<br>8110 Gatehouse Road, Suite 100 East<br>P.O. Box 747<br>Falls Church, VA 22040-0747<br>Tel: (703) 205-8000<br>rjk@bskb.com | By: */s/ Sean T. O'Kelly*<br>    Sean T. O'Kelly (#4349)<br>    Daniel P. Murray (#5785)<br>    901 N. Market St., Suite 1000<br>    Wilmington, Delaware 19801<br>    (302) 778-4001<br>    (302) 295-2873<br>    sokelly@oeblegal.com<br>    dmurray@oeblegal.com<br><br>*Attorneys for Defendants* |

Dated: October 6, 2014
1168095 / 39026