## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ROBERT BOSCH LLC,                )
                                        )
           Plaintiff,            )
                                        )
       v.                        )    C.A. Nos.  12-574-LPS, 14-142-LPS
                                        )
ALBEREE PRODUCTS, INC.,       )    **JURY TRIAL DEMANDED**
API KOREA CO., LTD.,           )
SAVER AUTOMOTIVE PRODUCTS, INC.,   )
and COSTCO WHOLESALE CORPORATION,   )
                                        )
           Defendants.         )

## CONSOLIDATED AMENDED COMPLAINT

Plaintiff Robert Bosch LLC ("Plaintiff"), through its attorneys, for its consolidated

amended complaint against defendants Alberee Products, Inc. ("Alberee"), API Korea Co., Ltd.

("API"), and Saver Automotive Products, Inc. ("Saver"), and for its initial complaint against

Costco Wholesale Corporation ("Costco Wholesale") (collectively, "Defendants"), avers as

follows:

1.      This complaint is filed in a consolidated civil action that includes C.A. Nos. 12-

574-LPS and 14-142-LPS.

2.      This action arises under the patent laws of the United States, Title 35 of the

United States Code (for example, §§ 271, 281, 283, 284 and 285) as hereinafter more fully set

forth.  This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. §§

1331 and 1338(a).

## DEFENDANTS AND ACCUSED PRODUCTS

3.      Alberee is a corporation organized under the laws of the state of Maryland with a

place of business at 4665 Hollins Ferry Road, Halethorpe, Maryland.

4.      API is a corporation organized under the laws of Korea with a place of business at 435-3, Nonhyeon-Dong, NamDong-Gu, Incheon, Korea, 405-848.

5.      Saver is a corporation organized under the laws of the state of Maryland with a place of business at 4665 Hollins Ferry Road, Halethorpe, Maryland.

6.      Costco Wholesale is a corporation organized under the laws of the state of Washington with a principal place of business at 999 Lake Drive, Issaquah, WA 98027.

7.      Alberee and Saver have held themselves out as related companies.

8.      The facility at 4665 Hollins Ferry Road, Halethorpe, Maryland, where Saver has a place of business, is owned by a company named Alberee Real Estate LLC.

9.      The owner of Alberee is associated with Saver.

10.      Alberee and Saver supply large quantities of wiper blades in the United States.

11.      On information and belief, Alberee assembles, makes, offers for sale, and sells in the United States automobile windshield wiper blades using components supplied by API.

12.      On information and belief, Saver assembles, makes, offers for sale, and sells in the United States automobile windshield wiper blades assembled by Alberee and Saver using components supplied by API.  Such windshield wiper blades are sold under brand names including the Goodyear Assurance, the Saver Arc Flex Ultra, and the Touring Ultra (the "Accused Products").  There are no material differences between the various Accused Products sold in the United States.

13.      On information and belief, Saver has offered for sale and sold, and offers for sale and sells, to retail stores in the United States the Accused Products, which retail stores sell the Accused Products to end user customers for use on vehicles.

14.     The Accused Products have been, and are, offered for sale in the United States on the internet, including on the Amazon.com website.

15.     The Goodyear Assurance wiper blades have been sold and/or are still being sold at a Costco Wholesale store located at 900 Center Boulevard, Newark, Delaware, and at the Costco Wholesale stores throughout the United States.

16.     Saver has been and is the exclusive seller of the Goodyear Assurance wiper blade product to the Costco Wholesale retail chain in the United States.

17.     On information and belief, at least the Goodyear Assurance wiper blades have arrived in the state of Delaware through Saver's purposeful shipment of the products through an established distribution channel, at least through Saver's sale of the products to Costco Wholesale, a retailer with hundreds of locations nationwide.

18.     On information and belief, Alberee, as a company working jointly with Saver on the distribution of the Accused Products, is aware of and encourages Saver's shipment of the Accused Products nationwide through an established distribution channel.

19.     On information and belief, API, as a company that worked jointly with Alberee on the design and development of the Accused Products, has knowledge and intends that Alberee and Saver sell throughout the United States the Accused Products containing components supplied by API.

20.     U.S. Patent No. 8,037,568 ("the '568 patent") for a "Windshield Wiper Assembly" names the owner of Alberee and the owner of API as co-inventors, and is assigned on its face to Alberee.  The '568 patent on its face claims priority to a Korean patent application, for which records from the Korean patent office identify API as the applicant.

21.     API manufactures a large number of wiper blades supplied to the United States.

## COUNT ONE – INFRINGEMENT OF U.S. PATENT NO. 6,523,218

22.     The allegations stated in paragraphs 2 through 21 of this Amended Complaint are incorporated by reference as if set forth herein.

23.     On February 25, 2003, United States Patent No. 6,523,218 ("the '218 patent," attached as Exhibit A) was duly and legally issued for an invention in a windshield wiper blade. Plaintiff is the owner of the '218 patent.

24.     Alberee has infringed and is still infringing the '218 patent directly under 35 U.S.C. § 271(a) by making, selling, and offering for sale in the United States the Accused Products, and will continue to do so unless enjoined by this Court.

25.     Saver has infringed and is still infringing the '218 patent directly under 35 U.S.C. § 271(a) by making, selling, and offering for sale in the United States the Accused Products, and will continue to do so unless enjoined by this Court.

26.     Retail stores, including Costco Wholesale, have infringed and/or are still infringing the '218 patent directly under 35 U.S.C. § 271(a) by selling and offering for sale in the United States the Accused Products.

27.     End users have infringed and are still infringing the '218 patent directly under 35 U.S.C. § 271(a) by using in the United States the Accused Products, including as windshield wiper blades on vehicles.

28.     On information and belief, API manufactures and imports into the United States components of the Accused Products, including spring elastic support elements.

29.     The components manufactured and imported by API are material components of the invention of the '218 patent, at least because, on information and belief, the spring elastic

support elements provided by API constitute a significant part of the final assembly of each Accused Product.

30.     The components manufactured and imported by API are not staple articles or commodities of commerce and have no substantial non-infringing uses, at least because, on information and belief, the spring elastic support elements are designed specifically for use in the Accused Products and have no other intended uses.

31.     API has had knowledge that the Accused Products, for which the components API manufactures and imports are especially made or adapted, infringe the '218 patent since at least October 11, 2011, from a letter sent from Plaintiff's counsel to API.  API has had knowledge as to how the Accused Products infringe the '218 patent since at least on or about November 22, 2011, when the U.S. International Trade Commission ("the ITC") served API with Plaintiff's complaint ("the ITC Complaint") in *In the Matter of Certain Wiper Blades*, 337-TA-816 ("the ITC Investigation"), which included a claim chart demonstrating how the Goodyear Assurance blade infringes the '218 patent.  API has had additional knowledge as to how the Accused Products infringe the '218 patent since at least April 26, 2012, when Plaintiff served on API's counsel infringement contentions in the ITC Investigation including a claim chart demonstrating how the Goodyear Assurance and the Arc Flex Ultra wiper blades infringe the '218 patent.  API has had additional knowledge as to how the Accused Products infringe the '218 patent since at least January 15, 2013, when API's counsel received from Plaintiff's counsel a letter describing such infringement.

32.     API therefore is a contributory infringer of the '218 patent under 35 U.S.C. § 271(c) with respect to Alberee's direct infringement and Saver's direct infringement of the '218 patent, and will continue to infringe unless enjoined by this Court.  API also is a contributory

infringer of the '218 patent under 35 U.S.C. § 271(c) with respect to the direct infringement of the '218 patent by retailers who sell and offer for sale the Accused Products and the direct infringement of the '218 patent by end users who use the Accused Products, and will continue to infringe unless enjoined by this Court.

33.     On information and belief, API has purposefully caused, encouraged, and urged Alberee and Saver to make, sell, and offer for sale the Accused Products in the United States with the knowledge and intent that such activities would directly infringe the '218 patent, and intended Alberee and Saver to carry out such activities.  API has had such knowledge and intent at least since receiving, on or about November 22, 2011, the infringement claim chart included in the ITC Complaint, receiving, on April 26, 2012, the infringement claim chart included with Plaintiff's infringement contentions in the ITC Investigation, and receiving through its counsel, on January 15, 2013, a letter from Plaintiff's counsel describing its infringement.

34.     API therefore induces under 35 U.S.C. § 271(b) Alberee's direct infringement and Saver's direct infringement of the '218 patent, and will continue to do so unless enjoined by this Court.

35.     On information and belief, API has purposefully caused, encouraged, and urged retailers to offer for sale and sell, and end users to use, the Accused Products in the United States with the knowledge and intent that such activities would directly infringe the '218 patent, and intended retailers and end users to carry out such activities.  API has had such knowledge and intent at least since receiving, on or about November 22, 2011, the infringement claim chart included in the ITC Complaint, receiving, on April 26, 2012, the infringement claim chart included with Plaintiff's infringement contentions in the ITC Investigation, and receiving, on January 15, 2013, a letter from Plaintiff's counsel providing notice of API's infringement.  API

has such intent because, on information and belief, it intends Alberee and Saver to sell the Accused Products made with components supplied by API directly or indirectly to retailers, it intends that retailers sell in the United States the Accused Products to end users, and it intends that end users in the United Sates use the Accused Products as wiper blades on vehicles.

36.     API therefore induces under 35 U.S.C. § 271(b) the direct infringement of retailers of the '218 patent and the direct infringement of end users of the '218 patent, and will continue to do so unless enjoined by this Court.

37.     Alberee and Saver each has had knowledge that the Accused Products infringe the '218 patent since at least January 26, 2011 from a letter sent from Plaintiff's counsel to Alberee/Saver's counsel.  Alberee and Saver each has had knowledge as to how the Accused Products infringe the '218 patent since at least February 16, 2011, from correspondence sent from Plaintiff's counsel to Alberee/Saver's counsel which included a claim chart showing how the Goodyear Assurance blade infringes the '218 patent.  Alberee and Saver each has had additional knowledge of how the Accused Products infringe the '218 patent since at least on or about November 22, 2011, when the ITC served Alberee/Saver with the ITC Complaint, which included a claim chart demonstrating how the Goodyear Assurance blade infringes the '218 patent.  Alberee and Saver each has had additional knowledge as to how the Accused Products infringe the '218 patent since at least April 26, 2012, when Plaintiff's counsel served on Alberee/Saver's counsel infringement contentions in the ITC Investigation including a claim chart demonstrating how the Goodyear Assurance and the Arc Flex Ultra wiper blades infringe the '218 patent.  Alberee and Saver each has had additional knowledge as to how the Accused Products infringe the '218 patent since at least January 15, 2013, when Alberee's and Saver's counsel received from Plaintiff's counsel a letter describing such infringement.

38.     Costco Wholesale has had knowledge that the Goodyear Assurance Products infringe the '218 patent since at least May 30, 2012, when Bosch notified Costco Wholesale of such infringement.

39.     On information and belief, Alberee has purposefully caused, encouraged, and urged Saver to sell and offer for sale the Accused Products in the United States with the knowledge and intent that such activities would directly infringe the '218 patent, and intended Saver to carry out such activities.  Alberee has had such knowledge and intent at least since receiving the infringement allegations stated in the infringement claim chart sent from Plaintiff's counsel to Alberee/Saver's counsel on February 16, 2011, receiving the infringement claim chart included in the ITC Complaint on or about November 22, 2011, receiving the infringement claim chart included with Plaintiff's infringement contentions in the ITC Investigation on April 26, 2012, and receiving through its counsel a letter from Plaintiff's counsel describing Alberee's infringement on January 15, 2013.  Alberee further has such knowledge and intent because, on information and belief, Alberee and Saver work together in distributing the Accused Products and because Alberee intends that the Accused Products it sells to Saver are offered for sale and sold to third parties.

40.     Alberee therefore induces under 35 U.S.C. § 271(b) Saver's direct infringement of the '218 patent, and will continue to do so unless enjoined by this Court.

41.     On information and belief, Alberee and Saver each has knowledge that retailers directly infringe the '218 patent by selling and offering for sale in the United States the Accused Products, and that end users directly infringe the '218 patent by using in the United States the Accused Products as wiper blades for their vehicles, at least since receiving the infringement allegations stated in the infringement claim chart sent from Plaintiff's counsel to Alberee/Saver's

counsel on February 16, 2011, receiving the infringement claim chart included in the ITC

Complaint on or about November 22, 2011, receiving the infringement claim chart included with

Plaintiff's infringement contentions in the ITC Investigation on April 26, 2012, and receiving

through their counsel a letter sent by Plaintiff's counsel describing Alberee's and Saver's

infringement on January 15, 2013.

42.     On information and belief, Costco Wholesale has knowledge that end users

directly infringe the '218 patent by using in the United States the Goodyear Assurance Products

as wiper blades for their vehicles, at least since receiving the notice of infringement from Bosch

on May 30, 2012.

43.     On information and belief, by advertising the infringing use in their promotional

materials, by providing an application guide on their website and in stores that sell the Accused

Products showing the infringing use, and by including installation instructions with the Accused

Products that show the end users of the Accused Products how to install the same on the wiper

arms on their vehicles, Alberee and Saver each has purposefully caused, encouraged, and urged

end users to use the Accused Products, with the knowledge and intent that such activities would

directly infringe the '218 patent, and intend end users to carry out such activities.  Alberee and

Saver each know or should know that end users use in the United States the Accused Products

because Alberee and Saver distribute the products to retailers for resale to end users for this

purpose.

44.     On information and belief, by advertising the infringing use in their promotional

materials, and by providing application guides in their stores that sell the Goodyear Assurance

Products showing the infringing use, Costco Wholesale has purposefully caused, encouraged,

and urged end users to use the Goodyear Assurance Products, with the knowledge and intent that

such activities would directly infringe the '218 patent, and intend end users to carry out such activities.  Costco Wholesale knows or should know that end users use the Goodyear Assurance Products in the United States as wiper blades on vehicles because it sells these products to end users for this purpose.

45.     Alberee, Saver, and Costco Wholesale therefore each induce under 35 U.S.C. § 271(b) the direct infringement of the '218 patent by end users of the Accused Products including Goodyear Assurance products, and will continue to do so unless enjoined by this Court.

46.     On information and belief, Alberee and Saver each has purposefully caused, encouraged, and urged retailers to offer for sale and sell the Accused Products, with the knowledge and intent that such activities would directly infringe the '218 patent, and intend retailers to carry out such activities.  Alberee and Saver know or should know that retailers offer for sale and sell in the United States the Accused Products because Alberee and Saver distribute the products to retailers for resale to end users.

47.     Alberee and Saver therefore each induce under 35 U.S.C. § 271(b) retailers' direct infringement of the '218 patent, and will continue to do so unless enjoined by this Court.

48.     Plaintiff has no adequate remedy at law against Defendants' infringement of the '218 patent and, unless Defendants are enjoined from their infringement, Plaintiff will suffer irreparable harm.

49.     Defendants have had knowledge of the '218 patent and yet have continued to infringe despite an objectively high likelihood that their actions constituted infringement of the '218 patent.  The risk of infringement was either known to Defendants, or so obvious it should have been known to them.  Therefore, Defendants' infringement has been and continues to be willful and deliberate.

50.     As a result of Defendants' infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

## COUNT TWO – INFRINGEMENT OF U.S. PATENT NO. 6,530,111

51.     The allegations stated in paragraphs 2 through 21 of this Amended Complaint are incorporated by reference as if set forth herein.

52.     On March 11, 2003, United States Patent No. 6,530,111 ("the '111 patent," attached as Exhibit B) was duly and legally issued for an invention in a windshield wiper apparatus.  Plaintiff is the owner of the '111 patent.

53.     End users have purchased or otherwise obtained the Accused Products and, in the United States, combined the Accused Products with "top lock" (or "pinch tab") wiper arms.  By doing so, the end users have infringed and are still infringing the '111 patent directly under 35 U.S.C. § 271(a) by using the invention claimed therein.

54.     Alberee makes, offers for sale, and sells in the United States the Accused Products.

55.     Saver makes, offers for sale, and sells in the United States the Accused Products.

56.     Retail stores, including Costco Wholesale, sell and offer for sale to end users in the United States the Accused Products.  On information and belief, Saver, with Alberee's knowledge and encouragement, ships the Accused Products, directly or indirectly, to retailers through an established distribution channel.

57.     The Accused Products include adapters that are intended, designed, made, and configured to be used only with a "top lock" wiper arm.

58.     The Accused Products with the "top lock" adapters sold by Alberee, Saver, and retail stores, including Costco Wholesale, are not staple articles or commodities of commerce

- 11 -

and have no substantial non-infringing uses, at least because, on information and belief, the Accused Products with the "top lock" adapters are designed specifically for use with a "top lock" wiper arm and have no other intended use.

59.     Alberee and Saver each has had knowledge that combining the Accused Products with a "top lock" wiper arm, for which the Accused Products with the "top lock" adapters Alberee and Saver make, offer for sale, and sell are especially made or adapted, infringe the '111 patent since at least January 26, 2011 from a letter sent from Plaintiff's counsel to Alberee/Saver's counsel.  Alberee and Saver each has had knowledge as to how the Accused Products combined with a "top lock" wiper arm infringe the '111 patent since at least February 16, 2011, from correspondence sent from Plaintiff's counsel to Alberee/Saver's counsel which included a claim chart showing how the Goodyear Assurance blade infringes the '111 patent. Alberee and Saver each has had additional knowledge as to how the Accused Products combined with a "top lock" wiper arm infringe the '111 patent since at least January 15, 2013, when Alberee's and Saver's counsel received a letter sent by Plaintiff's counsel describing such infringement.

