# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ROBERT BOSCH LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.  12-574-LPS |
| | ) | (consolidated) |
| ALBEREE PRODUCTS, INC., | ) | |
| API KOREA CO., LTD., and | ) | **JURY TRIAL DEMANDED** |
| SAVER AUTOMOTIVE PRODUCTS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## SECOND AMENDED COMPLAINT

Plaintiff Robert Bosch LLC ("Plaintiff"), through its attorneys, for its second amended

complaint against defendants Alberee Products, Inc. ("Alberee"), API Korea Co., Ltd. ("API"),

and Saver Automotive Products, Inc. ("Saver"), and for its amended complaint against Costco

Wholesale Corporation ("Costco Wholesale") (collectively, "Defendants"), avers as follows:

1.      This complaint is filed in a consolidated civil action that includes C.A. Nos. 12-

574-LPS and 14-142-LPS.

2.      This action arises under the patent laws of the United States, Title 35 of the

United States Code (for example, §§ 271, 281, 283, 284 and 285) as hereinafter more fully set

forth.  This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. §§

1331 and 1338(a).

## DEFENDANTS AND ACCUSED PRODUCTS

3.      Alberee is a corporation organized under the laws of the state of Maryland with a

place of business at 4665 Hollins Ferry Road, Halethorpe, Maryland.

4.      API is a corporation organized under the laws of Korea with a place of business at

435-3, Nonhyeon-Dong, NamDong-Gu, Incheon, Korea, 405-848.

5.      Saver is a corporation organized under the laws of the state of Maryland with a place of business at 4665 Hollins Ferry Road, Halethorpe, Maryland.

6.      Costco Wholesale is a corporation organized under the laws of the state of Washington with a principal place of business at 999 Lake Drive, Issaquah, WA 98027.

7.      Alberee and Saver have held themselves out as related companies.

8.      The facility at 4665 Hollins Ferry Road, Halethorpe, Maryland, where Saver has a place of business, is owned by a company named Alberee Real Estate LLC.

9.      The owner of Alberee is associated with Saver.

10.     Alberee and Saver supply large quantities of wiper blades in the United States.

11.     On information and belief, Alberee assembles, makes, offers for sale, and sells in the United States automobile windshield wiper blades using components supplied by API.

12.     On information and belief, Saver assembles, makes, offers for sale, and sells in the United States automobile windshield wiper blades assembled by Alberee and Saver using components supplied by API.  Such windshield wiper blades are or have been sold under the brand names including the Goodyear Assurance, the Saver Arc Flex Ultra, the Touring Ultra, the Saver Arc Flex Premium, the Saver Omega Flex (the "Accused Beam Products"); and the Goodyear Hybrid (collectively, the "Accused Products").

13.     On information and belief, Saver has offered for sale and sold, and offers for sale and sells, to retail stores in the United States the Accused Products, which retail stores sell the Accused Products to end user customers for use on vehicles.

14.     The Accused Products have been, and are, offered for sale in the United States on the internet, including on the Amazon.com website.

15.     The Goodyear Assurance wiper blades have been sold and/or are still being sold at a Costco Wholesale store located at 900 Center Boulevard, Newark, Delaware, and at the Costco Wholesale stores throughout the United States.  On information and belief, the Goodyear Hybrid wiper blades have been sold and are being sold at the Costco Wholesale stores throughout the United States.

16.     Saver has been and is the exclusive seller of the Goodyear Assurance wiper blade product to the Costco Wholesale retail chain in the United States.  On information and belief, Saver has been and is the exclusive seller of the Goodyear Hybrid wiper blades to the Costco Wholesale retail chain in the United States.

17.     On information and belief, at least the Goodyear Assurance and Goodyear Hybrid wiper blades have arrived in the state of Delaware through Saver's purposeful shipment of the products through an established distribution channel, at least through Saver's sale of the products to Costco Wholesale, a retailer with hundreds of locations nationwide.

18.     On information and belief, Alberee, as a company working jointly with Saver on the distribution of the Accused Products, is aware of and encourages Saver's shipment of the Accused Products nationwide through an established distribution channel.

19.     On information and belief, API, as a company that worked jointly with Alberee on the design and development of the Accused Products, has knowledge and intends that Alberee and Saver sell throughout the United States the Accused Products containing components supplied by API.

20.     U.S. Patent No. 8,037,568 ("the '568 patent") for a "Windshield Wiper Assembly" names the owner of Alberee and the owner of API as co-inventors, and is assigned on

its face to Alberee. The '568 patent on its face claims priority to a Korean patent application, for which records from the Korean patent office identify API as the applicant.

21. API manufactures a large number of Accused Products supplied to the United States.

## COUNT ONE – INFRINGEMENT OF U.S. PATENT NO. 6,523,218

22. The allegations stated in paragraphs 2 through 21 of this Second Amended Complaint are incorporated by reference as if set forth herein.

23. On February 25, 2003, United States Patent No. 6,523,218 ("the '218 patent," attached as Exhibit A) was duly and legally issued for an invention in a windshield wiper blade. Plaintiff is the owner of the '218 patent.

24. Alberee has infringed and is still infringing the '218 patent directly under 35 U.S.C. § 271(a) by making, selling, and offering for sale in the United States the Accused Beam Products, and will continue to do so unless enjoined by this Court.

25. Saver has infringed and is still infringing the '218 patent directly under 35 U.S.C. § 271(a) by making, selling, and offering for sale in the United States the Accused Beam Products, and will continue to do so unless enjoined by this Court.

26. Retail stores, including Costco Wholesale, have infringed and/or are still infringing the '218 patent directly under 35 U.S.C. § 271(a) by selling and offering for sale in the United States the Accused Beam Products.

27. End users have infringed and are still infringing the '218 patent directly under 35 U.S.C. § 271(a) by using in the United States the Accused Beam Products, including as windshield wiper blades on vehicles.

28.     On information and belief, API manufactures and imports into the United States components of the Accused Beam Products, including spring elastic support elements.

29.     The components manufactured and imported by API are material components of the invention of the '218 patent, at least because, on information and belief, the spring elastic support elements provided by API constitute a significant part of the final assembly of each Accused Product.

30.     The components manufactured and imported by API are not staple articles or commodities of commerce and have no substantial non-infringing uses, at least because, on information and belief, the spring elastic support elements are designed specifically for use in the Accused Beam Products and have no other intended uses.

31.     API has had knowledge that the Accused Beam Products, for which the components API manufactures and imports are especially made or adapted, infringe the '218 patent since at least October 11, 2011, from a letter sent from Plaintiff's counsel to API.  API has had knowledge as to how the Accused Beam Products infringe the '218 patent since at least on or about November 22, 2011, when the U.S. International Trade Commission ("the ITC") served API with Plaintiff's complaint ("the ITC Complaint") in *In the Matter of Certain Wiper Blades*, 337-TA-816 ("the ITC Investigation"), which included a claim chart demonstrating how the Goodyear Assurance blade infringes the '218 patent.  API has had additional knowledge as to how the Accused Beam Products infringe the '218 patent since at least April 26, 2012, when Plaintiff served on API's counsel infringement contentions in the ITC Investigation including a claim chart demonstrating how the Goodyear Assurance and the Arc Flex Ultra wiper blades infringe the '218 patent.  API has had additional knowledge as to how the Accused Beam

Products infringe the '218 patent since at least January 15, 2013, when API's counsel received from Plaintiff's counsel a letter describing such infringement.

32.     API therefore is a contributory infringer of the '218 patent under 35 U.S.C. § 271(c) with respect to Alberee's direct infringement and Saver's direct infringement of the '218 patent, and will continue to infringe unless enjoined by this Court.  API also is a contributory infringer of the '218 patent under 35 U.S.C. § 271(c) with respect to the direct infringement of the '218 patent by retailers who sell and offer for sale the Accused Beam Products and the direct infringement of the '218 patent by end users who use the Accused Beam Products, and will continue to infringe unless enjoined by this Court.

33.     On information and belief, API has purposefully caused, encouraged, and urged Alberee and Saver to make, sell, and offer for sale the Accused Beam Products in the United States with the knowledge and intent that such activities would directly infringe the '218 patent, and intended Alberee and Saver to carry out such activities.  API has had such knowledge and intent at least since receiving, on or about November 22, 2011, the infringement claim chart included in the ITC Complaint, receiving, on April 26, 2012, the infringement claim chart included with Plaintiff's infringement contentions in the ITC Investigation, and receiving through its counsel, on January 15, 2013, a letter from Plaintiff's counsel describing its infringement.

34.     API therefore induces under 35 U.S.C. § 271(b) Alberee's direct infringement and Saver's direct infringement of the '218 patent, and will continue to do so unless enjoined by this Court.

35.     On information and belief, API has purposefully caused, encouraged, and urged retailers to offer for sale and sell, and end users to use, the Accused Beam Products in the United

States with the knowledge and intent that such activities would directly infringe the '218 patent, and intended retailers and end users to carry out such activities. API has had such knowledge and intent at least since receiving, on or about November 22, 2011, the infringement claim chart included in the ITC Complaint, receiving, on April 26, 2012, the infringement claim chart included with Plaintiff's infringement contentions in the ITC Investigation, and receiving, on January 15, 2013, a letter from Plaintiff's counsel providing notice of API's infringement. API has such intent because, on information and belief, it intends Alberee and Saver to sell the Accused Beam Products made with components supplied by API directly or indirectly to retailers, it intends that retailers sell in the United States the Accused Beam Products to end users, and it intends that end users in the United Sates use the Accused Beam Products as wiper blades on vehicles.

36. API therefore induces under 35 U.S.C. § 271(b) the direct infringement of retailers of the '218 patent and the direct infringement of end users of the '218 patent, and will continue to do so unless enjoined by this Court.

37. Alberee and Saver each has had knowledge that the Accused Beam Products infringe the '218 patent since at least January 26, 2011 from a letter sent from Plaintiff's counsel to Alberee/Saver's counsel. Alberee and Saver each has had knowledge as to how the Accused Beam Products infringe the '218 patent since at least February 16, 2011, from correspondence sent from Plaintiff's counsel to Alberee/Saver's counsel which included a claim chart showing how the Goodyear Assurance blade infringes the '218 patent. Alberee and Saver each has had additional knowledge of how the Accused Beam Products infringe the '218 patent since at least on or about November 22, 2011, when the ITC served Alberee/Saver with the ITC Complaint, which included a claim chart demonstrating how the Goodyear Assurance blade infringes the

'218 patent. Alberee and Saver each has had additional knowledge as to how the Accused Beam Products infringe the '218 patent since at least April 26, 2012, when Plaintiff's counsel served on Alberee/Saver's counsel infringement contentions in the ITC Investigation including a claim chart demonstrating how the Goodyear Assurance and the Arc Flex Ultra wiper blades infringe the '218 patent. Alberee and Saver each has had additional knowledge as to how the Accused Beam Products infringe the '218 patent since at least January 15, 2013, when Alberee's and Saver's counsel received from Plaintiff's counsel a letter describing such infringement.

38.     Costco Wholesale has had knowledge that the Goodyear Assurance Products infringe the '218 patent since at least May 30, 2012, when Bosch notified Costco Wholesale of such infringement.

39.     On information and belief, Alberee has purposefully caused, encouraged, and urged Saver to sell and offer for sale the Accused Beam Products in the United States with the knowledge and intent that such activities would directly infringe the '218 patent, and intended Saver to carry out such activities. Alberee has had such knowledge and intent at least since receiving the infringement allegations stated in the infringement claim chart sent from Plaintiff's counsel to Alberee/Saver's counsel on February 16, 2011, receiving the infringement claim chart included in the ITC Complaint on or about November 22, 2011, receiving the infringement claim chart included with Plaintiff's infringement contentions in the ITC Investigation on April 26, 2012, and receiving through its counsel a letter from Plaintiff's counsel describing Alberee's infringement on January 15, 2013. Alberee further has such knowledge and intent because, on information and belief, Alberee and Saver work together in distributing the Accused Beam Products and because Alberee intends that the Accused Beam Products it sells to Saver are offered for sale and sold to third parties.

40.     Alberee therefore induces under 35 U.S.C. § 271(b) Saver's direct infringement of the '218 patent, and will continue to do so unless enjoined by this Court.

41.     On information and belief, Alberee and Saver each has knowledge that retailers directly infringe the '218 patent by selling and offering for sale in the United States the Accused Beam Products, and that end users directly infringe the '218 patent by using in the United States the Accused Beam Products as wiper blades for their vehicles, at least since receiving the infringement allegations stated in the infringement claim chart sent from Plaintiff's counsel to Alberee/Saver's counsel on February 16, 2011, receiving the infringement claim chart included in the ITC Complaint on or about November 22, 2011, receiving the infringement claim chart included with Plaintiff's infringement contentions in the ITC Investigation on April 26, 2012, and receiving through their counsel a letter sent by Plaintiff's counsel describing Alberee's and Saver's infringement on January 15, 2013.

42.     On information and belief, Costco Wholesale has knowledge that end users directly infringe the '218 patent by using in the United States the Goodyear Assurance Products as wiper blades for their vehicles, at least since receiving the notice of infringement from Bosch on May 30, 2012.

43.     On information and belief, by advertising the infringing use in their promotional materials, by providing an application guide on their website and in stores that sell the Accused Beam Products showing the infringing use, and by including installation instructions with the Accused Beam Products that show the end users of the Accused Beam Products how to install the same on the wiper arms on their vehicles, Alberee and Saver each has purposefully caused, encouraged, and urged end users to use the Accused Beam Products, with the knowledge and intent that such activities would directly infringe the '218 patent, and intend end users to carry

out such activities. Alberee and Saver each know or should know that end users use in the United States the Accused Beam Products because Alberee and Saver distribute the products to retailers for resale to end users for this purpose.

44. On information and belief, by advertising the infringing use in their promotional materials, and by providing application guides in their stores that sell the Goodyear Assurance Products showing the infringing use, Costco Wholesale has purposefully caused, encouraged, and urged end users to use the Goodyear Assurance Products, with the knowledge and intent that such activities would directly infringe the '218 patent, and intend end users to carry out such activities. Costco Wholesale knows or should know that end users use the Goodyear Assurance Products in the United States as wiper blades on vehicles because it sells these products to end users for this purpose.

45. Alberee, Saver, and Costco Wholesale therefore each induce under 35 U.S.C. § 271(b) the direct infringement of the '218 patent by end users of the Accused Beam Products including Goodyear Assurance products, and will continue to do so unless enjoined by this Court.

46. On information and belief, Alberee and Saver each has purposefully caused, encouraged, and urged retailers to offer for sale and sell the Accused Beam Products, with the knowledge and intent that such activities would directly infringe the '218 patent, and intend retailers to carry out such activities. Alberee and Saver know or should know that retailers offer for sale and sell in the United States the Accused Beam Products because Alberee and Saver distribute the products to retailers for resale to end users.

47. Alberee and Saver therefore each induce under 35 U.S.C. § 271(b) retailers' direct infringement of the '218 patent, and will continue to do so unless enjoined by this Court.

48.     Plaintiff has no adequate remedy at law against Defendants' infringement of the '218 patent and, unless Defendants are enjoined from their infringement, Plaintiff will suffer irreparable harm.

49.     Defendants have had knowledge of the '218 patent and yet have continued to infringe despite an objectively high likelihood that their actions constituted infringement of the '218 patent.  The risk of infringement was either known to Defendants, or so obvious it should have been known to them.  Therefore, Defendants' infringement has been and continues to be willful and deliberate.

50.     As a result of Defendants' infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

## COUNT TWO – INFRINGEMENT OF U.S. PATENT NO. 6,530,111

51.     The allegations stated in paragraphs 2 through 21 of this Second Amended Complaint are incorporated by reference as if set forth herein.

52.     On March 11, 2003, United States Patent No. 6,530,111 ("the '111 patent," attached as Exhibit B) was duly and legally issued for an invention in a windshield wiper apparatus.  Plaintiff is the owner of the '111 patent.

53.     End users have purchased or otherwise obtained the Accused Beam Products and, in the United States, combined the Accused Beam Products with "top lock" (or "pinch tab") wiper arms.  By doing so, the end users have infringed and are still infringing the '111 patent directly under 35 U.S.C. § 271(a) by using the invention claimed therein.

54.     Alberee makes, offers for sale, and sells in the United States the Accused Beam Products.

55.     Saver makes, offers for sale, and sells in the United States the Accused Beam Products.

56.     Retail stores, including Costco Wholesale, sell and offer for sale to end users in the United States the Accused Beam Products.  On information and belief, Saver, with Alberee's knowledge and encouragement, ships the Accused Beam Products, directly or indirectly, to retailers through an established distribution channel.

57.     The Accused Beam Products include adapters that are intended, designed, made, and configured to be used only with a "top lock" wiper arm.

58.     The Accused Beam Products with the "top lock" adapters sold by Alberee, Saver, and retail stores, including Costco Wholesale, are not staple articles or commodities of commerce and have no substantial non-infringing uses, at least because, on information and belief, the Accused Beam Products with the "top lock" adapters are designed specifically for use with a "top lock" wiper arm and have no other intended use.

59.     Alberee and Saver each has had knowledge that combining the Accused Beam Products with a "top lock" wiper arm, for which the Accused Beam Products with the "top lock" adapters Alberee and Saver make, offer for sale, and sell are especially made or adapted, infringe the '111 patent since at least January 26, 2011 from a letter sent from Plaintiff's counsel to Alberee/Saver's counsel.  Alberee and Saver each has had knowledge as to how the Accused Beam Products combined with a "top lock" wiper arm infringe the '111 patent since at least February 16, 2011, from correspondence sent from Plaintiff's counsel to Alberee/Saver's counsel which included a claim chart showing how the Goodyear Assurance blade infringes the '111 patent.  Alberee and Saver each has had additional knowledge as to how the Accused Beam Products combined with a "top lock" wiper arm infringe the '111 patent since at least January

15, 2013, when Alberee's and Saver's counsel received a letter sent by Plaintiff's counsel describing such infringement.

60.     Costco Wholesale has had knowledge that combining the Goodyear Assurance Products with a "top lock" wiper arm, for which the Goodyear Assurance Products with the "top lock" adapters that Costco Wholesale offers for sale and sells are especially made or adapted, infringes the '111 patent since at least May 30, 2012, when Bosch notified Costco Wholesale of such infringement.

