## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT BOSCH LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. Nos.:   12-574-LPS |
| | )                      14-142-LPS |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| ALBEREE PRODUCTS, INC.,  A P I  KOREA CO., | ) |
| LTD., SAVER AUTOMOTIVE PRODUCTS, INC., | ) |
| and COSTCO WHOLESALE CORPORATION, | ) |
| | ) |
| Defendants. | ) |

### ANSWER OF SAVER AUTOMOTIVE PRODUCTS, INC.
### TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant Saver Automotive Products, Inc. (hereinafter "Saver"), by and through its undersigned counsel, hereby answers Robert Bosch, LLC's ("Bosch") Second Amended Complaint ("Complaint") as follows:

1.      Saver admits the allegations in paragraph 1 of the Complaint.

2.      Saver admits the Complaint alleges and seeks judgment under the patent laws of the United States, Title 35 of the United States Code (for example, §§ 271, 281, 283, 284 and 285) and that this Court has subject matter jurisdiction. Saver denies the remaining allegations in paragraph 2 of the Complaint.

### DEFENDANTS AND ACCUSED PRODUCTS

3.      Saver lacks sufficient information to confirm or deny the allegations of paragraph 3 of the Complaint and accordingly denies the same.

4.      Saver lacks sufficient information to confirm or deny the allegations of paragraph 4 and accordingly denies the same.

5.      Saver admits the allegations of paragraph 5 of the Complaint.

6.      Saver lacks sufficient information to confirm or deny the allegations of paragraph 6 and accordingly denies the same.

7.      Saver denies the allegations of paragraph 7 of the Complaint.

8.      Saver lacks sufficient information to confirm or deny the allegations of paragraph 8 and accordingly denies the same.

9.      Saver denies the allegations in paragraph 9 of the Complaint.

10.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 10 and accordingly denies the same.

11.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 11 and accordingly denies the same.

12.     Saver denies the allegations in paragraph 12 of the Complaint.

13.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 13 and accordingly denies the same.

14.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 14 and accordingly denies the same.

15.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 15 and accordingly denies the same.

16.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 16 and accordingly denies the same.

17.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 17 and accordingly denies the same.

18.     Saver lacks sufficient information to confirm or deny the allegations of paragraph

18 and accordingly denies the same.

19.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 19 and accordingly denies the same.

20.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 20 and accordingly denies the same.

21.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 21 and accordingly denies the same.

## COUNT ONE – INFRINGEMENT OF U.S. PATENT NO. 6,523,218

22.     The statements and denials of paragraphs 2 through 21 of this Answer are incorporated by reference as if set forth herein.

23.     Saver admits a copy of the '218 patent was attached as Exhibit A to the Complaint.  Saver admits that, on its face, the '218 patent lists an issue date of February 25, 2003.  Saver lacks sufficient information to confirm or deny the remaining allegations of paragraph 23 and accordingly denies the same.

24.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 24 and accordingly denies the same.

25.     Saver denies the allegations of paragraph 25 of the Complaint.

26.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 26 and accordingly denies the same.

27.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 27 and accordingly denies the same.

28.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 28 and accordingly denies the same.

29.     Saver lacks sufficient information to confirm or deny the allegations of paragraph

29 and accordingly denies the same.

30.     Saver denies the allegations in paragraph 30 of the Complaint.

31.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 31 and accordingly denies the same.

32.     Saver denies the allegations in paragraph 32 of the Complaint.

33.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 33 and accordingly denies the same.

34.     Saver denies the allegations in paragraph 34 of the Complaint.

35.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 35 and accordingly denies the same.

36.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 36 and accordingly denies the same.

37.     Saver denies the allegations in paragraph 37 of the Complaint.

38.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 38 and accordingly denies the same.

39.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 39 and accordingly denies the same.

40.     Saver denies the allegations of paragraph 40 of the Complaint.

41.     Saver denies the allegations of paragraph 41 of the Complaint.

42.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 42 and accordingly denies the same.

43.     Saver denies the allegations of paragraph 43 of the Complaint.

44.     Saver lacks sufficient information to confirm or deny the allegations of paragraph

44 and accordingly denies the same.

45.     Saver denies the allegations of paragraph 45 of the Complaint.

46.     Saver denies the allegations of paragraph 46 of the Complaint.

47.     Saver denies the allegations of paragraph 47 of the Complaint.

48.     Saver denies the allegations of paragraph 48 of the Complaint.

49.     Saver denies the allegations of paragraph 49 of the Complaint.

50.     Saver denies the allegations of paragraph 50 of the Complaint.

## COUNT TWO – INFRINGEMENT OF U.S. PATENT NO. 6,530,111

51.     The statements and denials of paragraphs 2 through 21 of this Answer are incorporated by reference as if set forth herein.

52.     Saver admits a copy of the '111 patent was attached as Exhibit B to the Complaint.  Saver admits that, on its face, the '111 patent lists an issue date of March 11, 2003.  Saver lacks sufficient information to confirm or deny the remaining allegations of paragraph 52 and accordingly denies the same.

53.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 53 and accordingly denies the same.

54.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 54 and accordingly denies the same.

55.     Saver denies the allegations of paragraph 55 of the Complaint.

56.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 56 and accordingly denies the same.

57.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 57 and accordingly denies the same.

58.     Saver denies the allegations in paragraph 58 of the Complaint.

59.     Saver denies the allegations in paragraph 59 of the Complaint.

60.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 60 and accordingly denies the same.

61.     Saver denies the allegations of paragraph 61 of the Complaint.

62.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 62 and accordingly denies the same.

