IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT BOSCH LLC, | ) |
| | ) |
| Plaintiff, | ) C.A. No. 12-574-LPS |
| | ) (consolidated) |
| v. | ) |
| | ) |
| ALBEREE PRODUCTS, INC., | ) **PUBLIC VERSION** |
| API KOREA CO., LTD., | ) |
| SAVER AUTOMOTIVE PRODUCTS, INC., | ) |
| and COSTCO WHOLESALE CORPORATION, | ) |
| | ) |
| Defendants. | ) |

**ROBERT BOSCH LLC'S SUPPLEMENTAL OPENING BRIEF
REGARDING THE PARTIES' CLAIM CONSTRUCTIONS AND COSTCO'S MOTION
FOR SUMMARY JUDGMENT AS TO THE GOODYEAR HYBRID WIPER BLADE**

OF COUNSEL:

Mark A. Hannemann
Jeffrey S. Ginsberg
Rose Cordero Prey
Ksenia Takhistova
KENYON & KENYON LLP
One Broadway
New York, NY 10004
Tel.: (212) 425-7200

Dated: July 7, 2015
Public Version Dated: July 14, 2015
1195201 / 39026

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Stephanie E. O'Byrne (#4446)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
sobyrne@potteranderson.com

*Attorneys for Plaintiff Robert Bosch LLC*

## TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| TABLE OF AUTHORITIES | | II |
| I. | NATURE AND STAGE OF THE PROCEEDINGS | 1 |
| II. | SUMMARY OF THE ARGUMENTS | 1 |
| III. | CLAIM CONSTRUCTION ARGUMENT | 3 |
| | A. Bosch Does Not Oppose Grant of Costco's Motion for Summary Judgment of Non-Infringement of the '988 and '698 Patents by the GH wiper blade | 3 |
| | B. Terms from the '698 and '988 Patents that No Longer Need Construction | 3 |
| | C. Identification of Disputed Claim Terms and Proposed Constructions | 3 |
| |     1. Reference Numerals Have No Effect on Claim Scope | 5 |
| |     2. Support Element | 5 |
| |     3. *Izz* | 6 |
| |     4. Spherically Curved | 6 |
| |     5. Remaining Claim Terms Presently at Issue | 7 |
| | D. Identification of Claim Construction Positions that Depend on Prosecution History Estoppel or Disclaimer | 7 |
| | E. Means-plus-Function Claim Terms | 7 |
| IV. | NEWLY PRODUCED EVIDENCE SHOWS THAT THE GOODYEAR HYBRID BLADES INCLUDE A SUPPORT ELEMENT | 9 |
| V. | CONCLUSION | 10 |

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ex parte Fressola*,
    No. 93-0828, 27 U.S.P.Q.2d (BNA) 1608, (B.P.A.I. Mar. 11, 1993) ................................ 5

*Finjan, Inc. v. Secure Computing Corp.*,
    626 F.3d 1197 (Fed. Cir. 2010) ................................................................................... 6

*Minks v. Polaris Indus., Inc.*,
    546 F.3d 1364 (Fed. Cir. 2008) ................................................................................... 9

*Phillips v. AWH Corp.*,
    415 F.3d 1303 (Fed. Cir. 2005) ................................................................................... 6

*Silicon Graphics, Inc. v. ATI Techs., Inc.*,
    607 F.3d 784 (Fed. Cir. 2010) ..................................................................................... 6

*U.S. Surgical Corp. v. Ethicon Inc.*,
    103 F.3d 1554 (Fed. Cir. 1997) ................................................................................... 6

**Statutes**

35 U.S.C. § 112 ........................................................................................................... 8, 9

**Other Authorities**

MANUAL OF PATENT EXAMINING PROCEDURE § 608.01(m) (8th ed. 2010) ................... 5

I.  **NATURE AND STAGE OF THE PROCEEDINGS**

Plaintiff Bosch alleges that defendants have infringed or actively induced or contributed to infringement of its various patents related to certain windshield-wiper blades.

