IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT BOSCH LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 12-574 (LPS)(CJB) |
| | ) | (CONSOLIDATED) |
| ALBEREE PRODUCTS, INC., API KOREA | ) | |
| CO., LTD., SAVER AUTOMOTIVE PROD- | ) | REDACTED PUBLIC VERSION FILED |
| UCTS, INC., and COSTCO WHOLESALE | ) | July 14, 2015 |
| CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

**SUPPLEMENTAL BRIEF IN SUPPORT OF SUMMARY JUDGMENT AS TO THE
GOODYEAR HYBRID PRODUCT AND REGARDING CLAIM CONSTRUCTION**

<div style="margin-left:50%">

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Mary B. Graham (#2256)
Thomas Curry (#5877)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
mgraham@mnat.com
tcurry@mnat.com
   *Attorneys for Costco Wholesale Corporation*

</div>

OF COUNSEL:

James W. Dabney
Diane E. Lifton
Richard M. Koehl
Stephen Kenny
Greta Fails
Stefanie Lopatkin
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004-1482
(212) 837-6000

July 7, 2015

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................. ii

I. SAC COUNTS FOUR ('988 PATENT) AND EIGHT ('698 PATENT) SHOULD BE DISMISSED AS TO THE GOODYEAR HYBRID PRODUCT. .......................... 1

II. DISMISSAL OF SAC COUNTS FOUR AND EIGHT AS TO THE GOODYEAR HYBRID PRODUCT HAS NO EFFECT ON WHETHER '988 OR '698 PATENT CLAIM WORDS REQUIRE JUDICIAL "CONSTRUCTION" NOW—OR EVER. ................................................................... 1

III. LISTING OF MOOT AND LIVE CLAIM CONSTRUCTION ISSUES ................................ 3

    A. Moot Claim Construction Issues ............................................................... 3

    B. Unripe and Potentially Moot Claim Construction Issues ........................... 4

    C. '926 Patent Claim Construction/Non-Infringement Issues ......................... 4

IV. NARROWING AMENDMENTS GIVING RISE TO PRESUMED ESTOPPELS ..................... 9

V. FUNCTIONAL CLAIM TERMS ................................................................................. 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Eibel Process Co. v Minn. & Ont. Paper Co.*,
 261 U.S. 45 (1923) ............................................................................................................. 8

*Holland Furniture Co. v. Perkins Glue Co.*,
 277 U.S. 245 (1928) ..................................................................................................... 1-2, 5

*Kemco Sales, Inc. v. Control Papers Co.*,
 208 F.3d 1352 (Fed. Cir. 2000) .......................................................................................... 7

*Machine Co. v. Murphy*,
 97 U.S. 120 (1877) ........................................................................................................... 5, 8

*Mackay Radio & Tel. Co. v. Radio Corp. of Am.*,
 306 U.S. 86 (1939) ............................................................................................................. 1

*Nat'l Meter Co. v. Yonkers Water Comm'rs*,
 149 U.S. 48 (1893) ............................................................................................................. 5

*Nautilus Inc. v. Biosig Instruments, Inc.*,
 134 S. Ct. 2120 (2014) ....................................................................................................... 8

*Robert Bosch, LLC v. Snap-On Inc.*,
 769 F.3d 1094 (Fed. Cir. 2014) .......................................................................................... 2

*Robert Bosch LLC v. Trico Prods. Corp.*,
 No. 12 CV 437 (N.D. Ill. Sept. 14, 2012) .......................................................................... 7

*Teva Pharms. USA, Inc. v. Sandoz, Inc.*,
 135 S. Ct. 831 (2015) ......................................................................................................... 8

*Transcore, LP v. Elec. Transaction Consultants Corp.*,
 563 F.3d 1271 (Fed. Cir. 2009) .......................................................................................... 3

*United States v. Adams*,
 383 U.S. 39 (1966) ............................................................................................................. 1

*Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*,
 520 U.S. 17 (1997) ............................................................................................................. 4

*Westinghouse Elec. & Mfg. Co. v. Formica Insulation Co.*,
 266 U.S. 342 (1924) ........................................................................................................... 5

*Westinghouse v. Boyden Power Brake Co.*,
  170 U.S. 537 (1898) .................................................................................................. 1-2, 5

*Williamson v. Citrix Online, LLC*,
  2015 WL 3687459 (Fed. Cir. June 16, 2015) ............................................................ 1-2, 5, 10

**Rules and Statutes**

35 U.S.C. § 112(f) (2012) ........................................................................................................1

35 U.S.C. § 271(a) ................................................................................................................1, 3

35 U.S.C. § 287(a) ...................................................................................................................2

Pursuant to the Oral Order issued June 16, 2015 (D.I. 198), Costco respectfully submits this supplemental brief.

