IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT BOSCH LLC, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 12-574-LPS |
| | ) | (consolidated) |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| ALBEREE PRODUCTS, INC., | ) | |
| API KOREA CO., LTD., | ) | **PUBLIC VERSION** |
| SAVER AUTOMOTIVE PRODUCTS, INC., | ) | |
| and COSTCO WHOLESALE CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

**ROBERT BOSCH LLC'S BRIEF REGARDING EVIDENCE RELEVANT TO
COSTCO WHOLESALE CORPORATION'S PERMISSIBLE-REPAIR DEFENSE**

OF COUNSEL:

Mark A. Hannemann
Jeffrey S. Ginsberg
Rose Cordero Prey
Ksenia Takhistova
KENYON & KENYON LLP
One Broadway
New York, NY 10004
Tel.: (212) 425-7200

Dated: July 10, 2015
Public Version Dated: July 17, 2015
1195659 / 39026

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Stephanie E. O'Byrne (#4446)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
sobyrne@potteranderson.com

*Attorneys for Plaintiff Robert Bosch LLC*


## TABLE OF CONTENTS

        **Page**

TABLE OF AUTHORITIES ..................................................................................................... ii

I.    NATURE AND STAGE OF THE PROCEEDINGS ........................................................ 1

II.    SUMMARY OF THE ARGUMENT ................................................................................ 1

III.    CONCISE STATEMENT OF FACTS ............................................................................. 2

IV.    ARGUMENT ................................................................................................................... 2

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Fujifilm Corp. v. Benun*, 605 F.3d 1366 (Fed. Cir. 2010) ............................................................. 3

*Jazz Photo Corp. v. ITC*, 264 F.3d 1094 (Fed. Cir. 2001) ...................................................... 1, 3, 4

*Ninestar Tech. Co. v. ITC*, 667 F.3d 1373 (Fed. Cir. 2012) .......................................................... 3

*Quanta Computer Inc. v. LG Electronics, Inc.*, 553 U.S. 617 (2008) ............................................ 4

*Transcore, LP v. Elec. Transaction Consultants Corp.*, 536 F.3d 1271 (Fed. Cir. 2009) .............. 4

I.     **NATURE AND STAGE OF THE PROCEEDINGS**

On June 24, 2015, the Court ordered the parties to submit supplemental briefs concerning Costco's patent-exhaustion defense (D.I. 201). This is Bosch's opening supplemental brief on this issue.

II.    **SUMMARY OF THE ARGUMENT**

Costco sells windshield-wiper blades to consumers, who use them to replace windshield wipers previously installed on their cars. Plaintiff Robert Bosch LLC claims that Costco's sales infringe patents owned by Bosch LLC. Costco seeks summary judgment in its favor, arguing that Bosch LLC cannot assert certain patents against Costco because (i) those patents claim a wiper system (that is, the combination of a wiper arm and a wiper blade), and (ii) Costco's customers have installed the accused wiper blades only as replacements in wiper systems whose first sale in the United States was authorized by Bosch LLC. *See Jazz Photo Corp. v. ITC*, 264 F.3d 1094, 1105 (Fed. Cir. 2001). The wiper systems that are the subject of Costco's motion are referred to as "side-lock" wiper systems.

Costco's contention that all of the side-lock wiper systems on cars in the United States were first sold in the United States with Bosch LLC's authorization is neither an undisputed fact, nor correct. Bosch LLC does make wiper systems, and does sell them to certain carmakers in the United States. However, the wiper systems on foreign cars were not provided by Bosch LLC, and were first sold in the United States (either to those automobile companies' U.S. sales arms, or by the car companies to their individual customers) without authorization from Bosch LLC. Costco's motion should be denied for this reason.

Costco's motion should also be denied because the wiper blades sold by Bosch LLC and the other makers of side-lock wiper systems are the subject of separate Bosch LLC patents. This

argument is described in the parties' earlier briefing, *e.g.* D.I. 177 at 12–13, and is not the subject of this supplemental briefing.

### III. CONCISE STATEMENT OF FACTS

Robert Bosch LLC sells side-lock wiper systems in the U.S. However, some car manufacturers sell cars in the U.S. that are provided with side-lock wiper systems supplied by companies other than Bosch LLC.

The patents at issue in Costco's motion were originally owned by Robert Bosch GmbH.

[redacted]

Additional facts are set forth in Bosch LLC's May 19, 2015 Response Brief in Opposition to Costco's Motion for Summary Judgment (D.I. 177 at 5–6).

### IV. ARGUMENT

Costco is correct that Bosch LLC's patent rights are exhausted with respect to the side-lock wiper systems that Bosch LLC has sold in the United States (or rather, Costco would be

2

correct were it not for the fact that Bosch LLC's wiper blades sold as part of those systems are separately patented, *see* D.I. 177 at 12–13; that issue alone is enough to bar Costco's defense).

However, Costco is not correct that Bosch LLC's patent rights are exhausted with respect to wiper systems first sold in the United States by others, for example, by companies that manufacture cars overseas and sell them here. *See Jazz Photo Corp.*, 264 F.3d at 1105; *see also Ninestar Tech. Co. v. ITC*, 667 F.3d 1373, 1378 (Fed. Cir. 2012); *Fujifilm Corp. v. Benun*, 605 F.3d 1366, 1371 (Fed. Cir. 2010).

There is no evidence of record that Bosch LLC granted any such wiper-system seller a license under its U.S. patents.



