IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT BOSCH LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 12-574-LPS |
| | ) | |
| ALBEREE PRODUCTS, INC., API | ) | |
| CO., LTD., SAVER AUTOMOTIVE | ) | |
| PRODUCTS, INC., and COSTCO | ) | |
| WHOLESALE CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

At Wilmington this **16th** day of **September, 2015**:

Having reviewed the parties' briefing (D.I. 113, 114, 116, 152, 171, 190) and having heard oral argument on June 8, 2015 (D.I. 204) on Costco Wholesale Corporation's ("Costco") Motion to Dismiss Claims for Alleged Pre-Notice Damages and Pre-Notice Indirect Infringement (D.I. 112), as well as Robert Bosch LLC's ("Bosch" or "Plaintiff") request for leave to amend its complaint (D.I. 114 at 9),

**IT IS HEREBY ORDERED** that: (1) Costco's motion (D.I. 112) is **DENIED IN PART** with respect to the '419 patent and **GRANTED IN PART** with respect to all other patents-in-suit; and (2) Bosch's request for leave to amend (D.I. 114 at 9) is **DENIED AS MOOT**.

1.  On May 4, 2012, Bosch commenced this action, asserting that Alberee Products, Inc. ("Alberee") and API Korea, Co., Ltd. ("API") each directly and indirectly infringed certain claims of U.S. Patent Nos. 6,523,218 ("the '218 patent"), 6,530,111 ("the '111 patent"), 6,553,607 ("the '607 patent"), 6,611,988 ("the '988 patent"), 6,675,434 ("the '434 patent"),

1

6,836,926 ("the '926 patent"), 6,944,905 ("the '905 patent"), 6,973,698 ("the '698 patent"), 7,228,588 ("the '588 patent"), 7,293,321 ("the '321 patent"), 7,523,520 ("the '520 patent"), and 7,484,264 ("the '264 patent"), "by making, using, selling, and offering for sale in the United States windshield wiper blades such as the Goodyear Assurance, the Saver Arc Flex Ultra, and the Touring Ultra." (D.I. 1 at ¶ 6) Bosch further alleged that Alberee does business under the name "Saver Automotive Products, Inc." ("Saver"). (*Id.* at 1)

2. On May 30, 2012, Bosch sent Costco a notice letter informing Costco of the infringement action against Alberee and API, stating that "certain beam-style wiper products sold by Saver, including the Goodyear Assurance, the Saver Flex Ultra, and the Touring Ultra" ("the Beam products") were accused of infringing the asserted patents, and further stating "that Costco currently purchases one or more of the accused wiper products from Saver." (D.I. 113, Ex. C at 1)

3. On January 18, 2013, Bosch filed an Amended Complaint adding Saver Automotive Products, Inc. as a defendant and alleging infringement by the Beam products of U.S. Patent No. 8,099,823 ("the '823 patent") as well as infringement of all the previously asserted patents. (D.I. 38)

4. On February 5, 2014, Bosch filed another patent infringement action against defendants API, Alberee, and Saver alleging infringement of U.S. Patent No. 6,292,974 ("the '974 patent") by the Beam products. (C.A. No. 14-142-LPS, D.I. 1) On September 10, 2014, the Court consolidated the two patent infringement actions. (D.I. 67)

5. On October 9, 2014, Bosch filed a consolidated amended complaint ("CAC") adding Costco as a defendant and alleging infringement by the Beam products of U.S. Patent

2

Nos. 6,292,974 ("the '974 patent"), 6,668,419 ("the '419 patent"), 7,941,891 ("the '891 patent"), and 8,544,136 ("the '136 patent), as well as infringement of all of the previously asserted patents. (D.I. 84) The CAC was served on Costco on October 10, 2014. (D.I. 86)

6. On October 22, 2014, Bosch served Costco with notice of its Second Amended Complaint ("SAC"). (*See* D.I. 113 at 2; *see also* D.I. 95) The SAC was filed on October 31, 2014, alleging infringement by the Goodyear Hybrid product of U.S. Patent No. 8,272,096 ("the '096 patent") and the '607, '926, and '698 patents, as well infringement by the Beam products of all of the previously asserted patents. (D.I. 95) The SAC further alleged that Costco received notice of: (1) the Beam products' alleged infringement of the '218, '111, '607, '988, '434, '926, '905, '698, '588, '321, '520, and '264 patents by means of the May 30, 2012 letter; (2) the Beam products' alleged infringement of the '823, '974, '419, '891, and '136 patents by means of the CAC served on October 10, 2014; and (3) the Goodyear Hybrid product's alleged infringement of the '607, '926, '698, and '096 patents by means of the notice served on October 22, 2014. (*Id.* at ¶¶ 38, 42, 60, 76, 77, 100, 104, 129, 133, 158, 159, 163, 188, 192, 217, 218, 222, 247, 251, 276, 305, 309, 334, 338, 431)