60.     Costco Wholesale has had knowledge that combining the Goodyear Assurance Products with a "top lock" wiper arm, for which the Goodyear Assurance Products with the "top lock" adapters that Costco Wholesale offers for sale and sells are especially made or adapted, infringes the '111 patent since at least May 30, 2012, when Bosch notified Costco Wholesale of such infringement.

61.     On information and belief, by advertising the infringing use in their promotional materials, by providing an application guide on their website and in stores that sell the Accused Products showing that the products can be used with vehicles equipped with "top lock" wiper

arms, and by including installation instructions with the Accused Products that show the end users of the Accused Products how to install the same on a "top lock" wiper arm, Alberee and Saver have purposefully caused, encouraged, and urged end users to combine the Accused Products with "top lock" wiper arms, with the knowledge and intent that such activities would infringe the '111 patent, and intend users to carry out such activities.  Alberee and Saver know or should know that end users use in the United States the Accused Products with "top lock" wiper arms because Alberee and Saver distribute the products to retailers for resale to end users to be used for this purpose.

62.     On information and belief, by advertising the infringing use in their promotional materials, and by providing application guides in their stores that sell the Goodyear Assurance Products showing how these products can be used with vehicles equipped with "top lock" wiper arms, Costco Wholesale has purposefully caused, encouraged, and urged end users to combine the Goodyear Assurance Products with "top lock" wiper arms, with the knowledge and intent that such activities would directly infringe the '111 patent, and intend users to carry out such activities.  Costco Wholesale knows or should know that end users use the Goodyear Assurance Products with "top lock" wiper arms in the United States because it sells these products to end users for this purpose.

63.     Alberee, Saver, and Costco Wholesale therefore each induce under 35 U.S.C. § 271(b) direct infringement of the '111 patent by end users of the Accused Products including Goodyear Assurance products, and will continue to infringe unless enjoined by this Court. Alberee, Saver, and Costco Wholesale also therefore each is a contributory infringer of the '111 patent under 35 U.S.C. § 271(c) with respect to direct infringement of the '111 patent by end

users of the Accused Products including Goodyear Assurance products, and will continue to infringe unless enjoined by this Court.

64.     Plaintiff has no adequate remedy at law against Alberee's, Saver's, and Costco Wholesale's infringement of the '111 patent and, unless they are enjoined from their infringement of the '111 patent, Plaintiff will suffer irreparable harm.

65.     Alberee, Saver, and Costco Wholesale have had knowledge of the '111 patent and yet have continued to infringe despite an objectively high likelihood that their actions constituted infringement of the '111 patent.  The risk of infringement was either known to Alberee, Saver, and Costco Wholesale, or so obvious it should have been known to them.  Therefore, Alberee's, Saver's, and Costco Wholesale's infringement has been and continues to be willful and deliberate.

66.     As a result of Alberee's, Saver's, and Costco Wholesale's infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

**COUNT THREE – INFRINGEMENT OF U.S. PATENT NO. 6,553,607**

67.     The allegations stated in paragraphs 2 through 21 of this Amended Complaint are incorporated by reference as if set forth herein.

68.     On April 29, 2003, United States Patent No. 6,553,607 ("the '607 patent," attached as Exhibit C) was duly and legally issued for an invention in a windshield wiper blade. Plaintiff is the owner of the '607 patent.

69.     End users have purchased or otherwise obtained the Accused Products and, in the United States, combined the Accused Products with "side lock" (or "side pin") wiper arms.  By doing so, the end users have infringed and are still infringing the '607 patent directly under 35 U.S.C. § 271(a) by using the invention claimed therein.

- 14 -

70.     Alberee makes, offers for sale, and sells in the United States the Accused Products.

71.     Saver makes, offers for sale, and sells in the United States the Accused Products.

72.     Retail stores, including Costco Wholesale, sell and offer for sale to end users in the United States the Accused Products.  On information and belief, Saver, with Alberee's knowledge and encouragement, ships the Accused Products, directly or indirectly, to retailers through an established distribution channel.

73.     The Accused Products include adapters that are intended, designed, made, and configured to be used only with a "side lock" wiper arm.

74.     The Accused Products with the "side lock" adapters sold by Alberee, Saver, and retail stores, including Costco Wholesale, are not staple articles or commodities of commerce and have no substantial non-infringing uses, at least because, on information and belief, the Accused Products with the "side lock" adapters are designed specifically for use with a "side lock" wiper arm and have no other intended use.

75.     Alberee and Saver each has had knowledge that combining the Accused Products with a "side lock" wiper arm, for which the Accused Products with the "side lock" adapters Alberee and Saver make, offer for sale, and sell are especially made or adapted, infringe the '607 patent since at least January 26, 2011 from a letter sent from Plaintiff's counsel to Alberee/Saver's counsel.  Alberee and Saver each has had knowledge as to how the Accused Products combined with a "side lock" wiper arm infringe the '607 patent since at least February 16, 2011, from correspondence sent from Plaintiff's counsel to Alberee/Saver's counsel which included a claim chart showing how the Goodyear Assurance blade infringes the '607 patent. Alberee and Saver each has had additional knowledge of how the Accused Products combined

with a "side lock" wiper arm infringe the '607 patent since at least on or about November 22, 2011, when the ITC served Alberee/Saver with the ITC Complaint, which included a claim chart demonstrating how the Goodyear Assurance blade infringes the '607 patent.  Alberee and Saver each has had additional knowledge as to how the Accused Products combined with a "side lock" wiper arm infringe the '607 patent since at least April 26, 2012, when Plaintiff's counsel served on Alberee/Saver's counsel infringement contentions in the ITC Investigation including a claim chart demonstrating how the Goodyear Assurance and the Arc Flex Ultra wiper blades infringe the '607 patent.  Alberee and Saver each has had additional knowledge as to how the Accused Products combined with a "side lock" wiper arm infringe the '607 patent since at least January 15, 2013, when Alberee's and Saver's counsel received a letter sent by Plaintiff's counsel describing such infringement.

76.     Costco Wholesale has had knowledge that combining the Goodyear Assurance Products with a "side lock" wiper arm, for which the Goodyear Assurance Products with the "side lock" adapters that Costco Wholesale offers for sale and sells are especially made or adapted, infringes the '607 patent since at least May 30, 2012, when Bosch notified Costco Wholesale of such infringement.

77.     On information and belief, by advertising the infringing use in their promotional materials, by providing an application guide on their website and in stores that sell the Accused Products showing that the products can be used with vehicles equipped with "side lock" wiper arms, and by including installation instructions with the Accused Products that show the end users of the Accused Products how to install the same on a "side lock" wiper arm, Alberee and Saver have purposefully caused, encouraged, and urged end users to combine the Accused Products with "side lock" wiper arms, with the knowledge and intent that such activities would

infringe the '607 patent, and intend users to carry out such activities.  Alberee and Saver know or should know that end users use in the United States the Accused Products with "side lock" wiper arms because Alberee and Saver distribute the products to retailers for resale to end users to be used for this purpose.

78.     On information and belief, by advertising the infringing use in their promotional materials, and by providing application guides in their stores that sell the Goodyear Assurance Products showing how these products can be used with vehicles equipped with "side lock" wiper arms, Costco Wholesale has purposefully caused, encouraged, and urged end users to combine the Goodyear Assurance Products with "side lock" wiper arms, with the knowledge and intent that such activities would directly infringe the '607 patent, and intend users to carry out such activities.  Costco Wholesale knows or should know that end users use the Goodyear Assurance Products with "side lock" wiper arms in the United States because it sells these products to end users for this purpose.

79.     Alberee, Saver, and Costco Wholesale therefore each induce under 35 U.S.C. § 271(b) direct infringement of the '607 patent by end users of the Accused Products including Goodyear Assurance products, and will continue to infringe unless enjoined by this Court. Alberee, Saver, and Costco Wholesale also therefore each is a contributory infringer of the '607 patent under 35 U.S.C. § 271(c) with respect to direct infringement of the '607 patent by end users of the Accused Products including Goodyear Assurance products, and will continue to infringe unless enjoined by this Court.

80.     Plaintiff has no adequate remedy at law against Alberee's, Saver's, and Costco Wholesale's infringement of the '607 patent and, unless they are enjoined from their infringement of the '607 patent, Plaintiff will suffer irreparable harm.

81.     Alberee, Saver, and Costco Wholesale have had knowledge of the '607 patent and yet have continued to infringe despite an objectively high likelihood that their actions constituted infringement of the '607 patent.  The risk of infringement was either known to Alberee, Saver, and Costco Wholesale, or so obvious it should have been known to them.  Therefore, Alberee's, Saver's, and Costco Wholesale's infringement has been and continues to be willful and deliberate.

82.     As a result of Alberee's, Saver's, and Costco Wholesale's infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

### COUNT FOUR – INFRINGEMENT OF U.S. PATENT NO. 6,611,988

83.     The allegations stated in paragraphs 2 through 21 of this Amended Complaint are incorporated by reference as if set forth herein.

84.     On September 2, 2003, United States Patent No. 6,611,988 ("the '988 patent," attached as Exhibit D) was duly and legally issued for an invention in a windshield wiper blade. Plaintiff is the owner of the '988 patent.

85.     Alberee has infringed and is still infringing the '988 patent directly under 35 U.S.C. § 271(a) by making, selling, and offering for sale in the United States the Accused Products, and will continue to do so unless enjoined by this Court.

86.     Saver has infringed and is still infringing the '988 patent directly under 35 U.S.C. § 271(a) by making, selling, and offering for sale in the United States the Accused Products, and will continue to do so unless enjoined by this Court.

87.     Retail stores, including Costco Wholesale, have infringed and/or are still infringing the '988 patent directly under 35 U.S.C. § 271(a) by selling and offering for sale in the United States the Accused Products.

88.     End users have infringed and are still infringing the '988 patent directly under 35 U.S.C. § 271(a) by using in the United States the Accused Products, including as windshield wiper blades on vehicles.

89.     On information and belief, API manufactures and imports into the United States components of the Accused Products, including spring elastic support elements.

90.     The components manufactured and imported by API are material components of the invention of the '988 patent, at least because, on information and belief, the spring elastic support elements provided by API constitute a significant part of the final assembly of each Accused Product.

91.     The components manufactured and imported by API are not staple articles or commodities of commerce and have no substantial non-infringing uses, at least because, on information and belief, the spring elastic support elements are designed specifically for use in the Accused Products and have no other intended uses.

92.     API has had knowledge that the Accused Products, for which the components API manufactures and imports are especially made or adapted, infringe the '988 patent since at least October 11, 2011, from a letter sent from Plaintiff's counsel to API.  API has had knowledge as to how the Accused Products infringe the '988 patent since at least on or about November 22, 2011, when the ITC served API with the ITC Complaint, which included a claim chart demonstrating how the Goodyear Assurance blade infringes the '988 patent.  API has had additional knowledge as to how the Accused Products infringe the '988 patent since at least April 26, 2012, when Plaintiff served on API's counsel infringement contentions in the ITC Investigation including a claim chart demonstrating how the Goodyear Assurance and the Arc Flex Ultra wiper blades infringe the '988 patent.  API has had additional knowledge as to how

the Accused Products infringe the '988 patent since at least January 15, 2013, when API's counsel received from Plaintiff's counsel a letter describing such infringement.

93.     API therefore is a contributory infringer of the '988 patent under 35 U.S.C. § 271(c) with respect to Alberee's direct infringement and Saver's direct infringement of the '988 patent, and will continue to infringe unless enjoined by this Court.  API also is a contributory infringer of the '988 patent under 35 U.S.C. § 271(c) with respect to the direct infringement of the '988 patent by retailers who sell and offer for sale the Accused Products and the direct infringement of the '988 patent by end users who use the Accused Products, and will continue to infringe unless enjoined by this Court.

94.     On information and belief, API has purposefully caused, encouraged, and urged Alberee and Saver to make, sell, and offer for sale the Accused Products in the United States with the knowledge and intent that such activities would directly infringe the '988 patent, and intended Alberee and Saver to carry out such activities.  API has had such knowledge and intent at least since receiving, on or about November 22, 2011, the infringement claim chart included in the ITC Complaint, receiving, on April 26, 2012, the infringement claim chart included with Plaintiff's infringement contentions in the ITC Investigation, and receiving through its counsel, on January 15, 2013, a letter from Plaintiff's counsel describing its infringement.

95.     API therefore induces under 35 U.S.C. § 271(b) Alberee's direct infringement and Saver's direct infringement of the '988 patent, and will continue to do so unless enjoined by this Court.

96.     On information and belief, API has purposefully caused, encouraged, and urged retailers to offer for sale and sell, and end users to use, the Accused Products in the United States with the knowledge and intent that such activities would directly infringe the '988 patent, and

intended retailers and end users to carry out such activities.  API has had such knowledge and

intent at least since receiving, on or about November 22, 2011, the infringement claim chart

included in the ITC Complaint, receiving, on April 26, 2012, the infringement claim chart

included with Plaintiff's infringement contentions in the ITC Investigation, and receiving, on

January 15, 2013, a letter from Plaintiff's counsel providing notice of API's infringement.  API

has such intent because, on information and belief, it intends Alberee and Saver to sell the

Accused Products made with components supplied by API directly or indirectly to retailers, it

intends that retailers sell in the United States the Accused Products to end users, and it intends

that end users in the United Sates use the Accused Products as wiper blades on vehicles.

97.     API therefore induces under 35 U.S.C. § 271(b) the direct infringement of

retailers of the '988 patent and the direct infringement of end users of the '988 patent, and will

continue to do so unless enjoined by this Court.

98.     Alberee and Saver each has had knowledge as to how the Accused Products

infringe the '988 patent, and the patent itself, since at least February 16, 2011, from

correspondence sent from Plaintiff's counsel to Alberee/Saver's counsel which included a claim

chart showing how the Goodyear Assurance blade infringes the '988 patent.  Alberee and Saver

each has had additional knowledge of how the Accused Products infringe the '988 patent since at

least on or about November 22, 2011, when the ITC served Alberee/Saver with the ITC

Complaint, which included a claim chart demonstrating how the Goodyear Assurance blade

infringes the '988 patent.  Alberee and Saver each has had additional knowledge as to how the

Accused Products infringe the '988 patent since at least April 26, 2012, when Plaintiff's counsel

served on Alberee/Saver's counsel infringement contentions in the ITC Investigation including a

claim chart demonstrating how the Goodyear Assurance and the Arc Flex Ultra wiper blades

infringe the '988 patent.  Alberee and Saver each has had additional knowledge as to how the Accused Products infringe the '988 patent since at least January 15, 2013, when Alberee's and Saver's counsel received from Plaintiff's counsel a letter describing such infringement.

99.     Costco Wholesale has had knowledge that the Goodyear Assurance Products infringe the '988 patent since at least May 30, 2012, when Bosch notified Costco Wholesale of such infringement.

100.    On information and belief, Alberee has purposefully caused, encouraged, and urged Saver to sell and offer for sale the Accused Products in the United States with the knowledge and intent that such activities would directly infringe the '988 patent, and intended Saver to carry out such activities.  Alberee has had such knowledge and intent at least since receiving the infringement allegations stated in the infringement claim chart sent from Plaintiff's counsel to Alberee/Saver's counsel on February 16, 2011, receiving the infringement claim chart included in the ITC Complaint on or about November 22, 2011, receiving the infringement claim chart included with Plaintiff's infringement contentions in the ITC Investigation on April 26, 2012, and receiving through its counsel a letter from Plaintiff's counsel describing Alberee's infringement on January 15, 2013.  Alberee further has such knowledge and intent because, on information and belief, Alberee and Saver work together in distributing the Accused Products and because Alberee intends that the Accused Products it sells to Saver are offered for sale and sold to third parties.

101.    Alberee therefore induces under 35 U.S.C. § 271(b) Saver's direct infringement of the '988 patent, and will continue to do so unless enjoined by this Court.

102.    On information and belief, Alberee and Saver each has knowledge that retailers directly infringe the '988 patent by selling and offering for sale in the United States the Accused

Products, and that end users directly infringe the '988 patent by using in the United States the Accused Products as wiper blades for their vehicles, at least since receiving the infringement allegations stated in the infringement claim chart sent from Plaintiff's counsel to Alberee/Saver's counsel on February 16, 2011, receiving the infringement claim chart included in the ITC Complaint on or about November 22, 2011, receiving the infringement claim chart included with Plaintiff's infringement contentions in the ITC Investigation on April 26, 2012, and receiving through their counsel a letter sent by Plaintiff's counsel describing Alberee's and Saver's infringement on January 15, 2013.

103.    On information and belief, Costco Wholesale has knowledge that end users directly infringe the '988 patent by using in the United States the Goodyear Assurance Products as wiper blades for their vehicles, at least since receiving the notice of infringement from Bosch on May 30, 2012.

104.    On information and belief, by advertising the infringing use in their promotional materials, by providing an application guide on their website and in stores that sell the Accused Products showing the infringing use, and by including installation instructions with the Accused Products that show the end users of the Accused Products how to install the same on the wiper arms on their vehicles, Alberee and Saver each has purposefully caused, encouraged, and urged end users to use the Accused Products, with the knowledge and intent that such activities would directly infringe the '988 patent, and intend end users to carry out such activities. Alberee and Saver each know or should know that end users use in the United States the Accused Products because Alberee and Saver distribute the products to retailers for resale to end users for this purpose.