61.     On information and belief, by advertising the infringing use in their promotional materials, by providing an application guide on their website and in stores that sell the Accused Beam Products showing that the products can be used with vehicles equipped with "top lock" wiper arms, and by including installation instructions with the Accused Beam Products that show the end users of the Accused Beam Products how to install the same on a "top lock" wiper arm, Alberee and Saver have purposefully caused, encouraged, and urged end users to combine the Accused Beam Products with "top lock" wiper arms, with the knowledge and intent that such activities would infringe the '111 patent, and intend users to carry out such activities. Alberee and Saver know or should know that end users use in the United States the Accused Beam Products with "top lock" wiper arms because Alberee and Saver distribute the products to retailers for resale to end users to be used for this purpose.

62.     On information and belief, by advertising the infringing use in their promotional materials, and by providing application guides in their stores that sell the Goodyear Assurance Products showing how these products can be used with vehicles equipped with "top lock" wiper arms, Costco Wholesale has purposefully caused, encouraged, and urged end users to combine the Goodyear Assurance Products with "top lock" wiper arms, with the knowledge and intent

that such activities would directly infringe the '111 patent, and intend users to carry out such activities. Costco Wholesale knows or should know that end users use the Goodyear Assurance Products with "top lock" wiper arms in the United States because it sells these products to end users for this purpose.

63. Alberee, Saver, and Costco Wholesale therefore each induce under 35 U.S.C. § 271(b) direct infringement of the '111 patent by end users of the Accused Beam Products including Goodyear Assurance products, and will continue to infringe unless enjoined by this Court. Alberee, Saver, and Costco Wholesale also therefore each is a contributory infringer of the '111 patent under 35 U.S.C. § 271(c) with respect to direct infringement of the '111 patent by end users of the Accused Beam Products including Goodyear Assurance products, and will continue to infringe unless enjoined by this Court.

64. Plaintiff has no adequate remedy at law against Alberee's, Saver's, and Costco Wholesale's infringement of the '111 patent and, unless they are enjoined from their infringement of the '111 patent, Plaintiff will suffer irreparable harm.

65. Alberee, Saver, and Costco Wholesale have had knowledge of the '111 patent and yet have continued to infringe despite an objectively high likelihood that their actions constituted infringement of the '111 patent. The risk of infringement was either known to Alberee, Saver, and Costco Wholesale, or so obvious it should have been known to them. Therefore, Alberee's, Saver's, and Costco Wholesale's infringement has been and continues to be willful and deliberate.

66. As a result of Alberee's, Saver's, and Costco Wholesale's infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

## COUNT THREE – INFRINGEMENT OF U.S. PATENT NO. 6,553,607

67. The allegations stated in paragraphs 2 through 21 of this Second Amended Complaint are incorporated by reference as if set forth herein.

68. On April 29, 2003, United States Patent No. 6,553,607 ("the '607 patent," attached as Exhibit C) was duly and legally issued for an invention in a windshield wiper blade. Plaintiff is the owner of the '607 patent.

69. End users have purchased or otherwise obtained the Accused Products and, in the United States, combined the Accused Products with "side lock" ("side pin" 22 mm) wiper arms. By doing so, the end users have infringed and are still infringing the '607 patent directly under 35 U.S.C. § 271(a) by using the invention claimed therein.

70. Alberee makes, offers for sale, and sells in the United States the Accused Products.

71. Saver makes, offers for sale, and sells in the United States the Accused Products.

72. Retail stores, including Costco Wholesale, sell and offer for sale to end users in the United States the Accused Products. On information and belief, Saver, with Alberee's knowledge and encouragement, ships the Accused Products, directly or indirectly, to retailers through an established distribution channel.

73. The Accused Products include adapters that are intended, designed, made, and configured to be used only with a "side lock" wiper arm.

74. The Accused Products with the "side lock" adapters sold by Alberee, Saver, and retail stores, including Costco Wholesale, are not staple articles or commodities of commerce and have no substantial non-infringing uses, at least because, on information and belief, the

Accused Products with the "side lock" adapters are designed specifically for use with a "side lock" wiper arm and have no other intended use.

75.     Alberee and Saver each has had knowledge that combining the Accused Beam Products with a "side lock" wiper arm, for which the Accused Beam Products with the "side lock" adapters Alberee and Saver make, offer for sale, and sell are especially made or adapted, infringe the '607 patent since at least January 26, 2011 from a letter sent from Plaintiff's counsel to Alberee/Saver's counsel.  Alberee and Saver each has had knowledge as to how the Accused Beam Products combined with a "side lock" wiper arm infringe the '607 patent since at least February 16, 2011, from correspondence sent from Plaintiff's counsel to Alberee/Saver's counsel which included a claim chart showing how the Goodyear Assurance blade infringes the '607 patent.  Alberee and Saver each has had additional knowledge of how the Accused Beam Products combined with a "side lock" wiper arm infringe the '607 patent since at least on or about November 22, 2011, when the ITC served Alberee/Saver with the ITC Complaint, which included a claim chart demonstrating how the Goodyear Assurance blade infringes the '607 patent.  Alberee and Saver each has had additional knowledge as to how the Accused Beam Products combined with a "side lock" wiper arm infringe the '607 patent since at least April 26, 2012, when Plaintiff's counsel served on Alberee/Saver's counsel infringement contentions in the ITC Investigation including a claim chart demonstrating how the Goodyear Assurance and the Arc Flex Ultra wiper blades infringe the '607 patent.  Alberee and Saver each has had additional knowledge as to how the Accused Beam Products combined with a "side lock" wiper arm infringe the '607 patent since at least January 15, 2013, when Alberee's and Saver's counsel received a letter sent by Plaintiff's counsel describing such infringement.

76.     Costco Wholesale has had knowledge that combining the Goodyear Assurance Products with a "side lock" wiper arm, for which the Goodyear Assurance Products with the "side lock" adapters that Costco Wholesale offers for sale and sells are especially made or adapted, infringes the '607 patent since at least May 30, 2012, when Bosch notified Costco Wholesale of such infringement.

77.     Each Defendant has had knowledge that combining the Goodyear Hybrid wiper blades with a "side lock" wiper arm, for which the Goodyear Hybrid wiper blades with the "side lock" adapters Alberee and Saver make, offer for sale, and sell are especially made or adapted, infringe the '607 patent since at least October 22, 2014 from a notice sent by Plaintiff's counsel to Defendants' counsel.

78.     On information and belief, by advertising the infringing use in their promotional materials, by providing an application guide on their website and in stores that sell the Accused Products showing that the products can be used with vehicles equipped with "side lock" wiper arms, and by including installation instructions with the Accused Products that show the end users of the Accused Products how to install the same on a "side lock" wiper arm, Alberee and Saver have purposefully caused, encouraged, and urged end users to combine the Accused Products with "side lock" wiper arms, with the knowledge and intent that such activities would infringe the '607 patent, and intend users to carry out such activities.  Alberee and Saver know or should know that end users use in the United States the Accused Products with "side lock" wiper arms because Alberee and Saver distribute the products to retailers for resale to end users to be used for this purpose.

79.     On information and belief, by advertising the infringing use in their promotional materials, and by providing application guides in their stores that sell the Goodyear Assurance

and Goodyear Hybrid wiper blades showing how these products can be used with vehicles equipped with "side lock" wiper arms, Costco Wholesale has purposefully caused, encouraged, and urged end users to combine the Goodyear Assurance and Goodyear Hybrid wiper blades with "side lock" wiper arms, with the knowledge and intent that such activities would directly infringe the '607 patent, and intend users to carry out such activities.  Costco Wholesale knows or should know that end users use the Goodyear Assurance and Goodyear Hybrid wiper blades with "side lock" wiper arms in the United States because it sells these products to end users for this purpose.

80.     Alberee, Saver, and Costco Wholesale therefore each induce under 35 U.S.C. § 271(b) direct infringement of the '607 patent by end users of the Accused Products including Goodyear Assurance and Goodyear Hybrid products, and will continue to infringe unless enjoined by this Court.  Alberee, Saver, and Costco Wholesale also therefore each is a contributory infringer of the '607 patent under 35 U.S.C. § 271(c) with respect to direct infringement of the '607 patent by end users of the Accused Products including Goodyear Assurance and Goodyear Hybrid products, and will continue to infringe unless enjoined by this Court.

81.     Plaintiff has no adequate remedy at law against Alberee's, Saver's, and Costco Wholesale's infringement of the '607 patent and, unless they are enjoined from their infringement of the '607 patent, Plaintiff will suffer irreparable harm.

82.     Alberee, Saver, and Costco Wholesale have had knowledge of the '607 patent and yet have continued to infringe despite an objectively high likelihood that their actions constituted infringement of the '607 patent.  The risk of infringement was either known to Alberee, Saver, and Costco Wholesale, or so obvious it should have been known to them.  Therefore, Alberee's,

Saver's, and Costco Wholesale's infringement has been and continues to be willful and deliberate.

83. As a result of Alberee's, Saver's, and Costco Wholesale's infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

## COUNT FOUR – INFRINGEMENT OF U.S. PATENT NO. 6,611,988

84. The allegations stated in paragraphs 2 through 21 of this Second Amended Complaint are incorporated by reference as if set forth herein.

85. On September 2, 2003, United States Patent No. 6,611,988 ("the '988 patent," attached as Exhibit D) was duly and legally issued for an invention in a windshield wiper blade. Plaintiff is the owner of the '988 patent.

86. Alberee has infringed and is still infringing the '988 patent directly under 35 U.S.C. § 271(a) by making, selling, and offering for sale in the United States the Accused Beam Products, and will continue to do so unless enjoined by this Court.

87. Saver has infringed and is still infringing the '988 patent directly under 35 U.S.C. § 271(a) by making, selling, and offering for sale in the United States the Accused Beam Products, and will continue to do so unless enjoined by this Court.

88. Retail stores, including Costco Wholesale, have infringed and/or are still infringing the '988 patent directly under 35 U.S.C. § 271(a) by selling and offering for sale in the United States the Accused Beam Products.

89. End users have infringed and are still infringing the '988 patent directly under 35 U.S.C. § 271(a) by using in the United States the Accused Beam Products, including as windshield wiper blades on vehicles.

90.     On information and belief, API manufactures and imports into the United States components of the Accused Beam Products, including spring elastic support elements.

91.     The components manufactured and imported by API are material components of the invention of the '988 patent, at least because, on information and belief, the spring elastic support elements provided by API constitute a significant part of the final assembly of each Accused Product.

92.     The components manufactured and imported by API are not staple articles or commodities of commerce and have no substantial non-infringing uses, at least because, on information and belief, the spring elastic support elements are designed specifically for use in the Accused Beam Products and have no other intended uses.

93.     API has had knowledge that the Accused Beam Products, for which the components API manufactures and imports are especially made or adapted, infringe the '988 patent since at least October 11, 2011, from a letter sent from Plaintiff's counsel to API.  API has had knowledge as to how the Accused Beam Products infringe the '988 patent since at least on or about November 22, 2011, when the ITC served API with the ITC Complaint, which included a claim chart demonstrating how the Goodyear Assurance blade infringes the '988 patent.  API has had additional knowledge as to how the Accused Beam Products infringe the '988 patent since at least April 26, 2012, when Plaintiff served on API's counsel infringement contentions in the ITC Investigation including a claim chart demonstrating how the Goodyear Assurance and the Arc Flex Ultra wiper blades infringe the '988 patent.  API has had additional knowledge as to how the Accused Beam Products infringe the '988 patent since at least January 15, 2013, when API's counsel received from Plaintiff's counsel a letter describing such infringement.

94. API therefore is a contributory infringer of the '988 patent under 35 U.S.C. § 271(c) with respect to Alberee's direct infringement and Saver's direct infringement of the '988 patent, and will continue to infringe unless enjoined by this Court. API also is a contributory infringer of the '988 patent under 35 U.S.C. § 271(c) with respect to the direct infringement of the '988 patent by retailers who sell and offer for sale the Accused Beam Products and the direct infringement of the '988 patent by end users who use the Accused Beam Products, and will continue to infringe unless enjoined by this Court.

95. On information and belief, API has purposefully caused, encouraged, and urged Alberee and Saver to make, sell, and offer for sale the Accused Beam Products in the United States with the knowledge and intent that such activities would directly infringe the '988 patent, and intended Alberee and Saver to carry out such activities. API has had such knowledge and intent at least since receiving, on or about November 22, 2011, the infringement claim chart included in the ITC Complaint, receiving, on April 26, 2012, the infringement claim chart included with Plaintiff's infringement contentions in the ITC Investigation, and receiving through its counsel, on January 15, 2013, a letter from Plaintiff's counsel describing its infringement.

96. API therefore induces under 35 U.S.C. § 271(b) Alberee's direct infringement and Saver's direct infringement of the '988 patent, and will continue to do so unless enjoined by this Court.

97. On information and belief, API has purposefully caused, encouraged, and urged retailers to offer for sale and sell, and end users to use, the Accused Beam Products in the United States with the knowledge and intent that such activities would directly infringe the '988 patent, and intended retailers and end users to carry out such activities. API has had such knowledge

and intent at least since receiving, on or about November 22, 2011, the infringement claim chart included in the ITC Complaint, receiving, on April 26, 2012, the infringement claim chart included with Plaintiff's infringement contentions in the ITC Investigation, and receiving, on January 15, 2013, a letter from Plaintiff's counsel providing notice of API's infringement. API has such intent because, on information and belief, it intends Alberee and Saver to sell the Accused Beam Products made with components supplied by API directly or indirectly to retailers, it intends that retailers sell in the United States the Accused Beam Products to end users, and it intends that end users in the United Sates use the Accused Beam Products as wiper blades on vehicles.

98.     API therefore induces under 35 U.S.C. § 271(b) the direct infringement of retailers of the '988 patent and the direct infringement of end users of the '988 patent, and will continue to do so unless enjoined by this Court.

99.     Alberee and Saver each has had knowledge as to how the Accused Beam Products infringe the '988 patent, and the patent itself, since at least February 16, 2011, from correspondence sent from Plaintiff's counsel to Alberee/Saver's counsel which included a claim chart showing how the Goodyear Assurance blade infringes the '988 patent. Alberee and Saver each has had additional knowledge of how the Accused Beam Products infringe the '988 patent since at least on or about November 22, 2011, when the ITC served Alberee/Saver with the ITC Complaint, which included a claim chart demonstrating how the Goodyear Assurance blade infringes the '988 patent. Alberee and Saver each has had additional knowledge as to how the Accused Beam Products infringe the '988 patent since at least April 26, 2012, when Plaintiff's counsel served on Alberee/Saver's counsel infringement contentions in the ITC Investigation including a claim chart demonstrating how the Goodyear Assurance and the Arc Flex Ultra wiper

blades infringe the '988 patent. Alberee and Saver each has had additional knowledge as to how the Accused Beam Products infringe the '988 patent since at least January 15, 2013, when Alberee's and Saver's counsel received from Plaintiff's counsel a letter describing such infringement.

100.    Costco Wholesale has had knowledge that the Goodyear Assurance Products infringe the '988 patent since at least May 30, 2012, when Bosch notified Costco Wholesale of such infringement.

101.    On information and belief, Alberee has purposefully caused, encouraged, and urged Saver to sell and offer for sale the Accused Beam Products in the United States with the knowledge and intent that such activities would directly infringe the '988 patent, and intended Saver to carry out such activities. Alberee has had such knowledge and intent at least since receiving the infringement allegations stated in the infringement claim chart sent from Plaintiff's counsel to Alberee/Saver's counsel on February 16, 2011, receiving the infringement claim chart included in the ITC Complaint on or about November 22, 2011, receiving the infringement claim chart included with Plaintiff's infringement contentions in the ITC Investigation on April 26, 2012, and receiving through its counsel a letter from Plaintiff's counsel describing Alberee's infringement on January 15, 2013. Alberee further has such knowledge and intent because, on information and belief, Alberee and Saver work together in distributing the Accused Beam Products and because Alberee intends that the Accused Beam Products it sells to Saver are offered for sale and sold to third parties.

102.    Alberee therefore induces under 35 U.S.C. § 271(b) Saver's direct infringement of the '988 patent, and will continue to do so unless enjoined by this Court.

103.     On information and belief, Alberee and Saver each has knowledge that retailers directly infringe the '988 patent by selling and offering for sale in the United States the Accused Beam Products, and that end users directly infringe the '988 patent by using in the United States the Accused Beam Products as wiper blades for their vehicles, at least since receiving the infringement allegations stated in the infringement claim chart sent from Plaintiff's counsel to Alberee/Saver's counsel on February 16, 2011, receiving the infringement claim chart included in the ITC Complaint on or about November 22, 2011, receiving the infringement claim chart included with Plaintiff's infringement contentions in the ITC Investigation on April 26, 2012, and receiving through their counsel a letter sent by Plaintiff's counsel describing Alberee's and Saver's infringement on January 15, 2013.

104.     On information and belief, Costco Wholesale has knowledge that end users directly infringe the '988 patent by using in the United States the Goodyear Assurance Products as wiper blades for their vehicles, at least since receiving the notice of infringement from Bosch on May 30, 2012.

105.     On information and belief, by advertising the infringing use in their promotional materials, by providing an application guide on their website and in stores that sell the Accused Beam Products showing the infringing use, and by including installation instructions with the Accused Beam Products that show the end users of the Accused Beam Products how to install the same on the wiper arms on their vehicles, Alberee and Saver each has purposefully caused, encouraged, and urged end users to use the Accused Beam Products, with the knowledge and intent that such activities would directly infringe the '988 patent, and intend end users to carry out such activities.  Alberee and Saver each know or should know that end users use in the

United States the Accused Beam Products because Alberee and Saver distribute the products to retailers for resale to end users for this purpose.

106.    On information and belief, by advertising the infringing use in their promotional materials, and by providing application guides in their stores that sell the Goodyear Assurance Products showing the infringing use, Costco Wholesale has purposefully caused, encouraged, and urged end users to use the Goodyear Assurance Products, with the knowledge and intent that such activities would directly infringe the '988 patent, and intend end users to carry out such activities. Costco Wholesale knows or should know that end users use the Goodyear Assurance Products in the United States as wiper blades on vehicles because it sells these products to end users for this purpose.

107.    Alberee, Saver, and Costco Wholesale therefore each induce under 35 U.S.C. § 271(b) the direct infringement of the '988 patent by end users of the Accused Beam Products including Goodyear Assurance products, and will continue to do so unless enjoined by this Court.

108.    On information and belief, Alberee and Saver each has purposefully caused, encouraged, and urged retailers to offer for sale and sell the Accused Beam Products, with the knowledge and intent that such activities would directly infringe the '988 patent, and intend retailers to carry out such activities. Alberee and Saver know or should know that retailers offer for sale and sell in the United States the Accused Beam Products because Alberee and Saver distribute the products to retailers for resale to end users.

109.    Alberee and Saver therefore each induce under 35 U.S.C. § 271(b) retailers' direct infringement of the '988 patent, and will continue to do so unless enjoined by this Court.