63.     Saver denies the allegations of paragraph 63 of the Complaint.

64.     Saver denies the allegations of paragraph 64 of the Complaint.

65.     Saver denies the allegations of paragraph 65 of the Complaint.

66.     Saver denies the allegations of paragraph 66 of the Complaint.

## COUNT THREE – INFRINGEMENT OF U.S. PATENT NO. 6,553,607

67.     The statements and denials of paragraphs 2 through 21 of this Answer are incorporated by reference as if set forth herein.

68.     Saver admits a copy of the '607 patent was attached as Exhibit C to the Complaint.  Saver admits that, on its face, the '607 patent lists an issue date of April 29, 2003. Saver lacks sufficient information to confirm or deny the remaining allegations of paragraph 68 and accordingly denies the same.

69.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 69 and accordingly denies the same.

70.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 70 and accordingly denies the same.

71.     Saver denies the allegations of paragraph 71 of the Complaint.

72.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 72 and accordingly denies the same.

73.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 76 and accordingly denies the same.

74.     Saver denies the allegations of paragraph 74 of the Complaint.

75.     Saver denies the allegations of paragraph 75 of the Complaint.

76.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 76 and accordingly denies the same.

77.     Saver denies the allegations of paragraph 77 of the Complaint.

78.     Saver denies the allegations of paragraph 78 of the Complaint.

79.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 79 and accordingly denies the same.

80.     Saver denies the allegations of paragraph 80 of the Complaint.

81.     Saver denies the allegations of paragraph 81 of the Complaint.

82.     Saver denies the allegations of paragraph 82 of the Complaint.

83.     Saver denies the allegations of paragraph 83 of the Complaint.

**COUNT FOUR – INFRINGEMENT OF U.S. PATENT NO. 6,611,988**

84.     The statements and denials of paragraphs 2 through 21 of this Answer are incorporated by reference as if set forth herein.

85.     Saver admits a copy of the '988 patent was attached as Exhibit D to the Amended Complaint. Saver admits that, on its face, the '988 patent lists an issue date of September 2, 2003.  Saver lacks sufficient information to confirm or deny the remaining allegations of paragraph 85 and accordingly denies the same.

86.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 86 and accordingly denies the same.

87.     Saver denies the allegations of paragraph 87 of the Complaint.

88.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 88 and accordingly denies the same.

89.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 89 and accordingly denies the same.

90.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 90 and accordingly denies the same.

91.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 91 and accordingly denies the same.

92.     Saver denies the allegations in paragraph 92 of the Complaint.

93.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 93 and accordingly denies the same.

94.     Saver denies the allegations in paragraph 94 of the Complaint.

95.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 95 and accordingly denies the same.

96.     Saver denies the allegations in paragraph 96 of the Complaint.

97.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 97 and accordingly denies the same.

98.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 98 and accordingly denies the same.

99.     Saver denies the allegations of paragraph 99 of the Complaint.

100.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 100 and accordingly denies the same.

101.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 101 and accordingly denies the same.

102.     Saver denies the allegations in paragraph 102 of the Complaint.

103.     Saver denies the allegations of paragraph 103 of the Complaint.

104.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 104 and accordingly denies the same.

105.     Saver denies the allegations of paragraph 105 of the Complaint.

106.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 106 and accordingly denies the same.

107.     Saver denies the allegations of paragraph 107 of the Complaint.

108.     Saver denies the allegations of paragraph 108 of the Complaint.

109.     Saver denies the allegations of paragraph 109 of the Complaint.

110.     Saver denies the allegations of paragraph 110 of the Complaint.

111.     Saver denies the allegations of paragraph 111 of the Complaint.

112.     Saver denies the allegations of paragraph 112 of the Complaint.

## COUNT FIVE – INFRINGEMENT OF U.S. PATENT NO. 6,675,434

113.     The statements and denials of paragraphs 2 through 21 of this Answer are incorporated by reference as if set forth herein.

114.     Saver admits a copy of the '434 patent was attached as Exhibit E to the Complaint. Saver admits that, on its face, the '434 patent lists an issue date of January 13, 2004. Saver lacks sufficient information to confirm or deny the remaining allegations of paragraph 114 and accordingly denies the same.

9

115.    Saver lacks sufficient information to confirm or deny the allegations of paragraph 115 and accordingly denies the same.

116.    Saver denies the allegations of paragraph 116 of the complaint

117.    Saver lacks sufficient information to confirm or deny the allegations of paragraph 117 and accordingly denies the same.

118.    Saver lacks sufficient information to confirm or deny the allegations of paragraph 118 and accordingly denies the same.

119.    Saver lacks sufficient information to confirm or deny the allegations of paragraph 119 and accordingly denies the same.

120.    Saver lacks sufficient information to confirm or deny the allegations of paragraph 120 and accordingly denies the same.

121.    Saver denies the allegations in paragraph 121 of the Complaint.

122.    Saver lacks sufficient information to confirm or deny the allegations of paragraph 122 and accordingly denies the same.

123.    Saver denies the allegations in paragraph 123 of the Complaint.

124.    Saver lacks sufficient information to confirm or deny the allegations of paragraph 124 and accordingly denies the same.

125.    Saver denies the allegations in paragraph 125 of the Complaint.

126.    Saver lacks sufficient information to confirm or deny the allegations of paragraph 126 and accordingly denies the same.

127.    Saver lacks sufficient information to confirm or deny the allegations of paragraph 127 and accordingly denies the same.

128.    Saver denies the allegations of paragraph 128 of the Complaint.

129.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 129 and accordingly denies the same.

130.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 130 and accordingly denies the same.