Claim-construction briefing, limited to ten terms of the asserted patents, was initially scheduled to be completed by May 15, 2015. (D.I. 67.) On April 1, 2015, defendant Costco requested leave to file an early summary-judgment motion with respect to Bosch's allegations of infringement by the Goodyear Hybrid ("GH") wiper blade; that request was granted. (D.I. 147.) The parties briefed the claim-construction and summary-judgment issues (D.I. 157–164, 174–179, 188–189), and a hearing was held on June 8, 2015 (*see* D.I. 204), where the parties presented expert testimony (Ex. 1, June 8, 2015 Hr'g Tr. ("Hr'g Tr.") at 69:2–150:4; 151:9–163:9.). Following the hearing, the Court issued an Oral Order requesting supplemental briefing on the arguments and evidence presented at the hearing. (D.I. 198.) The parties agreed on two-part supplemental briefing: the first addressing claim-construction and summary-judgment issues (1)–(5) from the Court's Order, with opening briefs due July 7, 2015 and responsive briefs due July 21, 2015; and the second addressing Costco's exhaustion defense, with Bosch's opening brief due July 10, 2015, and Costco's responsive brief due July 24, 2015. (D.I. 201.)

This is Bosch's supplemental brief addressing issues (1)–(5) of the Court's Oral Order.

II. **SUMMARY OF THE ARGUMENTS**

(1) Bosch does not oppose grant of summary judgment of non-infringement as to the GH wiper blade with respect to U.S. Patent Nos. 6,611,988 ("the '988 patent") and 6,973,698 ("the '698 patent").

(2) The term "hinge half" of the '988 patent no longer requires construction. The disputed terms "a coupling part (20) ... seated on another band face (18) of the support element" of the '988 patent and "spherically curved window" of the '698 patent still require construction, as both

patents are still asserted against other accused wiper blades in the case, *e.g.*, the Goodyear Assurance wiper blade. (D.I. 95.)

(3) Bosch understands that this part of the Court's Order refers only to the disputed issues raised in the parties' claim-construction and summary judgment briefing to date, and does not extend to all remaining claim-construction disagreements regarding any additional terms of the eighteen (18) patents-in-suit. Per the Court's Order, Bosch identifies the disputed claim terms in sections III.C, III.E below. Bosch respectfully submits that in the interests of clarity and judicial economy, the Court should construe the disputed terms before determining whether and why it should deny summary judgment of non-infringement of U.S. Patent Nos. 6,553,607 ("the '607 patent"), 6,836,926 ("the '926 patent"), and 8,272,096 ("the '096 patent") by the GH wiper blade.

(4) Costco has alleged that constructions of certain disputed claim terms are limited by narrowing amendments made during prosecution of the asserted patents; however, to date, it has failed to identify the specific amendments that are relevant to the terms at issue, or explain how the amendments that it does identify narrow the meanings of the terms. Bosch will respond to Costco's prosecution-history estoppel and disclaimer arguments, if any, in its supplemental response brief.

(5) Bosch's positions on the means-plus-function terms are explained in its opening and responsive claim-construction briefs and the supporting expert declaration. (D.I. 160, 174, 175.) Per the Court's Order, Bosch provides a list of all means-plus-function terms and parties' proposed constructions for the same in section III.E below.

(6) Additional documents produced by defendant Saver after the June 8, 2015 hearing support Bosch's position that the GH blades include a support element. Bosch includes a separate section IV at the end, briefly addressing this new evidence.

2

## III. CLAIM CONSTRUCTION ARGUMENT

### A. Bosch Does Not Oppose Grant of Costco's Motion for Summary Judgment of Non-Infringement of the '988 and '698 Patents by the GH wiper blade

Bosch does not oppose grant of summary judgment of non-infringement of the '988 and '698 patents with respect to the GH wiper product.

### B. Terms from the '698 and '988 Patents that No Longer Need Construction

Bosch submits that the term "hinge half" of the '988 patent no longer needs construction. This term was only relevant to Costco's argument that the '988 patent is not infringed by the GH blade, and Bosch no longer opposes grant of summary judgment to Costco on this issue.

The other disputed terms of the '988 and '698 patent, namely "a coupling part (20) ... seated on another band face (18) of the support element" of the '988 patent and "spherically curved window" of the '698 patent still require construction, as both patents are still asserted against other accused wiper blades in the case. *See* section III.C below.