I. **SAC COUNTS FOUR ('988 PATENT) AND EIGHT ('698 PATENT) SHOULD BE DISMISSED AS TO THE GOODYEAR HYBRID PRODUCT.**

In an e-mail dated June 16, 2015 (see Exhibit 1 hereto), Bosch advised Costco: "As to part 1 of the court's order (D.I. 198), we don't oppose grant of the summary judgment motion as to the Hybrid product vis-à-vis the '698 and '988 patents." *See also* June 8 Tr. 42–43, 140–41.

II. **DISMISSAL OF SAC COUNTS FOUR AND EIGHT AS TO THE GOODYEAR HYBRID PRODUCT HAS NO EFFECT ON WHETHER '988 OR '698 PATENT CLAIM WORDS REQUIRE JUDICIAL "CONSTRUCTION" NOW—OR EVER.**

Under controlling Supreme Court precedent (*see* D.I. 159 at 10–12), patent claim terms in general denote corresponding structure, material, or acts described in a patent's specification and drawings, in the same way that 35 U.S.C. § 112(f) (2012) prescribes for "means" recitals. *See, e.g., Mackay Radio & Tel. Co. v. Radio Corp. of Am.*, 306 U.S. 86, 94–95, 98 (1939); *Holland Furniture Co. v. Perkins Glue Co.*, 277 U.S. 245, 257–58 (1928); *Westinghouse v. Boyden Power Brake Co.*, 170 U.S. 537, 557–58 (1898). *See also Williamson v. Citrix Online, LLC*, 2015 WL 3687459 at *14 (Fed. Cir. June 16, 2015) (en banc) (Reyna, J. concurring). Thus, "it is fundamental that claims are to be construed in the light of the specifications and both are to be read with a view to ascertaining *the invention*," *United States v. Adams*, 383 U.S. 39, 49 (1966) (emphasis added), the word "invention" in this context referring to novel and non-obvious subject matter disclosed in a patent application. *See, e.g., id.* at 48–49; *Mackay*, 306 U.S. at 94–95.

Costco has thus consistently taken the position that for purposes of identifying a "patented invention" (35 U.S.C. § 271(a)), claim words should in general be held to denote corresponding structure appearing in asserted patents' specification and drawings (leaving open what range of equivalents, if any, may be available for a given claimed element). Bosch, in contrast, asserts

- 1 -

that functional claim language (e.g., "coupling part (20)") should be held to encompass any and every structure that falls within the words' "[p]lain and ordinary meaning" (e.g., D.I. 142 at 1), no matter what a patent's non-obvious contribution to the art might have been. *Contra Mackey*, 306 U.S. at 101–02; *Holland Furniture*, 277 U.S. at 257–58; *Westinghouse*, 170 U.S. at 568–73; *Williamson*, 2015 WL3687459 at *8; *Robert Bosch, LLC v. Snap-On Inc.*, 769 F.3d 1094, 1098–102 (Fed. Cir. 2014).

Dismissal of SAC Counts Four and Eight as to the Goodyear Hybrid product has no impact on this fundamental legal dispute over how patent claim terms should be construed; however, as Costco has previously urged (*see* D.I. 159 at 4; D.I. 176 at 1), there is no current need for the Court to attempt to "construe" any '988 or '698 patent claim terms. To illustrate: Bosch has asserted claim 11 of the '988 patent against a version of the Goodyear Assurance wiper product that Costco may have sold in "approximately 2010." Exhibit 2 at 2 n.1.[1] Bosch's claims as to the 2010 Goodyear Assurance product may be barred in their entirety by 35 U.S.C. § 287(a), *see* June 8 Tr. at 27–28, thus rendering moot any question of how '988 patent claim words should be construed. Similarly, prior art may invalidate the '698 patent under any reasonable construction of its claim, thus rendering moot whether it includes or excludes certain subject matter.

Until such time as a controversy is presented whose resolution turns on whether a patent claim term is held to have a particular meaning, the Court need not and should not undertake to declare what patent claim words might denote or describe in the abstract, a declaration which would be "something akin to an advisory opinion.'" D.I. 159 at 4 (quoting *Lava Trading, Inc. v. Sonic Trading Mgmt., LLC*, 445 F.3d 1348, 1350 (Fed. Cir. 2006)).

---

[1] As shown in Exhibit 2, Bosch's "final" infringement contentions served June 12, 2015, assert more than 100 claims, in clear contravention of paragraph 21(a) of the Scheduling Order which required Bosch to elect not more than 56 claims by March 6, 2015.