However, there is no evidence of record that Bosch GmbH has sold wiper systems in the United States. Bosch GmbH sells wiper systems overseas. It needs no license from Bosch LLC nor any other U.S. patent owner to do so, because it is not importing or making or selling or offering for sale in the United States. The overseas manufacturing and sales do not implicate U.S. patent rights.

Costco argues that the U.S. sales by foreign manufacturers are legally authorized by Bosch LLC via an implied license

3

[redacted]

Costco points to the *Transcore* case, which itself points to *Quanta Computer Inc. v. LG Electronics, Inc.*, 553 U.S. 617 (2008). *Transcore, LP v. Elec. Transaction Consultants Corp.*, 536 F.3d 1271, 1274 (Fed. Cir. 2009). Those cases do not point to exhaustion here. They relate to explicit covenants not to sue. It is not correct that the mere fact of an overseas sale by a U.S. patent owner allows the buyer to import the product into the United States, or is any other grant of right under the U.S. patent. That is the core of the *Jazz Photo* holding that exhaustion comes only from an authorized first sale in the United States, not an authorized first sale overseas. 264 F.3d at 1105 ("United States patent rights are not exhausted by products of foreign provenance....Our decision applies only to [accused products] for which the United States patent right has been exhausted by first sale in the United States. Imported [products] of solely foreign provenance are not immunized from infringement of United States patents by the nature of their refurbishment [repair].").

Costco points to the historical fact, acknowledged during the recent hearing, that Bosch LLC has not sued automakers for patent infringement and is not likely to do so. That is a commercial fact, but not a legal license grant. For example, if Bosch LLC were to transfer these patents to a third party, retaining a license for itself, the new patent owner could sue the automakers for infringement of the side-lock patents by sales of non-Bosch LLC wiper systems on cars in the United States. That means the sales in the United States were not authorized by the patent owner, which means there is no exhaustion defense.

4

5

                            Respectfully submitted,

                            POTTER ANDERSON & CORROON LLP

| OF COUNSEL: | By: */s/ David E. Moore* |
|---|---|
|  | David E. Moore (#3983) |
| Mark A. Hannemann | Bindu A. Palapura (#5370) |
| Jeffrey S. Ginsberg | Stephanie E. O'Byrne (#4446) |
| Rose Cordero Prey | Hercules Plaza, 6th Floor |
| Ksenia Takhistova | 1313 N. Market Street |
| KENYON & KENYON LLP | Wilmington, DE 19801 |
| One Broadway | Tel: (302) 984-6000 |
| New York, NY 10004 | dmoore@potteranderson.com |
| Tel.: (212) 425-7200 | bpalapura@potteranderson.com |
|  | sobyrne@potteranderson.com |
| Dated: July 10, 2015 |  |
| Public Version Dated: July 17, 2015 | *Attorneys for Plaintiff Robert Bosch LLC* |
| 1195659 / 39026 |  |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on July 17, 2015, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on July 17, 2015, the attached document was Electronically Mailed to the following person(s):

Sean T. O'Kelly
Daniel P. Murray
O'Kelly Ernst & Bielli, LLC
901 N. Market St., Suite 1000
Wilmington, Delaware 19801
sokelly@oeblegal.com
dmurray@oeblegal.com
*Attorneys for Defendants Alberee Products, Inc. d/b/a Saver Automotive Products, Inc., API Korea Co., Ltd. and Saver Automotive Products, Inc.*

Robert J. Kenney
Quentin R. Corrie
Michael T. Smith
Wilford W. Cowart
John D.V. Ferman
Birch, Stewart, Kolasch & Birch, LLP
8110 Gatehouse Road, Suite 100 East
Falls Church, VA 22040-0747
rjk@bskb.com
qrc@bskb.com
Michael.T.Smith@bskb.com
wwc@bskb.com
jferman@bskb.com
mailroom@bskb.com
*Attorneys for Defendants Alberee Products, Inc. d/b/a Saver Automotive Products, Inc., API Korea Co., Ltd. and Saver Automotive Products, Inc.*

| | |
|---|---|
| Mary B. Graham<br>Thomas Curry<br>Morris, Nichols, Arsht & Tunnell LLP<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899-1347<br>mgraham@mnat.com<br>tcurry@mnat.com<br>*Attorneys for Defendant Costco Wholesale Corporation* | James W. Dabney<br>Diane E. Lifton<br>Richard M. Koehl<br>Stephen Kenny<br>Erik Huestis<br>Greta A. Fails<br>Stefani M. Lopatkin<br>Hughes Hubbard & Reed LLP<br>One Battery Park Plaza<br>New York, NY 10004-1482<br>james.dabney@hugheshubbard.com<br>diane.lifton@hugheshubbard.com<br>richard.koehl@hugheshubbard.com<br>stephen.kenny@hugheshubbard.com<br>erik.huestis@hugheshubbard.com<br>greta.fails@hugheshubbard.com<br>stefanie.lopatkin@hugheshubbard.com<br>*Attorneys for Defendant Costco Wholesale Corporation* |

By:   /s/ David E. Moore
      David E. Moore
      Bindu A. Palapura
      Stephanie E. O'Byrne
      POTTER ANDERSON & CORROON LLP
      Tel: (302) 984-6000
      dmoore@potteranderson.com
      bpalapura@potteranderson.com
      sobyrne@potteranderson.com

1062777 / 39026