7. Costco filed its Motion to Dismiss Claims for Alleged Pre-Notice Damages and Pre-Notice Indirect Infringement on December 23, 2014. (D.I. 112) The parties completed briefing on the motion on January 20, 2015. (D.I. 113, 114, 116) Thereafter, Bosch submitted a Notice of Subsequent Development Regarding Costco Wholesale Corporation's Motion to Dismiss ("Notice") (D.I. 152), to which Costco submitted a Response (D.I. 171), and Bosch submitted a Reply (D.I. 190). Because the Notice asked the Court to consider documents obtained in discovery, Costco requested in its Response that the Court convert Costco's motion

3

to dismiss to a motion for summary judgment. (D.I. 171 at 1) Bosch did not oppose conversion of the motion into a summary judgment motion (*see* D.I. 90 at 1; *see also* D.I. 204 at 22), and the Court will treat it as such.[1] The Court heard oral argument on the motion at the June 8, 2015 Markman hearing. (D.I. 204)

8.  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.10 (1986). An assertion that a fact cannot be – or, alternatively, is – genuinely disputed must be supported either by citing to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for the purposes of the motion only), admissions, interrogatory answers, or other materials," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) & (B). If the moving party has carried its burden, the nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587 (internal quotation marks omitted). The Court will "draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

---

[1]This moots Plaintiff's request for leave to amend its complaint, as well as Plaintiff's argument that constructive notice was adequately pled through willfulness allegations. (*See* D.I. 204 at 21-22)

4

9. If a patentee fails to adequately mark patented articles, the patentee may not recover damages for direct infringement claims arising before the patentee provides notice of infringement to the alleged infringer. *See* 35 U.S.C. § 287(a) ("In the event of a failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice."). "[T]he actual notice requirement of § 287(a) is satisfied when the recipient is informed of the identity of the patent and the activity that is believed to be an infringement, accompanied by a proposal to abate the infringement, whether by license or otherwise." *SRI Int'l, Inc. v. Advanced Tech. Labs., Inc.*, 127 F.3d 1462, 1470 (Fed. Cir. 1997); *see also Lans v. Digital Equip. Corp.*, 252 F.3d 1320, 1327 (Fed. Cir. 2001) ("[T]he actual notice requirement of § 287(a) demands notice of the patentee's identity as well as notice of infringement."). "'[T]he notice must arise by 'an affirmative act on the part of the patentee which informs the defendant of infringement.'" *U.S. Philips Corp. v. Iwasaki Elec. Co. Ltd.*, 505 F.3d 1371, 1375 (Fed. Cir. 2007) (quoting *Lans*, 252 F.3d at 1327-28); *see also Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994) ("The correct approach to determining notice under section 287 must focus on the action of the patentee, not the knowledge of the infringer."). Relatedly, liability for indirect infringement under 35 U.S.C. §§ 271(b)-(c) requires "knowledge of the existence of the patent that is infringed." *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2067-68 (2011).

10. Pursuant to §§ 287(a) and 271(b) and (c), Costco seeks summary judgment of no pre-notice damages for any claim arising from any alleged acts of direct or indirect infringement

committed prior to the dates of alleged notice to Costco in the Second Amended Complaint, i.e., (1) May 30, 2012 with respect to the Beam products' alleged infringement of any of the patents-in-suit; (2) October 10, 2014 with respect to the Beam products' alleged infringement of the '419, '974, '891, '823, and '136 patents; and (3) October 22, 2014 with respect to the Goodyear Hybrid product's alleged infringement of the '607, '926, '698,[2] and '096 patents. According to Costco, these are the earliest dates Costco received notice of the alleged infringements, and Bosch may not recover for pre-notice damages because Bosch failed to comply with the marking requirements of § 287(a).