105.    On information and belief, by advertising the infringing use in their promotional materials, and by providing application guides in their stores that sell the Goodyear Assurance Products showing the infringing use, Costco Wholesale has purposefully caused, encouraged, and urged end users to use the Goodyear Assurance Products, with the knowledge and intent that such activities would directly infringe the '988 patent, and intend end users to carry out such activities.  Costco Wholesale knows or should know that end users use the Goodyear Assurance Products in the United States as wiper blades on vehicles because it sells these products to end users for this purpose.

106.    Alberee, Saver, and Costco Wholesale therefore each induce under 35 U.S.C. § 271(b) the direct infringement of the '988 patent by end users of the Accused Products including Goodyear Assurance products, and will continue to do so unless enjoined by this Court.

107.    On information and belief, Alberee and Saver each has purposefully caused, encouraged, and urged retailers to offer for sale and sell the Accused Products, with the knowledge and intent that such activities would directly infringe the '988 patent, and intend retailers to carry out such activities.  Alberee and Saver know or should know that retailers offer for sale and sell in the United States the Accused Products because Alberee and Saver distribute the products to retailers for resale to end users.

108.    Alberee and Saver therefore each induce under 35 U.S.C. § 271(b) retailers' direct infringement of the '988 patent, and will continue to do so unless enjoined by this Court.

109.    Plaintiff has no adequate remedy at law against Defendants' infringement of the '988 patent and, unless Defendants are enjoined from their infringement, Plaintiff will suffer irreparable harm.

110.    Defendants have had knowledge of the '988 patent and yet have continued to infringe despite an objectively high likelihood that their actions constituted infringement of the '988 patent.  The risk of infringement was either known to Defendants, or so obvious it should have been known to them.  Therefore, Defendants' infringement has been and continues to be willful and deliberate.

111.    As a result of Defendants' infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

## COUNT FIVE – INFRINGEMENT OF U.S. PATENT NO. 6,675,434

112.    The allegations stated in paragraphs 2 through 21 of this Amended Complaint are incorporated by reference as if set forth herein.

113.    On January 13, 2004, United States Patent No. 6,675,434 ("the '434 patent," attached as Exhibit E) was duly and legally issued for an invention in a windshield wiper blade. Plaintiff is the owner of the '434 patent.

114.    Alberee has infringed and is still infringing the '434 patent directly under 35 U.S.C. § 271(a) by making, selling, and offering for sale in the United States the Accused Products, and will continue to do so unless enjoined by this Court.

115.    Saver has infringed and is still infringing the '434 patent directly under 35 U.S.C. § 271(a) by making, selling, and offering for sale in the United States the Accused Products, and will continue to do so unless enjoined by this Court.

116.    Retail stores, including Costco Wholesale, have infringed and/or are still infringing the '434 patent directly under 35 U.S.C. § 271(a) by selling and offering for sale in the United States the Accused Products.

117.    End users have infringed and are still infringing the '434 patent directly under 35 U.S.C. § 271(a) by using in the United States the Accused Products, including as windshield wiper blades on vehicles.

118.    On information and belief, API manufactures and imports into the United States components of the Accused Products, including spring elastic support elements.

119.    The components manufactured and imported by API are material components of the invention of the '434 patent, at least because, on information and belief, the spring elastic support elements provided by API constitute a significant part of the final assembly of each Accused Product.

120.    The components manufactured and imported by API are not staple articles or commodities of commerce and have no substantial non-infringing uses, at least because, on information and belief, the spring elastic support elements are designed specifically for use in the Accused Products and have no other intended uses.

121.    API has had knowledge that the Accused Products, for which the components API manufactures and imports are especially made or adapted, infringe the '434 patent since at least October 11, 2011, from a letter sent from Plaintiff's counsel to API.  API has had knowledge as to how the Accused Products infringe the '434 patent since at least on or about November 22, 2011, when the ITC served API with the ITC Complaint, which included a claim chart demonstrating how the Goodyear Assurance blade infringes the '434 patent.  API has had additional knowledge as to how the Accused Products infringe the '434 patent since at least April 26, 2012, when Plaintiff served on API's counsel infringement contentions in the ITC Investigation including a claim chart demonstrating how the Goodyear Assurance and the Arc Flex Ultra wiper blades infringe the '434 patent.  API has had additional knowledge as to how

the Accused Products infringe the '434 patent since at least January 15, 2013, when API's counsel received from Plaintiff's counsel a letter describing such infringement.

122.    API therefore is a contributory infringer of the '434 patent under 35 U.S.C. § 271(c) with respect to Alberee's direct infringement and Saver's direct infringement of the '434 patent, and will continue to infringe unless enjoined by this Court.  API also is a contributory infringer of the '434 patent under 35 U.S.C. § 271(c) with respect to the direct infringement of the '434 patent by retailers who sell and offer for sale the Accused Products and the direct infringement of the '434 patent by end users who use the Accused Products, and will continue to infringe unless enjoined by this Court.

123.    On information and belief, API has purposefully caused, encouraged, and urged Alberee and Saver to make, sell, and offer for sale the Accused Products in the United States with the knowledge and intent that such activities would directly infringe the '434 patent, and intended Alberee and Saver to carry out such activities.  API has had such knowledge and intent at least since receiving, on or about November 22, 2011, the infringement claim chart included in the ITC Complaint, receiving, on April 26, 2012, the infringement claim chart included with Plaintiff's infringement contentions in the ITC Investigation, and receiving through its counsel, on January 15, 2013, a letter from Plaintiff's counsel describing its infringement.

124.    API therefore induces under 35 U.S.C. § 271(b) Alberee's direct infringement and Saver's direct infringement of the '434 patent, and will continue to do so unless enjoined by this Court.

125.    On information and belief, API has purposefully caused, encouraged, and urged retailers to offer for sale and sell, and end users to use, the Accused Products in the United States with the knowledge and intent that such activities would directly infringe the '434 patent, and

intended retailers and end users to carry out such activities. API has had such knowledge and intent at least since receiving, on or about November 22, 2011, the infringement claim chart included in the ITC Complaint, receiving, on April 26, 2012, the infringement claim chart included with Plaintiff's infringement contentions in the ITC Investigation, and receiving, on January 15, 2013, a letter from Plaintiff's counsel providing notice of API's infringement. API has such intent because, on information and belief, it intends Alberee and Saver to sell the Accused Products made with components supplied by API directly or indirectly to retailers, it intends that retailers sell in the United States the Accused Products to end users, and it intends that end users in the United Sates use the Accused Products as wiper blades on vehicles.

126.    API therefore induces under 35 U.S.C. § 271(b) the direct infringement of retailers of the '434 patent and the direct infringement of end users of the '434 patent, and will continue to do so unless enjoined by this Court.

127.    Alberee and Saver each has had knowledge that the Accused Products infringe the '434 patent since at least January 26, 2011 from a letter sent from Plaintiff's counsel to Alberee/Saver's counsel. Alberee and Saver each has had knowledge as to how the Accused Products infringe the '434 patent since at least February 16, 2011, from correspondence sent from Plaintiff's counsel to Alberee/Saver's counsel which included a claim chart showing how the Goodyear Assurance blade infringes the '434 patent. Alberee and Saver each has had additional knowledge of how the Accused Products infringe the '434 patent since at least on or about November 22, 2011, when the ITC served Alberee/Saver with the ITC Complaint, which included a claim chart demonstrating how the Goodyear Assurance blade infringes the '434 patent. Alberee and Saver each has had additional knowledge as to how the Accused Products infringe the '434 patent since at least April 26, 2012, when Plaintiff's counsel served on

Alberee/Saver's counsel infringement contentions in the ITC Investigation including a claim chart demonstrating how the Goodyear Assurance and the Arc Flex Ultra wiper blades infringe the '434 patent.  Alberee and Saver each has had additional knowledge as to how the Accused Products infringe the '434 patent since at least January 15, 2013, when Alberee's and Saver's counsel received from Plaintiff's counsel a letter describing such infringement.

128.    Costco Wholesale has had knowledge that the Goodyear Assurance Products infringe the '434 patent since at least May 30, 2012, when Bosch notified Costco Wholesale of such infringement.

129.    On information and belief, Alberee has purposefully caused, encouraged, and urged Saver to sell and offer for sale the Accused Products in the United States with the knowledge and intent that such activities would directly infringe the '434 patent, and intended Saver to carry out such activities.  Alberee has had such knowledge and intent at least since receiving the infringement allegations stated in the infringement claim chart sent from Plaintiff's counsel to Alberee/Saver's counsel on February 16, 2011, receiving the infringement claim chart included in the ITC Complaint on or about November 22, 2011, receiving the infringement claim chart included with Plaintiff's infringement contentions in the ITC Investigation on April 26, 2012, and receiving through its counsel a letter from Plaintiff's counsel describing Alberee's infringement on January 15, 2013.  Alberee further has such knowledge and intent because, on information and belief, Alberee and Saver work together in distributing the Accused Products and because Alberee intends that the Accused Products it sells to Saver are offered for sale and sold to third parties.

130.    Alberee therefore induces under 35 U.S.C. § 271(b) Saver's direct infringement of the '434 patent, and will continue to do so unless enjoined by this Court.

131.    On information and belief, Alberee and Saver each has knowledge that retailers directly infringe the '434 patent by selling and offering for sale in the United States the Accused Products, and that end users directly infringe the '434 patent by using in the United States the Accused Products as wiper blades for their vehicles, at least since receiving the infringement allegations stated in the infringement claim chart sent from Plaintiff's counsel to Alberee/Saver's counsel on February 16, 2011, receiving the infringement claim chart included in the ITC Complaint on or about November 22, 2011, receiving the infringement claim chart included with Plaintiff's infringement contentions in the ITC Investigation on April 26, 2012, and receiving through their counsel a letter sent by Plaintiff's counsel describing Alberee's and Saver's infringement on January 15, 2013.

132.    On information and belief, Costco Wholesale has knowledge that end users directly infringe the '434 patent by using in the United States the Goodyear Assurance Products as wiper blades for their vehicles, at least since receiving the notice of infringement from Bosch on May 30, 2012.

133.    On information and belief, by advertising the infringing use in their promotional materials, by providing an application guide on their website and in stores that sell the Accused Products showing the infringing use, and by including installation instructions with the Accused Products that show the end users of the Accused Products how to install the same on the wiper arms on their vehicles, Alberee and Saver each has purposefully caused, encouraged, and urged end users to use the Accused Products, with the knowledge and intent that such activities would directly infringe the '434 patent, and intend end users to carry out such activities.  Alberee and Saver each know or should know that end users use in the United States the Accused Products

because Alberee and Saver distribute the products to retailers for resale to end users for this purpose.

134.    On information and belief, by advertising the infringing use in their promotional materials, and by providing application guides in their stores that sell the Goodyear Assurance Products showing the infringing use, Costco Wholesale has purposefully caused, encouraged, and urged end users to use the Goodyear Assurance Products, with the knowledge and intent that such activities would directly infringe the '434 patent, and intend end users to carry out such activities. Costco Wholesale knows or should know that end users use the Goodyear Assurance Products in the United States as wiper blades on vehicles because it sells these products to end users for this purpose.

135.    Alberee, Saver, and Costco Wholesale therefore each induce under 35 U.S.C. § 271(b) the direct infringement of the '434 patent by end users of the Accused Products including Goodyear Assurance products, and will continue to do so unless enjoined by this Court.

136.    On information and belief, Alberee and Saver each has purposefully caused, encouraged, and urged retailers to offer for sale and sell the Accused Products, with the knowledge and intent that such activities would directly infringe the '434 patent, and intend retailers to carry out such activities. Alberee and Saver know or should know that retailers offer for sale and sell in the United States the Accused Products because Alberee and Saver distribute the products to retailers for resale to end users.

137.    Alberee and Saver therefore each induce under 35 U.S.C. § 271(b) retailers' direct infringement of the '434 patent, and will continue to do so unless enjoined by this Court.

138.    Plaintiff has no adequate remedy at law against Defendants' infringement of the '434 patent and, unless Defendants are enjoined from their infringement, Plaintiff will suffer irreparable harm.

139.    Defendants have had knowledge of the '434 patent and yet have continued to infringe despite an objectively high likelihood that their actions constituted infringement of the '434 patent.  The risk of infringement was either known to Defendants, or so obvious it should have been known to them.  Therefore, Defendants' infringement has been and continues to be willful and deliberate.

140.    As a result of Defendants' infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

## COUNT SIX – INFRINGEMENT OF U.S. PATENT NO. 6,836,926

141.    The allegations stated in paragraphs 2 through 21 of this Amended Complaint are incorporated by reference as if set forth herein.

142.    On January 4, 2005, United States Patent No. 6,836,926 ("the '926 patent," attached as Exhibit F) was duly and legally issued for an invention in a windshield wiper blade. Plaintiff is the owner of the '926 patent.

143.    Alberee has infringed and is still infringing the '926 patent directly under 35 U.S.C. § 271(a) by making, selling, and offering for sale in the United States the Accused Products, and will continue to do so unless enjoined by this Court.

144.    Saver has infringed and is still infringing the '926 patent directly under 35 U.S.C. § 271(a) by making, selling, and offering for sale in the United States the Accused Products, and will continue to do so unless enjoined by this Court.

145.    Retail stores, including Costco Wholesale, have infringed and/or are still infringing the '926 patent directly under 35 U.S.C. § 271(a) by selling and offering for sale in the United States the Accused Products.

146.    End users have infringed and are still infringing the '926 patent directly under 35 U.S.C. § 271(a) by using in the United States the Accused Products, including as windshield wiper blades on vehicles.

147.    On information and belief, API manufactures and imports into the United States components of the Accused Products, including spring elastic support elements.

148.    The components manufactured and imported by API are material components of the invention of the '926 patent, at least because, on information and belief, the spring elastic support elements provided by API constitute a significant part of the final assembly of each Accused Product.

149.    The components manufactured and imported by API are not staple articles or commodities of commerce and have no substantial non-infringing uses, at least because, on information and belief, the spring elastic support elements are designed specifically for use in the Accused Products and have no other intended uses.

150.    API has had knowledge that the Accused Products, for which the components API manufactures and imports are especially made or adapted, infringe the '926 patent since at least October 11, 2011, from a letter sent from Plaintiff's counsel to API.  API has had knowledge as to how the Accused Products infringe the '926 patent since at least on or about November 22, 2011, when the ITC served API with the ITC Complaint, which included a claim chart demonstrating how the Goodyear Assurance blade infringes the '926 patent.  API has had additional knowledge as to how the Accused Products infringe the '926 patent since at least

April 26, 2012, when Plaintiff served on API's counsel infringement contentions in the ITC

Investigation including a claim chart demonstrating how the Goodyear Assurance and the Arc

Flex Ultra wiper blades infringe the '926 patent.  API has had additional knowledge as to how

the Accused Products infringe the '926 patent since at least January 15, 2013, when API's

counsel received from Plaintiff's counsel a letter describing such infringement.

151.    API therefore is a contributory infringer of the '926 patent under 35 U.S.C. §

271(c) with respect to Alberee's direct infringement and Saver's direct infringement of the '926

patent, and will continue to infringe unless enjoined by this Court.  API also is a contributory

infringer of the '926 patent under 35 U.S.C. § 271(c) with respect to the direct infringement of

the '926 patent by retailers who sell and offer for sale the Accused Products and the direct

infringement of the '926 patent by end users who use the Accused Products, and will continue to

infringe unless enjoined by this Court.

152.    On information and belief, API has purposefully caused, encouraged, and urged

Alberee and Saver to make, sell, and offer for sale the Accused Products in the United States

with the knowledge and intent that such activities would directly infringe the '926 patent, and

intended Alberee and Saver to carry out such activities.  API has had such knowledge and intent

at least since receiving, on or about November 22, 2011, the infringement claim chart included in

the ITC Complaint, receiving, on April 26, 2012, the infringement claim chart included with

Plaintiff's infringement contentions in the ITC Investigation, and receiving through its counsel,

on January 15, 2013, a letter from Plaintiff's counsel describing its infringement.

153.    API therefore induces under 35 U.S.C. § 271(b) Alberee's direct infringement and

Saver's direct infringement of the '926 patent, and will continue to do so unless enjoined by this

Court.

154.    On information and belief, API has purposefully caused, encouraged, and urged retailers to offer for sale and sell, and end users to use, the Accused Products in the United States with the knowledge and intent that such activities would directly infringe the '926 patent, and intended retailers and end users to carry out such activities.  API has had such knowledge and intent at least since receiving, on or about November 22, 2011, the infringement claim chart included in the ITC Complaint, receiving, on April 26, 2012, the infringement claim chart included with Plaintiff's infringement contentions in the ITC Investigation, and receiving, on January 15, 2013, a letter from Plaintiff's counsel providing notice of API's infringement.  API has such intent because, on information and belief, it intends Alberee and Saver to sell the Accused Products made with components supplied by API directly or indirectly to retailers, it intends that retailers sell in the United States the Accused Products to end users, and it intends that end users in the United Sates use the Accused Products as wiper blades on vehicles.

155.    API therefore induces under 35 U.S.C. § 271(b) the direct infringement of retailers of the '926 patent and the direct infringement of end users of the '926 patent, and will continue to do so unless enjoined by this Court.