110.   Plaintiff has no adequate remedy at law against Defendants' infringement of the '988 patent and, unless Defendants are enjoined from their infringement, Plaintiff will suffer irreparable harm.

111.   Defendants have had knowledge of the '988 patent and yet have continued to infringe despite an objectively high likelihood that their actions constituted infringement of the '988 patent.  The risk of infringement was either known to Defendants, or so obvious it should have been known to them.  Therefore, Defendants' infringement has been and continues to be willful and deliberate.

112.   As a result of Defendants' infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

## COUNT FIVE – INFRINGEMENT OF U.S. PATENT NO. 6,675,434

113.   The allegations stated in paragraphs 2 through 21 of this Second Amended Complaint are incorporated by reference as if set forth herein.

114.   On January 13, 2004, United States Patent No. 6,675,434 ("the '434 patent," attached as Exhibit E) was duly and legally issued for an invention in a windshield wiper blade. Plaintiff is the owner of the '434 patent.

115.   Alberee has infringed and is still infringing the '434 patent directly under 35 U.S.C. § 271(a) by making, selling, and offering for sale in the United States the Accused Beam Products, and will continue to do so unless enjoined by this Court.

116.   Saver has infringed and is still infringing the '434 patent directly under 35 U.S.C. § 271(a) by making, selling, and offering for sale in the United States the Accused Beam Products, and will continue to do so unless enjoined by this Court.

117.     Retail stores, including Costco Wholesale, have infringed and/or are still infringing the '434 patent directly under 35 U.S.C. § 271(a) by selling and offering for sale in the United States the Accused Beam Products.

118.     End users have infringed and are still infringing the '434 patent directly under 35 U.S.C. § 271(a) by using in the United States the Accused Beam Products, including as windshield wiper blades on vehicles.

119.     On information and belief, API manufactures and imports into the United States components of the Accused Beam Products, including spring elastic support elements.

120.     The components manufactured and imported by API are material components of the invention of the '434 patent, at least because, on information and belief, the spring elastic support elements provided by API constitute a significant part of the final assembly of each Accused Product.

121.     The components manufactured and imported by API are not staple articles or commodities of commerce and have no substantial non-infringing uses, at least because, on information and belief, the spring elastic support elements are designed specifically for use in the Accused Beam Products and have no other intended uses.

122.     API has had knowledge that the Accused Beam Products, for which the components API manufactures and imports are especially made or adapted, infringe the '434 patent since at least October 11, 2011, from a letter sent from Plaintiff's counsel to API.  API has had knowledge as to how the Accused Beam Products infringe the '434 patent since at least on or about November 22, 2011, when the ITC served API with the ITC Complaint, which included a claim chart demonstrating how the Goodyear Assurance blade infringes the '434 patent.  API has had additional knowledge as to how the Accused Beam Products infringe the '434 patent

since at least April 26, 2012, when Plaintiff served on API's counsel infringement contentions in the ITC Investigation including a claim chart demonstrating how the Goodyear Assurance and the Arc Flex Ultra wiper blades infringe the '434 patent. API has had additional knowledge as to how the Accused Beam Products infringe the '434 patent since at least January 15, 2013, when API's counsel received from Plaintiff's counsel a letter describing such infringement.

123. API therefore is a contributory infringer of the '434 patent under 35 U.S.C. § 271(c) with respect to Alberee's direct infringement and Saver's direct infringement of the '434 patent, and will continue to infringe unless enjoined by this Court. API also is a contributory infringer of the '434 patent under 35 U.S.C. § 271(c) with respect to the direct infringement of the '434 patent by retailers who sell and offer for sale the Accused Beam Products and the direct infringement of the '434 patent by end users who use the Accused Beam Products, and will continue to infringe unless enjoined by this Court.

124. On information and belief, API has purposefully caused, encouraged, and urged Alberee and Saver to make, sell, and offer for sale the Accused Beam Products in the United States with the knowledge and intent that such activities would directly infringe the '434 patent, and intended Alberee and Saver to carry out such activities. API has had such knowledge and intent at least since receiving, on or about November 22, 2011, the infringement claim chart included in the ITC Complaint, receiving, on April 26, 2012, the infringement claim chart included with Plaintiff's infringement contentions in the ITC Investigation, and receiving through its counsel, on January 15, 2013, a letter from Plaintiff's counsel describing its infringement.

125. API therefore induces under 35 U.S.C. § 271(b) Alberee's direct infringement and Saver's direct infringement of the '434 patent, and will continue to do so unless enjoined by this Court.

126. On information and belief, API has purposefully caused, encouraged, and urged retailers to offer for sale and sell, and end users to use, the Accused Beam Products in the United States with the knowledge and intent that such activities would directly infringe the '434 patent, and intended retailers and end users to carry out such activities. API has had such knowledge and intent at least since receiving, on or about November 22, 2011, the infringement claim chart included in the ITC Complaint, receiving, on April 26, 2012, the infringement claim chart included with Plaintiff's infringement contentions in the ITC Investigation, and receiving, on January 15, 2013, a letter from Plaintiff's counsel providing notice of API's infringement. API has such intent because, on information and belief, it intends Alberee and Saver to sell the Accused Beam Products made with components supplied by API directly or indirectly to retailers, it intends that retailers sell in the United States the Accused Beam Products to end users, and it intends that end users in the United Sates use the Accused Beam Products as wiper blades on vehicles.

127. API therefore induces under 35 U.S.C. § 271(b) the direct infringement of retailers of the '434 patent and the direct infringement of end users of the '434 patent, and will continue to do so unless enjoined by this Court.

128. Alberee and Saver each has had knowledge that the Accused Beam Products infringe the '434 patent since at least January 26, 2011 from a letter sent from Plaintiff's counsel to Alberee/Saver's counsel. Alberee and Saver each has had knowledge as to how the Accused Beam Products infringe the '434 patent since at least February 16, 2011, from correspondence

sent from Plaintiff's counsel to Alberee/Saver's counsel which included a claim chart showing how the Goodyear Assurance blade infringes the '434 patent. Alberee and Saver each has had additional knowledge of how the Accused Beam Products infringe the '434 patent since at least on or about November 22, 2011, when the ITC served Alberee/Saver with the ITC Complaint, which included a claim chart demonstrating how the Goodyear Assurance blade infringes the '434 patent. Alberee and Saver each has had additional knowledge as to how the Accused Beam Products infringe the '434 patent since at least April 26, 2012, when Plaintiff's counsel served on Alberee/Saver's counsel infringement contentions in the ITC Investigation including a claim chart demonstrating how the Goodyear Assurance and the Arc Flex Ultra wiper blades infringe the '434 patent. Alberee and Saver each has had additional knowledge as to how the Accused Beam Products infringe the '434 patent since at least January 15, 2013, when Alberee's and Saver's counsel received from Plaintiff's counsel a letter describing such infringement.

129. Costco Wholesale has had knowledge that the Goodyear Assurance Products infringe the '434 patent since at least May 30, 2012, when Bosch notified Costco Wholesale of such infringement.

130. On information and belief, Alberee has purposefully caused, encouraged, and urged Saver to sell and offer for sale the Accused Beam Products in the United States with the knowledge and intent that such activities would directly infringe the '434 patent, and intended Saver to carry out such activities. Alberee has had such knowledge and intent at least since receiving the infringement allegations stated in the infringement claim chart sent from Plaintiff's counsel to Alberee/Saver's counsel on February 16, 2011, receiving the infringement claim chart included in the ITC Complaint on or about November 22, 2011, receiving the infringement claim chart included with Plaintiff's infringement contentions in the ITC Investigation on April 26,

2012, and receiving through its counsel a letter from Plaintiff's counsel describing Alberee's infringement on January 15, 2013. Alberee further has such knowledge and intent because, on information and belief, Alberee and Saver work together in distributing the Accused Beam Products and because Alberee intends that the Accused Beam Products it sells to Saver are offered for sale and sold to third parties.

131. Alberee therefore induces under 35 U.S.C. § 271(b) Saver's direct infringement of the '434 patent, and will continue to do so unless enjoined by this Court.

132. On information and belief, Alberee and Saver each has knowledge that retailers directly infringe the '434 patent by selling and offering for sale in the United States the Accused Beam Products, and that end users directly infringe the '434 patent by using in the United States the Accused Beam Products as wiper blades for their vehicles, at least since receiving the infringement allegations stated in the infringement claim chart sent from Plaintiff's counsel to Alberee/Saver's counsel on February 16, 2011, receiving the infringement claim chart included in the ITC Complaint on or about November 22, 2011, receiving the infringement claim chart included with Plaintiff's infringement contentions in the ITC Investigation on April 26, 2012, and receiving through their counsel a letter sent by Plaintiff's counsel describing Alberee's and Saver's infringement on January 15, 2013.

133. On information and belief, Costco Wholesale has knowledge that end users directly infringe the '434 patent by using in the United States the Goodyear Assurance Products as wiper blades for their vehicles, at least since receiving the notice of infringement from Bosch on May 30, 2012.

134. On information and belief, by advertising the infringing use in their promotional materials, by providing an application guide on their website and in stores that sell the Accused

Beam Products showing the infringing use, and by including installation instructions with the Accused Beam Products that show the end users of the Accused Beam Products how to install the same on the wiper arms on their vehicles, Alberee and Saver each has purposefully caused, encouraged, and urged end users to use the Accused Beam Products, with the knowledge and intent that such activities would directly infringe the '434 patent, and intend end users to carry out such activities. Alberee and Saver each know or should know that end users use in the United States the Accused Beam Products because Alberee and Saver distribute the products to retailers for resale to end users for this purpose.

135. On information and belief, by advertising the infringing use in their promotional materials, and by providing application guides in their stores that sell the Goodyear Assurance Products showing the infringing use, Costco Wholesale has purposefully caused, encouraged, and urged end users to use the Goodyear Assurance Products, with the knowledge and intent that such activities would directly infringe the '434 patent, and intend end users to carry out such activities. Costco Wholesale knows or should know that end users use the Goodyear Assurance Products in the United States as wiper blades on vehicles because it sells these products to end users for this purpose.

136. Alberee, Saver, and Costco Wholesale therefore each induce under 35 U.S.C. § 271(b) the direct infringement of the '434 patent by end users of the Accused Beam Products including Goodyear Assurance products, and will continue to do so unless enjoined by this Court.

137. On information and belief, Alberee and Saver each has purposefully caused, encouraged, and urged retailers to offer for sale and sell the Accused Beam Products, with the knowledge and intent that such activities would directly infringe the '434 patent, and intend

retailers to carry out such activities. Alberee and Saver know or should know that retailers offer for sale and sell in the United States the Accused Beam Products because Alberee and Saver distribute the products to retailers for resale to end users.

138.   Alberee and Saver therefore each induce under 35 U.S.C. § 271(b) retailers' direct infringement of the '434 patent, and will continue to do so unless enjoined by this Court.

139.   Plaintiff has no adequate remedy at law against Defendants' infringement of the '434 patent and, unless Defendants are enjoined from their infringement, Plaintiff will suffer irreparable harm.

140.   Defendants have had knowledge of the '434 patent and yet have continued to infringe despite an objectively high likelihood that their actions constituted infringement of the '434 patent. The risk of infringement was either known to Defendants, or so obvious it should have been known to them. Therefore, Defendants' infringement has been and continues to be willful and deliberate.

141.   As a result of Defendants' infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

**COUNT SIX – INFRINGEMENT OF U.S. PATENT NO. 6,836,926**

142.   The allegations stated in paragraphs 2 through 21 of this Second Amended Complaint are incorporated by reference as if set forth herein.

143.   On January 4, 2005, United States Patent No. 6,836,926 ("the '926 patent," attached as Exhibit F) was duly and legally issued for an invention in a windshield wiper blade. Plaintiff is the owner of the '926 patent.

144.    Alberee has infringed and is still infringing the '926 patent directly under 35 U.S.C. § 271(a) by making, selling, and offering for sale in the United States the Accused Products, and will continue to do so unless enjoined by this Court.

145.    Saver has infringed and is still infringing the '926 patent directly under 35 U.S.C. § 271(a) by making, selling, and offering for sale in the United States the Accused Products, and will continue to do so unless enjoined by this Court.

146.    Retail stores, including Costco Wholesale, have infringed and/or are still infringing the '926 patent directly under 35 U.S.C. § 271(a) by selling and offering for sale in the United States the Accused Products.

147.    End users have infringed and are still infringing the '926 patent directly under 35 U.S.C. § 271(a) by using in the United States the Accused Products, including as windshield wiper blades on vehicles.

148.    On information and belief, API manufactures and imports into the United States components of the Accused Products, including spring elastic support elements.

149.    The components manufactured and imported by API are material components of the invention of the '926 patent, at least because, on information and belief, the spring elastic support elements provided by API constitute a significant part of the final assembly of each Accused Product.

150.    The components manufactured and imported by API are not staple articles or commodities of commerce and have no substantial non-infringing uses, at least because, on information and belief, the spring elastic support elements are designed specifically for use in the Accused Products and have no other intended uses.

151.     API has had knowledge that the Accused Beam Products, for which the components API manufactures and imports are especially made or adapted, infringe the '926 patent since at least October 11, 2011, from a letter sent from Plaintiff's counsel to API.  API has had knowledge as to how the Accused Beam Products infringe the '926 patent since at least on or about November 22, 2011, when the ITC served API with the ITC Complaint, which included a claim chart demonstrating how the Goodyear Assurance blade infringes the '926 patent.  API has had additional knowledge as to how the Accused Beam Products infringe the '926 patent since at least April 26, 2012, when Plaintiff served on API's counsel infringement contentions in the ITC Investigation including a claim chart demonstrating how the Goodyear Assurance and the Arc Flex Ultra wiper blades infringe the '926 patent.  API has had additional knowledge as to how the Accused Beam Products infringe the '926 patent since at least January 15, 2013, when API's counsel received from Plaintiff's counsel a letter describing such infringement.  API has had knowledge that the Goodyear Hybrid wiper blades, for which the components API manufactures and imports are especially made or adapted, infringe the '926 patent since at least October 22, 2014 from a notice sent by Plaintiff's counsel to Defendants' counsel.

152.     API therefore is a contributory infringer of the '926 patent under 35 U.S.C. § 271(c) with respect to Alberee's direct infringement and Saver's direct infringement of the '926 patent, and will continue to infringe unless enjoined by this Court.  API also is a contributory infringer of the '926 patent under 35 U.S.C. § 271(c) with respect to the direct infringement of the '926 patent by retailers who sell and offer for sale the Accused Products and the direct infringement of the '926 patent by end users who use the Accused Products, and will continue to infringe unless enjoined by this Court.

153.    On information and belief, API has purposefully caused, encouraged, and urged Alberee and Saver to make, sell, and offer for sale the Accused Products in the United States with the knowledge and intent that such activities would directly infringe the '926 patent, and intended Alberee and Saver to carry out such activities.  API has had such knowledge and intent at least since receiving, on or about November 22, 2011, the infringement claim chart included in the ITC Complaint, receiving, on April 26, 2012, the infringement claim chart included with Plaintiff's infringement contentions in the ITC Investigation, receiving through its counsel, on January 15, 2013, a letter from Plaintiff's counsel describing its infringement, and receiving through its counsel, on October 22, 2014 a notice from Plaintiff's counsel describing its infringement with respect to the Goodyear Hybrid wiper blades.

154.    API therefore induces under 35 U.S.C. § 271(b) Alberee's direct infringement and Saver's direct infringement of the '926 patent, and will continue to do so unless enjoined by this Court.

155.    On information and belief, API has purposefully caused, encouraged, and urged retailers to offer for sale and sell, and end users to use, the Accused Products in the United States with the knowledge and intent that such activities would directly infringe the '926 patent, and intended retailers and end users to carry out such activities.  API has had such knowledge and intent at least since receiving, on or about November 22, 2011, the infringement claim chart included in the ITC Complaint, receiving, on April 26, 2012, the infringement claim chart included with Plaintiff's infringement contentions in the ITC Investigation, receiving, on January 15, 2013, a letter from Plaintiff's counsel providing notice of API's infringement, and receiving through its counsel, on October 22, 2014 a notice from Plaintiff's counsel describing its infringement with respect to the Goodyear Hybrid wiper blades.  API has such intent because, on

information and belief, it intends Alberee and Saver to sell the Accused Products made with components supplied by API directly or indirectly to retailers, it intends that retailers sell in the United States the Accused Products to end users, and it intends that end users in the United Sates use the Accused Products as wiper blades on vehicles.

156.    API therefore induces under 35 U.S.C. § 271(b) the direct infringement of retailers of the '926 patent and the direct infringement of end users of the '926 patent, and will continue to do so unless enjoined by this Court.

157.    Alberee and Saver each has had knowledge that the Accused Beam Products infringe the '926 patent since at least January 26, 2011 from a letter sent from Plaintiff's counsel to Alberee/Saver's counsel. Alberee and Saver each has had knowledge as to how the Accused Beam Products infringe the '926 patent since at least February 16, 2011, from correspondence sent from Plaintiff's counsel to Alberee/Saver's counsel which included a claim chart showing how the Goodyear Assurance blade infringes the '926 patent. Alberee and Saver each has had additional knowledge of how the Accused Beam Products infringe the '926 patent since at least on or about November 22, 2011, when the ITC served Alberee/Saver with the ITC Complaint, which included a claim chart demonstrating how the Goodyear Assurance blade infringes the '926 patent. Alberee and Saver each has had additional knowledge as to how the Accused Beam Products infringe the '926 patent since at least April 26, 2012, when Plaintiff's counsel served on Alberee/Saver's counsel infringement contentions in the ITC Investigation including a claim chart demonstrating how the Goodyear Assurance and the Arc Flex Ultra wiper blades infringe the '926 patent. Alberee and Saver each has had additional knowledge as to how the Accused Beam Products infringe the '926 patent since at least January 15, 2013, when Alberee's and Saver's counsel received from Plaintiff's counsel a letter describing such infringement.

158.    Costco Wholesale has had knowledge that the Goodyear Assurance Products infringe the '926 patent since at least May 30, 2012, when Bosch notified Costco Wholesale of such infringement.

159.    Alberee, Saver, and Costco Wholesale each has had knowledge that the Goodyear Hybrid wiper blades infringe the '926 patent since at least October 22, 2014 from a notice sent by Plaintiff's counsel to Defendants' counsel.