131.     Saver denies the allegations in paragraph 131 of the Complaint.

132.     Saver denies the allegations of paragraph 132 of the Complaint.

133.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 133 and accordingly denies the same.

134.     Saver denies the allegations of paragraph 134 of the Complaint.

135.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 135 and accordingly denies the same.

136.     Saver denies the allegations of paragraph 136 of the Complaint.

137.     Saver denies the allegations of paragraph 137 of the Complaint.

138.     Saver denies the allegations of paragraph 138 of the Complaint.

139.     Saver denies the allegations of paragraph 139 of the Complaint.

140.     Saver denies the allegations of paragraph 140 of the Complaint.

141.     Saver denies the allegations of paragraph 141 of the Complaint.

## COUNT SIX – INFRINGEMENT OF U.S. PATENT NO. 6,836,926

142.     The statements and denials of paragraphs 2 through 21 of this Answer are incorporated by reference as if set forth herein.

143.     Saver admits a copy of the '926 patent was attached as Exhibit F to the Amended Complaint. Saver admits that, on its face, the '926 patent lists an issue date of January 4, 2005. Saver lacks sufficient information to confirm or deny the remaining allegations of paragraph 143 and accordingly denies the same.

144.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 144 and accordingly denies the same.

145.     Saver denies the allegations of paragraph 145 of the complaint.

146.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 146 and accordingly denies the same.

147.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 147 and accordingly denies the same.

148.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 148 and accordingly denies the same.

149.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 149 and accordingly denies the same.

150.     Saver denies the allegations in paragraph 150 of the Complaint.

151.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 151 and accordingly denies the same.

152.     Saver denies the allegations in paragraph 152 of the Complaint.

153.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 153 and accordingly denies the same.

154.     Saver denies the allegations in paragraph 154 of the Complaint.

155.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 155 and accordingly denies the same.

156.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 156 and accordingly denies the same.

157.     Saver denies the allegations of paragraph 157 of the Complaint.

158.    Saver lacks sufficient information to confirm or deny the allegations of paragraph 158 and accordingly denies the same.

159.    Saver denies the allegations of paragraph 159 of the Complaint.

160.    Saver lacks sufficient information to confirm or deny the allegations of paragraph 160 and accordingly denies the same.

161.    Saver denies the allegations in paragraph 161 of the Complaint.

162.    Saver denies the allegations of paragraph 162 of the Complaint.

163.    Saver lacks sufficient information to confirm or deny the allegations of paragraph 163 and accordingly denies the same.

164.    Saver denies the allegations of paragraph 164 of the Complaint.

165.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 165 and accordingly denies the same.

166.    Saver denies the allegations of paragraph 166 of the Complaint.

167.    Saver denies the allegations of paragraph 167 of the Complaint.

168.    Saver denies the allegations of paragraph 168 of the Complaint.

169.    Saver denies the allegations of paragraph 169 of the Complaint.

170.    Saver denies the allegations of paragraph 170 of the Complaint.

171.    Saver denies the allegations of paragraph 171 of the Complaint.

**COUNT SEVEN – INFRINGEMENT OF U.S. PATENT NO. 6,944,905**

172.    The statements and denials of paragraphs 2 through 21 of this Answer are incorporated by reference as if set forth herein.

173.    Saver admits a copy of the '905 patent was attached as Exhibit G to the Amended Complaint.  Saver admits that, on its face, the '905 patent lists an issue date of September 20, 2005.  Saver lacks sufficient information to confirm or deny the remaining

allegations of paragraph 173 and accordingly denies the same.

174.    Saver lacks sufficient information to confirm or deny the allegations of paragraph 174 and accordingly denies the same.

175.    Saver denies the allegations of paragraph 175 of the Complaint.

176.    Saver lacks sufficient information to confirm or deny the allegations of paragraph 176 and accordingly denies the same.

177.    Saver lacks sufficient information to confirm or deny the allegations of paragraph 177 and accordingly denies the same.

178.    Saver lacks sufficient information to confirm or deny the allegations of paragraph 178 and accordingly denies the same.

179.    Saver lacks sufficient information to confirm or deny the allegations of paragraph 179 and accordingly denies the same.

180.    Saver denies the allegations in paragraph 180 of the Complaint.

181.    Saver lacks sufficient information to confirm or deny the allegations of paragraph 181 and accordingly denies the same.

182.    Saver denies the allegations in paragraph 182 of the Complaint.

183.    Saver lacks sufficient information to confirm or deny the allegations of paragraph 183 and accordingly denies the same.

184.    Saver denies the allegations in paragraph 184 of the Complaint.

185.    Saver lacks sufficient information to confirm or deny the allegations of paragraph 185 and accordingly denies the same.

186.    Saver lacks sufficient information to confirm or deny the allegations of paragraph 186 and accordingly denies the same.

14

187.     Saver denies the allegations of paragraph 187 of the Complaint.

188.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 188 and accordingly denies the same.

189.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 189 and accordingly denies the same.

190.     Saver denies the allegations in paragraph 190 of the Complaint.

191.     Saver denies the allegations of paragraph 191 of the Complaint.

192.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 192 and accordingly denies the same.

193.     Saver denies the allegations of paragraph 193 of the Complaint.

194.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 194 and accordingly denies the same.

195.     Saver denies the allegations of paragraph 195 of the Complaint.

196.     Saver denies the allegations of paragraph 196 of the Complaint.

197.     Saver denies the allegations of paragraph 197 of the Complaint.

198.     Saver denies the allegations of paragraph 198 of the Complaint.

199.     Saver denies the allegations of paragraph 199 of the Complaint.

200.     Saver denies the allegations of paragraph 200 of the Complaint.

## **COUNT EIGHT – INFRINGEMENT OF U.S. PATENT NO. 6,973,698**

201.     The statements and denials of paragraphs 2 through 21 of this Answer are incorporated by reference as if set forth herein.