### C. Identification of Disputed Claim Terms and Proposed Constructions

A list of the claim terms that require construction (excluding the means-plus-function terms separately listed in III.E), and the parties' proposed constructions are set forth below:

| Claim Term | Bosch's Construction | Defendants' Construction |
|---|---|---|
| "support element" | plain English meaning; no construction required; Alternatively: a pre-curved, band-shaped, elongated, spring-elastic metal component that significantly distributes the force of a wiper arm along the length of a wiper blade[1] | ('988 patent, claim 11): "the structure designated '12' and depicted in Figures 1, 2, and 3 of the '988 patent and described in columns 3, 4, and 6 the '998 (sic.) patent specification" (Costco Op. Br., D.I. 159 at 27) ('926 patent, claims 1, 3): "support element (12)" denotes the structure (12) depicted and described in the |

---

[1] This construction is proffered in view of the parties' apparent disagreement about the plain meaning of the term.

3

| Claim Term | Bosch's Construction | Defendants' Construction |
|---|---|---|
| | | '926 specification and drawings; no equivalents in light of narrowing amendments.<br><br>('096 patent, claims 1, 18, 21): "support element (46)" denotes the structure (46) depicted and described in the '096 specification and drawings, and equivalents thereof. |
| "$I_{zz}$ is a moment of inertia of a cross sectional profile around a z-axis perpendicular to an taxis, which adapts along with the support element (12), and perpendicular to a y-axis" ('926 patent, cl. 1) | $I_{zz}$ is a moment of inertia of a cross sectional profile around a z-axis perpendicular to an s-axis which adapts along with the support element, and perpendicular to a y-axis, calculated by the formula $$I_{zz} = \frac{d * b^3}{12}$$ | "$I_{zz}$" denotes a moment of inertia around a z-axis, the z-axis in this instance being the axis denoted "z" in Figures 4, 5, and 7 of the '926 patent. The z-axis is perpendicular to an s-axis which adapts along with the support element (12), and perpendicular to a y-axis, the y-axis in this instance being the axis denoted "y" in Figures 4, 5, and 7 of the '926 patent. |
| "spherically curved window" ('698 patent claim 1) | a window having at least one radius of curvature | "spherically curved window" means a window that is curved in three dimensions; no equivalents in light of narrowing amendments. |
| "attached" ('926 patent claim 1) | plain English meaning; no construction required | "a relationship between two or more distinct components where they are in contact one with another and are further joined in such a fashion as to preclude relative motion" (Maslen 1st Rep., D.I. 161 at 4–5) |
| "a wiper blade (14) capable of swinging about the joint axis (55)" ('607 patent, claim 1) | plain English meaning; no construction required | "a peculiarly shaped device part (30) which has a bearing bore 36, and is capable of swinging about the joint axis of a wiper arm pin" (Costco Op. Br. D.I. 159 at 23) |
| "a coupling part (20) ... seated on another band face (18) of the support element" ('988 patent, claim 11) | plain English meaning; no construction required | "coupling part (20)" denotes the structure (20) depicted and described in the '988 patent specification and drawings; no equivalents in light of narrowing amendments.<br><br>"seated on another band face (18) of the support element" means seated as |

| Claim Term | Bosch's Construction | Defendants' Construction |
|---|---|---|
| | | depicted in Figure 3 of the '988 patent and the accompanying specification description of Figure 3. |
| "covering cap (16)" ('096 patent, claims 1, 6, 18, 21) | plain English meaning; no construction required | "covering cap (16)" denotes the structure (16) depicted and described in the '096 specification and drawings; no equivalents in light of narrowing amendments. |
| "wherein . . . the connection element (22) fastened to the wiper arm secures the wiper blade (10) via a clip" ('096 patent, claims 1, 18, 21) | plain English meaning; no construction required | Costco states that the recited structure is a limitation of the claim, but has provided no construction. (D.I. 159, 176.) |
| "pivoting axis" ('096 patent, claims 1, 18, 21) | plain English meaning; no construction required | "the axis of the wiper arm pin" (Costco Op. Br. D.I. 159 at 24) |

### 1. Reference Numerals Have No Effect on Claim Scope

With respect to the disputed terms at issue, and as set forth in Bosch's initial briefing, reference numerals in the claims have no effect on the claim scope. *Ex parte Fressola*, No. 93-0828, 27 U.S.P.Q.2d (BNA) 1608, 1613 (B.P.A.I. Mar. 11, 1993); MANUAL OF PATENT EXAMINING PROCEDURE § 608.01(m) (8th ed. 2010). (*See* D.I. 160, 174.) Costco argues that "The cited MPEP sections and BPAI decision are irrelevant" because the PTO applies the "broadest reasonable construction" to patent claims. (D.I. 176 at 6.) But different claim-construction standards do not affect the interpretation of reference numerals in the claims: they do not affect the claim scope under either standard. And, Costco is unable to cite a single case, published or not, where reference numerals were found to limit the claim terms.