- 3 -

### III. LISTING OF MOOT AND LIVE CLAIM CONSTRUCTION ISSUES

#### A. Moot Claim Construction Issues

On July 2, 2015, Bosch declined the Court's invitation to produce evidence that sales in the United States of imported vehicles with Bosch original equipment (OE) side-lock wiper systems practicing the '607 or '096 patents were not authorized by either Bosch or its parent, Robert Bosch GmbH ("Bosch GmbH"). ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

Under SAC Counts Three ('607 patent) and Eighteen ('096 patent), Bosch bears the burden of proving that owners of vehicles equipped with Bosch OE side lock wiper systems do not have "authority" (35 U.S.C. § 271(a)) to use or repair those systems. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████

The exhaustion of Bosch's patent rights in previously sold Bosch OE side lock wiper systems renders moot any claim construction issues concerning the '607 and '096 patents. In particular, there is no need for Court to issue interlocutory declaratory relief with respect to the meaning of (i) the '096 patent phrase "covering cap (16)" (A382); (ii) the '096 patent phrase "support element (46)" (*id.*); or (iii) the '607 patent phrase "means for securing the wiper blade on the joint pin (56)" (A107). Costco stands by its previously stated positions and evidence regarding these terms. A1–14; A651–75; D.I. 178 Ex. B; June 8 Tr. 151; and Exhibits cited therein.

### B. Unripe and Potentially Moot Claim Construction Issues

As noted in Part II above, there is no current need for the Court to issue interlocutory declaratory relief with respect to the meaning of any '988 or '698 patent claim words. The same is true of the '419, '588, '264, and '823 claim words as to which Bosch has sought interlocutory declaratory relief. Until such time as a controversy is presented whose resolution turns on whether a patent claim term is held to have a particular meaning, the Court need not and should not undertake to declare what patent claim words might denote or describe as abstract propositions. Costco stands by its previously stated positions and evidence regarding these terms.

### C. '926 Patent Claim Construction/Non-Infringement Issues

With regard to SAC Count Six ('926 patent), the applicable legal standard asks: "Does the accused product . . . contain elements identical or equivalent to each claimed element of the patented invention?" *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 40 (1997). Here the "element" in question is a structure that the asserted '926 patent claims point to and

characterize as "support element (12)." A226 col. 10 line 7. To decide whether that claimed "element"[2] exists in the Goodyear Hybrid product, the Court is "not to judge about similarities or differences by the names of things," *Machine Co. v. Murphy*, 97 U.S. 120, 125 (1877), *quoted in* D.I. 159 at 11, but must (i) look at the corresponding structure described in the '926 patent specification (*i.e.,* the structure denominated "12" in Figures 1, 2, 6, and 10 of the '926 patent and explained and described in the accompanying written descriptions) and (ii) apply the principle that: "devices in a patented machine are different in the sense of the patent law when they perform different functions or in a different way, or produce a substantially different result." *Murphy*, 97 U.S. at 125, *quoted in* D.I. 159 at 11. Additionally, the Court must consider "the state of the art at the time of the invention," *Westinghouse Elec. & Mfg. Co. v. Formica Insulation Co.*, 266 U.S. 342, 350 (1924), and how the applicant for the '926 patent characterized the claimed "support element (12)" in the patent specification and during the prosecution of the application that was granted as the '926 patent.

**Mode of Force Distribution**. The '926 patent specification describes the claimed "support element (12)" as distributing wiper arm force without the need for any intermediate load balancing support brackets. A222 at col. 1 ll. 22–23. The Goodyear Hybrid product, in contrast, distributes wiper arm force through pivotally connected support brackets.

---

[2] In *Williamson*, the court noted: "Generic terms such as 'mechanism,' '<u>element</u>,' 'device,' and other nonce words that reflect nothing more than verbal constructs may be used in a claim in a manner that is tantamount to using the word 'means' because they 'typically do not connote sufficiently definite structure' and therefore may invoke § 112, para. 6." 2015 WL 3687459 at *8 (emphasis added) (quoting *Mass. Inst. of Tech. & Elecs. for Imaging, Inc. v. Abacus Software*, 462 F.3d 1344, 1354 (Fed. Cir. 2006)). Under *Williamson*, the '926 patent claim phrase "support element (12)" is legally equivalent to "means for supporting" and is, thus, to be construed in the same manner as would the latter term. This is also how controlling Supreme Court precedent requires the term "support element (12)" to be construed. *See, e.g., Holland Furniture*, 277 U.S. at 257-58; *Westinghouse*, 170 U.S. at 557-58; *Nat'l Meter Co. v. Yonkers Water Comm'rs*, 149 U.S. 48, 55 (1893).