11. Bosch has conceded that it failed to mark its patented wiper blade products. With respect to the '419 patent, Bosch contends it was not required to mark its products because none of its products was an embodiment of the '419 patent. (*See* D.I. 190 at 1, 3; *see also* D.I. 190, Ex. 3 at 3-6) There is a genuine dispute of material fact as to whether any Bosch products practiced the '419 patent. (*Compare, e.g.*, D.I. 190 at 1, 3 *and* D.I. 204 at 20 ("[A]s to one of the patents, the '419 patent, Bosch doesn't have any marking requirement because they haven't practiced it.") *with* D.I. 171 at 5 ("The existing record does not show whether any Bosch licensees have practiced the '419 patent.")) However, except for the '419 patent, Bosch's lack of marking establishes that Bosch may only recover damages (at most) beginning with the dates on which Costco was provided adequate notice of the alleged infringement.

12. Bosch argues that Costco received adequate notice of the Beam products' alleged infringement of the '607, '926, '988, '218, '698, '905, '434, '321, and '520 patents as early as

---

[2] Bosch has since retracted its claim that sales of the Goodyear Hybrid product infringe the '698 patent. (*See* D.I. 116 at 7)

6

December 1, 2011, when Costco received an email from a third party, Rally Manufacturing, about litigation Bosch had initiated against Alberee and API in the International Trade Commission ("ITC") involving these patents. (D.I. 152, Ex. 1) With respect to all other infringement allegations in the instant case, Bosch points to the dates of notice alleged in the SAC.[3] Thus, the only issue that remains is whether or not the email from Rally Manufacturing satisfied the notice requirements of § 287(a).

13. The Court concludes that the email from Rally Manufacturing did not satisfy the notice requirements of § 287(a) because it was not an affirmative act by Bosch. In *Lans*, the Federal Circuit held that "a letter sent by Mr. Lans, the inventor of the patent in suit and the sole shareholder and managing director of the assignee company, was nevertheless insufficient to create notice because it was not sent ***by the patent owner***." *Iwasaki*, 505 F.3d at 1375 (discussing *Lans*, 252 F.3d at 1327) (emphasis in original). In *Iwasaki*, by contrast, the Federal Circuit found that a notice – which included the front page of the asserted patent, indicating the name of the correct patent owner – sent by Philips International B.V. regarding patents owned by Philips International B.V.'s intellectual property holding company, U.S. Philips Corporation, did provide adequate notice under § 287(a) because "the reasons . . . articulated in *Lans* for strictly enforcing the notice requirement were all fulfilled: Philips International B.V. . . . was the party 'to contact . . . about an amicable and early resolution of the potential dispute,' 'to consult with . . . about design changes to avoid infringement,' and with whom 'to negotiate a valid license.'"

---

[3]Initially, Bosch also argued that the notice provided by the May 30, 2012 letter and the CAC applied both to the Beam products and the Goodyear Hybrid product. (*See* D.I. 114 at 8 & n.3) Bosch has since retreated from this argument. (*See* D.I. 190 at 3) (Bosch conceding that notice to Costco of Goodyear Hybrid product's alleged infringement was not provided until October 22, 2014)

7

505 F.3d at 1375 (quoting *Lans*, 252 F.3d at 1327). To the extent *Iwasaki* created an exception to the rule articulated in *Lans*, it does not apply to the facts of this case. Here, the notice on which Bosch now seeks to rely was sent by a third party with no authority to speak on behalf of Plaintiff with respect to its patent infringement claims. Indeed, here, the sender of the letter is much further removed from the patent owner than was the sender in *Lans*, a sender which there was found to be inadequate. The Rally Manufacturing email is neither an affirmative act by the patentee, as required by *Iwasaki*, nor a proposal by patentee for how to abate the infringement, as required by *SRI International*. Rather, the purported notice at issue in this case fails to "fulfill[] the purposes of § 287(a) by facilitating the alleged infringer's efforts to avoid continued infringement, and avoid[ing] troublesome determinations about the sufficiency of relationships between the notifier and the patentee." *Lans*, 252 F.3d at 1328. Hence, the email from Rally Manufacturing cannot serve as a proper foundation for the date on which Costco had notice of its purported infringement of any of the patents-in-suit.

14.    Accordingly, the Court finds that, with the exception of the '419 patent, for which there is a genuine factual dispute with respect to Plaintiff's marking obligations, Costco is not liable for damages for any claim arising from any alleged acts of infringement committed prior to the dates of alleged notice to Costco in the SAC.[4]

15.    Because this Memorandum Order is being issued under seal, **IT IS FURTHER ORDERED** that the parties shall meet and confer and shall, no later than **September 18, 2015**, provide the Court a proposed redacted version. Thereafter, the Court will file a publicly-

---

[4]Having so concluded, the Court need not separately address Costco's argument regarding knowledge of indirect infringement under §§ 271(b) and (c).

8

available version of this Memorandum Order.

_____
HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT COURT