156.    Alberee and Saver each has had knowledge that the Accused Products infringe the '926 patent since at least January 26, 2011 from a letter sent from Plaintiff's counsel to Alberee/Saver's counsel.  Alberee and Saver each has had knowledge as to how the Accused Products infringe the '926 patent since at least February 16, 2011, from correspondence sent from Plaintiff's counsel to Alberee/Saver's counsel which included a claim chart showing how the Goodyear Assurance blade infringes the '926 patent.  Alberee and Saver each has had additional knowledge of how the Accused Products infringe the '926 patent since at least on or about November 22, 2011, when the ITC served Alberee/Saver with the ITC Complaint, which

included a claim chart demonstrating how the Goodyear Assurance blade infringes the '926 patent. Alberee and Saver each has had additional knowledge as to how the Accused Products infringe the '926 patent since at least April 26, 2012, when Plaintiff's counsel served on Alberee/Saver's counsel infringement contentions in the ITC Investigation including a claim chart demonstrating how the Goodyear Assurance and the Arc Flex Ultra wiper blades infringe the '926 patent. Alberee and Saver each has had additional knowledge as to how the Accused Products infringe the '926 patent since at least January 15, 2013, when Alberee's and Saver's counsel received from Plaintiff's counsel a letter describing such infringement.

157.    Costco Wholesale has had knowledge that the Goodyear Assurance Products infringe the '926 patent since at least May 30, 2012, when Bosch notified Costco Wholesale of such infringement.

158.    On information and belief, Alberee has purposefully caused, encouraged, and urged Saver to sell and offer for sale the Accused Products in the United States with the knowledge and intent that such activities would directly infringe the '926 patent, and intended Saver to carry out such activities. Alberee has had such knowledge and intent at least since receiving the infringement allegations stated in the infringement claim chart sent from Plaintiff's counsel to Alberee/Saver's counsel on February 16, 2011, receiving the infringement claim chart included in the ITC Complaint on or about November 22, 2011, receiving the infringement claim chart included with Plaintiff's infringement contentions in the ITC Investigation on April 26, 2012, and receiving through its counsel a letter from Plaintiff's counsel describing Alberee's infringement on January 15, 2013. Alberee further has such knowledge and intent because, on information and belief, Alberee and Saver work together in distributing the Accused Products

and because Alberee intends that the Accused Products it sells to Saver are offered for sale and sold to third parties.

159.    Alberee therefore induces under 35 U.S.C. § 271(b) Saver's direct infringement of the '926 patent, and will continue to do so unless enjoined by this Court.

160.    On information and belief, Alberee and Saver each has knowledge that retailers directly infringe the '926 patent by selling and offering for sale in the United States the Accused Products, and that end users directly infringe the '926 patent by using in the United States the Accused Products as wiper blades for their vehicles, at least since receiving the infringement allegations stated in the infringement claim chart sent from Plaintiff's counsel to Alberee/Saver's counsel on February 16, 2011, receiving the infringement claim chart included in the ITC Complaint on or about November 22, 2011, receiving the infringement claim chart included with Plaintiff's infringement contentions in the ITC Investigation on April 26, 2012, and receiving through their counsel a letter sent by Plaintiff's counsel describing Alberee's and Saver's infringement on January 15, 2013.

161.    On information and belief, Costco Wholesale has knowledge that end users directly infringe the '926 patent by using in the United States the Goodyear Assurance Products as wiper blades for their vehicles, at least since receiving the notice of infringement from Bosch on May 30, 2012.

162.    On information and belief, by advertising the infringing use in their promotional materials, by providing an application guide on their website and in stores that sell the Accused Products showing the infringing use, and by including installation instructions with the Accused Products that show the end users of the Accused Products how to install the same on the wiper arms on their vehicles, Alberee and Saver each has purposefully caused, encouraged, and urged

end users to use the Accused Products, with the knowledge and intent that such activities would directly infringe the '926 patent, and intend end users to carry out such activities.  Alberee and Saver each know or should know that end users use in the United States the Accused Products because Alberee and Saver distribute the products to retailers for resale to end users for this purpose.

163.    On information and belief, by advertising the infringing use in their promotional materials, and by providing application guides in their stores that sell the Goodyear Assurance Products showing the infringing use, Costco Wholesale has purposefully caused, encouraged, and urged end users to use the Goodyear Assurance Products, with the knowledge and intent that such activities would directly infringe the '926 patent, and intend end users to carry out such activities.  Costco Wholesale knows or should know that end users use the Goodyear Assurance Products in the United States as wiper blades on vehicles because it sells these products to end users for this purpose.

164.    Alberee, Saver, and Costco Wholesale therefore each induce under 35 U.S.C. § 271(b) the direct infringement of the '926 patent by end users of the Accused Products including Goodyear Assurance products, and will continue to do so unless enjoined by this Court.

165.    On information and belief, Alberee and Saver each has purposefully caused, encouraged, and urged retailers to offer for sale and sell the Accused Products, with the knowledge and intent that such activities would directly infringe the '926 patent, and intend retailers to carry out such activities.  Alberee and Saver know or should know that retailers offer for sale and sell in the United States the Accused Products because Alberee and Saver distribute the products to retailers for resale to end users.

166.    Alberee and Saver therefore each induce under 35 U.S.C. § 271(b) retailers' direct infringement of the '926 patent, and will continue to do so unless enjoined by this Court.

167.    Plaintiff has no adequate remedy at law against Defendants' infringement of the '926 patent and, unless Defendants are enjoined from their infringement, Plaintiff will suffer irreparable harm.

168.    Defendants have had knowledge of the '926 patent and yet have continued to infringe despite an objectively high likelihood that their actions constituted infringement of the '926 patent.  The risk of infringement was either known to Defendants, or so obvious it should have been known to them.  Therefore, Defendants' infringement has been and continues to be willful and deliberate.

169.    As a result of Defendants' infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

## COUNT SEVEN – INFRINGEMENT OF U.S. PATENT NO. 6,944,905

170.    The allegations stated in paragraphs 2 through 21 of this Amended Complaint are incorporated by reference as if set forth herein.

171.    On September 20, 2005, United States Patent No. 6,944,905 ("the '905 patent," attached as Exhibit G) was duly and legally issued for an invention in a windshield wiper blade. Plaintiff is the owner of the '905 patent.

172.    Alberee has infringed and is still infringing the '905 patent directly under 35 U.S.C. § 271(a) by making, selling, and offering for sale in the United States the Accused Products, and will continue to do so unless enjoined by this Court.

173.    Saver has infringed and is still infringing the '905 patent directly under 35 U.S.C. § 271(a) by making, selling, and offering for sale in the United States the Accused Products, and will continue to do so unless enjoined by this Court.

174.    Retail stores, including Costco Wholesale, have infringed and/or are still infringing the '905 patent directly under 35 U.S.C. § 271(a) by selling and offering for sale in the United States the Accused Products.

175.    End users have infringed and are still infringing the '905 patent directly under 35 U.S.C. § 271(a) by using in the United States the Accused Products, including as windshield wiper blades on vehicles.

176.    On information and belief, API manufactures and imports into the United States components of the Accused Products, including spring elastic support elements.

177.    The components manufactured and imported by API are material components of the invention of the '905 patent, at least because, on information and belief, the spring elastic support elements provided by API constitute a significant part of the final assembly of each Accused Product.

178.    The components manufactured and imported by API are not staple articles or commodities of commerce and have no substantial non-infringing uses, at least because, on information and belief, the spring elastic support elements are designed specifically for use in the Accused Products and have no other intended uses.

179.    API has had knowledge that the Accused Products, for which the components API manufactures and imports are especially made or adapted, infringe the '905 patent since at least October 11, 2011, from a letter sent from Plaintiff's counsel to API.  API has had knowledge as to how the Accused Products infringe the '905 patent since at least on or about November 22,

2011, when the ITC served API with the ITC Complaint, which included a claim chart demonstrating how the Goodyear Assurance blade infringes the '905 patent. API has had additional knowledge as to how the Accused Products infringe the '905 patent since at least April 26, 2012, when Plaintiff served on API's counsel infringement contentions in the ITC Investigation including a claim chart demonstrating how the Goodyear Assurance and the Arc Flex Ultra wiper blades infringe the '905 patent. API has had additional knowledge as to how the Accused Products infringe the '905 patent since at least January 15, 2013, when API's counsel received from Plaintiff's counsel a letter describing such infringement.

180. API therefore is a contributory infringer of the '905 patent under 35 U.S.C. § 271(c) with respect to Alberee's direct infringement and Saver's direct infringement of the '905 patent, and will continue to infringe unless enjoined by this Court. API also is a contributory infringer of the '905 patent under 35 U.S.C. § 271(c) with respect to the direct infringement of the '905 patent by retailers who sell and offer for sale the Accused Products and the direct infringement of the '905 patent by end users who use the Accused Products, and will continue to infringe unless enjoined by this Court.

181. On information and belief, API has purposefully caused, encouraged, and urged Alberee and Saver to make, sell, and offer for sale the Accused Products in the United States with the knowledge and intent that such activities would directly infringe the '905 patent, and intended Alberee and Saver to carry out such activities. API has had such knowledge and intent at least since receiving, on or about November 22, 2011, the infringement claim chart included in the ITC Complaint, receiving, on April 26, 2012, the infringement claim chart included with Plaintiff's infringement contentions in the ITC Investigation, and receiving through its counsel, on January 15, 2013, a letter from Plaintiff's counsel describing its infringement.

182.     API therefore induces under 35 U.S.C. § 271(b) Alberee's direct infringement and Saver's direct infringement of the '905 patent, and will continue to do so unless enjoined by this Court.

183.     On information and belief, API has purposefully caused, encouraged, and urged retailers to offer for sale and sell, and end users to use, the Accused Products in the United States with the knowledge and intent that such activities would directly infringe the '905 patent, and intended retailers and end users to carry out such activities.  API has had such knowledge and intent at least since receiving, on or about November 22, 2011, the infringement claim chart included in the ITC Complaint, receiving, on April 26, 2012, the infringement claim chart included with Plaintiff's infringement contentions in the ITC Investigation, and receiving, on January 15, 2013, a letter from Plaintiff's counsel providing notice of API's infringement.  API has such intent because, on information and belief, it intends Alberee and Saver to sell the Accused Products made with components supplied by API directly or indirectly to retailers, it intends that retailers sell in the United States the Accused Products to end users, and it intends that end users in the United Sates use the Accused Products as wiper blades on vehicles.

184.     API therefore induces under 35 U.S.C. § 271(b) the direct infringement of retailers of the '905 patent and the direct infringement of end users of the '905 patent, and will continue to do so unless enjoined by this Court.

185.     Alberee and Saver each has had knowledge that the Accused Products infringe the '905 patent since at least January 26, 2011 from a letter sent from Plaintiff's counsel to Alberee/Saver's counsel.  Alberee and Saver each has had knowledge as to how the Accused Products infringe the '905 patent since at least February 16, 2011, from correspondence sent from Plaintiff's counsel to Alberee/Saver's counsel which included a claim chart showing how

the Goodyear Assurance blade infringes the '905 patent. Alberee and Saver each has had additional knowledge of how the Accused Products infringe the '905 patent since at least on or about November 22, 2011, when the ITC served Alberee/Saver with the ITC Complaint, which included a claim chart demonstrating how the Goodyear Assurance blade infringes the '905 patent. Alberee and Saver each has had additional knowledge as to how the Accused Products infringe the '905 patent since at least April 26, 2012, when Plaintiff's counsel served on Alberee/Saver's counsel infringement contentions in the ITC Investigation including a claim chart demonstrating how the Goodyear Assurance and the Arc Flex Ultra wiper blades infringe the '905 patent. Alberee and Saver each has had additional knowledge as to how the Accused Products infringe the '905 patent since at least January 15, 2013, when Alberee's and Saver's counsel received from Plaintiff's counsel a letter describing such infringement.

186.    Costco Wholesale has had knowledge that the Goodyear Assurance Products infringe the '905 patent since at least May 30, 2012, when Bosch notified Costco Wholesale of such infringement.

187.    On information and belief, Alberee has purposefully caused, encouraged, and urged Saver to sell and offer for sale the Accused Products in the United States with the knowledge and intent that such activities would directly infringe the '905 patent, and intended Saver to carry out such activities. Alberee has had such knowledge and intent at least since receiving the infringement allegations stated in the infringement claim chart sent from Plaintiff's counsel to Alberee/Saver's counsel on February 16, 2011, receiving the infringement claim chart included in the ITC Complaint on or about November 22, 2011, receiving the infringement claim chart included with Plaintiff's infringement contentions in the ITC Investigation on April 26, 2012, and receiving through its counsel a letter from Plaintiff's counsel describing Alberee's

infringement on January 15, 2013.  Alberee further has such knowledge and intent because, on information and belief, Alberee and Saver work together in distributing the Accused Products and because Alberee intends that the Accused Products it sells to Saver are offered for sale and sold to third parties.

188.    Alberee therefore induces under 35 U.S.C. § 271(b) Saver's direct infringement of the '905 patent, and will continue to do so unless enjoined by this Court.

189.    On information and belief, Alberee and Saver each has knowledge that retailers directly infringe the '905 patent by selling and offering for sale in the United States the Accused Products, and that end users directly infringe the '905 patent by using in the United States the Accused Products as wiper blades for their vehicles, at least since receiving the infringement allegations stated in the infringement claim chart sent from Plaintiff's counsel to Alberee/Saver's counsel on February 16, 2011, receiving the infringement claim chart included in the ITC Complaint on or about November 22, 2011, receiving the infringement claim chart included with Plaintiff's infringement contentions in the ITC Investigation on April 26, 2012, and receiving through their counsel a letter sent by Plaintiff's counsel describing Alberee's and Saver's infringement on January 15, 2013.

190.    On information and belief, Costco Wholesale has knowledge that end users directly infringe the '905 patent by using in the United States the Goodyear Assurance Products as wiper blades for their vehicles, at least since receiving the notice of infringement from Bosch on May 30, 2012.

191.    On information and belief, by advertising the infringing use in their promotional materials, by providing an application guide on their website and in stores that sell the Accused Products showing the infringing use, and by including installation instructions with the Accused

Products that show the end users of the Accused Products how to install the same on the wiper

arms on their vehicles, Alberee and Saver each has purposefully caused, encouraged, and urged

end users to use the Accused Products, with the knowledge and intent that such activities would

directly infringe the '905 patent, and intend end users to carry out such activities. Alberee and

Saver each know or should know that end users use in the United States the Accused Products

because Alberee and Saver distribute the products to retailers for resale to end users for this

purpose.

192.    On information and belief, by advertising the infringing use in their promotional

materials, and by providing application guides in their stores that sell the Goodyear Assurance

Products showing the infringing use, Costco Wholesale has purposefully caused, encouraged,

and urged end users to use the Goodyear Assurance Products, with the knowledge and intent that

such activities would directly infringe the '905 patent, and intend end users to carry out such

activities. Costco Wholesale knows or should know that end users use the Goodyear Assurance

Products in the United States as wiper blades on vehicles because it sells these products to end

users for this purpose.

193.    Alberee, Saver, and Costco Wholesale therefore each induce under 35 U.S.C. §

271(b) the direct infringement of the '905 patent by end users of the Accused Products including

Goodyear Assurance products, and will continue to do so unless enjoined by this Court.

194.    On information and belief, Alberee and Saver each has purposefully caused,

encouraged, and urged retailers to offer for sale and sell the Accused Products, with the

knowledge and intent that such activities would directly infringe the '905 patent, and intend

retailers to carry out such activities. Alberee and Saver know or should know that retailers offer

for sale and sell in the United States the Accused Products because Alberee and Saver distribute the products to retailers for resale to end users.

195.    Alberee and Saver therefore each induce under 35 U.S.C. § 271(b) retailers' direct infringement of the '905 patent, and will continue to do so unless enjoined by this Court.

196.    Plaintiff has no adequate remedy at law against Defendants' infringement of the '905 patent and, unless Defendants are enjoined from their infringement, Plaintiff will suffer irreparable harm.

197.    Defendants have had knowledge of the '905 patent and yet have continued to infringe despite an objectively high likelihood that their actions constituted infringement of the '905 patent.  The risk of infringement was either known to Defendants, or so obvious it should have been known to them.  Therefore, Defendants' infringement has been and continues to be willful and deliberate.

198.    As a result of Defendants' infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

## COUNT EIGHT – INFRINGEMENT OF U.S. PATENT NO. 6,973,698

199.    The allegations stated in paragraphs 2 through 21 of this Amended Complaint are incorporated by reference as if set forth herein.

200.    On December 13, 2005, United States Patent No. 6,973,698 ("the '698 patent," attached as Exhibit H) was duly and legally issued for an invention in a windshield wiper blade. Plaintiff is the owner of the '698 patent.

201.    Alberee has infringed and is still infringing the '698 patent directly under 35 U.S.C. § 271(a) by making, selling, and offering for sale in the United States the Accused Products, and will continue to do so unless enjoined by this Court.

202.    Saver has infringed and is still infringing the '698 patent directly under 35 U.S.C. § 271(a) by making, selling, and offering for sale in the United States the Accused Products, and will continue to do so unless enjoined by this Court.

203.    Retail stores, including Costco Wholesale, have infringed and/or are still infringing the '698 patent directly under 35 U.S.C. § 271(a) by selling and offering for sale in the United States the Accused Products.

204.    End users have infringed and are still infringing the '698 patent directly under 35 U.S.C. § 271(a) by using in the United States the Accused Products, including as windshield wiper blades on vehicles.

205.    On information and belief, API manufactures and imports into the United States components of the Accused Products, including spring elastic support elements.

206.    The components manufactured and imported by API are material components of the invention of the '698 patent, at least because, on information and belief, the spring elastic support elements provided by API constitute a significant part of the final assembly of each Accused Product.