160.    On information and belief, Alberee has purposefully caused, encouraged, and urged Saver to sell and offer for sale the Accused Products in the United States with the knowledge and intent that such activities would directly infringe the '926 patent, and intended Saver to carry out such activities.  Alberee has had such knowledge and intent at least since receiving the infringement allegations stated in the infringement claim chart sent from Plaintiff's counsel to Alberee/Saver's counsel on February 16, 2011, receiving the infringement claim chart included in the ITC Complaint on or about November 22, 2011, receiving the infringement claim chart included with Plaintiff's infringement contentions in the ITC Investigation on April 26, 2012, receiving through its counsel a letter from Plaintiff's counsel describing Alberee's infringement on January 15, 2013, and receiving through its counsel a notice from Plaintiff's counsel describing Alberee's infringement with respect to the Goodyear Hybrid wiper blades on October 22, 2014.  Alberee further has such knowledge and intent because, on information and belief, Alberee and Saver work together in distributing the Accused Products and because Alberee intends that the Accused Products it sells to Saver are offered for sale and sold to third parties.

161.    Alberee therefore induces under 35 U.S.C. § 271(b) Saver's direct infringement of the '926 patent, and will continue to do so unless enjoined by this Court.

162.     On information and belief, Alberee and Saver each has knowledge that retailers directly infringe the '926 patent by selling and offering for sale in the United States the Accused Beam Products, and that end users directly infringe the '926 patent by using in the United States the Accused Beam Products as wiper blades for their vehicles, at least since receiving the infringement allegations stated in the infringement claim chart sent from Plaintiff's counsel to Alberee/Saver's counsel on February 16, 2011, receiving the infringement claim chart included in the ITC Complaint on or about November 22, 2011, receiving the infringement claim chart included with Plaintiff's infringement contentions in the ITC Investigation on April 26, 2012, and receiving through their counsel a letter sent by Plaintiff's counsel describing Alberee's and Saver's infringement on January 15, 2013.  On information and belief, Alberee and Saver each has knowledge that retailers directly infringe the '926 patent by selling and offering for sale in the United States the Goodyear Hybrid wiper blades, and that end users directly infringe the '926 patent by using in the United States the Goodyear Hybrid wiper blades on their vehicles, at least since receiving through its counsel a notice from Plaintiff's counsel on October 22, 2014.

163.     On information and belief, Costco Wholesale has knowledge that end users directly infringe the '926 patent by using in the United States the Goodyear Assurance Products as wiper blades for their vehicles, at least since receiving the notice of infringement from Bosch on May 30, 2012.  On information and belief, Costco Wholesale has had  knowledge that end users directly infringe the '926 patent by using in the United States the Goodyear Hybrid wiper blades on their vehicles, at least since receiving through its counsel a notice from Plaintiff's counsel on October 22, 2014.

164.     On information and belief, by advertising the infringing use in their promotional materials, by providing an application guide on their website and in stores that sell the Accused

Products showing the infringing use, and by including installation instructions with the Accused Products that show the end users of the Accused Products how to install the same on the wiper arms on their vehicles, Alberee and Saver each has purposefully caused, encouraged, and urged end users to use the Accused Products, with the knowledge and intent that such activities would directly infringe the '926 patent, and intend end users to carry out such activities. Alberee and Saver each know or should know that end users use in the United States the Accused Products because Alberee and Saver distribute the products to retailers for resale to end users for this purpose.

165. On information and belief, by advertising the infringing use in their promotional materials, and by providing application guides in their stores that sell the Goodyear Assurance and Goodyear Hybrid wiper blades showing the infringing use, Costco Wholesale has purposefully caused, encouraged, and urged end users to use the Goodyear Assurance and Goodyear Hybrid wiper blades, with the knowledge and intent that such activities would directly infringe the '926 patent, and intend end users to carry out such activities. Costco Wholesale knows or should know that end users use the Goodyear Assurance and Goodyear Hybrid wiper blades in the United States as wiper blades on vehicles because it sells these products to end users for this purpose.

166. Alberee, Saver, and Costco Wholesale therefore each induce under 35 U.S.C. § 271(b) the direct infringement of the '926 patent by end users of the Accused Products including Goodyear Assurance and Goodyear Hybrid products, and will continue to do so unless enjoined by this Court.

167. On information and belief, Alberee and Saver each has purposefully caused, encouraged, and urged retailers to offer for sale and sell the Accused Products, with the

knowledge and intent that such activities would directly infringe the '926 patent, and intend retailers to carry out such activities. Alberee and Saver know or should know that retailers offer for sale and sell in the United States the Accused Products because Alberee and Saver distribute the products to retailers for resale to end users.

168.     Alberee and Saver therefore each induce under 35 U.S.C. § 271(b) retailers' direct infringement of the '926 patent, and will continue to do so unless enjoined by this Court.

169.     Plaintiff has no adequate remedy at law against Defendants' infringement of the '926 patent and, unless Defendants are enjoined from their infringement, Plaintiff will suffer irreparable harm.

170.     Defendants have had knowledge of the '926 patent and yet have continued to infringe despite an objectively high likelihood that their actions constituted infringement of the '926 patent. The risk of infringement was either known to Defendants, or so obvious it should have been known to them. Therefore, Defendants' infringement has been and continues to be willful and deliberate.

171.     As a result of Defendants' infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

## COUNT SEVEN – INFRINGEMENT OF U.S. PATENT NO. 6,944,905

172.     The allegations stated in paragraphs 2 through 21 of this Second Amended Complaint are incorporated by reference as if set forth herein.

173.     On September 20, 2005, United States Patent No. 6,944,905 ("the '905 patent," attached as Exhibit G) was duly and legally issued for an invention in a windshield wiper blade. Plaintiff is the owner of the '905 patent.

174. Alberee has infringed and is still infringing the '905 patent directly under 35 U.S.C. § 271(a) by making, selling, and offering for sale in the United States the Accused Beam Products, and will continue to do so unless enjoined by this Court.

175. Saver has infringed and is still infringing the '905 patent directly under 35 U.S.C. § 271(a) by making, selling, and offering for sale in the United States the Accused Beam Products, and will continue to do so unless enjoined by this Court.

176. Retail stores, including Costco Wholesale, have infringed and/or are still infringing the '905 patent directly under 35 U.S.C. § 271(a) by selling and offering for sale in the United States the Accused Beam Products.

177. End users have infringed and are still infringing the '905 patent directly under 35 U.S.C. § 271(a) by using in the United States the Accused Beam Products, including windshield wiper blades on vehicles.

178. On information and belief, API manufactures and imports into the United States components of the Accused Beam Products, including spring elastic support elements.

179. The components manufactured and imported by API are material components of the invention of the '905 patent, at least because, on information and belief, the spring elastic support elements provided by API constitute a significant part of the final assembly of each Accused Product.

180. The components manufactured and imported by API are not staple articles or commodities of commerce and have no substantial non-infringing uses, at least because, on information and belief, the spring elastic support elements are designed specifically for use in the Accused Beam Products and have no other intended uses.

181. API has had knowledge that the Accused Beam Products, for which the components API manufactures and imports are especially made or adapted, infringe the '905 patent since at least October 11, 2011, from a letter sent from Plaintiff's counsel to API. API has had knowledge as to how the Accused Beam Products infringe the '905 patent since at least on or about November 22, 2011, when the ITC served API with the ITC Complaint, which included a claim chart demonstrating how the Goodyear Assurance blade infringes the '905 patent. API has had additional knowledge as to how the Accused Beam Products infringe the '905 patent since at least April 26, 2012, when Plaintiff served on API's counsel infringement contentions in the ITC Investigation including a claim chart demonstrating how the Goodyear Assurance and the Arc Flex Ultra wiper blades infringe the '905 patent. API has had additional knowledge as to how the Accused Beam Products infringe the '905 patent since at least January 15, 2013, when API's counsel received from Plaintiff's counsel a letter describing such infringement.

182. API therefore is a contributory infringer of the '905 patent under 35 U.S.C. § 271(c) with respect to Alberee's direct infringement and Saver's direct infringement of the '905 patent, and will continue to infringe unless enjoined by this Court. API also is a contributory infringer of the '905 patent under 35 U.S.C. § 271(c) with respect to the direct infringement of the '905 patent by retailers who sell and offer for sale the Accused Beam Products and the direct infringement of the '905 patent by end users who use the Accused Beam Products, and will continue to infringe unless enjoined by this Court.

183. On information and belief, API has purposefully caused, encouraged, and urged Alberee and Saver to make, sell, and offer for sale the Accused Beam Products in the United States with the knowledge and intent that such activities would directly infringe the '905 patent, and intended Alberee and Saver to carry out such activities. API has had such knowledge and

intent at least since receiving, on or about November 22, 2011, the infringement claim chart included in the ITC Complaint, receiving, on April 26, 2012, the infringement claim chart included with Plaintiff's infringement contentions in the ITC Investigation, and receiving through its counsel, on January 15, 2013, a letter from Plaintiff's counsel describing its infringement.

184.    API therefore induces under 35 U.S.C. § 271(b) Alberee's direct infringement and Saver's direct infringement of the '905 patent, and will continue to do so unless enjoined by this Court.

185.    On information and belief, API has purposefully caused, encouraged, and urged retailers to offer for sale and sell, and end users to use, the Accused Beam Products in the United States with the knowledge and intent that such activities would directly infringe the '905 patent, and intended retailers and end users to carry out such activities.  API has had such knowledge and intent at least since receiving, on or about November 22, 2011, the infringement claim chart included in the ITC Complaint, receiving, on April 26, 2012, the infringement claim chart included with Plaintiff's infringement contentions in the ITC Investigation, and receiving, on January 15, 2013, a letter from Plaintiff's counsel providing notice of API's infringement.  API has such intent because, on information and belief, it intends Alberee and Saver to sell the Accused Beam Products made with components supplied by API directly or indirectly to retailers, it intends that retailers sell in the United States the Accused Beam Products to end users, and it intends that end users in the United Sates use the Accused Beam Products as wiper blades on vehicles.

186.     API therefore induces under 35 U.S.C. § 271(b) the direct infringement of retailers of the '905 patent and the direct infringement of end users of the '905 patent, and will continue to do so unless enjoined by this Court.

187.     Alberee and Saver each has had knowledge that the Accused Beam Products infringe the '905 patent since at least January 26, 2011 from a letter sent from Plaintiff's counsel to Alberee/Saver's counsel.  Alberee and Saver each has had knowledge as to how the Accused Beam Products infringe the '905 patent since at least February 16, 2011, from correspondence sent from Plaintiff's counsel to Alberee/Saver's counsel which included a claim chart showing how the Goodyear Assurance blade infringes the '905 patent.  Alberee and Saver each has had additional knowledge of how the Accused Beam Products infringe the '905 patent since at least on or about November 22, 2011, when the ITC served Alberee/Saver with the ITC Complaint, which included a claim chart demonstrating how the Goodyear Assurance blade infringes the '905 patent.  Alberee and Saver each has had additional knowledge as to how the Accused Beam Products infringe the '905 patent since at least April 26, 2012, when Plaintiff's counsel served on Alberee/Saver's counsel infringement contentions in the ITC Investigation including a claim chart demonstrating how the Goodyear Assurance and the Arc Flex Ultra wiper blades infringe the '905 patent.  Alberee and Saver each has had additional knowledge as to how the Accused Beam Products infringe the '905 patent since at least January 15, 2013, when Alberee's and Saver's counsel received from Plaintiff's counsel a letter describing such infringement.

188.     Costco Wholesale has had knowledge that the Goodyear Assurance Products infringe the '905 patent since at least May 30, 2012, when Bosch notified Costco Wholesale of such infringement.

189.    On information and belief, Alberee has purposefully caused, encouraged, and urged Saver to sell and offer for sale the Accused Beam Products in the United States with the knowledge and intent that such activities would directly infringe the '905 patent, and intended Saver to carry out such activities.  Alberee has had such knowledge and intent at least since receiving the infringement allegations stated in the infringement claim chart sent from Plaintiff's counsel to Alberee/Saver's counsel on February 16, 2011, receiving the infringement claim chart included in the ITC Complaint on or about November 22, 2011, receiving the infringement claim chart included with Plaintiff's infringement contentions in the ITC Investigation on April 26, 2012, and receiving through its counsel a letter from Plaintiff's counsel describing Alberee's infringement on January 15, 2013.  Alberee further has such knowledge and intent because, on information and belief, Alberee and Saver work together in distributing the Accused Beam Products and because Alberee intends that the Accused Beam Products it sells to Saver are offered for sale and sold to third parties.

190.    Alberee therefore induces under 35 U.S.C. § 271(b) Saver's direct infringement of the '905 patent, and will continue to do so unless enjoined by this Court.

191.    On information and belief, Alberee and Saver each has knowledge that retailers directly infringe the '905 patent by selling and offering for sale in the United States the Accused Beam Products, and that end users directly infringe the '905 patent by using in the United States the Accused Beam Products as wiper blades for their vehicles, at least since receiving the infringement allegations stated in the infringement claim chart sent from Plaintiff's counsel to Alberee/Saver's counsel on February 16, 2011, receiving the infringement claim chart included in the ITC Complaint on or about November 22, 2011, receiving the infringement claim chart included with Plaintiff's infringement contentions in the ITC Investigation on April 26, 2012,

and receiving through their counsel a letter sent by Plaintiff's counsel describing Alberee's and Saver's infringement on January 15, 2013.

192.     On information and belief, Costco Wholesale has knowledge that end users directly infringe the '905 patent by using in the United States the Goodyear Assurance Products as wiper blades for their vehicles, at least since receiving the notice of infringement from Bosch on May 30, 2012.

193.     On information and belief, by advertising the infringing use in their promotional materials, by providing an application guide on their website and in stores that sell the Accused Beam Products showing the infringing use, and by including installation instructions with the Accused Beam Products that show the end users of the Accused Beam Products how to install the same on the wiper arms on their vehicles, Alberee and Saver each has purposefully caused, encouraged, and urged end users to use the Accused Beam Products, with the knowledge and intent that such activities would directly infringe the '905 patent, and intend end users to carry out such activities.  Alberee and Saver each know or should know that end users use in the United States the Accused Beam Products because Alberee and Saver distribute the products to retailers for resale to end users for this purpose.

194.     On information and belief, by advertising the infringing use in their promotional materials, and by providing application guides in their stores that sell the Goodyear Assurance Products showing the infringing use, Costco Wholesale has purposefully caused, encouraged, and urged end users to use the Goodyear Assurance Products, with the knowledge and intent that such activities would directly infringe the '905 patent, and intend end users to carry out such activities.  Costco Wholesale knows or should know that end users use the Goodyear Assurance

Products in the United States as wiper blades on vehicles because it sells these products to end users for this purpose.

195.     Alberee, Saver, and Costco Wholesale therefore each induce under 35 U.S.C. § 271(b) the direct infringement of the '905 patent by end users of the Accused Beam Products including Goodyear Assurance products, and will continue to do so unless enjoined by this Court.

196.     On information and belief, Alberee and Saver each has purposefully caused, encouraged, and urged retailers to offer for sale and sell the Accused Beam Products, with the knowledge and intent that such activities would directly infringe the '905 patent, and intend retailers to carry out such activities.  Alberee and Saver know or should know that retailers offer for sale and sell in the United States the Accused Beam Products because Alberee and Saver distribute the products to retailers for resale to end users.

197.     Alberee and Saver therefore each induce under 35 U.S.C. § 271(b) retailers' direct infringement of the '905 patent, and will continue to do so unless enjoined by this Court.

198.     Plaintiff has no adequate remedy at law against Defendants' infringement of the '905 patent and, unless Defendants are enjoined from their infringement, Plaintiff will suffer irreparable harm.

199.     Defendants have had knowledge of the '905 patent and yet have continued to infringe despite an objectively high likelihood that their actions constituted infringement of the '905 patent.  The risk of infringement was either known to Defendants, or so obvious it should have been known to them.  Therefore, Defendants' infringement has been and continues to be willful and deliberate.

200.    As a result of Defendants' infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

## COUNT EIGHT – INFRINGEMENT OF U.S. PATENT NO. 6,973,698

201.    The allegations stated in paragraphs 2 through 21 of this Second Amended Complaint are incorporated by reference as if set forth herein.

202.    On December 13, 2005, United States Patent No. 6,973,698 ("the '698 patent," attached as Exhibit H) was duly and legally issued for an invention in a windshield wiper blade. Plaintiff is the owner of the '698 patent.

203.     On information and belief, Alberee has infringed and is still infringing the '698 patent directly under 35 U.S.C. § 271(a) by making, selling, and offering for sale in the United States the Accused Products, and will continue to do so unless enjoined by this Court.

204.    On information and belief, Saver has infringed and is still infringing the '698 patent directly under 35 U.S.C. § 271(a) by making, selling, and offering for sale in the United States the Accused Products, and will continue to do so unless enjoined by this Court.

205.    On information and belief, retail stores, including Costco Wholesale, have infringed and/or are still infringing the '698 patent directly under 35 U.S.C. § 271(a) by selling and offering for sale in the United States the Accused Products.

206.    On information and belief, end users have infringed and are still infringing the '698 patent directly under 35 U.S.C. § 271(a) by using in the United States the Accused Products, including as windshield wiper blades on vehicles.

207.    On information and belief, API manufactures and imports into the United States components of the Accused Products, including spring elastic support elements.

208.     The components manufactured and imported by API are material components of the invention of the '698 patent, at least because, on information and belief, the spring elastic support elements provided by API constitute a significant part of the final assembly of each Accused Product.

209.     The components manufactured and imported by API are not staple articles or commodities of commerce and have no substantial non-infringing uses, at least because, on information and belief, the spring elastic support elements are designed specifically for use in the Accused Products and have no other intended uses.

210.     API has had knowledge that the Accused Beam Products, for which the components API manufactures and imports are especially made or adapted, infringe the '698 patent since at least October 11, 2011, from a letter sent from Plaintiff's counsel to API.  API has had knowledge as to how the Accused Beam Products infringe the '698 patent since at least on or about November 22, 2011, when the ITC served API with the ITC Complaint, which included a claim chart demonstrating how the Goodyear Assurance blade infringes the '698 patent.  API has had additional knowledge as to how the Accused Beam Products infringe the '698 patent since at least April 26, 2012, when Plaintiff served on API's counsel infringement contentions in the ITC Investigation including a claim chart demonstrating how the Goodyear Assurance and the Arc Flex Ultra wiper blades infringe the '698 patent.  API has had additional knowledge as to how the Accused Beam Products infringe the '698 patent since at least January 15, 2013, when API's counsel received from Plaintiff's counsel a letter describing such infringement.  API has had knowledge that the Goodyear Hybrid wiper blades, for which the components API manufactures and imports are especially made or adapted, infringe, on information and belief,

the '698 patent since at least October 22, 2014 from a notice sent by Plaintiff's counsel to Defendants' counsel.