202.     Saver admits a copy of the '698 patent was attached as Exhibit H to the Amended Complaint.  Saver admits that, on its face, the '698 patent lists an issue date of December 13, 2005.  Saver lacks sufficient information to confirm or deny the remaining allegations of

paragraph 202 and accordingly denies the same.

203.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 203 and accordingly denies the same.

204.     Saver denies the allegations of paragraph 204 of the Complaint.

205.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 205 and accordingly denies the same.

206.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 206 and accordingly denies the same.

207.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 207 and accordingly denies the same.

208.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 208 and accordingly denies the same.

209.     Saver denies the allegations in paragraph 209 of the Complaint.

210.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 210 and accordingly denies the same.

211.     Saver denies the allegations in paragraph 211 of the Complaint.

212.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 212 and accordingly denies the same.

213.     Saver denies the allegations in paragraph 213 of the Complaint.

214.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 214 and accordingly denies the same.

215.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 215 and accordingly denies the same.

216.     Saver denies the allegations of paragraph 216 of the Complaint.

217.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 217 and accordingly denies the same.

218.     Saver denies the allegations of paragraph 218 of the Complaint.

219.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 219 and accordingly denies the same.

220.     Saver denies the allegations in paragraph 220 of the Complaint.

221.     Saver denies the allegations of paragraph 221 of the Complaint.

222.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 222 and accordingly denies the same.

223.     Saver denies the allegations of paragraph 223 of the Complaint.

224.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 224 and accordingly denies the same.

225.     Saver denies the allegations of paragraph 225 of the Complaint.

226.     Saver denies the allegations of paragraph 226 of the Complaint.

227.     Saver denies the allegations of paragraph 227 of the Complaint.

228.     Saver denies the allegations of paragraph 228 of the Complaint.

229.     Saver denies the allegations of paragraph 229 of the Complaint.

230.     Saver denies the allegations of paragraph 230 of the Complaint.

## COUNT NINE – INFRINGEMENT OF U.S. PATENT NO. 7,228,588

231.     The statements and denials of paragraphs 2 through 21 of this Answer are incorporated by reference as if set forth herein.

232.      Saver admits a copy of the '588 patent was attached as Exhibit I to the

Complaint. Saver admits that, on its face, the '588 patent lists an issue date of June 12, 2007. Saver lacks sufficient information to confirm or deny the remaining allegations of paragraph 232 and accordingly denies the same.

233.    Saver lacks sufficient information to confirm or deny the allegations of paragraph 233 and accordingly denies the same.

234.    Saver denies the allegations of paragraph 234 of the Complaint.

235.    Saver lacks sufficient information to confirm or deny the allegations of paragraph 235 and accordingly denies the same.

236.    Saver lacks sufficient information to confirm or deny the allegations of paragraph 236 and accordingly denies the same.

237.    Saver lacks sufficient information to confirm or deny the allegations of paragraph 237 and accordingly denies the same.

238.    Saver lacks sufficient information to confirm or deny the allegations of paragraph 238 and accordingly denies the same.

239.    Saver denies the allegations in paragraph 239 of the Complaint.

240.    Saver lacks sufficient information to confirm or deny the allegations of paragraph 240 and accordingly denies the same.

241.    Saver denies the allegations in paragraph 241 of the Complaint.

242.    Saver lacks sufficient information to confirm or deny the allegations of paragraph 242 and accordingly denies the same.

243.    Saver denies the allegations in paragraph 243 of the Complaint.

244.    Saver lacks sufficient information to confirm or deny the allegations of paragraph 244 and accordingly denies the same.

245.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 245 and accordingly denies the same.

246.     Saver denies the allegations of paragraph 246 of the Complaint.

247.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 247 and accordingly denies the same.

248.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 248 and accordingly denies the same.

249.     Saver denies the allegations in paragraph 249 of the Complaint.

250.     Saver denies the allegations of paragraph 250 of the Complaint.

251.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 251 and accordingly denies the same.

252.     Saver denies the allegations in paragraph 252 of the Complaint.

253.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 253 and accordingly denies the same.

254.     Saver denies the allegations of paragraph 254 of the Complaint.

255.     Saver denies the allegations of paragraph 255 of the Complaint.

256.     Saver denies the allegations of paragraph 256 of the Complaint.

257.     Saver denies the allegations of paragraph 257 of the Complaint.

258.     Saver denies the allegations of paragraph 258 of the Complaint.

259.     Saver denies the allegations of paragraph 259 of the Complaint.

## COUNT TEN – INFRINGEMENT OF U.S. PATENT NO. 7,293,321

260.     The statements and denials of paragraphs 2 through 21 of this Answer are incorporated by reference as if set forth herein.

261.    Saver admits a copy of the '321 patent was attached as Exhibit J to the Amended
Complaint. Saver admits that, on its face, the '321 patent lists an issue date of November 13,
2007. Saver lacks sufficient information to confirm or deny the remaining allegations of
paragraph 261 and accordingly denies the same.

262.    Saver lacks sufficient information to confirm or deny the allegations of paragraph
262 and accordingly denies the same.

263.    Saver denies the allegations of paragraph 263 of the Complaint.

264.    Saver lacks sufficient information to confirm or deny the allegations of paragraph
264 and accordingly denies the same.

265.    Saver lacks sufficient information to confirm or deny the allegations of paragraph
265 and accordingly denies the same.