### 2. Support Element

Bosch maintains that "support element" should be construed uniformly across all asserted patents and be given its plain and ordinary meaning as understood by a person of ordinary skill

5

in the art. *See Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005) (en banc; *see also, e.g., Silicon Graphics, Inc. v. ATI Techs., Inc.*, 607 F.3d 784, 798 (Fed. Cir. 2010); *Finjan, Inc. v. Secure Computing Corp.*, 626 F.3d 1197, 1207 (Fed. Cir. 2010); *U.S. Surgical Corp. v. Ethicon Inc.*, 103 F.3d 1554, 1568 (Fed. Cir. 1997). To be clear, one of ordinary skill in the art would understand the "support element" to mean "a pre-curved, band-shaped, elongated, spring-elastic metal component that significantly distributes the force of a wiper arm along the length of a wiper blade." (*See, e.g.,* Ex. 1, Hr'g Tr. at 81:18–21, 121:13–122:25 (Dr. S. Dubowsky, Bosch's expert.) Bosch's construction reflects the term's meaning in the asserted patents. ('926 patent at, *e.g.*, Abst., 1:25–37, 2:32–39, 4:22–33, 4:61–67, 10:5–25, Fig. 4, 5, 10; '988 patent at, *e.g.*, Abst., 3:40–44, 3:62–4:1, 4:22–31, 7:13–18, Fig. 3; '096 patent at, *e.g.*, 4:24–31, Fig. 4; *see also* D.I. 160, 174, 175.)

### 3. $I_{zz}$

Bosch's construction for the moment of inertia, $I_{zz}$, of the '926 patent incorporates the claim language that explains what $I_{zz}$ is and how it should be calculated, and further includes a formula for calculating its value, $I_{zz} = \dfrac{d * b^3}{12}$, making it easier for the jury to apply this term in determining infringement. Bosch's construction is consistent with the '926 patent specification ('926 patent at 6:58–7:1) and corrects the inadvertent switching of the axes in the patent figures, as a person of ordinary skill in the art would do after reviewing the patent specification. (D.I. 162 at ¶¶ 6–10; D.I. 175 at ¶¶ 14–16; *see also* D.I. 160, 174; Ex. 1, Hr'g Tr. at 84:19–88:7.)

### 4. Spherically Curved

Bosch's construction for "spherically curved" of the '698 patent reflects the understanding of this term in the automotive industry at the time of the invention, and would assist the jury in applying this term. (Ex. 1, Hr'g Tr. at 90:3–92:25.) A "spherically curved"

window is described in the '698 patent as having multiple radii of curvature depending on which portion of the window is being examined; this definition is further supported by the specifications of the other asserted Bosch patents. ('698 patent at 1:19–21 ("the curvature radii of spherically curved vehicle windows change with each wiper blade position"); *see also* '988 patent at 4:8–13; '926 patent at 1:17–21.) The specification, and claim 1, also explain that the invention requires that the curvature of the wiper blade is *sharper* than the *sharpest* curvature of a spherically curved window (*e.g.*, the '698 patent at 3:20–27 (discussing the "maximal curvature of a spherically curved window"); 6:17–19.) The patent distinguishes between "flat windows" and "spherically curved windows" that represent modern car windshields. ('698 patent at col. 1:34–39.) (*See also* D.I. 160, 174, 175.)

### 5. Remaining Claim Terms Presently at Issue

Bosch submits that all other disputed terms should be given their plain English meaning because they are clear and can be applied by the jury without constructions. (*See, e.g.*, Ex. 1, Hr'g Tr. at 79:22–149:16; *see also* D.I. 160, 174, 175.)