**Location of Receipt of Wiper Arm Force "$F_{wf}$"**. The '926 patent specification describes the claimed "support element (12)" as receiving wiper arm force at a single, generally central location. The term "$F_{wf}$" in the mathematical formula in claims 1 and 2 of the '926 patent similarly presupposes that the claimed "support element (12)" is a structure that is pushed or pulled by a wiper arm from single attachment point. In contrast, the metal stiffener in the Goodyear Hybrid product receives wiper arm force through multiple claws positioned at four different points along its length. The formula recited in claims 1 and 2 of the '926 patent is mathematically inapplicable to a structure, like the metal stiffener incorporated into the Goodyear Hybrid wiper product, which receives force at multiple points along its length and is, furthermore, supported at points near both of its ends. June 8 Tr. 153–54.

**Wiper Blade Deflection Angle**. The '926 patent specification describes the claimed "support element (12)" as providing a wiper blade whose lateral deflection angle under load in the sweep direction at its tip is < .009 radians (claim 1) or < .005 radians (claim 2). In contrast, the lateral deflection angle of the Goodyear Hybrid wiper product under load in the sweep direction is a function of the mechanical properties of all of the components that make up the product's wiper support system, not just the mechanical properties of the product's metal stiffener considered in isolation.

**Mechanical Configuration**. The claimed "support element (12)" is limited to a structure which "has a substantially rectangular cross sectional profile (40), with a substantially constant width b and a substantially constant thickness d." A226 at col. 10, ll. 23–25. In contrast, the Goodyear Hybrid product incorporates a multi-component support structure which is neither substantially rectangular in cross sectional profile nor substantially constant in width and thickness. Identifying what structure *corresponds* with a patent claim term is a question of law for the

Court. *See Kemco Sales, Inc. v. Control Papers Co.*, 208 F.3d 1352, 1360 (Fed. Cir. 2000). Here the non-rectangular support brackets and claws of the Goodyear Hybrid product clearly form integral parts of that product's support structure.

**Bosch's Belated Proposed "Significantly Distribute" Limitation**. After having contended, for months, that the functional term "support element (12)" should be held to encompass any and every structure that a lay person might find was described by the words' "plain and ordinary meaning" if the reference numeral were ignored (D.I. 142 at 3), Bosch flip-flopped yet again[3] on June 8 and proffered extrinsic evidence that "support element (12)" purportedly described "a pre-curved, band-shaped, elongated, spring-elastic metal component that *significantly* distributes the force of a wiper arm along the length of a wiper blade." June 8 Tr. at 81 (emphasis added). On cross-examination, however, Bosch's expert was unable or unwilling to state what "significantly" meant, either in general or in the context of the regions between the red arrows below in Bosch's own technology tutorial submission served April 24, 2015:



Bosch's expert refused to say whether a force reduction of 20%, 15%, 10%, or some other quantity between the red arrow pressure points, above, would imply that a conventional wiper

---

[3] In *Robert Bosch LLC v. Trico Products Corp.*, No. 12 CV 437 (N.D. Ill. Sept. 14, 2012), Bosch told the district court that the '926 patent claim phrase "support element (12)" referred to "a component of a wiper blade that helps to uniformly distribute force on a windshield *and does so without a support bracket design*" (emphasis added). D.I. 178 Ex. C at 11. Bosch's assertion, on June 8, that it took and aggressively pressed this position in the *Trico* case because of a then-existing interlocutory ruling in a parallel ITC proceeding case strains credulity. Nothing prevented Bosch, in the *Trico* case, from making the claim construction argument regarding "support element (12)" that it now presses in this case.

stiffener was not "significantly" distributing wiper arm force along the length of the wiper strip. June 8 Tr. at 130–31. Bosch's expert said that the only way to know if a structure "significantly" distributed wiper arm force would be to put it on a car and see if it provided "a clean wipe." June 8 Tr. at 129. The PTO would never allow a claim that recited such a subjective, qualitative, functional description which plainly would not "inform those skilled in the art about the scope of the invention with reasonable certainty." *Nautilus Inc. v. Biosig Instruments, Inc*., 134 S. Ct. 2120, 2129 (2014).

**Prior Art**. The prior art to the '926 patent includes numerous flat spring wiper blade assemblies having the general configuration of the wiper assembly described by claims 1 and 2 of the '926 patent. A10–12. Insofar as there is any novelty in the claimed subject matter at all (which Costco does not believe), the patent, "if sustained, will be given a narrow scope and infringement will be found only in approximate copies of the new device." *Eibel Process Co. v Minn. & Ont. Paper Co*., 261 U.S. 45, 63 (1923). The Goodyear Hybrid product is not "an approximate copy" of any wiper product disclosed and claimed in the '926 patent.