207.    The components manufactured and imported by API are not staple articles or commodities of commerce and have no substantial non-infringing uses, at least because, on information and belief, the spring elastic support elements are designed specifically for use in the Accused Products and have no other intended uses.

208.    API has had knowledge that the Accused Products, for which the components API manufactures and imports are especially made or adapted, infringe the '698 patent since at least October 11, 2011, from a letter sent from Plaintiff's counsel to API.  API has had knowledge as to how the Accused Products infringe the '698 patent since at least on or about November 22,

- 47 -

2011, when the ITC served API with the ITC Complaint, which included a claim chart demonstrating how the Goodyear Assurance blade infringes the '698 patent.  API has had additional knowledge as to how the Accused Products infringe the '698 patent since at least April 26, 2012, when Plaintiff served on API's counsel infringement contentions in the ITC Investigation including a claim chart demonstrating how the Goodyear Assurance and the Arc Flex Ultra wiper blades infringe the '698 patent.  API has had additional knowledge as to how the Accused Products infringe the '698 patent since at least January 15, 2013, when API's counsel received from Plaintiff's counsel a letter describing such infringement.

209.    API therefore is a contributory infringer of the '698 patent under 35 U.S.C. § 271(c) with respect to Alberee's direct infringement and Saver's direct infringement of the '698 patent, and will continue to infringe unless enjoined by this Court.  API also is a contributory infringer of the '698 patent under 35 U.S.C. § 271(c) with respect to the direct infringement of the '698 patent by retailers who sell and offer for sale the Accused Products and the direct infringement of the '698 patent by end users who use the Accused Products, and will continue to infringe unless enjoined by this Court.

210.    On information and belief, API has purposefully caused, encouraged, and urged Alberee and Saver to make, sell, and offer for sale the Accused Products in the United States with the knowledge and intent that such activities would directly infringe the '698 patent, and intended Alberee and Saver to carry out such activities.  API has had such knowledge and intent at least since receiving, on or about November 22, 2011, the infringement claim chart included in the ITC Complaint, receiving, on April 26, 2012, the infringement claim chart included with Plaintiff's infringement contentions in the ITC Investigation, and receiving through its counsel, on January 15, 2013, a letter from Plaintiff's counsel describing its infringement.

211.    API therefore induces under 35 U.S.C. § 271(b) Alberee's direct infringement and Saver's direct infringement of the '698 patent, and will continue to do so unless enjoined by this Court.

212.    On information and belief, API has purposefully caused, encouraged, and urged retailers to offer for sale and sell, and end users to use, the Accused Products in the United States with the knowledge and intent that such activities would directly infringe the '698 patent, and intended retailers and end users to carry out such activities.  API has had such knowledge and intent at least since receiving, on or about November 22, 2011, the infringement claim chart included in the ITC Complaint, receiving, on April 26, 2012, the infringement claim chart included with Plaintiff's infringement contentions in the ITC Investigation, and receiving, on January 15, 2013, a letter from Plaintiff's counsel providing notice of API's infringement.  API has such intent because, on information and belief, it intends Alberee and Saver to sell the Accused Products made with components supplied by API directly or indirectly to retailers, it intends that retailers sell in the United States the Accused Products to end users, and it intends that end users in the United Sates use the Accused Products as wiper blades on vehicles.

213.    API therefore induces under 35 U.S.C. § 271(b) the direct infringement of retailers of the '698 patent and the direct infringement of end users of the '698 patent, and will continue to do so unless enjoined by this Court.

214.    Alberee and Saver each has had knowledge that the Accused Products infringe the '698 patent since at least January 26, 2011 from a letter sent from Plaintiff's counsel to Alberee/Saver's counsel.  Alberee and Saver each has had knowledge as to how the Accused Products infringe the '698 patent since at least February 16, 2011, from correspondence sent from Plaintiff's counsel to Alberee/Saver's counsel which included a claim chart showing how

the Goodyear Assurance blade infringes the '698 patent.  Alberee and Saver each has had

additional knowledge of how the Accused Products infringe the '698 patent since at least on or

about November 22, 2011, when the ITC served Alberee/Saver with the ITC Complaint, which

included a claim chart demonstrating how the Goodyear Assurance blade infringes the '698

patent.  Alberee and Saver each has had additional knowledge as to how the Accused Products

infringe the '698 patent since at least April 26, 2012, when Plaintiff's counsel served on

Alberee/Saver's counsel infringement contentions in the ITC Investigation including a claim

chart demonstrating how the Goodyear Assurance and the Arc Flex Ultra wiper blades infringe

the '698 patent.  Alberee and Saver each has had additional knowledge as to how the Accused

Products infringe the '698 patent since at least January 15, 2013, when Alberee's and Saver's

counsel received from Plaintiff's counsel a letter describing such infringement.

215.    Costco Wholesale has had knowledge that the Goodyear Assurance Products

infringe the '698 patent since at least May 30, 2012, when Bosch notified Costco Wholesale of

such infringement.

216.    On information and belief, Alberee has purposefully caused, encouraged, and

urged Saver to sell and offer for sale the Accused Products in the United States with the

knowledge and intent that such activities would directly infringe the '698 patent, and intended

Saver to carry out such activities.  Alberee has had such knowledge and intent at least since

receiving the infringement allegations stated in the infringement claim chart sent from Plaintiff's

counsel to Alberee/Saver's counsel on February 16, 2011, receiving the infringement claim chart

included in the ITC Complaint on or about November 22, 2011, receiving the infringement claim

chart included with Plaintiff's infringement contentions in the ITC Investigation on April 26,

2012, and receiving through its counsel a letter from Plaintiff's counsel describing Alberee's

infringement on January 15, 2013.  Alberee further has such knowledge and intent because, on information and belief, Alberee and Saver work together in distributing the Accused Products and because Alberee intends that the Accused Products it sells to Saver are offered for sale and sold to third parties.

217.    Alberee therefore induces under 35 U.S.C. § 271(b) Saver's direct infringement of the '698 patent, and will continue to do so unless enjoined by this Court.

218.    On information and belief, Alberee and Saver each has knowledge that retailers directly infringe the '698 patent by selling and offering for sale in the United States the Accused Products, and that end users directly infringe the '698 patent by using in the United States the Accused Products as wiper blades for their vehicles, at least since receiving the infringement allegations stated in the infringement claim chart sent from Plaintiff's counsel to Alberee/Saver's counsel on February 16, 2011, receiving the infringement claim chart included in the ITC Complaint on or about November 22, 2011, receiving the infringement claim chart included with Plaintiff's infringement contentions in the ITC Investigation on April 26, 2012, and receiving through their counsel a letter sent by Plaintiff's counsel describing Alberee's and Saver's infringement on January 15, 2013.

219.    On information and belief, Costco Wholesale has knowledge that end users directly infringe the '698 patent by using in the United States the Goodyear Assurance Products as wiper blades for their vehicles, at least since receiving the notice of infringement from Bosch on May 30, 2012.

220.    On information and belief, by advertising the infringing use in their promotional materials, by providing an application guide on their website and in stores that sell the Accused Products showing the infringing use, and by including installation instructions with the Accused

Products that show the end users of the Accused Products how to install the same on the wiper arms on their vehicles, Alberee and Saver each has purposefully caused, encouraged, and urged end users to use the Accused Products, with the knowledge and intent that such activities would directly infringe the '698 patent, and intend end users to carry out such activities. Alberee and Saver each know or should know that end users use in the United States the Accused Products because Alberee and Saver distribute the products to retailers for resale to end users for this purpose.

221.    On information and belief, by advertising the infringing use in their promotional materials, and by providing application guides in their stores that sell the Goodyear Assurance Products showing the infringing use, Costco Wholesale has purposefully caused, encouraged, and urged end users to use the Goodyear Assurance Products, with the knowledge and intent that such activities would directly infringe the '698 patent, and intend end users to carry out such activities. Costco Wholesale knows or should know that end users use the Goodyear Assurance Products in the United States as wiper blades on vehicles because it sells these products to end users for this purpose.

222.    Alberee, Saver, and Costco Wholesale therefore each induce under 35 U.S.C. § 271(b) the direct infringement of the '698 patent by end users of the Accused Products including Goodyear Assurance products, and will continue to do so unless enjoined by this Court.

223.    On information and belief, Alberee and Saver each has purposefully caused, encouraged, and urged retailers to offer for sale and sell the Accused Products, with the knowledge and intent that such activities would directly infringe the '698 patent, and intend retailers to carry out such activities. Alberee and Saver know or should know that retailers offer

for sale and sell in the United States the Accused Products because Alberee and Saver distribute the products to retailers for resale to end users.

224.    Alberee and Saver therefore each induce under 35 U.S.C. § 271(b) retailers' direct infringement of the '698 patent, and will continue to do so unless enjoined by this Court.

225.    Plaintiff has no adequate remedy at law against Defendants' infringement of the '698 patent and, unless Defendants are enjoined from their infringement, Plaintiff will suffer irreparable harm.

226.    Defendants have had knowledge of the '698 patent and yet have continued to infringe despite an objectively high likelihood that their actions constituted infringement of the '698 patent.  The risk of infringement was either known to Defendants, or so obvious it should have been known to them.  Therefore, Defendants' infringement has been and continues to be willful and deliberate.

227.    As a result of Defendants' infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

## COUNT NINE – INFRINGEMENT OF U.S. PATENT NO. 7,228,588

228.    The allegations stated in paragraphs 2 through 21 of this Amended Complaint are incorporated by reference as if set forth herein.

229.    On June 12, 2007, United States Patent No. 7,228,588 ("the '588 patent," attached as Exhibit I) was duly and legally issued for an invention in a windshield wiper blade.  Plaintiff is the owner of the '588 patent.

230.    Alberee has infringed and is still infringing the '588 patent directly under 35 U.S.C. § 271(a) by making, selling, and offering for sale in the United States the Accused Products, and will continue to do so unless enjoined by this Court.

231.    Saver has infringed and is still infringing the '588 patent directly under 35 U.S.C.
§ 271(a) by making, selling, and offering for sale in the United States the Accused Products, and
will continue to do so unless enjoined by this Court.

232.    Retail stores, including Costco Wholesale, have infringed and/or are still
infringing the '588 patent directly under 35 U.S.C. § 271(a) by selling and offering for sale in the
United States the Accused Products.

233.    End users have infringed and are still infringing the '588 patent directly under 35
U.S.C. § 271(a) by using in the United States the Accused Products, including as windshield
wiper blades on vehicles.

234.    On information and belief, API manufactures and imports into the United States
components of the Accused Products, including spring elastic support elements.

235.    The components manufactured and imported by API are material components of
the invention of the '588 patent, at least because, on information and belief, the spring elastic
support elements provided by API constitute a significant part of the final assembly of each
Accused Product.

236.    The components manufactured and imported by API are not staple articles or
commodities of commerce and have no substantial non-infringing uses, at least because, on
information and belief, the spring elastic support elements are designed specifically for use in the
Accused Products and have no other intended uses.

237.    API has had knowledge that the Accused Products, for which the components API
manufactures and imports are especially made or adapted, infringe the '588 patent since at least
October 11, 2011, from a letter sent from Plaintiff's counsel to API.  API has had knowledge as

to how the Accused Products infringe the '588 patent since at least January 15, 2013, when API's counsel received from Plaintiff's counsel a letter describing such infringement.

238. API therefore is a contributory infringer of the '588 patent under 35 U.S.C. § 271(c) with respect to Alberee's direct infringement and Saver's direct infringement of the '588 patent, and will continue to infringe unless enjoined by this Court. API also is a contributory infringer of the '588 patent under 35 U.S.C. § 271(c) with respect to the direct infringement of the '588 patent by retailers who sell and offer for sale the Accused Products and the direct infringement of the '588 patent by end users who use the Accused Products, and will continue to infringe unless enjoined by this Court.

239. On information and belief, API has purposefully caused, encouraged, and urged Alberee and Saver to make, sell, and offer for sale the Accused Products in the United States with the knowledge and intent that such activities would directly infringe the '588 patent, and intended Alberee and Saver to carry out such activities. API has had such knowledge and intent at least since receiving through its counsel, on January 15, 2013, a letter from Plaintiff's counsel describing its infringement.

240. API therefore induces under 35 U.S.C. § 271(b) Alberee's direct infringement and Saver's direct infringement of the '588 patent, and will continue to do so unless enjoined by this Court.

241. On information and belief, API has purposefully caused, encouraged, and urged retailers to offer for sale and sell, and end users to use, the Accused Products in the United States with the knowledge and intent that such activities would directly infringe the '588 patent, and intended retailers and end users to carry out such activities. API has had such knowledge and intent at least since receiving, on January 15, 2013, a letter from Plaintiff's counsel providing

notice of API's infringement.  API has such intent because, on information and belief, it intends Alberee and Saver to sell the Accused Products made with components supplied by API directly or indirectly to retailers, it intends that retailers sell in the United States the Accused Products to end users, and it intends that end users in the United Sates use the Accused Products as wiper blades on vehicles.

242.    API therefore induces under 35 U.S.C. § 271(b) the direct infringement of retailers of the '588 patent and the direct infringement of end users of the '588 patent, and will continue to do so unless enjoined by this Court.

243.    Alberee and Saver each has had knowledge that the Accused Products infringe the '588 patent since at least January 26, 2011 from a letter sent from Plaintiff's counsel to Alberee/Saver's counsel.  Alberee and Saver each has had knowledge as to how the Accused Products infringe the '588 patent since at least February 16, 2011, from correspondence sent from Plaintiff's counsel to Alberee/Saver's counsel which included a claim chart showing how the Goodyear Assurance blade infringes the '588 patent.  Alberee and Saver each has had additional knowledge as to how the Accused Products infringe the '588 patent since at least January 15, 2013, when Alberee's and Saver's counsel received from Plaintiff's counsel a letter describing such infringement.

244.    Costco Wholesale has had knowledge that the Goodyear Assurance Products infringe the '588 patent since at least May 30, 2012, when Bosch notified Costco Wholesale of such infringement.

245.    On information and belief, Alberee has purposefully caused, encouraged, and urged Saver to sell and offer for sale the Accused Products in the United States with the knowledge and intent that such activities would directly infringe the '588 patent, and intended

Saver to carry out such activities.  Alberee has had such knowledge and intent at least since receiving the infringement allegations stated in the infringement claim chart sent from Plaintiff's counsel to Alberee/Saver's counsel on February 16, 2011 and receiving through its counsel a letter from Plaintiff's counsel describing Alberee's infringement on January 15, 2013.  Alberee further has such knowledge and intent because, on information and belief, Alberee and Saver work together in distributing the Accused Products and because Alberee intends that the Accused Products it sells to Saver are offered for sale and sold to third parties.

246.    Alberee therefore induces under 35 U.S.C. § 271(b) Saver's direct infringement of the '588 patent, and will continue to do so unless enjoined by this Court.

247.    On information and belief, Alberee and Saver each has knowledge that retailers directly infringe the '588 patent by selling and offering for sale in the United States the Accused Products, and that end users directly infringe the '588 patent by using in the United States the Accused Products as wiper blades for their vehicles, at least since receiving the infringement allegations stated in the infringement claim chart sent from Plaintiff's counsel to Alberee/Saver's counsel on February 16, 2011 and receiving through their counsel a letter sent by Plaintiff's counsel describing Alberee's and Saver's infringement on January 15, 2013.

248.    On information and belief, Costco Wholesale has knowledge that end users directly infringe the '588 patent by using in the United States the Goodyear Assurance Products as wiper blades for their vehicles, at least since receiving the notice of infringement from Bosch on May 30, 2012.

249.    On information and belief, by advertising the infringing use in their promotional materials, by providing an application guide on their website and in stores that sell the Accused Products showing the infringing use, and by including installation instructions with the Accused

Products that show the end users of the Accused Products how to install the same on the wiper arms on their vehicles, Alberee and Saver each has purposefully caused, encouraged, and urged end users to use the Accused Products, with the knowledge and intent that such activities would directly infringe the '588 patent, and intend end users to carry out such activities.  Alberee and Saver each know or should know that end users use in the United States the Accused Products because Alberee and Saver distribute the products to retailers for resale to end users for this purpose.

250.    On information and belief, by advertising the infringing use in their promotional materials, and by providing application guides in their stores that sell the Goodyear Assurance Products showing the infringing use, Costco Wholesale has purposefully caused, encouraged, and urged end users to use the Goodyear Assurance Products, with the knowledge and intent that such activities would directly infringe the '588 patent, and intend end users to carry out such activities.  Costco Wholesale knows or should know that end users use the Goodyear Assurance Products in the United States as wiper blades on vehicles because it sells these products to end users for this purpose.

251.    Alberee, Saver, and Costco Wholesale therefore each induce under 35 U.S.C. § 271(b) the direct infringement of the '588 patent by end users of the Accused Products including Goodyear Assurance products, and will continue to do so unless enjoined by this Court.

252.    On information and belief, Alberee and Saver each has purposefully caused, encouraged, and urged retailers to offer for sale and sell the Accused Products, with the knowledge and intent that such activities would directly infringe the '588 patent, and intend retailers to carry out such activities.  Alberee and Saver know or should know that retailers offer

for sale and sell in the United States the Accused Products because Alberee and Saver distribute the products to retailers for resale to end users.

253.    Alberee and Saver therefore each induce under 35 U.S.C. § 271(b) retailers' direct infringement of the '588 patent, and will continue to do so unless enjoined by this Court.