211.    API therefore is a contributory infringer of the '698 patent under 35 U.S.C. § 271(c) with respect to Alberee's direct infringement and Saver's direct infringement of the '698 patent, and will continue to infringe unless enjoined by this Court.  API also is a contributory infringer of the '698 patent under 35 U.S.C. § 271(c) with respect to the direct infringement of the '698 patent by retailers who sell and offer for sale the Accused Products and the direct infringement of the '698 patent by end users who use the Accused Products, and will continue to infringe unless enjoined by this Court.

212.    On information and belief, API has purposefully caused, encouraged, and urged Alberee and Saver to make, sell, and offer for sale the Accused Products in the United States with the knowledge and intent that such activities would directly infringe the '698 patent, and intended Alberee and Saver to carry out such activities.  API has had such knowledge and intent at least since receiving, on or about November 22, 2011, the infringement claim chart included in the ITC Complaint, receiving, on April 26, 2012, the infringement claim chart included with Plaintiff's infringement contentions in the ITC Investigation, receiving through its counsel, on January 15, 2013, a letter from Plaintiff's counsel describing its infringement, and receiving through its counsel, on October 22, 2014 a notice from Plaintiff's counsel describing its infringement with respect to the Goodyear Hybrid wiper blades.

213.    API therefore induces under 35 U.S.C. § 271(b) Alberee's direct infringement and Saver's direct infringement of the '698 patent, and will continue to do so unless enjoined by this Court.

214.    On information and belief, API has purposefully caused, encouraged, and urged retailers to offer for sale and sell, and end users to use, the Accused Products in the United States with the knowledge and intent that such activities would directly infringe the '698 patent, and intended retailers and end users to carry out such activities.   API has had such knowledge and intent at least since receiving, on or about November 22, 2011, the infringement claim chart included in the ITC Complaint, receiving, on April 26, 2012, the infringement claim chart included with Plaintiff's infringement contentions in the ITC Investigation, receiving, on January 15, 2013, a letter from Plaintiff's counsel providing notice of API's infringement, and receiving through its counsel, on October 22, 2014 a notice from Plaintiff's counsel describing its infringement with respect to the Goodyear Hybrid wiper blades.   API has such intent because, on information and belief, it intends Alberee and Saver to sell the Accused Products made with components supplied by API directly or indirectly to retailers, it intends that retailers sell in the United States the Accused Products to end users, and it intends that end users in the United Sates use the Accused Products as wiper blades on vehicles.

215.    API therefore induces under 35 U.S.C. § 271(b) the direct infringement of retailers of the '698 patent and the direct infringement of end users of the '698 patent, and will continue to do so unless enjoined by this Court.

216.    Alberee and Saver each has had knowledge that the Accused Beam Products infringe the '698 patent since at least January 26, 2011 from a letter sent from Plaintiff's counsel to Alberee/Saver's counsel.   Alberee and Saver each has had knowledge as to how the Accused Beam Products infringe the '698 patent since at least February 16, 2011, from correspondence sent from Plaintiff's counsel to Alberee/Saver's counsel which included a claim chart showing how the Goodyear Assurance blade infringes the '698 patent.   Alberee and Saver each has had

additional knowledge of how the Accused Beam Products infringe the '698 patent since at least on or about November 22, 2011, when the ITC served Alberee/Saver with the ITC Complaint, which included a claim chart demonstrating how the Goodyear Assurance blade infringes the '698 patent. Alberee and Saver each has had additional knowledge as to how the Accused Beam Products infringe the '698 patent since at least April 26, 2012, when Plaintiff's counsel served on Alberee/Saver's counsel infringement contentions in the ITC Investigation including a claim chart demonstrating how the Goodyear Assurance and the Arc Flex Ultra wiper blades infringe the '698 patent. Alberee and Saver each has had additional knowledge as to how the Accused Beam Products infringe the '698 patent since at least January 15, 2013, when Alberee's and Saver's counsel received from Plaintiff's counsel a letter describing such infringement.

217. Costco Wholesale has had knowledge that the Goodyear Assurance Products infringe the '698 patent since at least May 30, 2012, when Bosch notified Costco Wholesale of such infringement.

218. Alberee, Saver, and Costco Wholesale each has had knowledge that the Goodyear Hybrid wiper blades infringe, on information and belief, the '698 patent since at least October 22, 2014 from a notice sent by Plaintiff's counsel to Defendants' counsel.

219. On information and belief, Alberee has purposefully caused, encouraged, and urged Saver to sell and offer for sale the Accused Products in the United States with the knowledge and intent that such activities would directly infringe the '698 patent, and intended Saver to carry out such activities. Alberee has had such knowledge and intent at least since receiving the infringement allegations stated in the infringement claim chart sent from Plaintiff's counsel to Alberee/Saver's counsel on February 16, 2011, receiving the infringement claim chart included in the ITC Complaint on or about November 22, 2011, receiving the infringement claim

chart included with Plaintiff's infringement contentions in the ITC Investigation on April 26, 2012, receiving through its counsel a letter from Plaintiff's counsel describing Alberee's infringement on January 15, 2013, and receiving through its counsel a notice from Plaintiff's counsel describing Alberee's infringement with respect to Goodyear Hybrid wiper blades on October 22, 2014. Alberee further has such knowledge and intent because, on information and belief, Alberee and Saver work together in distributing the Accused Products and because Alberee intends that the Accused Products it sells to Saver are offered for sale and sold to third parties.

220. Alberee therefore induces under 35 U.S.C. § 271(b) Saver's direct infringement of the '698 patent, and will continue to do so unless enjoined by this Court.

221. On information and belief, Alberee and Saver each has knowledge that retailers directly infringe the '698 patent by selling and offering for sale in the United States the Accused Beam Products, and that end users directly infringe the '698 patent by using in the United States the Accused Beam Products as wiper blades for their vehicles, at least since receiving the infringement allegations stated in the infringement claim chart sent from Plaintiff's counsel to Alberee/Saver's counsel on February 16, 2011, receiving the infringement claim chart included in the ITC Complaint on or about November 22, 2011, receiving the infringement claim chart included with Plaintiff's infringement contentions in the ITC Investigation on April 26, 2012, and receiving through their counsel a letter sent by Plaintiff's counsel describing Alberee's and Saver's infringement on January 15, 2013. On information and belief, Alberee and Saver each has knowledge that retailers directly infringe the '698 patent by selling and offering for sale in the United States the Goodyear Hybrid wiper blades, and that end users directly infringe the '698

patent by using in the United States the Goodyear Hybrid wiper blades on their vehicles, at least since receiving through its counsel a notice from Plaintiff's counsel on October 22, 2014.

222.    On information and belief, Costco Wholesale has knowledge that end users directly infringe the '698 patent by using in the United States the Goodyear Assurance Products as wiper blades for their vehicles, at least since receiving the notice of infringement from Bosch on May 30, 2012. On information and belief, Costco Wholesale has knowledge that end users directly infringe the '698 patent by using in the United States the Goodyear Hybrid wiper blades on their vehicles, at least since receiving through its counsel a notice from Plaintiff's counsel on October 22, 2014.

223.    On information and belief, by advertising the infringing use in their promotional materials, by providing an application guide on their website and in stores that sell the Accused Products showing the infringing use, and by including installation instructions with the Accused Products that show the end users of the Accused Products how to install the same on the wiper arms on their vehicles, Alberee and Saver each has purposefully caused, encouraged, and urged end users to use the Accused Products, with the knowledge and intent that such activities would directly infringe the '698 patent, and intend end users to carry out such activities. Alberee and Saver each know or should know that end users use in the United States the Accused Products because Alberee and Saver distribute the products to retailers for resale to end users for this purpose.

224.    On information and belief, by advertising the infringing use in their promotional materials, and by providing application guides in their stores that sell the Goodyear Assurance and Goodyear Hybrid wiper blades showing the infringing use, Costco Wholesale has purposefully caused, encouraged, and urged end users to use the Goodyear Assurance and

Goodyear Hybrid wiper blades, with the knowledge and intent that such activities would directly infringe the '698 patent, and intend end users to carry out such activities. Costco Wholesale knows or should know that end users use the Goodyear Assurance and Goodyear Hybrid wiper blades in the United States as wiper blades on vehicles because it sells these products to end users for this purpose.

225.     Alberee, Saver, and Costco Wholesale therefore each induce under 35 U.S.C. § 271(b) the direct infringement of the '698 patent by end users of the Accused Products including Goodyear Assurance and Goodyear Hybrid products, and will continue to do so unless enjoined by this Court.

226.     On information and belief, Alberee and Saver each has purposefully caused, encouraged, and urged retailers to offer for sale and sell the Accused Products, with the knowledge and intent that such activities would directly infringe the '698 patent, and intend retailers to carry out such activities. Alberee and Saver know or should know that retailers offer for sale and sell in the United States the Accused Products because Alberee and Saver distribute the products to retailers for resale to end users.

227.     Alberee and Saver therefore each induce under 35 U.S.C. § 271(b) retailers' direct infringement of the '698 patent, and will continue to do so unless enjoined by this Court.

228.     Plaintiff has no adequate remedy at law against Defendants' infringement of the '698 patent and, unless Defendants are enjoined from their infringement, Plaintiff will suffer irreparable harm.

229.     Defendants have had knowledge of the '698 patent and yet have continued to infringe despite an objectively high likelihood that their actions constituted infringement of the '698 patent. The risk of infringement was either known to Defendants, or so obvious it should

have been known to them. Therefore, Defendants' infringement has been and continues to be willful and deliberate.

230. As a result of Defendants' infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

## COUNT NINE – INFRINGEMENT OF U.S. PATENT NO. 7,228,588

231. The allegations stated in paragraphs 2 through 21 of this Second Amended Complaint are incorporated by reference as if set forth herein.

232. On June 12, 2007, United States Patent No. 7,228,588 ("the '588 patent," attached as Exhibit I) was duly and legally issued for an invention in a windshield wiper blade. Plaintiff is the owner of the '588 patent.

233. Alberee has infringed and is still infringing the '588 patent directly under 35 U.S.C. § 271(a) by making, selling, and offering for sale in the United States the Accused Beam Products, and will continue to do so unless enjoined by this Court.

234. Saver has infringed and is still infringing the '588 patent directly under 35 U.S.C. § 271(a) by making, selling, and offering for sale in the United States the Accused Beam Products, and will continue to do so unless enjoined by this Court.

235. Retail stores, including Costco Wholesale, have infringed and/or are still infringing the '588 patent directly under 35 U.S.C. § 271(a) by selling and offering for sale in the United States the Accused Beam Products.

236. End users have infringed and are still infringing the '588 patent directly under 35 U.S.C. § 271(a) by using in the United States the Accused Beam Products, including as windshield wiper blades on vehicles.

237.     On information and belief, API manufactures and imports into the United States components of the Accused Beam Products, including spring elastic support elements.

238.     The components manufactured and imported by API are material components of the invention of the '588 patent, at least because, on information and belief, the spring elastic support elements provided by API constitute a significant part of the final assembly of each Accused Product.

239.     The components manufactured and imported by API are not staple articles or commodities of commerce and have no substantial non-infringing uses, at least because, on information and belief, the spring elastic support elements are designed specifically for use in the Accused Beam Products and have no other intended uses.

240.     API has had knowledge that the Accused Beam Products, for which the components API manufactures and imports are especially made or adapted, infringe the '588 patent since at least October 11, 2011, from a letter sent from Plaintiff's counsel to API. API has had knowledge as to how the Accused Beam Products infringe the '588 patent since at least January 15, 2013, when API's counsel received from Plaintiff's counsel a letter describing such infringement.

241.     API therefore is a contributory infringer of the '588 patent under 35 U.S.C. § 271(c) with respect to Alberee's direct infringement and Saver's direct infringement of the '588 patent, and will continue to infringe unless enjoined by this Court. API also is a contributory infringer of the '588 patent under 35 U.S.C. § 271(c) with respect to the direct infringement of the '588 patent by retailers who sell and offer for sale the Accused Beam Products and the direct infringement of the '588 patent by end users who use the Accused Beam Products, and will continue to infringe unless enjoined by this Court.

242.    On information and belief, API has purposefully caused, encouraged, and urged Alberee and Saver to make, sell, and offer for sale the Accused Beam Products in the United States with the knowledge and intent that such activities would directly infringe the '588 patent, and intended Alberee and Saver to carry out such activities.  API has had such knowledge and intent at least since receiving through its counsel, on January 15, 2013, a letter from Plaintiff's counsel describing its infringement.

243.    API therefore induces under 35 U.S.C. § 271(b) Alberee's direct infringement and Saver's direct infringement of the '588 patent, and will continue to do so unless enjoined by this Court.

244.    On information and belief, API has purposefully caused, encouraged, and urged retailers to offer for sale and sell, and end users to use, the Accused Beam Products in the United States with the knowledge and intent that such activities would directly infringe the '588 patent, and intended retailers and end users to carry out such activities.  API has had such knowledge and intent at least since receiving, on January 15, 2013, a letter from Plaintiff's counsel providing notice of API's infringement.  API has such intent because, on information and belief, it intends Alberee and Saver to sell the Accused Beam Products made with components supplied by API directly or indirectly to retailers, it intends that retailers sell in the United States the Accused Beam Products to end users, and it intends that end users in the United Sates use the Accused Beam Products as wiper blades on vehicles.

245.    API therefore induces under 35 U.S.C. § 271(b) the direct infringement of retailers of the '588 patent and the direct infringement of end users of the '588 patent, and will continue to do so unless enjoined by this Court.

246.     Alberee and Saver each has had knowledge that the Accused Beam Products infringe the '588 patent since at least January 26, 2011 from a letter sent from Plaintiff's counsel to Alberee/Saver's counsel. Alberee and Saver each has had knowledge as to how the Accused Beam Products infringe the '588 patent since at least February 16, 2011, from correspondence sent from Plaintiff's counsel to Alberee/Saver's counsel which included a claim chart showing how the Goodyear Assurance blade infringes the '588 patent. Alberee and Saver each has had additional knowledge as to how the Accused Beam Products infringe the '588 patent since at least January 15, 2013, when Alberee's and Saver's counsel received from Plaintiff's counsel a letter describing such infringement.

247.     Costco Wholesale has had knowledge that the Goodyear Assurance Products infringe the '588 patent since at least May 30, 2012, when Bosch notified Costco Wholesale of such infringement.

248.     On information and belief, Alberee has purposefully caused, encouraged, and urged Saver to sell and offer for sale the Accused Beam Products in the United States with the knowledge and intent that such activities would directly infringe the '588 patent, and intended Saver to carry out such activities. Alberee has had such knowledge and intent at least since receiving the infringement allegations stated in the infringement claim chart sent from Plaintiff's counsel to Alberee/Saver's counsel on February 16, 2011 and receiving through its counsel a letter from Plaintiff's counsel describing Alberee's infringement on January 15, 2013. Alberee further has such knowledge and intent because, on information and belief, Alberee and Saver work together in distributing the Accused Beam Products and because Alberee intends that the Accused Beam Products it sells to Saver are offered for sale and sold to third parties.

249.     Alberee therefore induces under 35 U.S.C. § 271(b) Saver's direct infringement of the '588 patent, and will continue to do so unless enjoined by this Court.

250.     On information and belief, Alberee and Saver each has knowledge that retailers directly infringe the '588 patent by selling and offering for sale in the United States the Accused Beam Products, and that end users directly infringe the '588 patent by using in the United States the Accused Beam Products as wiper blades for their vehicles, at least since receiving the infringement allegations stated in the infringement claim chart sent from Plaintiff's counsel to Alberee/Saver's counsel on February 16, 2011 and receiving through their counsel a letter sent by Plaintiff's counsel describing Alberee's and Saver's infringement on January 15, 2013.

251.     On information and belief, Costco Wholesale has knowledge that end users directly infringe the '588 patent by using in the United States the Goodyear Assurance Products as wiper blades for their vehicles, at least since receiving the notice of infringement from Bosch on May 30, 2012.

252.     On information and belief, by advertising the infringing use in their promotional materials, by providing an application guide on their website and in stores that sell the Accused Beam Products showing the infringing use, and by including installation instructions with the Accused Beam Products that show the end users of the Accused Beam Products how to install the same on the wiper arms on their vehicles, Alberee and Saver each has purposefully caused, encouraged, and urged end users to use the Accused Beam Products, with the knowledge and intent that such activities would directly infringe the '588 patent, and intend end users to carry out such activities.  Alberee and Saver each know or should know that end users use in the United States the Accused Beam Products because Alberee and Saver distribute the products to retailers for resale to end users for this purpose.

253. On information and belief, by advertising the infringing use in their promotional materials, and by providing application guides in their stores that sell the Goodyear Assurance Products showing the infringing use, Costco Wholesale has purposefully caused, encouraged, and urged end users to use the Goodyear Assurance Products, with the knowledge and intent that such activities would directly infringe the '588 patent, and intend end users to carry out such activities. Costco Wholesale knows or should know that end users use the Goodyear Assurance Products in the United States as wiper blades on vehicles because it sells these products to end users for this purpose.

254. Alberee, Saver, and Costco Wholesale therefore each induce under 35 U.S.C. § 271(b) the direct infringement of the '588 patent by end users of the Accused Beam Products including Goodyear Assurance products, and will continue to do so unless enjoined by this Court.

255. On information and belief, Alberee and Saver each has purposefully caused, encouraged, and urged retailers to offer for sale and sell the Accused Beam Products, with the knowledge and intent that such activities would directly infringe the '588 patent, and intend retailers to carry out such activities. Alberee and Saver know or should know that retailers offer for sale and sell in the United States the Accused Beam Products because Alberee and Saver distribute the products to retailers for resale to end users.

256. Alberee and Saver therefore each induce under 35 U.S.C. § 271(b) retailers' direct infringement of the '588 patent, and will continue to do so unless enjoined by this Court.

257. Plaintiff has no adequate remedy at law against Defendants' infringement of the '588 patent and, unless Defendants are enjoined from their infringement, Plaintiff will suffer irreparable harm.

258. Defendants have had knowledge of the '588 patent and yet have continued to infringe despite an objectively high likelihood that their actions constituted infringement of the '588 patent. The risk of infringement was either known to Defendants, or so obvious it should have been known to them. Therefore, Defendants' infringement has been and continues to be willful and deliberate.

259. As a result of Defendants' infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

## COUNT TEN – INFRINGEMENT OF U.S. PATENT NO. 7,293,321

260. The allegations stated in paragraphs 2 through 21 of this Second Amended Complaint are incorporated by reference as if set forth herein.

261. On November 13, 2007, United States Patent No. 7,293,321 ("the '321 patent," attached as Exhibit J) was duly and legally issued for an invention in a windshield wiper blade. Plaintiff is the owner of the '321 patent.