266.    Saver lacks sufficient information to confirm or deny the allegations of paragraph
266 and accordingly denies the same.

267.    Saver lacks sufficient information to confirm or deny the allegations of paragraph
267 and accordingly denies the same.

268.    Saver denies the allegations of paragraph 268 of the Complaint.

269.    Saver lacks sufficient information to confirm or deny the allegations of paragraph
269 and accordingly denies the same.

270.    Saver denies the allegations in paragraph 270 of the Complaint.

271.    Saver lacks sufficient information to confirm or deny the allegations of paragraph
271 and accordingly denies the same.

272.    Saver denies the allegations of paragraph 272 of the Complaint.

273.    Saver lacks sufficient information to confirm or deny the allegations of paragraph

273 and accordingly denies the same.

274.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 274 and accordingly denies the same.

275.     Saver denies the allegations of paragraph 275 of the Complaint.

276.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 276 and accordingly denies the same.

277.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 277 and accordingly denies the same.

278.     Saver denies the allegations of paragraph 278 of the Complaint.

279.     Saver denies the allegations of paragraph 279 of the Complaint.

280.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 280 and accordingly denies the same.

281.     Saver denies the allegations of paragraph 281 of the Complaint.

282.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 282 and accordingly denies the same.

283.     Saver denies the allegations of paragraph 283 of the Complaint.

284.     Saver denies the allegations of paragraph 284 of the Complaint.

285.     Saver denies the allegations of paragraph 285 of the Complaint.

286.     Saver denies the allegations of paragraph 286 of the Complaint.

287.     Saver denies the allegations of paragraph 287 of the Complaint.

288.     Saver denies the allegations of paragraph 288 of the Complaint.

## <u>COUNT ELEVEN – INFRINGEMENT OF U.S. PATENT NO. 7,523,520</u>

289.     The statements and denials of paragraphs 2 through 21 of this Answer are

incorporated by reference as if set forth herein.

290.    Saver admits a copy of the '520 patent was attached as Exhibit K to the Amended Complaint. Saver admits that, on its face, the '520 patent lists an issue date of April 28, 2009. Saver lacks sufficient information to confirm or deny the remaining allegations of paragraph 290 and accordingly denies the same.

291.    Saver lacks sufficient information to confirm or deny the allegations of paragraph 291 and accordingly denies the same.

292.    Saver denies the allegations of paragraph 292 of the Complaint.

293.    Saver lacks sufficient information to confirm or deny the allegations of paragraph 293 and accordingly denies the same.

294.    Saver lacks sufficient information to confirm or deny the allegations of paragraph 294 and accordingly denies the same.

295.    Saver lacks sufficient information to confirm or deny the allegations of paragraph 295 and accordingly denies the same.

296.    Saver lacks sufficient information to confirm or deny the allegations of paragraph 296 and accordingly denies the same.

297.    Saver denies the allegations of paragraph 297 of the Complaint.

298.    Saver lacks sufficient information to confirm or deny the allegations of paragraph 293 and accordingly denies the same.

299.    Saver denies the allegations in paragraph 299 of the Complaint.

300.    Saver lacks sufficient information to confirm or deny the allegations of paragraph 300 and accordingly denies the same.

301.    Saver denies the allegations in paragraph 301 of the Complaint.

302.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 302 and accordingly denies the same.

303.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 303 and accordingly denies the same.

304.     Saver denies the allegations in paragraph 304 of the Complaint.

305.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 305 and accordingly denies the same.

306.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 306 and accordingly denies the same.

307.     Saver denies the allegations in paragraph 307 of the Complaint.

308.     Saver denies the allegations of paragraph 308 of the Complaint.

309.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 309 and accordingly denies the same.

310.     Saver denies the allegations of paragraph 310 of the Complaint.

311.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 311 and accordingly denies the same.

312.     Saver denies the allegations of paragraph 312 of the Complaint.

313.     Saver denies the allegations of paragraph 313 of the Complaint.

314.     Saver denies the allegations of paragraph 314 of the Complaint.

315.     Saver denies the allegations of paragraph 315 of the Complaint.

316.     Saver denies the allegations of paragraph 316 of the Complaint.

317.     Saver denies the allegations of paragraph 317 of the Complaint.

**COUNT TWELVE – INFRINGEMENT OF U.S. PATENT NO. 7,484,264**

318.     The statements and denials of paragraphs 2 through 21 of this Answer are incorporated by reference as if set forth herein.

319.     Saver admits a copy of the '264 patent was attached as Exhibit L to the Complaint. Saver admits that, on its face, the '264 patent lists an issue date of February 3, 2009. Saver lacks sufficient information to confirm or deny the remaining allegations of paragraph 319 and accordingly denies the same.

320.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 320 and accordingly denies the same.

321.     Saver denies the allegations of paragraph 321 of the Complaint.

322.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 322 and accordingly denies the same.

323.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 323 and accordingly denies the same.

324.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 324 and accordingly denies the same.

325.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 325 and accordingly denies the same.

326.     Saver denies the allegations in paragraph 326 of the Complaint.

327.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 327 and accordingly denies the same.

328.     Saver denies the allegations in paragraph 328 of the Complaint.

329.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 329 and accordingly denies the same.

330.     Saver denies the allegations in paragraph 330 of the Complaint.

331.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 331 and accordingly denies the same.

332.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 332 and accordingly denies the same.

333.     Saver denies the allegations of paragraph 333 of the Complaint.

334.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 334 and accordingly denies the same.

335.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 335 and accordingly denies the same.

336.     Saver denies the allegations in paragraph 336 of the Complaint.

337.     Saver denies the allegations of paragraph 337 of the Complaint.

338.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 338 and accordingly denies the same.