### D. Identification of Claim Construction Positions that Depend on Prosecution History Estoppel or Disclaimer

Bosch's claim construction positions do not rely on prosecution history estoppel or disclaimer arguments. Bosch does not agree that the portions of prosecution histories identified by Costco narrow the meanings of the disputed terms. Bosch will respond to Costco's new prosecution history estoppel-based arguments, if any, in its supplemental responsive brief.

### E. Means-plus-Function Claim Terms

A list of the means-plus function terms and the parties' proposed constructions are set forth below. Support for Bosch's constructions is provided in its opening and responsive claim-construction briefs. (D.I. 160, 174; *see also*, Ex. 1, Hr'g Tr. at 99:20–108:15.)

| Claim Term | Bosch's Construction | Defendants' Construction |
|---|---|---|
| "means for securing"/"securing means" ('607 patent, claims 1, 3, 14) | To be construed under 35 U.S.C. § 112 ¶ 6<br>Function: to secure the wiper blade on the joint pin<br><br>Structure: L-shaped shoulder and its equivalents | "means for securing" denotes both the coupling part (30) and the L-shaped shoulder (60) depicted and described in the '607 patent specification and drawings, and equivalents thereof.<br><br>"securing means (60)" denotes the L-shaped shoulder (60) depicted and described in the '607 patent specification and drawings, and equivalents thereof |
| "means for maintaining the clearance" ('419 patent, claims 1, 2, 6) | To be construed under 35 U.S.C. § 112 ¶ 6:<br>Function: to maintain the clearance between the facing longitudinal edges of the springs and the bridge<br>Structure: a peg situated on the base plate of a bridge-shaped component, or finger-like projections of the end cap wall that can be moved against spring force, or components held on the connecting device that penetrate springs in recesses, and their equivalents. | "means for maintaining the clearance" denotes either (i) the structures 70, 170, 256 or (ii) the structures 354 and 356 depicted and described in the '419 specification and drawings; no equivalents in light of narrowing amendments. |
| "at least one support means (58, 144)" ('588 patent, claims 1, 14; '264 patent claims 1, 2; '823 patent claim 1) | To be construed under 35 U.S.C. § 112 ¶ 6:<br><br>Function: to stabilize the sides of the wind deflection strip<br><br>Structure: a wall connected to both sides of the wind deflection strip, or the channel wall facing the upper belt surface of the support element, and their equivalents. | "support means (58, 144)", as used in the '588 and '264 patent claims, denotes the structures 58 or 144 depicted and described in the '588 patent specification and drawings; no equivalents in light of narrowing amendments.<br><br>"support means", as used in the '823 patent claims, denotes the same structures as "support means (58, 144)" in the '588 and '264 patents; no equivalents in light of narrowing amendments. |

Bosch maintains that defendants' proposed constructions for the means-plus-function terms are improper at least because they do not recognize that these terms should be construed as

8

means-plus-function limitations under 35 U.S.C. § 112 ¶6, and do not identify the functions that they perform. Defendants are also wrong when they deny equivalents to their proposed constructions. Means-plus-function claim terms cover the disclosed structures and their equivalents. *Minks v. Polaris Indus., Inc.*, 546 F.3d 1364, 1378–79 (Fed. Cir. 2008). And Defendants point to nothing in the prosecution history that bars equivalents.

### IV. NEWLY PRODUCED EVIDENCE SHOWS THAT THE GOODYEAR HYBRID BLADES INCLUDE A SUPPORT ELEMENT

Bosch asserts the '926 and the '096 patents against the GH blade. Both patents include a "support element" claim term ('926 patent, cl. 1; '096 patent, cls. 1, 18, 21). Bosch alleges that the GH blades include a pre-curved, spring steel element that meets this limitation; Costco disagrees. On June 16, 2015, more than a week after the hearing, defendant Saver produced additional documents confirming the presence of a support element in the GH wiper blades ▮

▮

▮

▮

▮ This statement directly contradicts Costco's expert testimony and argument at the June 8, 2015 hearing:

> Q. Does the Goodyear Hybrid wiper blade receive force centrally as opposed to where the claws engage the wiping support? The wiping element?
> A. Well, assuming we're going to say that the metal strip in the Hybrid blade is this support element 12, if that is the equivalence we are trying to reach, then the force is applied to that element at four different points by the claws that are part of the bracket structure.