$I_{zz}$. The Court has received conflicting extrinsic evidence with regard to the meaning of this claim term. To the extent that the Court concludes that the term can bear more than one interpretation, a trial may be needed to resolve that dispute. *Teva Pharms. USA, Inc. v. Sandoz, Inc*., 135 S. Ct. 831, 840–42 (2015). At this time, however, there is no need to construe this term.

**Summary.** As a matter of law and undisputed fact, the Goodyear Hybrid product does not incorporate structure that is identical or equivalent to any structure that the '926 patent (i) discloses in its specification and (ii) points out with the words "support element (12)." The support structures in the Goodyear Hybrid product "perform different functions or in a different way, or produce a substantially different result," *Murphy*, 97 U.S. at 125, than any structure dis-

closed in the '926 patent and characterized as a "support element."

### IV. NARROWING AMENDMENTS GIVING RISE TO PRESUMED ESTOPPELS

**'926 Patent.** Claims 1, 2, and 3 of the '926 patent were narrowed during prosecution to avoid prior art as shown in Exhibit 4. *Compare* A702 *with* A235–36, A257–58; *see also* A710–21 (office action).

**'988 Patent.** Claim 11 of the '988 patent was narrowed during prosecution to avoid prior art as shown in Exhibit 5. *Compare* A810 *with* A146, A170; *see also* A121–30 (office action).

**'419 Patent.** Claims 1, 2, and 6 of the '419 patent were narrowed during prosecution to avoid prior art as shown in Exhibit 6. *Compare* A823–24 *with* A208–09; *see also* A197–202 (office action).

**'698 Patent.** Claim 1 of the '698 patent was narrowed during prosecution to avoid prior art as shown in Exhibit 7. *Compare* A304–05 *with* A317–18; *see also* A307–15 (appeal decision).

**'588 Patent, '264 Patent, and '823 Patent.** Claims 1, 12, and 14 of the '588 patent were narrowed during prosecution to avoid prior art as shown in Exhibit 8. *Compare* A739 *with* A339, A342; *see also* A331–37 (office action). The '264, '823 and '136 patents are subject to the same restrictions as also shown in Exhibit 8. In any event, claims 1, 2, and 3 of the '264 patent were also narrowed during prosecution to avoid prior art as shown in Exhibit 9. *Compare* A766 *with* A364–65; *see also* A354–62 (office action). Claim 11 of the '823 patent was also narrowed during prosecution to avoid prior art as shown in Exhibit 10. *Compare* A779 *with* A788; *see also* A785 (interview summary), A786–89 (notice of allowability).

**'096 Patent.** Claims 1, 6, 18, 21, and 22 of the '096 patent were narrowed during prosecution to avoid prior art as shown in Exhibit 11. *Compare* A791–92 *with* A397–98, A402; *see also* A384–94 (office action), A395 (interview summary).

## V.   FUNCTIONAL CLAIM TERMS

Under *Williamson*, the '926 patent claim term "support element (12)", the '988 patent claim term "support element (12)," and the '096 patent claim term "support element (46)" are each equivalent to "means for supporting." The function is supporting a wiper blade and the corresponding structures are those identified by Professor Maslen at D.I. 178 Ex. B at 10, 13–14, 16.

Regarding the '607 patent claim phrase "means for securing the wiper blade on the joint pin (56), the function is as stated by Bosch in D.I. 142 and the corresponding structures are the coupling part (30) and the L-shaped shoulder (60) as explained by Professor Maslen at D.I. 178 Ex. B at 5–8.

Regarding the '419 patent claim phrase "means for maintaining the clearance," the function is as stated by Bosch in D.I. 142 and the corresponding structures are those identified by Professor Maslen at D.I. 178 Ex. B at 11–12.

Regarding the '588 patent claim phrase "support means (58, 144), the function is as stated by Bosch in D.I. 142 and the corresponding structures are those identified by Professor Maslen at D.I. 178 Ex. B at 14–16. The same is true of the '264 and '823 patents. *Id.*

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

OF COUNSEL:

James W. Dabney
Diane E. Lifton
Richard M. Koehl
Stephen Kenny
Greta Fails
Stefanie Lopatkin
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004-1482
(212) 837-6000

July 7, 2015
9290128

*/s/ Thomas Curry*

Mary B. Graham (#2256)
Thomas Curry (#5877)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
mgraham@mnat.com
tcurry@mnat.com
   *Attorneys for Costco Wholesale Corporation*