254.    Plaintiff has no adequate remedy at law against Defendants' infringement of the '588 patent and, unless Defendants are enjoined from their infringement, Plaintiff will suffer irreparable harm.

255.    Defendants have had knowledge of the '588 patent and yet have continued to infringe despite an objectively high likelihood that their actions constituted infringement of the '588 patent.  The risk of infringement was either known to Defendants, or so obvious it should have been known to them.  Therefore, Defendants' infringement has been and continues to be willful and deliberate.

256.    As a result of Defendants' infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

## COUNT TEN – INFRINGEMENT OF U.S. PATENT NO. 7,293,321

257.    The allegations stated in paragraphs 2 through 21 of this Amended Complaint are incorporated by reference as if set forth herein.

258.    On November 13, 2007, United States Patent No. 7,293,321 ("the '321 patent," attached as Exhibit J) was duly and legally issued for an invention in a windshield wiper blade. Plaintiff is the owner of the '321 patent.

259.    Alberee has infringed and is still infringing the '321 patent directly under 35 U.S.C. § 271(a) by making, selling, and offering for sale in the United States the Accused Products, and will continue to do so unless enjoined by this Court.

260.    Saver has infringed and is still infringing the '321 patent directly under 35 U.S.C. § 271(a) by making, selling, and offering for sale in the United States the Accused Products, and will continue to do so unless enjoined by this Court.

261.    Retail stores, including Costco Wholesale, have infringed and/or are still infringing the '321 patent directly under 35 U.S.C. § 271(a) by selling and offering for sale in the United States the Accused Products.

262.    End users have infringed and are still infringing the '321 patent directly under 35 U.S.C. § 271(a) by using in the United States the Accused Products, including as windshield wiper blades on vehicles.

263.    On information and belief, API manufactures and imports into the United States components of the Accused Products, including spring elastic support elements.

264.    The components manufactured and imported by API are material components of the invention of the '321 patent, at least because, on information and belief, the spring elastic support elements provided by API constitute a significant part of the final assembly of each Accused Product.

265.    The components manufactured and imported by API are not staple articles or commodities of commerce and have no substantial non-infringing uses, at least because, on information and belief, the spring elastic support elements are designed specifically for use in the Accused Products and have no other intended uses.

266.    API has had knowledge that the Accused Products, for which the components API manufactures and imports are especially made or adapted, infringe the '321 patent since at least October 11, 2011, from a letter sent from Plaintiff's counsel to API.  API has had knowledge as to how the Accused Products infringe the '321 patent since at least on or about November 22,

2011, when the ITC served API with the ITC Complaint, which included a claim chart demonstrating how the Goodyear Assurance blade infringes the '321 patent. API has had additional knowledge as to how the Accused Products infringe the '321 patent since at least April 26, 2012, when Plaintiff served on API's counsel infringement contentions in the ITC Investigation including a claim chart demonstrating how the Goodyear Assurance and the Arc Flex Ultra wiper blades infringe the '321 patent. API has had additional knowledge as to how the Accused Products infringe the '321 patent since at least January 15, 2013, when API's counsel received from Plaintiff's counsel a letter describing such infringement.

267.    API therefore is a contributory infringer of the '321 patent under 35 U.S.C. § 271(c) with respect to Alberee's direct infringement and Saver's direct infringement of the '321 patent, and will continue to infringe unless enjoined by this Court. API also is a contributory infringer of the '321 patent under 35 U.S.C. § 271(c) with respect to the direct infringement of the '321 patent by retailers who sell and offer for sale the Accused Products and the direct infringement of the '321 patent by end users who use the Accused Products, and will continue to infringe unless enjoined by this Court.

268.    On information and belief, API has purposefully caused, encouraged, and urged Alberee and Saver to make, sell, and offer for sale the Accused Products in the United States with the knowledge and intent that such activities would directly infringe the '321 patent, and intended Alberee and Saver to carry out such activities. API has had such knowledge and intent at least since receiving, on or about November 22, 2011, the infringement claim chart included in the ITC Complaint, receiving, on April 26, 2012, the infringement claim chart included with Plaintiff's infringement contentions in the ITC Investigation, and receiving through its counsel, on January 15, 2013, a letter from Plaintiff's counsel describing its infringement.

269.    API therefore induces under 35 U.S.C. § 271(b) Alberee's direct infringement and Saver's direct infringement of the '321 patent, and will continue to do so unless enjoined by this Court.

270.    On information and belief, API has purposefully caused, encouraged, and urged retailers to offer for sale and sell, and end users to use, the Accused Products in the United States with the knowledge and intent that such activities would directly infringe the '321 patent, and intended retailers and end users to carry out such activities.  API has had such knowledge and intent at least since receiving, on or about November 22, 2011, the infringement claim chart included in the ITC Complaint, receiving, on April 26, 2012, the infringement claim chart included with Plaintiff's infringement contentions in the ITC Investigation, and receiving, on January 15, 2013, a letter from Plaintiff's counsel providing notice of API's infringement.  API has such intent because, on information and belief, it intends Alberee and Saver to sell the Accused Products made with components supplied by API directly or indirectly to retailers, it intends that retailers sell in the United States the Accused Products to end users, and it intends that end users in the United Sates use the Accused Products as wiper blades on vehicles.

271.    API therefore induces under 35 U.S.C. § 271(b) the direct infringement of retailers of the '321 patent and the direct infringement of end users of the '321 patent, and will continue to do so unless enjoined by this Court.

272.    Alberee and Saver each has had knowledge that the Accused Products infringe the '321 patent since at least January 26, 2011 from a letter sent from Plaintiff's counsel to Alberee/Saver's counsel.  Alberee and Saver each has had knowledge as to how the Accused Products infringe the '321 patent since at least February 16, 2011, from correspondence sent from Plaintiff's counsel to Alberee/Saver's counsel which included a claim chart showing how

the Goodyear Assurance blade infringes the '321 patent. Alberee and Saver each has had additional knowledge of how the Accused Products infringe the '321 patent since at least on or about November 22, 2011, when the ITC served Alberee/Saver with the ITC Complaint, which included a claim chart demonstrating how the Goodyear Assurance blade infringes the '321 patent. Alberee and Saver each has had additional knowledge as to how the Accused Products infringe the '321 patent since at least April 26, 2012, when Plaintiff's counsel served on Alberee/Saver's counsel infringement contentions in the ITC Investigation including a claim chart demonstrating how the Goodyear Assurance and the Arc Flex Ultra wiper blades infringe the '321 patent. Alberee and Saver each has had additional knowledge as to how the Accused Products infringe the '321 patent since at least January 15, 2013, when Alberee's and Saver's counsel received from Plaintiff's counsel a letter describing such infringement.

273.    Costco Wholesale has had knowledge that the Goodyear Assurance Products infringe the '321 patent since at least May 30, 2012, when Bosch notified Costco Wholesale of such infringement.

274.    On information and belief, Alberee has purposefully caused, encouraged, and urged Saver to sell and offer for sale the Accused Products in the United States with the knowledge and intent that such activities would directly infringe the '321 patent, and intended Saver to carry out such activities. Alberee has had such knowledge and intent at least since receiving the infringement allegations stated in the infringement claim chart sent from Plaintiff's counsel to Alberee/Saver's counsel on February 16, 2011, receiving the infringement claim chart included in the ITC Complaint on or about November 22, 2011, receiving the infringement claim chart included with Plaintiff's infringement contentions in the ITC Investigation on April 26, 2012, and receiving through its counsel a letter from Plaintiff's counsel describing Alberee's

infringement on January 15, 2013.  Alberee further has such knowledge and intent because, on information and belief, Alberee and Saver work together in distributing the Accused Products and because Alberee intends that the Accused Products it sells to Saver are offered for sale and sold to third parties.

275.    Alberee therefore induces under 35 U.S.C. § 271(b) Saver's direct infringement of the '321 patent, and will continue to do so unless enjoined by this Court.

276.    On information and belief, Alberee and Saver each has knowledge that retailers directly infringe the '321 patent by selling and offering for sale in the United States the Accused Products, and that end users directly infringe the '321 patent by using in the United States the Accused Products as wiper blades for their vehicles, at least since receiving the infringement allegations stated in the infringement claim chart sent from Plaintiff's counsel to Alberee/Saver's counsel on February 16, 2011, receiving the infringement claim chart included in the ITC Complaint on or about November 22, 2011, receiving the infringement claim chart included with Plaintiff's infringement contentions in the ITC Investigation on April 26, 2012, and receiving through their counsel a letter sent by Plaintiff's counsel describing Alberee's and Saver's infringement on January 15, 2013.

277.    On information and belief, Costco Wholesale has knowledge that end users directly infringe the '321 patent by using in the United States the Goodyear Assurance Products as wiper blades for their vehicles, at least since receiving the notice of infringement from Bosch on May 30, 2012.

278.    On information and belief, by advertising the infringing use in their promotional materials, by providing an application guide on their website and in stores that sell the Accused Products showing the infringing use, and by including installation instructions with the Accused

Products that show the end users of the Accused Products how to install the same on the wiper

arms on their vehicles, Alberee and Saver each has purposefully caused, encouraged, and urged

end users to use the Accused Products, with the knowledge and intent that such activities would

directly infringe the '321 patent, and intend end users to carry out such activities.  Alberee and

Saver each know or should know that end users use in the United States the Accused Products

because Alberee and Saver distribute the products to retailers for resale to end users for this

purpose.

279.    On information and belief, by advertising the infringing use in their promotional

materials, and by providing application guides in their stores that sell the Goodyear Assurance

Products showing the infringing use, Costco Wholesale has purposefully caused, encouraged,

and urged end users to use the Goodyear Assurance Products, with the knowledge and intent that

such activities would directly infringe the '321 patent, and intend end users to carry out such

activities.  Costco Wholesale knows or should know that end users use the Goodyear Assurance

Products in the United States as wiper blades on vehicles because it sells these products to end

users for this purpose.

280.    Alberee, Saver, and Costco Wholesale therefore each induce under 35 U.S.C. §

271(b) the direct infringement of the '321 patent by end users of the Accused Products including

Goodyear Assurance products, and will continue to do so unless enjoined by this Court.

281.    On information and belief, Alberee and Saver each has purposefully caused,

encouraged, and urged retailers to offer for sale and sell the Accused Products, with the

knowledge and intent that such activities would directly infringe the '321 patent, and intend

retailers to carry out such activities.  Alberee and Saver know or should know that retailers offer

for sale and sell in the United States the Accused Products because Alberee and Saver distribute the products to retailers for resale to end users.

282.    Alberee and Saver therefore each induce under 35 U.S.C. § 271(b) retailers' direct infringement of the '321 patent, and will continue to do so unless enjoined by this Court.

283.    Plaintiff has no adequate remedy at law against Defendants' infringement of the '321 patent and, unless Defendants are enjoined from their infringement, Plaintiff will suffer irreparable harm.

284.    Defendants have had knowledge of the '321 patent and yet have continued to infringe despite an objectively high likelihood that their actions constituted infringement of the '321 patent.  The risk of infringement was either known to Defendants, or so obvious it should have been known to them.  Therefore, Defendants' infringement has been and continues to be willful and deliberate.

285.    As a result of Defendants' infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

### COUNT ELEVEN – INFRINGEMENT OF U.S. PATENT NO. 7,523,520

286.    The allegations stated in paragraphs 2 through 21 of this Amended Complaint are incorporated by reference as if set forth herein.

287.    On April 28, 2009, United States Patent No. 7,523,520 ("the '520 patent," attached as Exhibit K) was duly and legally issued for an invention in a windshield wiper blade. Plaintiff is the owner of the '520 patent.

288.     Alberee has infringed and is still infringing the '520 patent directly under 35 U.S.C. § 271(a) by making, selling, and offering for sale in the United States the Accused Products, and will continue to do so unless enjoined by this Court.

289.    Saver has infringed and is still infringing the '520 patent directly under 35 U.S.C. § 271(a) by making, selling, and offering for sale in the United States the Accused Products, and will continue to do so unless enjoined by this Court.

290.    Retail stores, including Costco Wholesale, have infringed and/or are still infringing the '520 patent directly under 35 U.S.C. § 271(a) by selling and offering for sale in the United States the Accused Products.

291.    End users have infringed and are still infringing the '520 patent directly under 35 U.S.C. § 271(a) by using in the United States the Accused Products, including as windshield wiper blades on vehicles.

292.    On information and belief, API manufactures and imports into the United States components of the Accused Products, including spring elastic support elements.

293.    The components manufactured and imported by API are material components of the invention of the '520 patent, at least because, on information and belief, the spring elastic support elements provided by API constitute a significant part of the final assembly of each Accused Product.

294.    The components manufactured and imported by API are not staple articles or commodities of commerce and have no substantial non-infringing uses, at least because, on information and belief, the spring elastic support elements are designed specifically for use in the Accused Products and have no other intended uses.

295.    API has had knowledge as to how the Accused Products, for which the components API manufactures and imports are especially made or adapted, infringe the '520 patent, and knowledge of the patent itself, since at least on or about November 22, 2011, when the ITC served API with the ITC Complaint, which included a claim chart demonstrating how

the Goodyear Assurance blade infringes the '520 patent.  API has had additional knowledge as to how the Accused Products infringe the '520 patent since at least April 26, 2012, when Plaintiff served on API's counsel infringement contentions in the ITC Investigation including a claim chart demonstrating how the Goodyear Assurance and the Arc Flex Ultra wiper blades infringe the '520 patent.  API has had additional knowledge as to how the Accused Products infringe the '520 patent since at least January 15, 2013, when API's counsel received from Plaintiff's counsel a letter describing such infringement.

296.    API therefore is a contributory infringer of the '520 patent under 35 U.S.C. § 271(c) with respect to Alberee's direct infringement and Saver's direct infringement of the '520 patent, and will continue to infringe unless enjoined by this Court.  API also is a contributory infringer of the '520 patent under 35 U.S.C. § 271(c) with respect to the direct infringement of the '520 patent by retailers who sell and offer for sale the Accused Products and the direct infringement of the '520 patent by end users who use the Accused Products, and will continue to infringe unless enjoined by this Court.

297.    On information and belief, API has purposefully caused, encouraged, and urged Alberee and Saver to make, sell, and offer for sale the Accused Products in the United States with the knowledge and intent that such activities would directly infringe the '520 patent, and intended Alberee and Saver to carry out such activities.  API has had such knowledge and intent at least since receiving, on or about November 22, 2011, the infringement claim chart included in the ITC Complaint, receiving, on April 26, 2012, the infringement claim chart included with Plaintiff's infringement contentions in the ITC Investigation, and receiving through its counsel, on January 15, 2013, a letter from Plaintiff's counsel describing its infringement.

Case 1:12-cv-00574-LPS  Document 84  Filed 10/09/14  Page 69 of 95 PageID #: 1818

298.  API therefore induces under 35 U.S.C. § 271(b) Alberee's direct infringement and Saver's direct infringement of the '520 patent, and will continue to do so unless enjoined by this Court.

299.  On information and belief, API has purposefully caused, encouraged, and urged retailers to offer for sale and sell, and end users to use, the Accused Products in the United States with the knowledge and intent that such activities would directly infringe the '520 patent, and intended retailers and end users to carry out such activities.  API has had such knowledge and intent at least since receiving, on or about November 22, 2011, the infringement claim chart included in the ITC Complaint, receiving, on April 26, 2012, the infringement claim chart included with Plaintiff's infringement contentions in the ITC Investigation, and receiving, on January 15, 2013, a letter from Plaintiff's counsel providing notice of API's infringement.  API has such intent because, on information and belief, it intends Alberee and Saver to sell the Accused Products made with components supplied by API directly or indirectly to retailers, it intends that retailers sell in the United States the Accused Products to end users, and it intends that end users in the United Sates use the Accused Products as wiper blades on vehicles.

300.  API therefore induces under 35 U.S.C. § 271(b) the direct infringement of retailers of the '520 patent and the direct infringement of end users of the '520 patent, and will continue to do so unless enjoined by this Court.

301.  Alberee and Saver each has had knowledge that the Accused Products infringe the '520 patent since at least January 26, 2011 from a letter sent from Plaintiff's counsel to Alberee/Saver's counsel.  Alberee and Saver each has had knowledge as to how the Accused Products infringe the '520 patent since at least February 16, 2011, from correspondence sent from Plaintiff's counsel to Alberee/Saver's counsel which included a claim chart showing how

- 69 -

the Goodyear Assurance blade infringes the '520 patent. Alberee and Saver each has had additional knowledge of how the Accused Products infringe the '520 patent since at least on or about November 22, 2011, when the ITC served Alberee/Saver with the ITC Complaint, which included a claim chart demonstrating how the Goodyear Assurance blade infringes the '520 patent. Alberee and Saver each has had additional knowledge as to how the Accused Products infringe the '520 patent since at least April 26, 2012, when Plaintiff's counsel served on Alberee/Saver's counsel infringement contentions in the ITC Investigation including a claim chart demonstrating how the Goodyear Assurance and the Arc Flex Ultra wiper blades infringe the '520 patent. Alberee and Saver each has had additional knowledge as to how the Accused Products infringe the '520 patent since at least January 15, 2013, when Alberee's and Saver's counsel received from Plaintiff's counsel a letter describing such infringement.

302.    Costco Wholesale has had knowledge that the Goodyear Assurance Products infringe the '520 patent since at least May 30, 2012, when Bosch notified Costco Wholesale of such infringement.