262. Alberee has infringed and is still infringing the '321 patent directly under 35 U.S.C. § 271(a) by making, selling, and offering for sale in the United States the Accused Beam Products, and will continue to do so unless enjoined by this Court.

263. Saver has infringed and is still infringing the '321 patent directly under 35 U.S.C. § 271(a) by making, selling, and offering for sale in the United States the Accused Beam Products, and will continue to do so unless enjoined by this Court.

264. Retail stores, including Costco Wholesale, have infringed and/or are still infringing the '321 patent directly under 35 U.S.C. § 271(a) by selling and offering for sale in the United States the Accused Beam Products.

265.     End users have infringed and are still infringing the '321 patent directly under 35 U.S.C. § 271(a) by using in the United States the Accused Beam Products, including as windshield wiper blades on vehicles.

266.     On information and belief, API manufactures and imports into the United States components of the Accused Beam Products, including spring elastic support elements.

267.     The components manufactured and imported by API are material components of the invention of the '321 patent, at least because, on information and belief, the spring elastic support elements provided by API constitute a significant part of the final assembly of each Accused Product.

268.     The components manufactured and imported by API are not staple articles or commodities of commerce and have no substantial non-infringing uses, at least because, on information and belief, the spring elastic support elements are designed specifically for use in the Accused Beam Products and have no other intended uses.

269.     API has had knowledge that the Accused Beam Products, for which the components API manufactures and imports are especially made or adapted, infringe the '321 patent since at least October 11, 2011, from a letter sent from Plaintiff's counsel to API.  API has had knowledge as to how the Accused Beam Products infringe the '321 patent since at least on or about November 22, 2011, when the ITC served API with the ITC Complaint, which included a claim chart demonstrating how the Goodyear Assurance blade infringes the '321 patent.  API has had additional knowledge as to how the Accused Beam Products infringe the '321 patent since at least April 26, 2012, when Plaintiff served on API's counsel infringement contentions in the ITC Investigation including a claim chart demonstrating how the Goodyear Assurance and the Arc Flex Ultra wiper blades infringe the '321 patent.  API has had additional knowledge as to

how the Accused Beam Products infringe the '321 patent since at least January 15, 2013, when API's counsel received from Plaintiff's counsel a letter describing such infringement.

270. API therefore is a contributory infringer of the '321 patent under 35 U.S.C. § 271(c) with respect to Alberee's direct infringement and Saver's direct infringement of the '321 patent, and will continue to infringe unless enjoined by this Court. API also is a contributory infringer of the '321 patent under 35 U.S.C. § 271(c) with respect to the direct infringement of the '321 patent by retailers who sell and offer for sale the Accused Beam Products and the direct infringement of the '321 patent by end users who use the Accused Beam Products, and will continue to infringe unless enjoined by this Court.

271. On information and belief, API has purposefully caused, encouraged, and urged Alberee and Saver to make, sell, and offer for sale the Accused Beam Products in the United States with the knowledge and intent that such activities would directly infringe the '321 patent, and intended Alberee and Saver to carry out such activities. API has had such knowledge and intent at least since receiving, on or about November 22, 2011, the infringement claim chart included in the ITC Complaint, receiving, on April 26, 2012, the infringement claim chart included with Plaintiff's infringement contentions in the ITC Investigation, and receiving through its counsel, on January 15, 2013, a letter from Plaintiff's counsel describing its infringement.

272. API therefore induces under 35 U.S.C. § 271(b) Alberee's direct infringement and Saver's direct infringement of the '321 patent, and will continue to do so unless enjoined by this Court.

273. On information and belief, API has purposefully caused, encouraged, and urged retailers to offer for sale and sell, and end users to use, the Accused Beam Products in the United

States with the knowledge and intent that such activities would directly infringe the '321 patent, and intended retailers and end users to carry out such activities. API has had such knowledge and intent at least since receiving, on or about November 22, 2011, the infringement claim chart included in the ITC Complaint, receiving, on April 26, 2012, the infringement claim chart included with Plaintiff's infringement contentions in the ITC Investigation, and receiving, on January 15, 2013, a letter from Plaintiff's counsel providing notice of API's infringement. API has such intent because, on information and belief, it intends Alberee and Saver to sell the Accused Beam Products made with components supplied by API directly or indirectly to retailers, it intends that retailers sell in the United States the Accused Beam Products to end users, and it intends that end users in the United Sates use the Accused Beam Products as wiper blades on vehicles.

274. API therefore induces under 35 U.S.C. § 271(b) the direct infringement of retailers of the '321 patent and the direct infringement of end users of the '321 patent, and will continue to do so unless enjoined by this Court.

275. Alberee and Saver each has had knowledge that the Accused Beam Products infringe the '321 patent since at least January 26, 2011 from a letter sent from Plaintiff's counsel to Alberee/Saver's counsel. Alberee and Saver each has had knowledge as to how the Accused Beam Products infringe the '321 patent since at least February 16, 2011, from correspondence sent from Plaintiff's counsel to Alberee/Saver's counsel which included a claim chart showing how the Goodyear Assurance blade infringes the '321 patent. Alberee and Saver each has had additional knowledge of how the Accused Beam Products infringe the '321 patent since at least on or about November 22, 2011, when the ITC served Alberee/Saver with the ITC Complaint, which included a claim chart demonstrating how the Goodyear Assurance blade infringes the

'321 patent. Alberee and Saver each has had additional knowledge as to how the Accused Beam Products infringe the '321 patent since at least April 26, 2012, when Plaintiff's counsel served on Alberee/Saver's counsel infringement contentions in the ITC Investigation including a claim chart demonstrating how the Goodyear Assurance and the Arc Flex Ultra wiper blades infringe the '321 patent. Alberee and Saver each has had additional knowledge as to how the Accused Beam Products infringe the '321 patent since at least January 15, 2013, when Alberee's and Saver's counsel received from Plaintiff's counsel a letter describing such infringement.

276. Costco Wholesale has had knowledge that the Goodyear Assurance Products infringe the '321 patent since at least May 30, 2012, when Bosch notified Costco Wholesale of such infringement.

277. On information and belief, Alberee has purposefully caused, encouraged, and urged Saver to sell and offer for sale the Accused Beam Products in the United States with the knowledge and intent that such activities would directly infringe the '321 patent, and intended Saver to carry out such activities. Alberee has had such knowledge and intent at least since receiving the infringement allegations stated in the infringement claim chart sent from Plaintiff's counsel to Alberee/Saver's counsel on February 16, 2011, receiving the infringement claim chart included in the ITC Complaint on or about November 22, 2011, receiving the infringement claim chart included with Plaintiff's infringement contentions in the ITC Investigation on April 26, 2012, and receiving through its counsel a letter from Plaintiff's counsel describing Alberee's infringement on January 15, 2013. Alberee further has such knowledge and intent because, on information and belief, Alberee and Saver work together in distributing the Accused Beam Products and because Alberee intends that the Accused Beam Products it sells to Saver are offered for sale and sold to third parties.

278.    Alberee therefore induces under 35 U.S.C. § 271(b) Saver's direct infringement of the '321 patent, and will continue to do so unless enjoined by this Court.

279.    On information and belief, Alberee and Saver each has knowledge that retailers directly infringe the '321 patent by selling and offering for sale in the United States the Accused Beam Products, and that end users directly infringe the '321 patent by using in the United States the Accused Beam Products as wiper blades for their vehicles, at least since receiving the infringement allegations stated in the infringement claim chart sent from Plaintiff's counsel to Alberee/Saver's counsel on February 16, 2011, receiving the infringement claim chart included in the ITC Complaint on or about November 22, 2011, receiving the infringement claim chart included with Plaintiff's infringement contentions in the ITC Investigation on April 26, 2012, and receiving through their counsel a letter sent by Plaintiff's counsel describing Alberee's and Saver's infringement on January 15, 2013.

280.    On information and belief, Costco Wholesale has knowledge that end users directly infringe the '321 patent by using in the United States the Goodyear Assurance Products as wiper blades for their vehicles, at least since receiving the notice of infringement from Bosch on May 30, 2012.

281.    On information and belief, by advertising the infringing use in their promotional materials, by providing an application guide on their website and in stores that sell the Accused Beam Products showing the infringing use, and by including installation instructions with the Accused Beam Products that show the end users of the Accused Beam Products how to install the same on the wiper arms on their vehicles, Alberee and Saver each has purposefully caused, encouraged, and urged end users to use the Accused Beam Products, with the knowledge and intent that such activities would directly infringe the '321 patent, and intend end users to carry

out such activities. Alberee and Saver each know or should know that end users use in the United States the Accused Beam Products because Alberee and Saver distribute the products to retailers for resale to end users for this purpose.

282. On information and belief, by advertising the infringing use in their promotional materials, and by providing application guides in their stores that sell the Goodyear Assurance Products showing the infringing use, Costco Wholesale has purposefully caused, encouraged, and urged end users to use the Goodyear Assurance Products, with the knowledge and intent that such activities would directly infringe the '321 patent, and intend end users to carry out such activities. Costco Wholesale knows or should know that end users use the Goodyear Assurance Products in the United States as wiper blades on vehicles because it sells these products to end users for this purpose.

283. Alberee, Saver, and Costco Wholesale therefore each induce under 35 U.S.C. § 271(b) the direct infringement of the '321 patent by end users of the Accused Beam Products including Goodyear Assurance products, and will continue to do so unless enjoined by this Court.

284. On information and belief, Alberee and Saver each has purposefully caused, encouraged, and urged retailers to offer for sale and sell the Accused Beam Products, with the knowledge and intent that such activities would directly infringe the '321 patent, and intend retailers to carry out such activities. Alberee and Saver know or should know that retailers offer for sale and sell in the United States the Accused Beam Products because Alberee and Saver distribute the products to retailers for resale to end users.

285. Alberee and Saver therefore each induce under 35 U.S.C. § 271(b) retailers' direct infringement of the '321 patent, and will continue to do so unless enjoined by this Court.

286.    Plaintiff has no adequate remedy at law against Defendants' infringement of the '321 patent and, unless Defendants are enjoined from their infringement, Plaintiff will suffer irreparable harm.

287.    Defendants have had knowledge of the '321 patent and yet have continued to infringe despite an objectively high likelihood that their actions constituted infringement of the '321 patent.  The risk of infringement was either known to Defendants, or so obvious it should have been known to them.  Therefore, Defendants' infringement has been and continues to be willful and deliberate.

288.    As a result of Defendants' infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

## COUNT ELEVEN – INFRINGEMENT OF U.S. PATENT NO. 7,523,520

289.    The allegations stated in paragraphs 2 through 21 of this Second Amended Complaint are incorporated by reference as if set forth herein.

290.    On April 28, 2009, United States Patent No. 7,523,520 ("the '520 patent," attached as Exhibit K) was duly and legally issued for an invention in a windshield wiper blade. Plaintiff is the owner of the '520 patent.

291.    Alberee has infringed and is still infringing the '520 patent directly under 35 U.S.C. § 271(a) by making, selling, and offering for sale in the United States the Accused Beam Products, and will continue to do so unless enjoined by this Court.

292.    Saver has infringed and is still infringing the '520 patent directly under 35 U.S.C. § 271(a) by making, selling, and offering for sale in the United States the Accused Beam Products, and will continue to do so unless enjoined by this Court.

293.    Retail stores, including Costco Wholesale, have infringed and/or are still infringing the '520 patent directly under 35 U.S.C. § 271(a) by selling and offering for sale in the United States the Accused Beam Products.

294.    End users have infringed and are still infringing the '520 patent directly under 35 U.S.C. § 271(a) by using in the United States the Accused Beam Products, including as windshield wiper blades on vehicles.

295.    On information and belief, API manufactures and imports into the United States components of the Accused Beam Products, including spring elastic support elements.

296.    The components manufactured and imported by API are material components of the invention of the '520 patent, at least because, on information and belief, the spring elastic support elements provided by API constitute a significant part of the final assembly of each Accused Product.

297.    The components manufactured and imported by API are not staple articles or commodities of commerce and have no substantial non-infringing uses, at least because, on information and belief, the spring elastic support elements are designed specifically for use in the Accused Beam Products and have no other intended uses.

298.    API has had knowledge as to how the Accused Beam Products, for which the components API manufactures and imports are especially made or adapted, infringe the '520 patent, and knowledge of the patent itself, since at least on or about November 22, 2011, when the ITC served API with the ITC Complaint, which included a claim chart demonstrating how the Goodyear Assurance blade infringes the '520 patent.  API has had additional knowledge as to how the Accused Beam Products infringe the '520 patent since at least April 26, 2012, when Plaintiff served on API's counsel infringement contentions in the ITC Investigation including a

claim chart demonstrating how the Goodyear Assurance and the Arc Flex Ultra wiper blades infringe the '520 patent. API has had additional knowledge as to how the Accused Beam Products infringe the '520 patent since at least January 15, 2013, when API's counsel received from Plaintiff's counsel a letter describing such infringement.

299. API therefore is a contributory infringer of the '520 patent under 35 U.S.C. § 271(c) with respect to Alberee's direct infringement and Saver's direct infringement of the '520 patent, and will continue to infringe unless enjoined by this Court. API also is a contributory infringer of the '520 patent under 35 U.S.C. § 271(c) with respect to the direct infringement of the '520 patent by retailers who sell and offer for sale the Accused Beam Products and the direct infringement of the '520 patent by end users who use the Accused Beam Products, and will continue to infringe unless enjoined by this Court.

300. On information and belief, API has purposefully caused, encouraged, and urged Alberee and Saver to make, sell, and offer for sale the Accused Beam Products in the United States with the knowledge and intent that such activities would directly infringe the '520 patent, and intended Alberee and Saver to carry out such activities. API has had such knowledge and intent at least since receiving, on or about November 22, 2011, the infringement claim chart included in the ITC Complaint, receiving, on April 26, 2012, the infringement claim chart included with Plaintiff's infringement contentions in the ITC Investigation, and receiving through its counsel, on January 15, 2013, a letter from Plaintiff's counsel describing its infringement.

301. API therefore induces under 35 U.S.C. § 271(b) Alberee's direct infringement and Saver's direct infringement of the '520 patent, and will continue to do so unless enjoined by this Court.

302. On information and belief, API has purposefully caused, encouraged, and urged retailers to offer for sale and sell, and end users to use, the Accused Beam Products in the United States with the knowledge and intent that such activities would directly infringe the '520 patent, and intended retailers and end users to carry out such activities. API has had such knowledge and intent at least since receiving, on or about November 22, 2011, the infringement claim chart included in the ITC Complaint, receiving, on April 26, 2012, the infringement claim chart included with Plaintiff's infringement contentions in the ITC Investigation, and receiving, on January 15, 2013, a letter from Plaintiff's counsel providing notice of API's infringement. API has such intent because, on information and belief, it intends Alberee and Saver to sell the Accused Beam Products made with components supplied by API directly or indirectly to retailers, it intends that retailers sell in the United States the Accused Beam Products to end users, and it intends that end users in the United Sates use the Accused Beam Products as wiper blades on vehicles.

303. API therefore induces under 35 U.S.C. § 271(b) the direct infringement of retailers of the '520 patent and the direct infringement of end users of the '520 patent, and will continue to do so unless enjoined by this Court.

304. Alberee and Saver each has had knowledge that the Accused Beam Products infringe the '520 patent since at least January 26, 2011 from a letter sent from Plaintiff's counsel to Alberee/Saver's counsel. Alberee and Saver each has had knowledge as to how the Accused Beam Products infringe the '520 patent since at least February 16, 2011, from correspondence sent from Plaintiff's counsel to Alberee/Saver's counsel which included a claim chart showing how the Goodyear Assurance blade infringes the '520 patent. Alberee and Saver each has had additional knowledge of how the Accused Beam Products infringe the '520 patent since at least

on or about November 22, 2011, when the ITC served Alberee/Saver with the ITC Complaint, which included a claim chart demonstrating how the Goodyear Assurance blade infringes the '520 patent. Alberee and Saver each has had additional knowledge as to how the Accused Beam Products infringe the '520 patent since at least April 26, 2012, when Plaintiff's counsel served on Alberee/Saver's counsel infringement contentions in the ITC Investigation including a claim chart demonstrating how the Goodyear Assurance and the Arc Flex Ultra wiper blades infringe the '520 patent. Alberee and Saver each has had additional knowledge as to how the Accused Beam Products infringe the '520 patent since at least January 15, 2013, when Alberee's and Saver's counsel received from Plaintiff's counsel a letter describing such infringement.

305. Costco Wholesale has had knowledge that the Goodyear Assurance Products infringe the '520 patent since at least May 30, 2012, when Bosch notified Costco Wholesale of such infringement.

306. On information and belief, Alberee has purposefully caused, encouraged, and urged Saver to sell and offer for sale the Accused Beam Products in the United States with the knowledge and intent that such activities would directly infringe the '520 patent, and intended Saver to carry out such activities. Alberee has had such knowledge and intent at least since receiving the infringement allegations stated in the infringement claim chart sent from Plaintiff's counsel to Alberee/Saver's counsel on February 16, 2011, receiving the infringement claim chart included in the ITC Complaint on or about November 22, 2011, receiving the infringement claim chart included with Plaintiff's infringement contentions in the ITC Investigation on April 26, 2012, and receiving through its counsel a letter from Plaintiff's counsel describing Alberee's infringement on January 15, 2013. Alberee further has such knowledge and intent because, on information and belief, Alberee and Saver work together in distributing the Accused Beam

Products and because Alberee intends that the Accused Beam Products it sells to Saver are offered for sale and sold to third parties.

307.    Alberee therefore induces under 35 U.S.C. § 271(b) Saver's direct infringement of the '520 patent, and will continue to do so unless enjoined by this Court.

308.    On information and belief, Alberee and Saver each has knowledge that retailers directly infringe the '520 patent by selling and offering for sale in the United States the Accused Beam Products, and that end users directly infringe the '520 patent by using in the United States the Accused Beam Products as wiper blades for their vehicles, at least since receiving the infringement allegations stated in the infringement claim chart sent from Plaintiff's counsel to Alberee/Saver's counsel on February 16, 2011, receiving the infringement claim chart included in the ITC Complaint on or about November 22, 2011, receiving the infringement claim chart included with Plaintiff's infringement contentions in the ITC Investigation on April 26, 2012, and receiving through their counsel a letter sent by Plaintiff's counsel describing Alberee's and Saver's infringement on January 15, 2013.

309.    On information and belief, Costco Wholesale has knowledge that end users directly infringe the '520 patent by using in the United States the Goodyear Assurance Products as wiper blades for their vehicles, at least since receiving the notice of infringement from Bosch on May 30, 2012.