339.     Saver denies the allegations of paragraph 339 of the Complaint.

340.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 340 and accordingly denies the same.

341.     Saver denies the allegations of paragraph 341 of the Complaint.

342.     Saver denies the allegations of paragraph 342 of the Complaint.

343.     Saver denies the allegations of paragraph 343 of the Complaint.

344.     Saver denies the allegations of paragraph 344 of the Complaint.

345.     Saver denies the allegations of paragraph 345 of the Complaint.

346.     Saver denies the allegations of paragraph 346 of the Complaint.

## COUNT THIRTEEN – INFRINGEMENT OF U.S. PATENT NO. 8,099,823

347.    The statements and denials of paragraphs 2 through 21 of this Answer are incorporated by reference as if set forth herein.

348.    Saver admits a copy of the '823 patent was attached as Exhibit M to the Complaint. Saver admits that, on its face, the '823 patent lists an issue date of January 24, 2012. Saver lacks sufficient information to confirm or deny the remaining allegations of paragraph 348 and accordingly denies the same.

349.    Saver lacks sufficient information to confirm or deny the allegations of paragraph 349 and accordingly denies the same.

350.    Saver denies the allegations of paragraph 350 of the Complaint.

351.    Saver lacks sufficient information to confirm or deny the allegations of paragraph 351 and accordingly denies the same.

352.    Saver lacks sufficient information to confirm or deny the allegations of paragraph 352 and accordingly denies the same.

353.    Saver lacks sufficient information to confirm or deny the allegations of paragraph 353 and accordingly denies the same.

354.    Saver lacks sufficient information to confirm or deny the allegations of paragraph 353 and accordingly denies the same.

355.    Saver denies the allegations in paragraph 355 of the Complaint.

356.    Saver lacks sufficient information to confirm or deny the allegations of paragraph 356 and accordingly denies the same.

357.    Saver denies the allegations in paragraph 357 of the Complaint.

358.    Saver lacks sufficient information to confirm or deny the allegations of paragraph 358 and accordingly denies the same.

359.     Saver denies the allegations of paragraph 359 of the Complaint.

360.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 360 and accordingly denies the same.

361.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 361 and accordingly denies the same.

362.     Saver denies the allegations of paragraph 362 of the Complaint.

363.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 363 and accordingly denies the same.

364.     Saver denies the allegations in paragraph 364 of the Complaint.

365.     Saver denies the allegations of paragraph 365 of the Complaint.

366.     Saver denies the allegations in paragraph 366 of the Complaint.

367.     Saver denies the allegations of paragraph 367 of the Complaint.

368.     Saver denies the allegations of paragraph 368 of the Complaint.

369.     Saver denies the allegations of paragraph 369 of the Complaint.

370.     Saver denies the allegations of paragraph 370 of the Complaint.

371.     Saver denies the allegations of paragraph 371 of the Complaint.

372.     Saver denies the allegations of paragraph 372 of the Complaint.

## COUNT FOURTEEN – INFRINGEMENT OF U.S. PATENT NO. 6,292,974

373.     The statements and denials of paragraphs 2 through 21 of this Answer are incorporated by reference as if set forth herein.

374.     Saver admits a copy of the '974 patent was attached as Exhibit N to the Complaint.  Saver admits that, on its face, the '974 patent lists an issue date of September 25, 2001.  Saver lacks sufficient information to confirm or deny the remaining allegations of

paragraph 374 and accordingly denies the same.

374.    Saver lacks sufficient information to confirm or deny the allegations of paragraph 375 and accordingly denies the same.

376.    Saver denies the allegations of paragraph 376 of the Complaint.

377.    Saver lacks sufficient information to confirm or deny the allegations of paragraph 377 and accordingly denies the same.

378.    Saver lacks sufficient information to confirm or deny the allegations of paragraph 378 and accordingly denies the same.

379.    Saver lacks sufficient information to confirm or deny the allegations of paragraph 379 and accordingly denies the same.

380.    Saver lacks sufficient information to confirm or deny the allegations of paragraph 380 and accordingly denies the same.

381.    Saver denies the allegations in paragraph 381 of the Complaint.

382.    Saver lacks sufficient information to confirm or deny the allegations of paragraph 382 and accordingly denies the same.

383.    Saver denies the allegations in paragraph 383 of the Complaint.

384.    Saver lacks sufficient information to confirm or deny the allegations of paragraph 384 and accordingly denies the same.

385.    Saver denies the allegations in paragraph 385 of the Complaint.

386.    Saver lacks sufficient information to confirm or deny the allegations of paragraph 386 and accordingly denies the same.

387.    Saver lacks sufficient information to confirm or deny the allegations of paragraph 387 and accordingly denies the same.

388.    Saver denies the allegations of paragraph 388 of the Complaint.

389.    Saver lacks sufficient information to confirm or deny the allegations of paragraph 389 and accordingly denies the same.

390.    Saver denies the allegations of paragraph 390 of the Complaint.

391.    Saver denies the allegations of paragraph 391 of the Complaint.

392.    Saver denies the allegations of paragraph 392 of the Complaint.

393.    Saver denies the allegations of paragraph 393 of the Complaint.

394.    Saver denies the allegations of paragraph 394 of the Complaint.

395.    Saver denies the allegations of paragraph 395 of the Complaint.

396.    Saver denies the allegations of paragraph 396 of the Complaint.

397.    Saver denies the allegations of paragraph 397 of the Complaint.

398.    Saver denies the allegations of paragraph 398 of the Complaint.

### COUNT FIFTEEN – INFRINGEMENT OF U.S. PATENT NO. 6,668,419

399.    The statements and denials of paragraphs 2 through 21 of this Answer are incorporated by reference as if set forth herein.