(Ex. 1, Hr'g Tr. at 153:23–154:5 (Dr. E.Maslen, Costco's expert).)

> And we would say that as a matter of law, their assertion that this piece of spring steel, which is just one part of the support system of this product, is

9

> not the same or equivalent as what the patent is describing as support element or support element 12, however it is construed. This wiper element receives the application force at one, two, three, four claws of squiggling whiffletree load balancing support system.

(*Id.* at 63:25–64:7 (J.Dabney, Costco's counsel).)



This directly contradicts Costco's expert testimony:

> Q. And does the metal stiffener in the Goodyear Hybrid wiper blade hold up anything?
> A. No, it just stiffens the blade.
> Q. And in this, the role of stiffening is the one that is performed by stiffeners in conventional wiper blades, too, isn't it?
> A. Yes.

(Ex. 1, Hr'g Tr. at 162:20–163:1 (Dr. E.Maslen).)

As explained by Bosch in its briefing and during the oral argument, and based on the new evidence belatedly produced by Saver, the GH blades undisputedly include the claimed "support element." (D.I. 175, 177; Ex. 1, Hr'g Tr. at 81:22–82:6, 109:1–116:1; Exhs. 2–4.)

## V. CONCLUSION

For the foregoing reasons, Bosch respectfully requests that the Court construe all disputed claim terms as proposed by Bosch, and deny Costco's Motion for Summary Judgment as to all issues other than non-infringement of the '988 and '698 patents by the GH wiper blade.

10

OF COUNSEL:

Mark A. Hannemann
Jeffrey S. Ginsberg
Rose Cordero Prey
Ksenia Takhistova
KENYON & KENYON LLP
One Broadway
New York, NY 10004
Tel.: (212) 425-7200

Dated: July 7, 2015
Public Version Dated: July 14, 2015
1195201 / 39026

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

By: /s/ David E. Moore
    David E. Moore (#3983)
    Bindu A. Palapura (#5370)
    Stephanie E. O'Byrne (#4446)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE 19801
    Tel: (302) 984-6000
    dmoore@potteranderson.com
    bpalapura@potteranderson.com
    sobyrne@potteranderson.com

*Attorneys for Plaintiff Robert Bosch LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on July 14, 2015, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on July 14, 2015, the attached document was Electronically Mailed to the following person(s):

Sean T. O'Kelly
Daniel P. Murray
O'Kelly Ernst & Bielli, LLC
901 N. Market St., Suite 1000
Wilmington, Delaware 19801
sokelly@oeblegal.com
dmurray@oeblegal.com
*Attorneys for Defendants Alberee Products, Inc. d/b/a Saver Automotive Products, Inc., API Korea Co., Ltd. and Saver Automotive Products, Inc.*

Robert J. Kenney
Quentin R. Corrie
Michael T. Smith
Wilford W. Cowart
John D.V. Ferman
Birch, Stewart, Kolasch & Birch, LLP
8110 Gatehouse Road, Suite 100 East
Falls Church, VA 22040-0747
rjk@bskb.com
qrc@bskb.com
Michael.T.Smith@bskb.com
wwc@bskb.com
jferman@bskb.com
mailroom@bskb.com
*Attorneys for Defendants Alberee Products, Inc. d/b/a Saver Automotive Products, Inc., API Korea Co., Ltd. and Saver Automotive Products, Inc.*

Mary B. Graham
Thomas Curry
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
mgraham@mnat.com
tcurry@mnat.com
*Attorneys for Defendant Costco Wholesale Corporation*

James W. Dabney
Diane E. Lifton
Richard M. Koehl
Stephen Kenny
Erik Huestis
Greta A. Fails
Stefani M. Lopatkin
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10004-1482
james.dabney@hugheshubbard.com
diane.lifton@hugheshubbard.com
richard.koehl@hugheshubbard.com
stephen.kenny@hugheshubbard.com
erik.huestis@hugheshubbard.com
greta.fails@hugheshubbard.com
stefanie.lopatkin@hugheshubbard.com
*Attorneys for Defendant Costco Wholesale Corporation*

By: */s/ David E. Moore*
David E. Moore
Bindu A. Palapura
Stephanie E. O'Byrne
POTTER ANDERSON & CORROON LLP
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
sobyrne@potteranderson.com

1062777 / 39026