303.    On information and belief, Alberee has purposefully caused, encouraged, and urged Saver to sell and offer for sale the Accused Products in the United States with the knowledge and intent that such activities would directly infringe the '520 patent, and intended Saver to carry out such activities. Alberee has had such knowledge and intent at least since receiving the infringement allegations stated in the infringement claim chart sent from Plaintiff's counsel to Alberee/Saver's counsel on February 16, 2011, receiving the infringement claim chart included in the ITC Complaint on or about November 22, 2011, receiving the infringement claim chart included with Plaintiff's infringement contentions in the ITC Investigation on April 26, 2012, and receiving through its counsel a letter from Plaintiff's counsel describing Alberee's

infringement on January 15, 2013. Alberee further has such knowledge and intent because, on information and belief, Alberee and Saver work together in distributing the Accused Products and because Alberee intends that the Accused Products it sells to Saver are offered for sale and sold to third parties.

304. Alberee therefore induces under 35 U.S.C. § 271(b) Saver's direct infringement of the '520 patent, and will continue to do so unless enjoined by this Court.

305. On information and belief, Alberee and Saver each has knowledge that retailers directly infringe the '520 patent by selling and offering for sale in the United States the Accused Products, and that end users directly infringe the '520 patent by using in the United States the Accused Products as wiper blades for their vehicles, at least since receiving the infringement allegations stated in the infringement claim chart sent from Plaintiff's counsel to Alberee/Saver's counsel on February 16, 2011, receiving the infringement claim chart included in the ITC Complaint on or about November 22, 2011, receiving the infringement claim chart included with Plaintiff's infringement contentions in the ITC Investigation on April 26, 2012, and receiving through their counsel a letter sent by Plaintiff's counsel describing Alberee's and Saver's infringement on January 15, 2013.

306. On information and belief, Costco Wholesale has knowledge that end users directly infringe the '520 patent by using in the United States the Goodyear Assurance Products as wiper blades for their vehicles, at least since receiving the notice of infringement from Bosch on May 30, 2012.

307. On information and belief, by advertising the infringing use in their promotional materials, by providing an application guide on their website and in stores that sell the Accused Products showing the infringing use, and by including installation instructions with the Accused

Products that show the end users of the Accused Products how to install the same on the wiper

arms on their vehicles, Alberee and Saver each has purposefully caused, encouraged, and urged

end users to use the Accused Products, with the knowledge and intent that such activities would

directly infringe the '520 patent, and intend end users to carry out such activities.  Alberee and

Saver each know or should know that end users use in the United States the Accused Products

because Alberee and Saver distribute the products to retailers for resale to end users for this

purpose.

308.     On information and belief, by advertising the infringing use in their promotional

materials, and by providing application guides in their stores that sell the Goodyear Assurance

Products showing the infringing use, Costco Wholesale has purposefully caused, encouraged,

and urged end users to use the Goodyear Assurance Products, with the knowledge and intent that

such activities would directly infringe the '520 patent, and intend end users to carry out such

activities.  Costco Wholesale knows or should know that end users use the Goodyear Assurance

Products in the United States as wiper blades on vehicles because it sells these products to end

users for this purpose.

309.     Alberee, Saver, and Costco Wholesale therefore each induce under 35 U.S.C. §

271(b) the direct infringement of the '520 patent by end users of the Accused Products including

Goodyear Assurance products, and will continue to do so unless enjoined by this Court.

310.     On information and belief, Alberee and Saver each has purposefully caused,

encouraged, and urged retailers to offer for sale and sell the Accused Products, with the

knowledge and intent that such activities would directly infringe the '520 patent, and intend

retailers to carry out such activities.  Alberee and Saver know or should know that retailers offer

for sale and sell in the United States the Accused Products because Alberee and Saver distribute the products to retailers for resale to end users.

311.    Alberee and Saver therefore each induce under 35 U.S.C. § 271(b) retailers' direct infringement of the '520 patent, and will continue to do so unless enjoined by this Court.

312.    Plaintiff has no adequate remedy at law against Defendants' infringement of the '520 patent and, unless Defendants are enjoined from their infringement, Plaintiff will suffer irreparable harm.

313.    Defendants have had knowledge of the '520 patent and yet have continued to infringe despite an objectively high likelihood that their actions constituted infringement of the '520 patent.  The risk of infringement was either known to Defendants, or so obvious it should have been known to them.  Therefore, Defendants' infringement has been and continues to be willful and deliberate.

314.    As a result of Defendants' infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

## COUNT TWELVE – INFRINGEMENT OF U.S. PATENT NO. 7,484,264

315.    The allegations stated in paragraphs 2 through 21 of this Amended Complaint are incorporated by reference as if set forth herein.

316.    On February 3, 2009, United States Patent No. 7,484,264 ("the '264 patent," attached as Exhibit L) was duly and legally issued for an invention in a windshield wiper blade. Plaintiff is the owner of the '264 patent.

317.    Alberee has infringed and is still infringing the '264 patent directly under 35 U.S.C. § 271(a) by making, selling, and offering for sale in the United States the Accused Products, and will continue to do so unless enjoined by this Court.

318.    Saver has infringed and is still infringing the '264 patent directly under 35 U.S.C. § 271(a) by making, selling, and offering for sale in the United States the Accused Products, and will continue to do so unless enjoined by this Court.

319.    Retail stores, including Costco Wholesale, have infringed and/or are still infringing the '264 patent directly under 35 U.S.C. § 271(a) by selling and offering for sale in the United States the Accused Products.

320.    End users have infringed and are still infringing the '264 patent directly under 35 U.S.C. § 271(a) by using in the United States the Accused Products, including as windshield wiper blades on vehicles.

321.    On information and belief, API manufactures and imports into the United States components of the Accused Products, including spring elastic support elements.

322.    The components manufactured and imported by API are material components of the invention of the '264 patent, at least because, on information and belief, the spring elastic support elements provided by API constitute a significant part of the final assembly of each Accused Product.

323.    The components manufactured and imported by API are not staple articles or commodities of commerce and have no substantial non-infringing uses, at least because, on information and belief, the spring elastic support elements are designed specifically for use in the Accused Products and have no other intended uses.

324.    API has had knowledge that the Accused Products, for which the components API manufactures and imports are especially made or adapted, infringe the '264 patent since at least October 11, 2011, from a letter sent from Plaintiff's counsel to API.  API has had knowledge as

to how the Accused Products infringe the '264 patent since at least January 15, 2013, when API's counsel received from Plaintiff's counsel a letter describing such infringement.

325.    API therefore is a contributory infringer of the '264 patent under 35 U.S.C. § 271(c) with respect to Alberee's direct infringement and Saver's direct infringement of the '264 patent, and will continue to infringe unless enjoined by this Court.  API also is a contributory infringer of the '264 patent under 35 U.S.C. § 271(c) with respect to the direct infringement of the '264 patent by retailers who sell and offer for sale the Accused Products and the direct infringement of the '264 patent by end users who use the Accused Products, and will continue to infringe unless enjoined by this Court.

326.    On information and belief, API has purposefully caused, encouraged, and urged Alberee and Saver to make, sell, and offer for sale the Accused Products in the United States with the knowledge and intent that such activities would directly infringe the '264 patent, and intended Alberee and Saver to carry out such activities.  API has had such knowledge and intent at least since receiving through its counsel, on January 15, 2013, a letter from Plaintiff's counsel describing its infringement.

327.    API therefore induces under 35 U.S.C. § 271(b) Alberee's direct infringement and Saver's direct infringement of the '264 patent, and will continue to do so unless enjoined by this Court.

328.    On information and belief, API has purposefully caused, encouraged, and urged retailers to offer for sale and sell, and end users to use, the Accused Products in the United States with the knowledge and intent that such activities would directly infringe the '264 patent, and intended retailers and end users to carry out such activities.  API has had such knowledge and intent at least since receiving, on January 15, 2013, a letter from Plaintiff's counsel providing

notice of API's infringement.  API has such intent because, on information and belief, it intends Alberee and Saver to sell the Accused Products made with components supplied by API directly or indirectly to retailers, it intends that retailers sell in the United States the Accused Products to end users, and it intends that end users in the United Sates use the Accused Products as wiper blades on vehicles.

329.    API therefore induces under 35 U.S.C. § 271(b) the direct infringement of retailers of the '264 patent and the direct infringement of end users of the '264 patent, and will continue to do so unless enjoined by this Court.

330.    Alberee and Saver each has had knowledge that the Accused Products infringe the '264 patent since at least January 26, 2011 from a letter sent from Plaintiff's counsel to Alberee/Saver's counsel.  Alberee and Saver each has had knowledge as to how the Accused Products infringe the '264 patent since at least February 16, 2011, from correspondence sent from Plaintiff's counsel to Alberee/Saver's counsel which included a claim chart showing how the Goodyear Assurance blade infringes the '264 patent.  Alberee and Saver each has had additional knowledge as to how the Accused Products infringe the '264 patent since at least January 15, 2013, when Alberee's and Saver's counsel received from Plaintiff's counsel a letter describing such infringement.

331.    Costco Wholesale has had knowledge that the Goodyear Assurance Products infringe the '264 patent since at least May 30, 2012, when Bosch notified Costco Wholesale of such infringement.

332.    On information and belief, Alberee has purposefully caused, encouraged, and urged Saver to sell and offer for sale the Accused Products in the United States with the knowledge and intent that such activities would directly infringe the '264 patent, and intended

Saver to carry out such activities.  Alberee has had such knowledge and intent at least since receiving the infringement allegations stated in the infringement claim chart sent from Plaintiff's counsel to Alberee/Saver's counsel on February 16, 2011 and receiving through its counsel a letter from Plaintiff's counsel describing Alberee's infringement on January 15, 2013.  Alberee further has such knowledge and intent because, on information and belief, Alberee and Saver work together in distributing the Accused Products and because Alberee intends that the Accused Products it sells to Saver are offered for sale and sold to third parties.

333.    Alberee therefore induces under 35 U.S.C. § 271(b) Saver's direct infringement of the '264 patent, and will continue to do so unless enjoined by this Court.

334.    On information and belief, Alberee and Saver each has knowledge that retailers directly infringe the '264 patent by selling and offering for sale in the United States the Accused Products, and that end users directly infringe the '264 patent by using in the United States the Accused Products as wiper blades for their vehicles, at least since receiving the infringement allegations stated in the infringement claim chart sent from Plaintiff's counsel to Alberee/Saver's counsel on February 16, 2011 and receiving through their counsel a letter sent by Plaintiff's counsel describing Alberee's and Saver's infringement on January 15, 2013.

335.    On information and belief, Costco Wholesale has knowledge that end users directly infringe the '264 patent by using in the United States the Goodyear Assurance Products as wiper blades for their vehicles, at least since receiving the notice of infringement from Bosch on May 30, 2012.

336.    On information and belief, by advertising the infringing use in their promotional materials, by providing an application guide on their website and in stores that sell the Accused Products showing the infringing use, and by including installation instructions with the Accused

Products that show the end users of the Accused Products how to install the same on the wiper arms on their vehicles, Alberee and Saver each has purposefully caused, encouraged, and urged end users to use the Accused Products, with the knowledge and intent that such activities would directly infringe the '264 patent, and intend end users to carry out such activities. Alberee and Saver each know or should know that end users use in the United States the Accused Products because Alberee and Saver distribute the products to retailers for resale to end users for this purpose.

337. On information and belief, by advertising the infringing use in their promotional materials, and by providing application guides in their stores that sell the Goodyear Assurance Products showing the infringing use, Costco Wholesale has purposefully caused, encouraged, and urged end users to use the Goodyear Assurance Products, with the knowledge and intent that such activities would directly infringe the '264 patent, and intend end users to carry out such activities. Costco Wholesale knows or should know that end users use the Goodyear Assurance Products in the United States as wiper blades on vehicles because it sells these products to end users for this purpose.

338. Alberee, Saver, and Costco Wholesale therefore each induce under 35 U.S.C. § 271(b) the direct infringement of the '264 patent by end users of the Accused Products including Goodyear Assurance products, and will continue to do so unless enjoined by this Court.

339. On information and belief, Alberee and Saver each has purposefully caused, encouraged, and urged retailers to offer for sale and sell the Accused Products, with the knowledge and intent that such activities would directly infringe the '264 patent, and intend retailers to carry out such activities. Alberee and Saver know or should know that retailers offer

for sale and sell in the United States the Accused Products because Alberee and Saver distribute the products to retailers for resale to end users.

340.    Alberee and Saver therefore each induce under 35 U.S.C. § 271(b) retailers' direct infringement of the '264 patent, and will continue to do so unless enjoined by this Court.

341.    Plaintiff has no adequate remedy at law against Defendants' infringement of the '264 patent and, unless Defendants are enjoined from their infringement, Plaintiff will suffer irreparable harm.

342.    Defendants have had knowledge of the '264 patent and yet have continued to infringe despite an objectively high likelihood that their actions constituted infringement of the '264 patent.  The risk of infringement was either known to Defendants, or so obvious it should have been known to them.  Therefore, Defendants' infringement has been and continues to be willful and deliberate.

343.    As a result of Defendants' infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

## COUNT THIRTEEN – INFRINGEMENT OF U.S. PATENT NO. 8,099,823

344.    The allegations stated in paragraphs 2 through 21 of this Amended Complaint are incorporated by reference as if set forth herein.

345.    On January 24, 2012, United States Patent No. 8,099,823 ("the '823 patent," attached as Exhibit M) was duly and legally issued for an invention in a windshield wiper blade. Plaintiff is the owner of the '823 patent.

346.    Alberee has infringed and is still infringing the '823 patent directly under 35 U.S.C. § 271(a) by making, selling, and offering for sale in the United States the Accused Products, and will continue to do so unless enjoined by this Court.

347.    Saver has infringed and is still infringing the '823 patent directly under 35 U.S.C. § 271(a) by making, selling, and offering for sale in the United States the Accused Products, and will continue to do so unless enjoined by this Court.

348.    Retail stores, including Costco Wholesale, have infringed and/or are still infringing the '823 patent directly under 35 U.S.C. § 271(a) by selling and offering for sale in the United States the Accused Products.

349.    End users have infringed and are still infringing the '823 patent directly under 35 U.S.C. § 271(a) by using in the United States the Accused Products, including as windshield wiper blades on vehicles.

350.    On information and belief, API manufactures and imports into the United States components of the Accused Products, including spring elastic support elements.

351.    The components manufactured and imported by API are material components of the invention of the '823 patent, at least because, on information and belief, the spring elastic support elements provided by API constitute a significant part of the final assembly of each Accused Product.

352.    The components manufactured and imported by API are not staple articles or commodities of commerce and have no substantial non-infringing uses, at least because, on information and belief, the spring elastic support elements are designed specifically for use in the Accused Products and have no other intended uses.

353.    API has had knowledge that the Accused Products, for which the components API manufactures and imports are especially made or adapted, infringe the '823 patent since at least January 15, 2013, when API's counsel received from Plaintiff's counsel a letter describing such infringement.

354.    API therefore is a contributory infringer of the '823 patent under 35 U.S.C. § 271(c) with respect to Alberee's direct infringement and Saver's direct infringement of the '823 patent, and will continue to infringe unless enjoined by this Court.  API also is a contributory infringer of the '823 patent under 35 U.S.C. § 271(c) with respect to the direct infringement of the '823 patent by retailers who sell and offer for sale the Accused Products and the direct infringement of the '823 patent by end users who use the Accused Products, and will continue to infringe unless enjoined by this Court.

355.    On information and belief, API has purposefully caused, encouraged, and urged Alberee and Saver to make, sell, and offer for sale the Accused Products in the United States with the knowledge and intent that such activities would directly infringe the '823 patent, and intended Alberee and Saver to carry out such activities.  API has had such knowledge and intent at least since receiving through its counsel, on January 15, 2013, a letter from Plaintiff's counsel describing its infringement.

356.    API therefore induces under 35 U.S.C. § 271(b) Alberee's direct infringement and Saver's direct infringement of the '823 patent, and will continue to do so unless enjoined by this Court.

357.    On information and belief, API has purposefully caused, encouraged, and urged retailers to offer for sale and sell, and end users to use, the Accused Products in the United States with the knowledge and intent that such activities would directly infringe the '823 patent, and intended retailers and end users to carry out such activities.  API has had such knowledge and intent at least since receiving, on January 15, 2013, a letter from Plaintiff's counsel providing notice of API's infringement.  API has such intent because, on information and belief, it intends Alberee and Saver to sell the Accused Products made with components supplied by API directly

or indirectly to retailers, it intends that retailers sell in the United States the Accused Products to end users, and it intends that end users in the United Sates use the Accused Products as wiper blades on vehicles.

358.    API therefore induces under 35 U.S.C. § 271(b) the direct infringement of retailers of the '823 patent and the direct infringement of end users of the '823 patent, and will continue to do so unless enjoined by this Court.

359.    Alberee and Saver each has had knowledge that the Accused Products infringe the '823 patent, and knowledge of how the products infringe, since at least January 15, 2013, when Alberee's and Saver's counsel received from Plaintiff's counsel a letter describing such infringement.

360.    On information and belief, Alberee has purposefully caused, encouraged, and urged Saver to sell and offer for sale the Accused Products in the United States with the knowledge and intent that such activities would directly infringe the '823 patent, and intended Saver to carry out such activities.  Alberee has had such knowledge and intent at least since receiving through its counsel a letter from Plaintiff's counsel describing Alberee's infringement on January 15, 2013.  Alberee further has such knowledge and intent because, on information and belief, Alberee and Saver work together in distributing the Accused Products and because Alberee intends that the Accused Products it sells to Saver are offered for sale and sold to third parties.