310.    On information and belief, by advertising the infringing use in their promotional materials, by providing an application guide on their website and in stores that sell the Accused Beam Products showing the infringing use, and by including installation instructions with the Accused Beam Products that show the end users of the Accused Beam Products how to install the same on the wiper arms on their vehicles, Alberee and Saver each has purposefully caused,

encouraged, and urged end users to use the Accused Beam Products, with the knowledge and intent that such activities would directly infringe the '520 patent, and intend end users to carry out such activities. Alberee and Saver each know or should know that end users use in the United States the Accused Beam Products because Alberee and Saver distribute the products to retailers for resale to end users for this purpose.

311. On information and belief, by advertising the infringing use in their promotional materials, and by providing application guides in their stores that sell the Goodyear Assurance Products showing the infringing use, Costco Wholesale has purposefully caused, encouraged, and urged end users to use the Goodyear Assurance Products, with the knowledge and intent that such activities would directly infringe the '520 patent, and intend end users to carry out such activities. Costco Wholesale knows or should know that end users use the Goodyear Assurance Products in the United States as wiper blades on vehicles because it sells these products to end users for this purpose.

312. Alberee, Saver, and Costco Wholesale therefore each induce under 35 U.S.C. § 271(b) the direct infringement of the '520 patent by end users of the Accused Beam Products including Goodyear Assurance products, and will continue to do so unless enjoined by this Court.

313. On information and belief, Alberee and Saver each has purposefully caused, encouraged, and urged retailers to offer for sale and sell the Accused Beam Products, with the knowledge and intent that such activities would directly infringe the '520 patent, and intend retailers to carry out such activities. Alberee and Saver know or should know that retailers offer for sale and sell in the United States the Accused Beam Products because Alberee and Saver distribute the products to retailers for resale to end users.

314.    Alberee and Saver therefore each induce under 35 U.S.C. § 271(b) retailers' direct infringement of the '520 patent, and will continue to do so unless enjoined by this Court.

315.    Plaintiff has no adequate remedy at law against Defendants' infringement of the '520 patent and, unless Defendants are enjoined from their infringement, Plaintiff will suffer irreparable harm.

316.    Defendants have had knowledge of the '520 patent and yet have continued to infringe despite an objectively high likelihood that their actions constituted infringement of the '520 patent.  The risk of infringement was either known to Defendants, or so obvious it should have been known to them.  Therefore, Defendants' infringement has been and continues to be willful and deliberate.

317.    As a result of Defendants' infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

### COUNT TWELVE – INFRINGEMENT OF U.S. PATENT NO. 7,484,264

318.    The allegations stated in paragraphs 2 through 21 of this Second Amended Complaint are incorporated by reference as if set forth herein.

319.    On February 3, 2009, United States Patent No. 7,484,264 ("the '264 patent," attached as Exhibit L) was duly and legally issued for an invention in a windshield wiper blade. Plaintiff is the owner of the '264 patent.

320.    Alberee has infringed and is still infringing the '264 patent directly under 35 U.S.C. § 271(a) by making, selling, and offering for sale in the United States the Accused Beam Products, and will continue to do so unless enjoined by this Court.

321. Saver has infringed and is still infringing the '264 patent directly under 35 U.S.C. § 271(a) by making, selling, and offering for sale in the United States the Accused Beam Products, and will continue to do so unless enjoined by this Court.

322. Retail stores, including Costco Wholesale, have infringed and/or are still infringing the '264 patent directly under 35 U.S.C. § 271(a) by selling and offering for sale in the United States the Accused Beam Products.

323. End users have infringed and are still infringing the '264 patent directly under 35 U.S.C. § 271(a) by using in the United States the Accused Beam Products, including as windshield wiper blades on vehicles.

324. On information and belief, API manufactures and imports into the United States components of the Accused Beam Products, including spring elastic support elements.

325. The components manufactured and imported by API are material components of the invention of the '264 patent, at least because, on information and belief, the spring elastic support elements provided by API constitute a significant part of the final assembly of each Accused Product.

326. The components manufactured and imported by API are not staple articles or commodities of commerce and have no substantial non-infringing uses, at least because, on information and belief, the spring elastic support elements are designed specifically for use in the Accused Beam Products and have no other intended uses.

327. API has had knowledge that the Accused Beam Products, for which the components API manufactures and imports are especially made or adapted, infringe the '264 patent since at least October 11, 2011, from a letter sent from Plaintiff's counsel to API. API has had knowledge as to how the Accused Beam Products infringe the '264 patent since at least

January 15, 2013, when API's counsel received from Plaintiff's counsel a letter describing such infringement.

328.     API therefore is a contributory infringer of the '264 patent under 35 U.S.C. § 271(c) with respect to Alberee's direct infringement and Saver's direct infringement of the '264 patent, and will continue to infringe unless enjoined by this Court.  API also is a contributory infringer of the '264 patent under 35 U.S.C. § 271(c) with respect to the direct infringement of the '264 patent by retailers who sell and offer for sale the Accused Beam Products and the direct infringement of the '264 patent by end users who use the Accused Beam Products, and will continue to infringe unless enjoined by this Court.

329.     On information and belief, API has purposefully caused, encouraged, and urged Alberee and Saver to make, sell, and offer for sale the Accused Beam Products in the United States with the knowledge and intent that such activities would directly infringe the '264 patent, and intended Alberee and Saver to carry out such activities.  API has had such knowledge and intent at least since receiving through its counsel, on January 15, 2013, a letter from Plaintiff's counsel describing its infringement.

330.     API therefore induces under 35 U.S.C. § 271(b) Alberee's direct infringement and Saver's direct infringement of the '264 patent, and will continue to do so unless enjoined by this Court.

331.     On information and belief, API has purposefully caused, encouraged, and urged retailers to offer for sale and sell, and end users to use, the Accused Beam Products in the United States with the knowledge and intent that such activities would directly infringe the '264 patent, and intended retailers and end users to carry out such activities.  API has had such knowledge and intent at least since receiving, on January 15, 2013, a letter from Plaintiff's counsel

providing notice of API's infringement.  API has such intent because, on information and belief, it intends Alberee and Saver to sell the Accused Beam Products made with components supplied by API directly or indirectly to retailers, it intends that retailers sell in the United States the Accused Beam Products to end users, and it intends that end users in the United Sates use the Accused Beam Products as wiper blades on vehicles.

332.  API therefore induces under 35 U.S.C. § 271(b) the direct infringement of retailers of the '264 patent and the direct infringement of end users of the '264 patent, and will continue to do so unless enjoined by this Court.

333.  Alberee and Saver each has had knowledge that the Accused Beam Products infringe the '264 patent since at least January 26, 2011 from a letter sent from Plaintiff's counsel to Alberee/Saver's counsel.  Alberee and Saver each has had knowledge as to how the Accused Beam Products infringe the '264 patent since at least February 16, 2011, from correspondence sent from Plaintiff's counsel to Alberee/Saver's counsel which included a claim chart showing how the Goodyear Assurance blade infringes the '264 patent.  Alberee and Saver each has had additional knowledge as to how the Accused Beam Products infringe the '264 patent since at least January 15, 2013, when Alberee's and Saver's counsel received from Plaintiff's counsel a letter describing such infringement.

334.  Costco Wholesale has had knowledge that the Goodyear Assurance Products infringe the '264 patent since at least May 30, 2012, when Bosch notified Costco Wholesale of such infringement.

335.  On information and belief, Alberee has purposefully caused, encouraged, and urged Saver to sell and offer for sale the Accused Beam Products in the United States with the knowledge and intent that such activities would directly infringe the '264 patent, and intended

Saver to carry out such activities. Alberee has had such knowledge and intent at least since receiving the infringement allegations stated in the infringement claim chart sent from Plaintiff's counsel to Alberee/Saver's counsel on February 16, 2011 and receiving through its counsel a letter from Plaintiff's counsel describing Alberee's infringement on January 15, 2013. Alberee further has such knowledge and intent because, on information and belief, Alberee and Saver work together in distributing the Accused Beam Products and because Alberee intends that the Accused Beam Products it sells to Saver are offered for sale and sold to third parties.

336.     Alberee therefore induces under 35 U.S.C. § 271(b) Saver's direct infringement of the '264 patent, and will continue to do so unless enjoined by this Court.

337.     On information and belief, Alberee and Saver each has knowledge that retailers directly infringe the '264 patent by selling and offering for sale in the United States the Accused Beam Products, and that end users directly infringe the '264 patent by using in the United States the Accused Beam Products as wiper blades for their vehicles, at least since receiving the infringement allegations stated in the infringement claim chart sent from Plaintiff's counsel to Alberee/Saver's counsel on February 16, 2011 and receiving through their counsel a letter sent by Plaintiff's counsel describing Alberee's and Saver's infringement on January 15, 2013.

338.     On information and belief, Costco Wholesale has knowledge that end users directly infringe the '264 patent by using in the United States the Goodyear Assurance Products as wiper blades for their vehicles, at least since receiving the notice of infringement from Bosch on May 30, 2012.

339.     On information and belief, by advertising the infringing use in their promotional materials, by providing an application guide on their website and in stores that sell the Accused Beam Products showing the infringing use, and by including installation instructions with the

Accused Beam Products that show the end users of the Accused Beam Products how to install the same on the wiper arms on their vehicles, Alberee and Saver each has purposefully caused, encouraged, and urged end users to use the Accused Beam Products, with the knowledge and intent that such activities would directly infringe the '264 patent, and intend end users to carry out such activities. Alberee and Saver each know or should know that end users use in the United States the Accused Beam Products because Alberee and Saver distribute the products to retailers for resale to end users for this purpose.

340.    On information and belief, by advertising the infringing use in their promotional materials, and by providing application guides in their stores that sell the Goodyear Assurance Products showing the infringing use, Costco Wholesale has purposefully caused, encouraged, and urged end users to use the Goodyear Assurance Products, with the knowledge and intent that such activities would directly infringe the '264 patent, and intend end users to carry out such activities. Costco Wholesale knows or should know that end users use the Goodyear Assurance Products in the United States as wiper blades on vehicles because it sells these products to end users for this purpose.

341.    Alberee, Saver, and Costco Wholesale therefore each induce under 35 U.S.C. § 271(b) the direct infringement of the '264 patent by end users of the Accused Beam Products including Goodyear Assurance products, and will continue to do so unless enjoined by this Court.

342.    On information and belief, Alberee and Saver each has purposefully caused, encouraged, and urged retailers to offer for sale and sell the Accused Beam Products, with the knowledge and intent that such activities would directly infringe the '264 patent, and intend retailers to carry out such activities. Alberee and Saver know or should know that retailers offer

for sale and sell in the United States the Accused Beam Products because Alberee and Saver distribute the products to retailers for resale to end users.

343.    Alberee and Saver therefore each induce under 35 U.S.C. § 271(b) retailers' direct infringement of the '264 patent, and will continue to do so unless enjoined by this Court.

344.    Plaintiff has no adequate remedy at law against Defendants' infringement of the '264 patent and, unless Defendants are enjoined from their infringement, Plaintiff will suffer irreparable harm.

345.    Defendants have had knowledge of the '264 patent and yet have continued to infringe despite an objectively high likelihood that their actions constituted infringement of the '264 patent.  The risk of infringement was either known to Defendants, or so obvious it should have been known to them.  Therefore, Defendants' infringement has been and continues to be willful and deliberate.

346.    As a result of Defendants' infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

**COUNT THIRTEEN – INFRINGEMENT OF U.S. PATENT NO. 8,099,823**

347.    The allegations stated in paragraphs 2 through 21 of this Second Amended Complaint are incorporated by reference as if set forth herein.

348.    On January 24, 2012, United States Patent No. 8,099,823 ("the '823 patent," attached as Exhibit M) was duly and legally issued for an invention in a windshield wiper blade. Plaintiff is the owner of the '823 patent.

349.    Alberee has infringed and is still infringing the '823 patent directly under 35 U.S.C. § 271(a) by making, selling, and offering for sale in the United States the Accused Beam Products, and will continue to do so unless enjoined by this Court.

350. Saver has infringed and is still infringing the '823 patent directly under 35 U.S.C. § 271(a) by making, selling, and offering for sale in the United States the Accused Beam Products, and will continue to do so unless enjoined by this Court.

351. Retail stores, including Costco Wholesale, have infringed and/or are still infringing the '823 patent directly under 35 U.S.C. § 271(a) by selling and offering for sale in the United States the Accused Beam Products.

352. End users have infringed and are still infringing the '823 patent directly under 35 U.S.C. § 271(a) by using in the United States the Accused Beam Products, including as windshield wiper blades on vehicles.

353. On information and belief, API manufactures and imports into the United States components of the Accused Beam Products, including spring elastic support elements.

354. The components manufactured and imported by API are material components of the invention of the '823 patent, at least because, on information and belief, the spring elastic support elements provided by API constitute a significant part of the final assembly of each Accused Product.

355. The components manufactured and imported by API are not staple articles or commodities of commerce and have no substantial non-infringing uses, at least because, on information and belief, the spring elastic support elements are designed specifically for use in the Accused Beam Products and have no other intended uses.

356. API has had knowledge that the Accused Beam Products, for which the components API manufactures and imports are especially made or adapted, infringe the '823 patent since at least January 15, 2013, when API's counsel received from Plaintiff's counsel a letter describing such infringement.

357.   API therefore is a contributory infringer of the '823 patent under 35 U.S.C. § 271(c) with respect to Alberee's direct infringement and Saver's direct infringement of the '823 patent, and will continue to infringe unless enjoined by this Court.  API also is a contributory infringer of the '823 patent under 35 U.S.C. § 271(c) with respect to the direct infringement of the '823 patent by retailers who sell and offer for sale the Accused Beam Products and the direct infringement of the '823 patent by end users who use the Accused Beam Products, and will continue to infringe unless enjoined by this Court.

358.   On information and belief, API has purposefully caused, encouraged, and urged Alberee and Saver to make, sell, and offer for sale the Accused Beam Products in the United States with the knowledge and intent that such activities would directly infringe the '823 patent, and intended Alberee and Saver to carry out such activities.  API has had such knowledge and intent at least since receiving through its counsel, on January 15, 2013, a letter from Plaintiff's counsel describing its infringement.

359.   API therefore induces under 35 U.S.C. § 271(b) Alberee's direct infringement and Saver's direct infringement of the '823 patent, and will continue to do so unless enjoined by this Court.

360.   On information and belief, API has purposefully caused, encouraged, and urged retailers to offer for sale and sell, and end users to use, the Accused Beam Products in the United States with the knowledge and intent that such activities would directly infringe the '823 patent, and intended retailers and end users to carry out such activities.  API has had such knowledge and intent at least since receiving, on January 15, 2013, a letter from Plaintiff's counsel providing notice of API's infringement.  API has such intent because, on information and belief, it intends Alberee and Saver to sell the Accused Beam Products made with components supplied

by API directly or indirectly to retailers, it intends that retailers sell in the United States the Accused Beam Products to end users, and it intends that end users in the United Sates use the Accused Beam Products as wiper blades on vehicles.

361.    API therefore induces under 35 U.S.C. § 271(b) the direct infringement of retailers of the '823 patent and the direct infringement of end users of the '823 patent, and will continue to do so unless enjoined by this Court.

362.    Alberee and Saver each has had knowledge that the Accused Beam Products infringe the '823 patent, and knowledge of how the products infringe, since at least January 15, 2013, when Alberee's and Saver's counsel received from Plaintiff's counsel a letter describing such infringement.

363.    On information and belief, Alberee has purposefully caused, encouraged, and urged Saver to sell and offer for sale the Accused Beam Products in the United States with the knowledge and intent that such activities would directly infringe the '823 patent, and intended Saver to carry out such activities.  Alberee has had such knowledge and intent at least since receiving through its counsel a letter from Plaintiff's counsel describing Alberee's infringement on January 15, 2013.  Alberee further has such knowledge and intent because, on information and belief, Alberee and Saver work together in distributing the Accused Beam Products and because Alberee intends that the Accused Beam Products it sells to Saver are offered for sale and sold to third parties.

364.    Alberee therefore induces under 35 U.S.C. § 271(b) Saver's direct infringement of the '823 patent, and will continue to do so unless enjoined by this Court.

365.    On information and belief, Alberee and Saver each has knowledge that retailers directly infringe the '823 patent by selling and offering for sale in the United States the Accused

Beam Products, and that end users directly infringe the '823 patent by using in the United States the Accused Beam Products as wiper blades for their vehicles, at least since receiving through their counsel a letter sent by Plaintiff's counsel describing Alberee's and Saver's infringement on January 15, 2013.

366.     On information and belief, by advertising the infringing use in their promotional materials, by providing an application guide on their website and in stores that sell the Accused Beam Products showing the infringing use, and by including installation instructions with the Accused Beam Products that show the end users of the Accused Beam Products how to install the same on the wiper arms on their vehicles, Alberee and Saver each has purposefully caused, encouraged, and urged end users to use the Accused Beam Products, with the knowledge and intent that such activities would directly infringe the '823 patent, and intend end users to carry out such activities.  Alberee and Saver each know or should know that end users use in the United States the Accused Beam Products because Alberee and Saver distribute the products to retailers for resale to end users for this purpose.

367.     Alberee and Saver therefore each induce under 35 U.S.C. § 271(b) the direct infringement of the '823 patent by end users of the Accused Beam Products including Goodyear Assurance products, and will continue to do so unless enjoined by this Court.

368.     On information and belief, Alberee and Saver each has purposefully caused, encouraged, and urged retailers to offer for sale and sell the Accused Beam Products, with the knowledge and intent that such activities would directly infringe the '823 patent, and intend retailers to carry out such activities.  Alberee and Saver know or should know that retailers offer for sale and sell in the United States the Accused Beam Products because Alberee and Saver distribute the products to retailers for resale to end users.

369.     Alberee and Saver therefore each induce under 35 U.S.C. § 271(b) retailers' direct infringement of the '823 patent, and will continue to do so unless enjoined by this Court.

370.     Plaintiff has no adequate remedy at law against Defendants' infringement of the '823 patent and, unless Defendants are enjoined from their infringement, Plaintiff will suffer irreparable harm.

371.     Defendants Alberee, Saver, and API have had knowledge of the '823 patent and yet have continued to infringe despite an objectively high likelihood that their actions constituted infringement of the '823 patent.  The risk of infringement was either known to these Defendants, or so obvious it should have been known to them.  Therefore, Defendants Alberee's, Saver's, and API's infringement has been and continues to be willful and deliberate.

372.     As a result of Defendants' infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

**COUNT FOURTEEN – INFRINGEMENT OF U.S. PATENT NO. 6,292,974**

373.     The allegations stated in paragraphs 2 through 21 of this Second Amended Complaint are incorporated by reference as if set forth herein.