400.    Saver admits a copy of the '419 patent was attached as Exhibit O to the Complaint.  Saver admits that, on its face, the '419 patent lists an issue date of December 30, 2003.  Saver lacks sufficient information to confirm or deny the remaining allegations of paragraph 400 and accordingly denies the same.

401.    Saver lacks sufficient information to confirm or deny the allegations of paragraph 401 and accordingly denies the same.

402.    Saver denies the allegations of paragraph 402 of the Complaint.

403.    Saver lacks sufficient information to confirm or deny the allegations of paragraph

403 and accordingly denies the same.

404.    Saver lacks sufficient information to confirm or deny the allegations of paragraph 404 and accordingly denies the same.

405.    Saver denies the allegations of paragraph 405 of the Complaint.

406.    Saver denies the allegations of paragraph 406 of the Complaint.

**COUNT SIXTEEN – INFRINGEMENT OF U.S. PATENT NO. 7,941,891**

407.    The statements and denials of paragraphs 2 through 21 of this Answer are incorporated by reference as if set forth herein.

408.    Saver admits a copy of the '891 patent was attached as Exhibit P to the Complaint.  Saver admits that, on its face, the '891 patent lists an issue date of May 17, 2011. Saver lacks sufficient information to confirm or deny the remaining allegations of paragraph 408 and accordingly denies the same.

409.    Saver lacks sufficient information to confirm or deny the allegations of paragraph 409 and accordingly denies the same.

410.    Saver denies the allegations of paragraph 410 of the Complaint.

411.    Saver lacks sufficient information to confirm or deny the allegations of paragraph 411 and accordingly denies the same.

412.    Saver lacks sufficient information to confirm or deny the allegations of paragraph 412 and accordingly denies the same.

413.    Saver denies the allegations of paragraph 413 of the Complaint.

414.    Saver denies the allegations of paragraph 414 of the Complaint.

**COUNT SEVENTEEN – INFRINGEMENT OF U.S. PATENT NO. 8,544,136**

415.    The statements and denials of paragraphs 2 through 21 of this Answer are

incorporated by reference as if set forth herein.

416.    Saver admits a copy of the '136 patent was attached as Exhibit Q to the Complaint.  Saver admits that, on its face, the '136 patent lists an issue date of October 1, 2013.  Saver lacks sufficient information to confirm or deny the remaining allegations of paragraph 416 and accordingly denies the same.

417.    Saver lacks sufficient information to confirm or deny the allegations of paragraph 417 and accordingly denies the same.

418.    Saver denies the allegations of paragraph 418 of the Complaint.

419.    Saver lacks sufficient information to confirm or deny the allegations of paragraph 419 and accordingly denies the same.

420.    Saver lacks sufficient information to confirm or deny the allegations of paragraph 420 and accordingly denies the same.

421.    Saver denies the allegations of paragraph 421 of the Complaint.

422.    Saver denies the allegations of paragraph 422 of the Complaint.

## COUNT EIGHTEEN – INFRINGEMENT OF U.S. PATENT NO. 8,272,096

423.    The statements and denials of paragraphs 2 through 21 of this Answer are incorporated by reference as if set forth herein.

424.    Saver admits a copy of the '096 patent was attached as Exhibit R to the Complaint.  Saver admits that, on its face, the '096 patent lists an issue date of September 25, 2012.  Saver lacks sufficient information to confirm or deny the remaining allegations of paragraph 424 and accordingly denies the same.

425.    Saver lacks sufficient information to confirm or deny the allegations of paragraph 425 and accordingly denies the same.

426.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 426 and accordingly denies the same.

427.     Saver denies the allegations of paragraph 427 of the Complaint.

428.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 428 and accordingly denies the same.

429.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 429 and accordingly denies the same.

430.     Saver denies the allegations in paragraph 430 of the Complaint.

431.     Saver denies the allegations of paragraph 431 of the Complaint.

432.     Saver denies the allegations in paragraph 432 of the Complaint.

433.     Saver lacks sufficient information to confirm or deny the allegations of paragraph 433 and accordingly denies the same.

434.     Saver denies the allegations of paragraph 434 of the Complaint.

435.     Saver denies the allegations of paragraph 435 of the Complaint.

436.     Saver denies the allegations of paragraph 436 of the Complaint.

437.     Saver denies the allegations of paragraph 437 of the Complaint.

## **WILLFULNESS**

438.     Saver denies the allegations of paragraph 438 of the Complaint.

## **PRAYER FOR RELIEF**

Saver denies Bosch is entitled to any of the relief recited in the PRAYER FOR RELIEF.

Saver denies all allegations not specifically admitted.

## **AFFIRMATIVE DEFENSES**

Saver's Affirmative Defenses are listed below. Saver reserves the right to amend its

32

Answer to add additional Affirmative Defenses, including instances of inequitable conduct, consistent with the facts discovered in the case.

## FIRST AFFIRMATIVE DEFENSE

Saver does not infringe and has not infringed any claim of the '218, '111, '607, '988, '434, '926, '905, '698, '588, '321, '520, '264, '823, '974, '419, '891, '136 and '096 patents under any theory, including directly (whether individually or jointly), indirectly (whether contributorily or by active inducement), literally, or under the doctrine of equivalents.

## SECOND AFFIRMATIVE DEFENSE

The '218, '111, '607, '988, '434, '926, '905, '698, '588, '321, '520, '264, '823, '974, '419, '891, '136 and '096 patents are invalid because the alleged invention fails to satisfy the conditions for patentability specified in 35 U.S.C §100 *et seq*., including without limitation one or more requirements of 35 U.S.C. §101, 102, 103 and/or 112.