361.    Alberee therefore induces under 35 U.S.C. § 271(b) Saver's direct infringement of the '823 patent, and will continue to do so unless enjoined by this Court.

362.    On information and belief, Alberee and Saver each has knowledge that retailers directly infringe the '823 patent by selling and offering for sale in the United States the Accused

Products, and that end users directly infringe the '823 patent by using in the United States the Accused Products as wiper blades for their vehicles, at least since receiving through their counsel a letter sent by Plaintiff's counsel describing Alberee's and Saver's infringement on January 15, 2013.

363.    On information and belief, by advertising the infringing use in their promotional materials, by providing an application guide on their website and in stores that sell the Accused Products showing the infringing use, and by including installation instructions with the Accused Products that show the end users of the Accused Products how to install the same on the wiper arms on their vehicles, Alberee and Saver each has purposefully caused, encouraged, and urged end users to use the Accused Products, with the knowledge and intent that such activities would directly infringe the '823 patent, and intend end users to carry out such activities.  Alberee and Saver each know or should know that end users use in the United States the Accused Products because Alberee and Saver distribute the products to retailers for resale to end users for this purpose.

364.    Alberee and Saver therefore each induce under 35 U.S.C. § 271(b) the direct infringement of the '823 patent by end users of the Accused Products including Goodyear Assurance products, and will continue to do so unless enjoined by this Court.

365.    On information and belief, Alberee and Saver each has purposefully caused, encouraged, and urged retailers to offer for sale and sell the Accused Products, with the knowledge and intent that such activities would directly infringe the '823 patent, and intend retailers to carry out such activities.  Alberee and Saver know or should know that retailers offer for sale and sell in the United States the Accused Products because Alberee and Saver distribute the products to retailers for resale to end users.

366.     Alberee and Saver therefore each induce under 35 U.S.C. § 271(b) retailers' direct infringement of the '823 patent, and will continue to do so unless enjoined by this Court.

367.     Plaintiff has no adequate remedy at law against Defendants' infringement of the '823 patent and, unless Defendants are enjoined from their infringement, Plaintiff will suffer irreparable harm.

368.     Defendants Alberee, Saver, and API have had knowledge of the '823 patent and yet have continued to infringe despite an objectively high likelihood that their actions constituted infringement of the '823 patent.  The risk of infringement was either known to these Defendants, or so obvious it should have been known to them.  Therefore, Defendants Alberee's, Saver's, and API's infringement has been and continues to be willful and deliberate.

369.     As a result of Defendants' infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

### COUNT FOURTEEN – INFRINGEMENT OF U.S. PATENT NO. 6,292,974

370.     The allegations stated in paragraphs 2 through 21 of this Amended Complaint are incorporated by reference as if set forth herein.

371.     On September 25, 2001, United States Patent No. 6,292,974 ("the '974 patent," attached as Exhibit N) was duly and legally issued for an invention in a windshield wiper blade. Plaintiff is the owner of the '974 patent.

372.     Alberee has infringed and is still infringing the '974 patent directly under 35 U.S.C. § 271(a) by making, using, selling, and offering for sale in the United States the Accused Products, and will continue to do so unless enjoined by this Court.

373.     Saver has infringed and is still infringing the '974 patent directly under 35 U.S.C.
§ 271(a) by making, using, selling, and offering for sale in the United States the Accused
Products, and will continue to do so unless enjoined by this Court.

374.     Retailers, including Costco Wholesale, have infringed and/or are still infringing
the '974 patent directly under 35 U.S.C. § 271(a) by selling and offering for sale in the United
States the Accused Products.

375.     On information and belief, end users have infringed and are infringing the '974
patent directly under 35 U.S.C. § 271(a) by using in the United States the Accused Products,
including as windshield wiper blades on vehicles.

376.     On information and belief, API manufactures and imports into the United States
components of the Accused Products, including components identified as frames in importation
records.

377.     The components manufactured and imported by API are material components of
the invention of the '974 patent, at least because, on information and belief, the components
provided by API constitute a significant part of the final assembly of each Accused Product.

378.     The components manufactured and imported by API are not staple articles or
commodities of commerce and have no substantial non-infringing uses, at least because, on
information and belief, the components are designed specifically for use in the Accused Products
and have no other intended uses.

379.     API has had knowledge that the Accused Products, for which the components API
manufactures and imports are especially made or adapted, infringe the '974 patent since at least
November 15, 2013, from a letter sent from Plaintiff's counsel to API's counsel, describing such
infringement.

380.     API is a contributory infringer of the '974 patent under 35 U.S.C. § 271(c) with respect to Alberee's and Saver's direct infringement of the '974 patent, and will continue to infringe unless enjoined by this Court.  API also is a contributory infringer of the '974 patent under 35 U.S.C. § 271(c) with respect to the direct infringement of the '974 patent by retailers who sell and offer for sale the Accused Products, and the direct infringement of the '974 patent by end users who use the Accused Products, and will continue to infringe unless enjoined by this Court.

381.     On information and belief, API has purposefully caused, encouraged, and urged Alberee and Saver to make, sell, and offer for sale the Accused Products in the United States with the knowledge and intent that such activities would directly infringe the '974 patent, and intended Alberee and Saver to carry out such activities.  API has had such knowledge and intent at least since receiving through its counsel, on November 15, 2013, a letter from plaintiff's counsel describing its infringement.

382.     API therefore induces under 35 U.S.C. § 271(b) Alberee's direct infringement and Saver's direct infringement of the '974 patent, and will continue to do so unless enjoined by this Court.

383.     On information and belief, API has purposefully caused, encouraged, and urged retailers to offer for sale and sell, and end users to use, the Accused Products in the United States with the knowledge and intent that such activities would directly infringe the '974 patent, and intended retailers and end users to carry out such activities.  API has had such knowledge and intent at least since receiving through its counsel, on November 15, 2013, a letter from Plaintiff's counsel providing notice of API's infringement.  API has such intent because, on information and belief, it intends Alberee and Saver to sell the Accused Products made with components

- 86 -

supplied by API to retailers, it intends that retailers sell in the United States the Accused

Products to end users, and it intends that end users in the United Sates use the Accused Products

as wiper blades on vehicles.

384.    API therefore induces under 35 U.S.C. § 271(b) the direct infringement of the'974

patent by retailers, and the direct infringement of the '974 patent by end users, and will continue

to do so unless enjoined by this Court.

385.    Alberee and Saver each has had knowledge that the Accused Products infringe the

'974 patent since at least November 15, 2013, when Alberee's and Saver's counsel received from

Plaintiff's counsel a letter describing such infringement.

386.    On information and belief, Alberee has purposefully caused, encouraged, and

urged Saver to sell and offer for sale the Accused Products in the United States with the

knowledge and intent that such activities would directly infringe the '974 patent, and intended

Saver to carry out such activities.  Alberee has had such knowledge and intent at least since

receiving through its counsel a letter from Plaintiff's counsel describing Alberee's infringement

on November 15, 2013.  Alberee further has such knowledge and intent because, on information

and belief, Alberee and Saver work together in distributing the Accused Products and because

Alberee intends that the Accused Products it sells to Saver are offered for sale and sold to third

parties.

387.    Alberee therefore induces under 35 U.S.C. § 271(b) Saver's direct infringement of

the '974 patent, and will continue to do so unless enjoined by this Court.

388.    On information and belief, Alberee and Saver each has knowledge that retailers

directly infringe the '974 patent by selling and offering for sale in the United States the Accused

Products, and that end users directly infringe the '974 patent by using in the United States the

Accused Products as wiper blades for their vehicles, at least since receiving through their counsel a letter sent by Plaintiff's counsel describing Alberee's and Saver's infringement on November 15, 2013.

389.    On information and belief, by advertising the infringing use in their promotional materials, by providing an application guide on their website and in stores that sell the Accused Products showing the infringing use, and by including installation instructions with the Accused Products that show the end users of the Accused Products how to install the same on the wiper arms on their vehicles, Alberee and Saver each has purposefully caused, encouraged, and urged end users to use the Accused Products, with the knowledge and intent that such activities would directly infringe the '974 patent, and intend end users to carry out such activities.  Alberee and Saver each know or should know that end users use in the United States the Accused Products because Alberee and Saver distribute the products to retailers for resale to end users for this purpose.

390.    Alberee and Saver therefore each induce under 35 U.S.C. § 271(b) the direct infringement of end users of the Accused Products of the '974 patent, and will continue to do so unless enjoined by this Court.

391.    On information and belief, Alberee and Saver each has purposefully caused, encouraged, and urged retailers to offer for sale and sell the Accused Products, with the knowledge and intent that such activities would directly infringe the '974 patent, and intend retailers to carry out such activities.  Alberee and Saver know or should know that retailers offer for sale and sell in the United States the Accused Products because Alberee and Saver distribute the products to retailers for resale to end users.

392.    Alberee and Saver therefore each induce under 35 U.S.C. § 271(b) retailers' direct infringement of the '974 patent, and will continue to do so unless enjoined by this Court.

393.    Plaintiff has no adequate remedy at law against Defendants' infringement of the '974 patent and, unless Defendants are enjoined from their infringement, Plaintiff will suffer irreparable harm.

394.    Defendants Alberee, Saver, and API have had knowledge of the '974 patent and yet have continued to infringe despite an objectively high likelihood that their actions constituted infringement of the '974 patent.  The risk of infringement was either known to these Defendants, or so obvious it should have been known to them.  Therefore, Defendants Alberee's, Saver's, and API's infringement has been and continues to be willful and deliberate.

395.    As a result of Defendants' infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

### COUNT FIFTEEN – INFRINGEMENT OF U.S. PATENT NO. 6,668,419

396.    The allegations stated in paragraphs 2 through 21 of this Amended Complaint are incorporated by reference as if set forth herein.

397.    On December 30, 2003, United States Patent No. 6,668,419 ("the '419 patent," attached as Exhibit O) was duly and legally issued for an invention in a windshield wiper blade. Plaintiff is the owner of the '419 patent.

398.    Alberee has infringed and is still infringing the '419 patent directly under 35 U.S.C. § 271(a) by making, selling, and offering for sale in the United States the Accused Products, and will continue to do so unless enjoined by this Court.

399.    Saver has infringed and is still infringing the '419 patent directly under 35 U.S.C. § 271(a) by making, selling, and offering for sale in the United States the Accused Products, and will continue to do so unless enjoined by this Court.

400.    Retail stores, including Costco Wholesale, have infringed and/or are still infringing the '419 patent directly under 35 U.S.C. § 271(a) by selling and offering for sale in the United States the Accused Products.

401.    End users have infringed and are still infringing the '419 patent directly under 35 U.S.C. § 271(a) by using in the United States the Accused Products, including as windshield wiper blades on vehicles.

402.    Plaintiff has no adequate remedy at law against Alberee, Saver and Costco Wholesale for their infringement of the '419 patent and, unless these Defendants are enjoined from their infringement, Plaintiff will suffer irreparable harm.

403.    As a result of Alberee, Saver and Costco Wholesale's infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

**COUNT SIXTEEN – INFRINGEMENT OF U.S. PATENT NO. 7,941,891**

404.    The allegations stated in paragraphs 2 through 21 of this Amended Complaint are incorporated by reference as if set forth herein.

405.    On May 17, 2011, United States Patent No. 7,941,891 ("the '891 patent," attached as Exhibit P) was duly and legally issued for an invention in a windshield wiper blade.  Plaintiff is the owner of the '891 patent.

406.    Alberee has infringed and is still infringing the '891 patent directly under 35 U.S.C. § 271(a) by making, selling, and offering for sale in the United States the Accused Products, and will continue to do so unless enjoined by this Court.

407.    Saver has infringed and is still infringing the '891 patent directly under 35 U.S.C. § 271(a) by making, selling, and offering for sale in the United States the Accused Products, and will continue to do so unless enjoined by this Court.

408.    Retail stores, including Costco Wholesale, have infringed and/or are still infringing the '891 patent directly under 35 U.S.C. § 271(a) by selling and offering for sale in the United States the Accused Products.

409.    End users have infringed and are still infringing the '891 patent directly under 35 U.S.C. § 271(a) by using in the United States the Accused Products, including as windshield wiper blades on vehicles.

410.    Plaintiff has no adequate remedy at law against Alberee, Saver and Costco Wholesale for their infringement of the '891 patent and, unless these Defendants are enjoined from their infringement, Plaintiff will suffer irreparable harm.

411.    As a result of Alberee, Saver and Costco Wholesale's infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

## COUNT SEVENTEEN – INFRINGEMENT OF U.S. PATENT NO. 8,544,136

412.    The allegations stated in paragraphs 2 through 21 of this Amended Complaint are incorporated by reference as if set forth herein.

413.    On October 1, 2013, United States Patent No. 8,544,136 ("the '136 patent," attached as Exhibit Q) was duly and legally issued for an invention in a windshield wiper blade. Plaintiff is the owner of the '136 patent.

414.    Alberee has infringed and is still infringing the '136 patent directly under 35 U.S.C. § 271(a) by making, selling, and offering for sale in the United States the Accused Products, and will continue to do so unless enjoined by this Court.

415.    Saver has infringed and is still infringing the '136 patent directly under 35 U.S.C. § 271(a) by making, selling, and offering for sale in the United States the Accused Products, and will continue to do so unless enjoined by this Court.

416.    Retail stores, including Costco Wholesale, have infringed and/or are still infringing the '136 patent directly under 35 U.S.C. § 271(a) by selling and offering for sale in the United States the Accused Products.

417.    End users have infringed and are still infringing the '136 patent directly under 35 U.S.C. § 271(a) by using in the United States the Accused Products, including as windshield wiper blades on vehicles.

418.    Plaintiff has no adequate remedy at law against Alberee, Saver and Costco Wholesale for their infringement of the '136 patent and, unless these Defendants are enjoined from their infringement, Plaintiff will suffer irreparable harm.

419.    As a result of Alberee, Saver and Costco Wholesale's infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

## WILLFULNESS

420.    The acts of infringement set forth above have occurred with full knowledge of the '218, '111, '607, '988, '434, '926, '905, '698, '588, '321, '520, '264, '823, '974, '419, '891, and '136 patents.  The infringement has occurred despite an objectively high likelihood that the acts constituted infringement.  The risk of infringement was either known to Defendants, or so obvious it should have been known to them.  Thus, the acts of infringement have been willful and deliberate, making this case exceptional within the meaning of the United States patent laws.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands following relief:

A.      A judgment in favor of Plaintiff that the named Defendants have infringed, directly and indirectly, by way of inducement and/or contributory infringement, the '218, '988, '434, '926, '905, '698, '588, '321, '520, '264, '823, '974, '419, '891, and '136 patents, as stated in Counts I–XVII of the complaint;

B.      A judgment in favor of Plaintiff that defendants Alberee, Saver and Costco Wholesale have infringed indirectly, by way of inducement and/or contributory infringement, the '111 and '607 patents;

C.      A permanent injunction, enjoining Defendants and their officers, directors, agents, servants, employees, affiliates, divisions, branches, subsidiaries, parents, and all others acting in concert or privity with them from infringing, inducing the infringement of, or contributing to the infringement of the aforementioned patents;

D.      An award to Plaintiff of the damages to which it is entitled under at least 35 U.S.C. § 284 for Defendants' past infringement and any continuing or future infringement, including both compensatory damages and treble damages for willful infringement;

E.      A judgment and order requiring Defendants to pay the costs of this action (including all disbursements), as well as attorneys' fees as provided by 35 U.S.C. § 285;

F.      An award to Plaintiff of pre-judgment and post-judgment interest on its damages; and

G.      Such other further relief in law or equity to which Plaintiff may be justly entitled.

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Jeffrey S. Ginsberg
Mark A. Hannemann
Rose Cordero Prey
Ksenia Takhistova
KENYON & KENYON LLP
One Broadway
New York, NY 10004
Tel.: (212) 425-7200

Dated:  October 9, 2014
1167154/39026

By:   */s/ David E. Moore*
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Bindu A. Palapura (#5370)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
Tel:  (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
bpalapura@potteranderson.com

*Attorneys for Plaintiff Robert Bosch LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### <u>CERTIFICATE OF SERVICE</u>

I, David E. Moore, hereby certify that on October 9, 2014, the attached document was

electronically filed with the Clerk of the Court using CM/ECF which will send notification to the

registered attorney(s) of record that the document has been filed and is available for viewing and

downloading.

I further certify that on October 9, 2014, the attached document was Electronically

Mailed to the following person(s):

Sean T. O'Kelly
O'Kelly Ernst & Bielli, LLC
901 N. Market St., Suite 1000
Wilmington, Delaware 19801
sokelly@oeblegal.com

Robert J. Kenney
Quentin R. Corrie
Michael T. Smith
Wilford W. Cowart
John D.V. Ferman
Birch, Stewart, Kolasch & Birch, LLP
8110 Gatehouse Road, Suite 100 East
Falls Church, VA 22040-0747
rjk@bskb.com
qrc@bskb.com
Michael.T.Smith@bskb.com
wwc@bskb.com
jferman@bskb.com
mailroom@bskb.com

By:  <u>*/s/ David E. Moore*</u>
     Richard L. Horwitz
     David E. Moore
     Bindu A. Palapura
     POTTER ANDERSON & CORROON LLP
     Tel:  (302) 984-6000
     rhorwitz@potteranderson.com
     dmoore@potteranderson.com
     bpalapura@potteranderson.com

1062777 / 39026