374.     On September 25, 2001, United States Patent No. 6,292,974 ("the '974 patent," attached as Exhibit N) was duly and legally issued for an invention in a windshield wiper blade. Plaintiff is the owner of the '974 patent.

375.     Alberee has infringed and is still infringing the '974 patent directly under 35 U.S.C. § 271(a) by making, using, selling, and offering for sale in the United States the Accused Beam Products, and will continue to do so unless enjoined by this Court.

376.    Saver has infringed and is still infringing the '974 patent directly under 35 U.S.C. § 271(a) by making, using, selling, and offering for sale in the United States the Accused Beam Products, and will continue to do so unless enjoined by this Court.

377.    Retailers, including Costco Wholesale, have infringed and/or are still infringing the '974 patent directly under 35 U.S.C. § 271(a) by selling and offering for sale in the United States the Accused Beam Products.

378.    On information and belief, end users have infringed and are infringing the '974 patent directly under 35 U.S.C. § 271(a) by using in the United States the Accused Beam Products, including as windshield wiper blades on vehicles.

379.    On information and belief, API manufactures and imports into the United States components of the Accused Beam Products, including components identified as frames in importation records.

380.    The components manufactured and imported by API are material components of the invention of the '974 patent, at least because, on information and belief, the components provided by API constitute a significant part of the final assembly of each Accused Product.

381.    The components manufactured and imported by API are not staple articles or commodities of commerce and have no substantial non-infringing uses, at least because, on information and belief, the components are designed specifically for use in the Accused Beam Products and have no other intended uses.

382.    API has had knowledge that the Accused Beam Products, for which the components API manufactures and imports are especially made or adapted, infringe the '974 patent since at least November 15, 2013, from a letter sent from Plaintiff's counsel to API's counsel, describing such infringement.

383.    API is a contributory infringer of the '974 patent under 35 U.S.C. § 271(c) with respect to Alberee's and Saver's direct infringement of the '974 patent, and will continue to infringe unless enjoined by this Court.  API also is a contributory infringer of the '974 patent under 35 U.S.C. § 271(c) with respect to the direct infringement of the '974 patent by retailers who sell and offer for sale the Accused Beam Products, and the direct infringement of the '974 patent by end users who use the Accused Beam Products, and will continue to infringe unless enjoined by this Court.

384.    On information and belief, API has purposefully caused, encouraged, and urged Alberee and Saver to make, sell, and offer for sale the Accused Beam Products in the United States with the knowledge and intent that such activities would directly infringe the '974 patent, and intended Alberee and Saver to carry out such activities.  API has had such knowledge and intent at least since receiving through its counsel, on November 15, 2013, a letter from plaintiff's counsel describing its infringement.

385.    API therefore induces under 35 U.S.C. § 271(b) Alberee's direct infringement and Saver's direct infringement of the '974 patent, and will continue to do so unless enjoined by this Court.

386.    On information and belief, API has purposefully caused, encouraged, and urged retailers to offer for sale and sell, and end users to use, the Accused Beam Products in the United States with the knowledge and intent that such activities would directly infringe the '974 patent, and intended retailers and end users to carry out such activities.  API has had such knowledge and intent at least since receiving through its counsel, on November 15, 2013, a letter from Plaintiff's counsel providing notice of API's infringement.  API has such intent because, on information and belief, it intends Alberee and Saver to sell the Accused Beam Products made

with components supplied by API to retailers, it intends that retailers sell in the United States the

Accused Beam Products to end users, and it intends that end users in the United Sates use the

Accused Beam Products as wiper blades on vehicles.

387.    API therefore induces under 35 U.S.C. § 271(b) the direct infringement of the'974

patent by retailers, and the direct infringement of the '974 patent by end users, and will continue

to do so unless enjoined by this Court.

388.    Alberee and Saver each has had knowledge that the Accused Beam Products

infringe the '974 patent since at least November 15, 2013, when Alberee's and Saver's counsel

received from Plaintiff's counsel a letter describing such infringement.

389.    On information and belief, Alberee has purposefully caused, encouraged, and

urged Saver to sell and offer for sale the Accused Beam Products in the United States with the

knowledge and intent that such activities would directly infringe the '974 patent, and intended

Saver to carry out such activities.  Alberee has had such knowledge and intent at least since

receiving through its counsel a letter from Plaintiff's counsel describing Alberee's infringement

on November 15, 2013.  Alberee further has such knowledge and intent because, on information

and belief, Alberee and Saver work together in distributing the Accused Beam Products and

because Alberee intends that the Accused Beam Products it sells to Saver are offered for sale and

sold to third parties.

390.    Alberee therefore induces under 35 U.S.C. § 271(b) Saver's direct infringement of

the '974 patent, and will continue to do so unless enjoined by this Court.

391.    On information and belief, Alberee and Saver each has knowledge that retailers

directly infringe the '974 patent by selling and offering for sale in the United States the Accused

Beam Products, and that end users directly infringe the '974 patent by using in the United States

the Accused Beam Products as wiper blades for their vehicles, at least since receiving through their counsel a letter sent by Plaintiff's counsel describing Alberee's and Saver's infringement on November 15, 2013.

392. On information and belief, by advertising the infringing use in their promotional materials, by providing an application guide on their website and in stores that sell the Accused Beam Products showing the infringing use, and by including installation instructions with the Accused Beam Products that show the end users of the Accused Beam Products how to install the same on the wiper arms on their vehicles, Alberee and Saver each has purposefully caused, encouraged, and urged end users to use the Accused Beam Products, with the knowledge and intent that such activities would directly infringe the '974 patent, and intend end users to carry out such activities. Alberee and Saver each know or should know that end users use in the United States the Accused Beam Products because Alberee and Saver distribute the products to retailers for resale to end users for this purpose.

393. Alberee and Saver therefore each induce under 35 U.S.C. § 271(b) the direct infringement of end users of the Accused Beam Products of the '974 patent, and will continue to do so unless enjoined by this Court.

394. On information and belief, Alberee and Saver each has purposefully caused, encouraged, and urged retailers to offer for sale and sell the Accused Beam Products, with the knowledge and intent that such activities would directly infringe the '974 patent, and intend retailers to carry out such activities. Alberee and Saver know or should know that retailers offer for sale and sell in the United States the Accused Beam Products because Alberee and Saver distribute the products to retailers for resale to end users.

395. Alberee and Saver therefore each induce under 35 U.S.C. § 271(b) retailers' direct infringement of the '974 patent, and will continue to do so unless enjoined by this Court.

396. Plaintiff has no adequate remedy at law against Defendants' infringement of the '974 patent and, unless Defendants are enjoined from their infringement, Plaintiff will suffer irreparable harm.

397. Defendants Alberee, Saver, and API have had knowledge of the '974 patent and yet have continued to infringe despite an objectively high likelihood that their actions constituted infringement of the '974 patent. The risk of infringement was either known to these Defendants, or so obvious it should have been known to them. Therefore, Defendants Alberee's, Saver's, and API's infringement has been and continues to be willful and deliberate.

398. As a result of Defendants' infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

## COUNT FIFTEEN – INFRINGEMENT OF U.S. PATENT NO. 6,668,419

399. The allegations stated in paragraphs 2 through 21 of this Second Amended Complaint are incorporated by reference as if set forth herein.

400. On December 30, 2003, United States Patent No. 6,668,419 ("the '419 patent," attached as Exhibit O) was duly and legally issued for an invention in a windshield wiper blade. Plaintiff is the owner of the '419 patent.

401. Alberee has infringed and is still infringing the '419 patent directly under 35 U.S.C. § 271(a) by making, selling, and offering for sale in the United States the Accused Beam Products, and will continue to do so unless enjoined by this Court.

402. Saver has infringed and is still infringing the '419 patent directly under 35 U.S.C. § 271(a) by making, selling, and offering for sale in the United States the Accused Beam Products, and will continue to do so unless enjoined by this Court.

403. Retail stores, including Costco Wholesale, have infringed and/or are still infringing the '419 patent directly under 35 U.S.C. § 271(a) by selling and offering for sale in the United States the Accused Beam Products.

404. End users have infringed and are still infringing the '419 patent directly under 35 U.S.C. § 271(a) by using in the United States the Accused Beam Products, including as windshield wiper blades on vehicles.

405. Plaintiff has no adequate remedy at law against Alberee, Saver and Costco Wholesale for their infringement of the '419 patent and, unless these Defendants are enjoined from their infringement, Plaintiff will suffer irreparable harm.

406. As a result of Alberee, Saver and Costco Wholesale's infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

## COUNT SIXTEEN – INFRINGEMENT OF U.S. PATENT NO. 7,941,891

407. The allegations stated in paragraphs 2 through 21 of this Second Amended Complaint are incorporated by reference as if set forth herein.

408. On May 17, 2011, United States Patent No. 7,941,891 ("the '891 patent," attached as Exhibit P) was duly and legally issued for an invention in a windshield wiper blade. Plaintiff is the owner of the '891 patent.

409. Alberee has infringed and is still infringing the '891 patent directly under 35 U.S.C. § 271(a) by making, selling, and offering for sale in the United States the Accused Beam Products, and will continue to do so unless enjoined by this Court.

410.     Saver has infringed and is still infringing the '891 patent directly under 35 U.S.C. § 271(a) by making, selling, and offering for sale in the United States the Accused Beam Products, and will continue to do so unless enjoined by this Court.

411.     Retail stores, including Costco Wholesale, have infringed and/or are still infringing the '891 patent directly under 35 U.S.C. § 271(a) by selling and offering for sale in the United States the Accused Beam Products.

412.     End users have infringed and are still infringing the '891 patent directly under 35 U.S.C. § 271(a) by using in the United States the Accused Beam Products, including as windshield wiper blades on vehicles.

413.     Plaintiff has no adequate remedy at law against Alberee, Saver and Costco Wholesale for their infringement of the '891 patent and, unless these Defendants are enjoined from their infringement, Plaintiff will suffer irreparable harm.

414.     As a result of Alberee, Saver and Costco Wholesale's infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

## COUNT SEVENTEEN – INFRINGEMENT OF U.S. PATENT NO. 8,544,136

415.     The allegations stated in paragraphs 2 through 21 of this Second Amended Complaint are incorporated by reference as if set forth herein.

416.     On October 1, 2013, United States Patent No. 8,544,136 ("the '136 patent," attached as Exhibit Q) was duly and legally issued for an invention in a windshield wiper blade. Plaintiff is the owner of the '136 patent.

417.     Alberee has infringed and is still infringing the '136 patent directly under 35 U.S.C. § 271(a) by making, selling, and offering for sale in the United States the Accused Beam Products, and will continue to do so unless enjoined by this Court.

418.    Saver has infringed and is still infringing the '136 patent directly under 35 U.S.C. § 271(a) by making, selling, and offering for sale in the United States the Accused Beam Products, and will continue to do so unless enjoined by this Court.

419.    Retail stores, including Costco Wholesale, have infringed and/or are still infringing the '136 patent directly under 35 U.S.C. § 271(a) by selling and offering for sale in the United States the Accused Beam Products.

420.    End users have infringed and are still infringing the '136 patent directly under 35 U.S.C. § 271(a) by using in the United States the Accused Beam Products, including as windshield wiper blades on vehicles.

421.    Plaintiff has no adequate remedy at law against Alberee, Saver and Costco Wholesale for their infringement of the '136 patent and, unless these Defendants are enjoined from their infringement, Plaintiff will suffer irreparable harm.

422.    As a result of Alberee, Saver and Costco Wholesale's infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

**COUNT EIGHTEEN – INFRINGEMENT OF U.S. PATENT NO. 8,272,096**

423.    The allegations stated in paragraphs 2 through 21 of this Second Amended Complaint are incorporated by reference as if set forth herein.

424.    On September 25, 2012, United States Patent No. 8,272,096 ("the '096 patent," attached as Exhibit R) was duly and legally issued for an invention in a windshield wiper blade. Plaintiff is the owner of the '096 patent.

425.    End users have purchased or otherwise obtained the Goodyear Hybrid wiper blades and, in the United States, combined the Goodyear Hybrid wiper blades with "side lock 2"

("side pin" 17 mm) wiper arms. By doing so, the end users have infringed and are still infringing the '096 patent directly under 35 U.S.C. § 271(a) by using the invention claimed therein.

426.    Alberee makes, offers for sale, and sells in the United States the Goodyear Hybrid wiper blades.

427.    Saver makes, offers for sale, and sells in the United States the Goodyear Hybrid wiper blades.

428.    Retail stores, including Costco Wholesale, sell and offer for sale to end users in the United States the Goodyear Hybrid wiper blades. On information and belief, Saver, with Alberee's knowledge and encouragement, ships the Goodyear Hybrid wiper blades, directly or indirectly, to retailers through an established distribution channel.

429.    The Goodyear Hybrid wiper blades include adapters that are intended, designed, made, and configured to be used only with a "side lock 2" wiper arm.

430.    The Goodyear Hybrid wiper blades with the "side lock 2" adapters sold by Alberee, Saver, and retail stores, including Costco Wholesale, are not staple articles or commodities of commerce and have no substantial non-infringing uses, at least because, on information and belief, the Goodyear Hybrid wiper blades with the "side lock 2" adapters are designed specifically for use with a "side lock 2" wiper arm and have no other intended use.

431.    Alberee, Saver, API and Costco Wholesale each has had knowledge that combining the Goodyear Hybrid wiper blades with a "side lock 2" wiper arm, for which the Goodyear Hybrid wiper blades with the "side lock 2" adapters Alberee and Saver make, offer for sale, and sell are especially made or adapted, infringe the '096 patent since at least October 22, 2014 from a notice sent by Plaintiff's counsel to Defendants' counsel.

432.     On information and belief, by advertising the infringing use in their promotional materials, by providing an application guide on their website and in stores that sell the Goodyear Hybrid wiper blades showing that the products can be used with vehicles equipped with "side lock 2" wiper arms, and by including installation instructions with the Goodyear Hybrid wiper blades that show the end users of the Goodyear Hybrid wiper blades how to install the same on a "side lock 2" wiper arm, Alberee and Saver have purposefully caused, encouraged, and urged end users to combine the Goodyear Hybrid wiper blades with "side lock 2" wiper arms, with the knowledge and intent that such activities would infringe the '096 patent, and intend users to carry out such activities.  Alberee and Saver know or should know that end users use in the United States the Goodyear Hybrid wiper blades with "side lock 2" wiper arms because Alberee and Saver distribute the products to retailers for resale to end users to be used for this purpose.

433.     On information and belief, by advertising the infringing use in their promotional materials, and by providing application guides in their stores that sell the Goodyear Hybrid products showing how these products can be used with vehicles equipped with "side lock 2" wiper arms, Costco Wholesale has purposefully caused, encouraged, and urged end users to combine the Goodyear Hybrid products with "side lock 2" wiper arms, with the knowledge and intent that such activities would directly infringe the '096 patent, and intend users to carry out such activities.  Costco Wholesale knows or should know that end users use the Goodyear Hybrid products with "side lock 2" wiper arms in the United States because it sells these products to end users for this purpose.

434.     Alberee, Saver, and Costco Wholesale therefore each induce under 35 U.S.C. § 271(b) direct infringement of the '096 patent by end users of the Goodyear Hybrid products, and will continue to infringe unless enjoined by this Court.  Alberee, Saver, and Costco Wholesale

also therefore each is a contributory infringer of the '096 patent under 35 U.S.C. § 271(c) with respect to direct infringement of the '096 patent by end users of the Goodyear Hybrid products, and will continue to infringe unless enjoined by this Court.

435.    Plaintiff has no adequate remedy at law against Alberee's, Saver's, and Costco Wholesale's infringement of the '096 patent and, unless they are enjoined from their infringement of the '096 patent, Plaintiff will suffer irreparable harm.

436.    Alberee, Saver, and Costco Wholesale have had knowledge of the '096 patent and yet have continued to infringe despite an objectively high likelihood that their actions constituted infringement of the '096 patent.  The risk of infringement was either known to Alberee, Saver, and Costco Wholesale, or so obvious it should have been known to them.  Therefore, Alberee's, Saver's, and Costco Wholesale's infringement has been and continues to be willful and deliberate.

437.    As a result of Alberee's, Saver's, and Costco Wholesale's infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

## WILLFULNESS

438.    The acts of infringement set forth above have occurred with full knowledge of the '218, '111, '607, '988, '434, '926, '905, '698, '588, '321, '520, '264, '823, '974, '419, '891,'136, and '096 patents.  The infringement has occurred despite an objectively high likelihood that the acts constituted infringement.  The risk of infringement was either known to Defendants, or so obvious it should have been known to them.  Thus, the acts of infringement have been willful and deliberate, making this case exceptional within the meaning of the United States patent laws.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands following relief:

A. A judgment in favor of Plaintiff that the named Defendants have infringed, directly and indirectly, by way of inducement and/or contributory infringement, the '218, '988, '434, '926, '905, '698, '588, '321, '520, '264, '823, '974, '419, '891, and '136 patents, as stated in Counts I–XVIII of the complaint;

B. A judgment in favor of Plaintiff that Defendants Alberee, Saver, and Costco Wholesale have infringed indirectly, by way of inducement and/or contributory infringement, the '111, '607, and '096 patents;

C. A permanent injunction, enjoining Defendants and their officers, directors, agents, servants, employees, affiliates, divisions, branches, subsidiaries, parents, and all others acting in concert or privity with them from infringing, inducing the infringement of, or contributing to the infringement of the aforementioned patents;

D. An award to Plaintiff of the damages to which it is entitled under at least 35 U.S.C. § 284 for Defendants' past infringement and any continuing or future infringement, including both compensatory damages and treble damages for willful infringement;

E. A judgment and order requiring Defendants to pay the costs of this action (including all disbursements), as well as attorneys' fees as provided by 35 U.S.C. § 285;

F. An award to Plaintiff of pre-judgment and post-judgment interest on its damages; and

G. Such other further relief in law or equity to which Plaintiff may be justly entitled.

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Mark A. Hannemann
Jeffrey S. Ginsberg
Rose Cordero Prey
Ksenia Takhistova
KENYON & KENYON LLP
One Broadway
New York, NY 10004
Tel.: (212) 425-7200

Dated:  October 27, 2014

By:   /s/ David E. Moore
      Richard L. Horwitz (#2246)
      David E. Moore (#3983)
      Bindu A. Palapura (#5370)
      Hercules Plaza, 6th Floor
      1313 N. Market Street
      Wilmington, DE  19801
      Tel:  (302) 984-6000
      rhorwitz@potteranderson.com
      dmoore@potteranderson.com
      bpalapura@potteranderson.com

*Attorneys for Plaintiff Robert Bosch LLC*

1170124/ 39026