## THIRD AFFIRMATIVE DEFENSE

Bosch's attempted enforcement of its patents against Saver is barred by equitable estoppel.

## FOURTH AFFIRMATIVE DEFENSE

Bosch is barred by 35 U.S.C. §288 from recovering costs associated with its action.

## FIFTH AFFIRMATIVE DEFENSE

Upon information and belief, Bosch's claims for damages for purported patent infringement are limited by 35 U.S.C. §§286 and 287.

## SIXTH AFFIRMATIVE DEFENSE

Bosch is not entitled to injunctive relief because any alleged injury to Bosch is neither immediate nor irreparable, and should Bosch prevail in this action, Bosch has an adequate

remedy at law.

## SEVENTH AFFIRMATIVE DEFENSE

Bosch's purported claims for damages and other relief resulting from alleged infringement of claims that are the result of Saver's actions in conjunction with the actions of other parties, which Saver specifically denies, are barred to the extent that those other parties are licensed to practice the claims of the patents and/or are released from past claims of infringement of the claims of the patents.

## EIGHTH AFFIRMATIVE DEFENSE

Bosch's claims are barred, in whole or in part, by the doctrine of exhaustion.

## NINTH AFFIRMATIVE DEFENSE

Bosch's claims are barred, in whole or part, by the doctrine of permissible repair.

## COUNTERCLAIMS

Saver, by and through its counsel, hereby asserts the following counterclaims against Bosch:

1. Counterclaim Plaintiff Saver is a corporation organized under the laws of Maryland with a principal place of business in Maryland.

2. On information and belief, Counterclaim Defendant Robert Bosch LLC is an Illinois Corporation with its principal place of business in Illinois.

3. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.* and 28 U.S.C. §§ 1331, 1338, and 2201-02.

4. Venue is proper in this District pursuant to at least 28 U.S.C. §§ 1391 and

1400.

## FIRST COUNTERCLAIM
### (Declaratory Relief Regarding Non-Infringement)

5. Based on Bosch's filing of this action and Saver's affirmative defenses, an actual controversy has arisen and now exists between the parties as to whether Saver infringes the '218, '111, '607, '988, '434, '926, '905, '698, '588, '321, '520, '264, '823, '974, '419, '891, '136 and '096 patents.

6. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Saver requests a declaration by the Court that it does not infringe any claim of the '218, '111, '607, '988, '434, '926, '905, '698, '588, '321, '520, '264, '823, '974, '419, '891, '136 and '096 patents under any theory, including directly (whether individually or jointly), indirectly (whether contributorily or by inducement), literally, or under the doctrine of equivalents.

## SECOND COUNTERCLAIM
### (Declaratory Relief Regarding Invalidity)

7. The allegations contained in the preceding paragraphs 1-6 of these Counterclaims are incorporated and realleged as if fully set forth herein.

8. Based on Bosch's filing of this action and Saver's Third Affirmative Defenses, an actual controversy has arisen and now exists between the parties as to whether Saver infringes the '218, '111, '607, '988, '434, '926, '905, '698, '588, '321, '520, '264, '823, '974, '419, '891, '136 and '096 patents.

9. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* and 35 U.S.C. § 100 *et seq.*, Saver requests a declaration by the Court that the '218, '111, '607, '988, '434, '926, '905, '698, '588, '321, '520, '264, '823, '974, '419, '891, '136 and '096 patents are invalid.

## PRAYER FOR RELIEF AND DEMAND FOR JUDGMENT

WHEREFORE, Saver respectfully requests judgment in its favor, including the following relief from Bosch:

A. Dismissal of all of Plaintiff's claims against Saver, in their entirety and with prejudice.

B. A declaration that Saver does not infringe and has not infringed any valid claim of any of the '218, '111, '607, '988, '434, '926, '905, '698, '588, '321, '520, '264, '823, '974, '419, '891, '136 and '096 patents, whether directly or indirectly, literally, or under the doctrine of equivalents.

C. A declaration that the claims of the '218, '111, '607, '988, '434, '926, '905, '698, '588, '321, '520, '264, '823, '974, '419, '891, '136 and '096 patents are invalid.

D. An order finding this an exceptional case under 35 U.S.C § 285, and awarding Saver its costs and fees in this action, including attorneys' fees, and pre-judgment interest thereon.

E. An order awarding Saver any other such relief as this Court deems just and proper.

## JURY DEMAND

Saver demands a trial by jury.

Dated: November 17, 2014          O'KELLY ERNST & BIELLI, LLC

                                  /s/ Sean T. O'Kelly
                                  Sean T. O'Kelly (#4349)
                                  901 N. Market St., Suite 1000
                                  Wilmington, Delaware  19801
                                  (302) 778-4000
                                  (302) 295-2873 (facsimile)
                                  sokelly@oeblegal.com

                                  -AND-

36

BIRCH, STEWART, KOLASCH & BIRCH, LLP
Robert J. Kenney
Michael T. Smith
Wilford W. Cowart
John D.V. Ferman
8110 Gatehouse Road, Suite 100 East
P.O. Box 747
Falls Church, VA 22040-0747
(703) 205-8000
(703) 205-8050 (facsimile)
*rjk@bskb.com*
*msmith@bskb.com*
*wwc@bskb.com*
*jferman@bskb.com*
*mailroom@bskb.com*

**ATTORNEYS FOR DEFENDANT SAVER
AUTOMOTIVE PRODUCTS, INC.**